## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| AIC FERNANDINA, LLC d/b/a<br>AMELIA ISLAND COFFEE, a Florida limited<br>liability company,<br><br>    *Plaintiff*,<br><br>v.<br><br><br>BLAKE F. BUCHANAN,<br><br>    *Defendant.*<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)    CASE NO.:<br>)<br>)<br>)<br>)<br>)<br>) |

## <u>NOTICE OF REMOVAL</u>

COMES NOW, Blake F. Buchanan, the Defendant in the above-styled caption, by and through the undersigned counsel, in accordance with 28 U.S. Code § 1446 and Local Rule 1.06, and hereby files his Notice of Removal of this action to federal court, showing the following:

1.

On September 24, 2025, Plaintiff filed its Complaint against Defendant in the Circuit Court, Fourth Judicial Circuit, in and for Nassau County, Florida (Case No. 2025-CA-000311-AXYX).

2.

The Complaint alleges damages in excess of $50,000, exclusive of interest, costs, and attorneys' fees, but does not otherwise allege specific monetary damages.

3.

On October 23, 2025, Defendant filed his Verified Answer, and served with his Verified Answer Defendant's First Set of Interrogatories, Defendant's First Set of Requests for Production of Documents, and Defendant's First Requests for Admissions to Plaintiff.

4.

In his first discovery requests to Plaintiff, Defendant requested information regarding Plaintiff's alleged damages, and Plaintiff objected to these requests and did not provide any information regarding its alleged damages.

5.

On December 10, 2025, Defendant served his Second Requests for Production of Documents to Plaintiff, and again Plaintiff objected to these requests and did not provide any information regarding its alleged damages.

6.

Defendant sent two good faith discovery dispute letters to Plaintiff asking again for information pursuant to his discovery requests for Plaintiff's alleged damages, to no avail.

7.

On February 20, 2026, Plaintiff provided Defendant a settlement proposal that exceeds the jurisdiction threshold of $75,000.00 for federal court jurisdiction under diversity of citizenship. A true and correct copy of Christian G. Zimm, Esq.'s Affidavit is attached as **Exhibit A** regarding Plaintiff's proposed settlement offer that exceeds the jurisdiction threshold of $75,000.00 for federal court jurisdiction under diversity of citizenship.

8.

Plaintiff is a citizen of Florida.

9.

Defendant is a citizen of Georgia.

10.

There is complete diversity in this case, and Defendant is not a citizen of the forum state where removal is sought.

11.

The requirements for diversity jurisdiction are met under 28 U.S. § 1332(a); thus, this case can be removed by Defendant to the federal district court in where the state court action is pending under 28 U.S. § 1441(a).

12.

28 U.S. Code § 1446(b)(3) states, "Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order **_or other paper_** from which it may first be ascertained that the case is one which is or has become removable." 28 U.S. Code § 1446(b)(3), (emphasis added).

13.

This case became removable when Plaintiff provided its settlement offer to Defendant on February 20, 2026, which was the first time in this case Plaintiff told Defendant of the amount of damages Plaintiff is seeking.

14.

The removal of this case is timely.

15.

The settlement offer provided by Plaintiff was not confidential, but even if it was confidential, it would not bar Defendant from using the offer to satisfy the amount in controversy requirement of 28 U.S. § 1332 for purposes of removal. See *Wood v. Colson* 2011 WL 3319537 (N.D.FL) (Confidential settlement offers can be used to satisfy the amount in controversy for diversity jurisdiction. Rule 408 of the Federal Rules of Civil Procedure does not explicitly nor implicitly disallow such communications to determine the amount in controversy for purposes of determining federal jurisdiction).

16.

Out of an abundance of caution, the settlement proposal is not attached to this Notice of Removal.

17.

In accordance with Local Rule 1.06(b), Defendant attaches a legible copy of each paper docketed in the state court, which is attached as **Exhibit B** and incorporated herein by reference.

18.

WHEREFORE, Defendant satisfies all requirements necessary for removal, and hereby removes Case No. 2025-CA-000311-AXYX, filed by Plaintiff in the Circuit Court, Fourth Judicial Circuit, in and for Nassau County, Florida, to the United States District Court of the Middle District of Florida.

Respectfully submitted this 11th day of March 2026.

KAUFMAN & HILBERT P.C.

/s/ Kevin T. Kucharz_____
Kevin T. Kucharz
Florida Bar No. 883611
Christian G. Zimm
Florida Bar No. 1028178
*Attorneys for Blake F. Buchanan*

100 N. Main St., #340
Alpharetta, GA 30009
(404) 360-7150
kkucharz@kaufmanhilbert.com
czimm@kaufmanhilbert.com

## **CERTIFICATE OF SERVICE**

This is to certify that I have today served the **NOTICE OF REMOVAL** to

the following counsel via statutory electronic service:

Matthew P. McLauchlin, Esq.
MCLAUCHLIN & MARTIN, PLLC
822 N. A1A Highway, Su. 310
Ponte Vedra Beach, FL 32082
matt@mpmlawyers.com
*Attorney for Plaintiff*

Michael L. Duncan, Esq.
DUNCAN TRIAL & MEDIATION
301 W. Bay St., Su. 1446
Jacksonville, FL 32202
mikeduncan@mikeduncanlaw.com
*Attorney for Plaintiff*

This 11th day of March 2026.

KAUFMAN & HILBERT P.C.

/s/ Kevin T. Kucharz_____
Kevin T. Kucharz
Florida Bar No. 883611
Christian G. Zimm
Florida Bar No. 1028178
*Attorneys for Blake F. Buchanan*

100 N. Main St., #340
Alpharetta, GA 30009
(404) 360-7150
kkucharz@kaufmanhilbert.com
czimm@kaufmanhilbert.com

# Exhibit A

**(To Notice of Removal)**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

AIC FERNANDINA, LLC d/b/a )
AMELIA ISLAND COFFEE, a Florida limited )
liability company, )
                       )
     *Plaintiff*, )
                       )
v.                         )   CASE NO.:
                       )
BLAKE F. BUCHANAN, )
                       )
     *Defendant*. )
_____ )

## AFFIDAVIT OF CHRISTIAN G. ZIMM, ESQ.

Christian G. Zimm, after being duly sworn, does hereby state and affirm the following:

1. The information contained in this Affidavit is true and correct based upon my personal knowledge and information.

2. I have been a Member of the Florida Bar since April 2021 in good standing.

3. I am an Associate Attorney at the law firm Kaufman & Hilbert P.C.

4. I am co-counsel representing the Defendant in this case, Blake F. Buchanan.

11.     Plaintiff responded to Defendant's Second Request for Production of Documents to Plaintiff with objections and did not provide information nor produce documents as to the amount of damages Plaintiff seeks.

12.     On January 21, 2026, Defendant sent Plaintiff another letter to resolve Plaintiff's insufficient discovery responses in good faith.

13.     Again, Plaintiff did not provide information nor produce documents as to the amount of damages Plaintiff seeks.

14.     On February 20, 2026, ("First Removal Date") I received and reviewed a written settlement proposal from Plaintiff regarding the damages it seeks that exceeds the amount in controversy necessary for diversity jurisdiction in federal court.

15.     Plaintiff's settlement proposal sent on the First Removal Date, is the first time Defendant received information or "other paper" from Plaintiff regarding the monetary amount Plaintiff is seeking in this case.

16.     February 20, 2026, was the first date this case became removable under 28 U.S. Code § 1446(b)(3).

17.     The Notice of Removal has been filed within 30 days of the First Removal Date.

**FURTHER AFFIANT SAYETH NOT.**

This __11th__ day of March, 2026.

_____
Christian G. Zimm

Sworn and subscribed before me
this __11th__ day of March, 2026.

_____
Notary Public

# Exhibit B

**(To Notice of Removal)**

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

## I.   CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>FOURTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>NASSAU</u>   COUNTY, FLORIDA

<u>AIC FERNANDINA, LLC d/b/a AMELIA ISLAND COFFEE</u>
Plaintiff

Case # _____
Judge   _____

vs.
<u>BLAKE F. BUCHANAN</u>
Defendant

## II.   AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☒ $50,001- $75,000
☐ $75,001 - $100,000
☐ over $100,000.00

## III.   TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

## CIRCUIT CIVIL

❑ Condominium
❑ Contracts and indebtedness
❑ Eminent domain
❑ Auto negligence
❑ Negligence—other
      ❑ Business governance
      ❑ Business torts
      ❑ Environmental/Toxic tort
      ❑ Third party indemnification
      ❑ Construction defect
      ❑ Mass tort
      ❑ Negligent security
      ❑ Nursing home negligence
      ❑ Premises liability––commercial
      ❑ Premises liability––residential
❑ Products liability
❑ Real Property/Mortgage foreclosure
      ❑ Commercial foreclosure
      ❑ Homestead residential foreclosure
      ❑ Non-homestead residential foreclosure
      ❑ Other real property actions

☐ Professional malpractice
      ❑ Malpractice––business
      ❑ Malpractice—medical
      ❑ Malpractice—other professional
☒ Other
      ❑ Antitrust/Trade regulation
      ❑ Business transactions
      ❑ Constitutional challenge—statute or ordinance
      ❑ Constitutional challenge—proposed amendment
      ❑ Corporate trusts
      ❑ Discrimination—employment or other
      ❑ Insurance claims
      ❑ Intellectual property
      ☒ Libel/Slander
      ❑ Shareholder derivative action
      ❑ Securities litigation
      ❑ Trade secrets
      ❑ Trust litigation

## COUNTY CIVIL

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

    **IV.    REMEDIES SOUGHT** (check all that apply):
    ☒ Monetary;
    ☐ Nonmonetary declaratory or injunctive relief;
    ☒ Punitive

    **V.    NUMBER OF CAUSES OF ACTION:** [   ]
    (Specify)

      2

    **VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
        ☐ yes
        ☒ no

    **VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
        ☒ no
        ☐ yes If "yes," list all related cases by name, case number, and court.
        <u>None</u>

    **VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
        ☒ yes
        ☐ no

    **IX.    DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
        ☐ yes
        ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Matthew P McLauchlin</u>       Fla. Bar # <u>484180</u>
      Attorney or party             (Bar # if attorney)

<u>Matthew P McLauchlin</u>           <u>09/24/2025</u>
 (type or print name)           Date

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
NASSAU COUNTY, FLORIDA

AIC FERNANDINA, LLC d/b/a
AMELIA ISLAND COFFEE

CASE NO.

DIVISION:

      Plaintiff(s),

v.

BLAKE F. BUCHANAN,

      Defendant(s),

_____/

## SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this
action on the following **Defendant**:

      BLAKE F. BUCHANAN
      4804 Ivy Ridge Drive, SE #3
      Atlanta, Georgia 30339

**Defendant** is required to serve written defenses to the complaint or petition on Plaintiff's attorney,
**Matthew P. McLauchlin, McLauchlin Law, PLLC, 7645 Gate Parkway, Suite 106,
Jacksonville, Florida 32256**, within **20 days** after service of this summons on that defendant,
exclusive of the day of service, and to file the original of the defenses with the clerk of this court
either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so,
a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED _____.

      **MITCH L. KEITER**

      As Clerk of the Court

      By _____.
            As Deputy Clerk

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below. If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact [identify applicable court personnel by name, address, and telephone number] at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefónica no lo protegerá. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el cay podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guía telefónica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

Si usted es una persona minusválida que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda. Tenga la amabilidad de ponerse en contacto con [identify applicable court personnel by name, address, and telephone number], por lo menos 7 dias antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 dias; si usted tiene discapacitación del oído o de la voz, llame al 711.

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egale-ment, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

Si vous êtes une personne handicapée qui a besoin de mesures d'adaptation pour participer à cette procédure, vous avez droit, sans frais pour vous, à une certaine assistance. Veuillez contacter [identify applicable court personnel by name, address, and telephone number]aumoins 7 jours avant votre comparution prévue au tribunal, ou immédiatement après avoir reçu cette notification si le délai avant la comparution prévue est inférieur à 7 jours; si vous êtes malentendant ou avez un trouble de la parole, appelez le 711.

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
NASSAU COUNTY, FLORIDA

CASE NO.

DIVISION:

AIC FERNANDINA, LLC d/b/a
AMELIA ISLAND COFFEE, a Florida
limited liability company,

      Plaintiff,

v.

BLAKE F. BUCHANAN,

      Defendant,

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, AIC Fernandina, LLC d/b/a Amelia Island Coffee, sues Defendant, Blake F. Buchanan, and states:

1.    This is an action for damages in excess of $50,000, exclusive of interest, costs, and attorneys' fees.

2.    Plaintiff, AIC Fernandina, LLC d/b/a Amelia Island Coffee ("Amelia Island Coffee"), is a Florida limited liability company residing and doing business in Fernandina Beach, Nassau County, Florida.

3.    Defendant, Blake F. Buchanan ("Buchanan") is an individual residing in Atlanta, Georgia.

4.    Venue is proper in Nassau County, Florida as the cause of action accrued in Nassau County.

5.    This court has personal jurisdiction over Buchanan pursuant to Section 48.193, Florida Statutes, in that Buchanan has (i) caused injury to persons or property within Florida

arising out of an act or omission outside this state, (ii) committed a tortious act within Florida; and/or (iii) conducted substantial and not isolated activity within Florida.

### General Allegations

6.      Amelia Island Coffee is coffee shop and small business located at 207 Centre Street, Fernandina Beach, Florida 32034, in the heart of downtown Fernandina Beach in a busy tourist area. Amelia Island Coffee has served the community at this same location for over 30 years and is currently owned by local residents, Ray and Paige Carter, who purchased the business in 2022.

7.      Over many years, Amelia Island Coffee has developed an excellent reputation and a large, local base of regular and repeat existing customers and also proudly serves the many thousands of tourists who visit the downtown area each year.

8.      Amelia Island Coffee's mission has always been to have an environment that is safe, comfortable, inviting, and welcoming to all, regardless of age, race, religion, gender, political affiliation, or sexual orientation.

9.      On or about September 20, 2025, a customer of Amelia Island Coffee came into the coffee shop wearing a t-shirt that had a design on it making it appear to be "blood spattered" with fake blood and bearing the words "Problem Solved" on the front of the t-shirt.

10.      An employee of Amelia Island Coffee stated to the customer wearing the t-shirt that she "liked" the shirt.

11.      Defendant, Buchanan, claims to have been in the coffee shop at the same time and claims to have observed the foregoing interaction between the customer wearing the t-shirt and the employee.

12.      At some point shortly following his observation of this simple interaction, Buchanan created a post on Facebook on the page of a Facebook group called "Fernandina Beach Amelia Island Network," which has approximately 11,700 members and is intended as a forum

for local Fernandina Beach residents. Buchanan, who is not local to Fernandina Beach, joined this group shortly before creating his post.

13.     In the Facebook post, Buchanan announced, based on the foregoing interaction: "The employees of Amelia island coffee are openly celebrating Charlie Kirk's murder today."

14.     This statement was false, and Buchanan knew it was false at the time he made the statement.

15.     In fact, no statement was made by any employee of Amelia Island Coffee about Charlie Kirk at all. All that happened was an employee told a customer she liked the customer's t-shirt, which also said nothing about Charlie Kirk.

16.     Buchanan further elaborated on his original post in a subsequent comment below his post, stating: "Customer walked in wearing this shirt and one of the employees stopped him and said I love your shirt. Then same employee told all of the other baristas and they all had a good laugh." Buchanan then posted what appears to be a photo obtained online of a person wearing a similar shirt to the one he claims the customer was wearing (likely from one of the many websites that widely sell such shirts online):



17.    Shortly following Buchanan's post, numerous Facebook members began posting extremely negative comments about Amelia Island Coffee, including the following:

     a.    "Until the coffee shop provides video of the interaction, I have to assume guilt. I will boycott the business and suggest others do the same until video is provided which shows me the interaction did not occur."

     b.    "I think the burden of proof falls on the company to prove whether or not this interaction happened."

     c.    "Very horrible and sad if true."

     d.    "Disgusting."

     e.    "What a bunch of bullshit        " (with a middle finger emoji).

     f.    One member reposted a quote from an "X" post stating: "Democrats are the only group on the planet that can gun down an innocent man, celebrate his death, mock his wife, destroy memorials for him, lie about who killed him and somehow STILL make themselves the victims."

     g.    "I won't be going there."

18.    Despite there never being any statement made by any employee of Amelisa Island Coffee about Charlie Kirk or anyone ever "celebrating" Charlie Kirk's murder, Buchanan has continued to defend his original post online -- that employees of Amelia Island Coffee were "openly celebrating Charlie Kirk's murder," and he has not deleted the post. Instead, Buchanan has challenged one or more commenters questioning his post, stating "prove me wrong."

19.    Due to Buchanan's false statement, Amelia Island Coffee has suffered and will continue to suffer (i) irreparable harm to its business and its reputation and (ii) significant actual monetary damages to its business in loss of revenues and profits due to loss of customers.

20.    In addition, in the context of the politically heated environment surrounding the death of Charlie Kirk, Amelia Island Coffee's owners and employees are also now fearful that there could be threats of violence or actual violence committed against them because of the false Facebook post made and not retracted by Buchanan.

21.    Plaintiff reserves the right to add a claim for punitive damages at the appropriate time.

22.    All conditions precedent to this action have been met, have occurred, or have been waived.

## COUNT ONE
### Defamation

23.    Amelia Island Coffee incorporates its allegations in paragraphs 1-22 above and alleges further as follows:

24.    Buchanan made a false and defamatory statement of fact concerning Amelia Island Coffee when he stated in a written online post: "The employees of Amelia Island coffee are openly celebrating Charlie Kirk's murder today."

25.    Buchanan made an unprivileged publication of the false and defamatory statement when he posted it on Facebook, and the statement was thereby widely disseminated to numerous third parties.

26.    When Buchanan made the false and defamatory statement, he knew or should have known of its falsity, and/or was reckless or negligent in determining the falsity of the statement.

27.    Amelia Island Coffee has suffered and will continue to suffer substantial reputational harm and actual damages due to Buchanan's false and defamatory statement.

WHEREFORE, Plaintiff, AIC Fernandina, LLC d/b/a Amelia Island Coffee, demands judgment against Buchanan for Defamation and actual damages resulting therefrom, plus interest, costs, and such other relief as the Court deems just and appropriate.

## COUNT TWO
### Defamation Per Se

28.    Amelia Island Coffee incorporates its allegations in paragraphs 1-22 above and alleges further as follows:

29.    Buchanan made a false and defamatory statement of fact concerning Amelia Island Coffee when he stated in a written online post: "The employees of Amelia Island coffee are openly celebrating Charlie Kirk's murder today."

30.    Buchanan made an unprivileged publication of the false and defamatory statement when he posted it on Facebook, and the statement was thereby widely disseminated to numerous third parties.

31.    When Buchanan made the false and defamatory statement, he knew or should have known of its falsity and/or was reckless or negligent in determining the falsity of the statement.

32.    Buchanan's false and defamatory statement constitutes "defamation per se" as the statement tends to subject Amelia Island Coffee to hatred, distrust, ridicule, contempt or disgrace; tends to injure Amelia Island Coffee in its trade or profession; and imparts conduct, characteristics or a condition incompatible with the proper exercise of Amelia Island's lawful business, trade, profession, or office.  The statement is so inherently harmful to the business or trade of Amelia Island Coffee that damages to Amelia Island Coffee are presumed.

33.    The false and defamatory statement made by Buchanan has caused and will continue to cause substantial reputational harm and actual damages to Amelia Island Coffee.

WHEREFORE, Plaintiff, AIC Fernandina, LLC d/b/a Amelia Island Coffee, demands judgment against Buchanan for Defamation Per Se and all presumed and actual damages resulting therefrom, plus interest, costs, and such other relief as the Court deems just and appropriate.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all issues so triable.

Dated: September 24, 2025.

**McLAUCHLIN LAW, PLLC**

*s/ Matthew P. McLauchlin*
Matthew P. McLauchlin, Esq.
Fla. Bar No. 484180
7645 Gate Parkway, Suite 106
Jacksonville, Florida 32256
Telephone: (904) 755-6639
Primary Email: matt@mpmlawyers.com
Secondary E-mail:  erin@mpmlawyers.com

*Counsel for Plaintiff, AIC Fernandina, LLC*
*d/b/a Amelia Island Coffee*

Filing # 232220167 E-Filed 09/24/2025 11:33:50 AM

IN THE CIRCUIT COURT, FOURTH JUDICIAL CIRCUIT, IN AND FOR NASSAU COUNTY, FLORIDA

AIC FERNANDINA, LLC d/b/a
AMELIA ISLAND COFFEE

CASE NO.   25 CA 311

DIVISION:

     Plaintiff(s),

v.

BLAKE F. BUCHANAN,

     Defendant(s),

_____/

## SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on the following **Defendant**:

     BLAKE F. BUCHANAN
     4804 Ivy Ridge Drive, SE #3
     Atlanta, Georgia 30339

**Defendant** is required to serve written defenses to the complaint or petition on Plaintiff's attorney, **Matthew P. McLauchlin, McLauchlin Law, PLLC, 7645 Gate Parkway, Suite 106, Jacksonville, Florida 32256**, within **20 days** after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED _____ SEP 2 5 2025 _____

**MITCH L. KEITER**

As Clerk of the Court

By _____
     As Deputy Clerk

Electronically Filed Nassau Case # 25CA000311AXYX 09/24/2025 11:33:50 AM

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below. If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact [identify applicable court personnel by name, address, and telephone number] at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 días, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefónica no lo protegerá. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el cay podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guía telefónica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

Si usted es una persona minusválida que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda. Tenga la amabilidad de ponerse en contacto con [identify applicable court personnel by name, address, and telephone number], por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711.

## **IMPORTANT**

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egale-ment, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

Si vous êtes une personne handicapée qui a besoin de mesures d'adaptation pour participer à cette procédure, vous avez droit, sans frais pour vous, à une certaine assistance. Veuillez contacter [identify applicable court personnel by name, address, and telephone number]aumoins 7 jours avant votre comparution prévue au tribunal, ou immédiatement après avoir reçu cette notification si le délai avant la comparution prévue est inférieur à 7 jours; si vous êtes malentendant ou avez un trouble de la parole, appelez le 711.

## IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
## IN AND FOR NASSAU COUNTY, FLORIDA

| | |
|---|---|
| AIC FERNANDINA, LLC d/b/a AMELIA ISLAND COFFEE, a Florida limited liability company, | ) ) ) ) |
| *Plaintiff,* | ) ) |
| v. | ) ) CASE NO.: ) 2025-CA-000311-AXYX |
| BLAKE F. BUCHANAN, | ) ) |
| *Defendant.* | ) ) ) |

## DEFENDANT'S VERIFIED ANSWER

COMES NOW, Blake F. Buchanan ("Defendant" or "Mr. Buchanan"), the Defendant in the above-styled caption, by and through the undersigned counsel, and hereby files this Defendant's Verified Answer, and shows this Honorable Court the following:

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims fail because Mr. Buchanan's statement was truthful and protected speech under the United States Constitution and Florida Constitution.

### THIRD DEFENSE

Plaintiff's claims fail because Mr. Buchanan's statement was not reckless or negligent.

### FOURTH DEFENSE

Plaintiff's claims fail because Plaintiff has no damages.

**FIFTH DEFENSE**

Plaintiff's claims fail because Mr. Buchanan's statement was not defamatory and did not harm Plaintiff's reputation.

**SIXTH DEFENSE**

Plaintiff's claims violate Florida's Anti-SLAPP statute (Fla. Stat. § 768.295, *et seq.*) because they are without merit and Mr. Buchanan expressed his constitutional right of free speech.

**SEVENTH DEFENSE**

Mr. Buchanan will seek the recovery of his attorneys' fees, costs of litigation, sanctions, and all other costs under Fla. Stat. § 57.105, *et seq.* because Plaintiff's claims are frivolous and meritless.

**EIGHTH DEFENSE**

Incorporating all of the foregoing affirmative defenses, Mr. Buchanan answers to the specifically numbered paragraphs of Plaintiff's Complaint as follows:

1.

Mr. Buchanan admits that Plaintiff has filed an action and is alleging damages in excess of $50,000.00, but he denies that he is liable for any amount whatsoever and that damages exceed $50,000.00. Mr. Buchanan denies the remaining allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.

Mr. Buchanan lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.

Mr. Buchanan admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.

Mr. Buchanan admits that Plaintiff is claiming this Court has personal jurisdiction over him, and denies the remaining allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.

Mr. Buchanan admits this Court has personal jurisdiction over him, but denies the remaining allegations contained in Paragraph 5 of Plaintiff's Complaint.

**General Allegations**

6.

Mr. Buchanan admits that Amelia Coffee Shop is a coffee shop and small business located at 207 Centre St., Fernandina Beach, Florida 32034 in downtown Fernandina Beach, Florida. Mr. Buchanan lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.

Mr. Buchanan lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.

Mr. Buchanan lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.

Mr. Buchanan admits the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.

Mr. Buchanan admits the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.

Mr. Buchanan admits the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.

Mr. Buchanan admits that he made a Facebook post in a group called "Fernandina Beach Amelia Island Network" after observing the interaction in Plaintiff's coffee shop. Mr. Buchanan admits that he joined the group before creating the post and admits that he is not a local to Fernandina Beach, Florida. Mr. Buchanan lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.

Mr. Buchanan admits the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.

Mr. Buchanan denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.

Mr. Buchanan admits that an employee of Plaintiff made a statement to the customer that she "liked" his shirt, but denies the remaining allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.

Mr. Buchanan admits the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.

Mr. Buchanan denies that numerous Facebook members posted "extremely negative" comments about Plaintiff. The Facebook posts by other members of the group speak for themselves. Mr. Buchanan lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.

Mr. Buchanan admits that he has not deleted the Facebook post. Mr. Buchanan's subsequent Facebook posts speak for themselves. Mr. Buchanan admits that he posted stating "prove me wrong." Mr. Buchanan denies the remaining allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.

Mr. Buchanan denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.

Mr. Buchanan denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.

Mr. Buchanan denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.

Mr. Buchanan denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

## COUNT ONE
### Defamation

23.

Mr. Buchanan incorporates by reference his responses to Paragraphs 1 through 22 as though fully restated herein verbatim.

24.

Mr. Buchanan denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.

Mr. Buchanan denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.

Mr. Buchanan denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.

Mr. Buchanan denies the allegations contained in Paragraph 27 of Plaintiff's Complaint. Responding to the last unnumbered paragraph in this Count, Mr. Buchanan denies that he is liable to Plaintiff for any amount whatsoever.

## COUNT TWO
## Defamation Per Se

28.

Mr. Buchanan incorporates by reference his responses to Paragraphs 1 through 27 as though fully restated herein verbatim.

29.

Mr. Buchanan denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.

Mr. Buchanan denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.

Mr. Buchanan denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.

Mr. Buchanan denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.

Mr. Buchanan denies the allegations contained in Paragraph 33 of Plaintiff's Complaint. Responding to the last unnumbered paragraph in this Count, Mr. Buchanan denies that he is liable to Plaintiff for any amount whatsoever.

Respectfully submitted this 23rd day of October 2025.

CHALMERS, ADAMS, BACKER &
KAUFMAN, LLC


/s/ Kevin T. Kucharz
Kevin T. Kucharz
Florida Bar No. 883611
Christian G. Zimm
Florida Bar No. 1028178
Attorneys for Blake F. Buchanan

11770 Haynes Bridge Road
#205-219
Alpharetta, GA 30009-1968
(678) 470-3755
kkucharz@chalmersadams.com
czimm@chalmersadams.com

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
IN AND FOR NASSAU COUNTY, FLORIDA

CITY OF FERNANDINA, and ditto
ASSOCIATES, a Florida limited partnership,

Plaintiff,

Plaintiff,

CASE NO.
16-2021-CA-003351

BLAKE F. BUCHANAN,

Defendant.

## VERIFICATION

Under penalties of perjury, I, Blake F. Buchanan ("Affiant"), declare that I have read the foregoing DEFENDANT'S VERIFIED ANSWER and that the facts stated are true and correct.

This ____ day of October, 2025.

AFFIANT:

_____
Blake F. Buchanan

Sworn to and subscribed before me
this ____ day of October 2025.

_____
Notary Public

My Commission Expires: 8/4/2029

## CERTIFICATE OF SERVICE

This is to certify that I have today served the **DEFENDANT'S VERIFIED ANSWER** to

the following counsel via statutory electronic service:

Matthew P. McLauchlin, Esq.
MCLAUGHLIN LAW, PLLC
7645 Gate Parkway, Su. 106
Jacksonville, FL 32256
matt@mpmlawyers.com
*Attorney for Plaintiff*

This 23rd day of October 2025.

.

CHALMERS, ADAMS, BACKER &
KAUFMAN, LLC


*/s/ Kevin T. Kucharz*
Kevin T. Kucharz
Florida Bar No. 883611
Christian G. Zimm
Florida Bar No. 1028178
*Attorneys for Blake F. Buchanan*

11770 Haynes Bridge Road
#205-219
Alpharetta, GA 30009-1968
(678) 470-3755
kkucharz@chalmersadams.com
czimm@chalmersadams.com

## IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
## IN AND FOR NASSAU COUNTY, FLORIDA

AIC FERNANDINCA, LLC d/b/a )
AMELIA ISLAND COFFEE, a Florida limited )
liability company, )
         )
    *Plaintiff*, )
         )    CASE NO.:
v. )    2025-CA-000311-AXYX
         )
BLAKE F. BUCHANAN, )
         )
    *Defendant*. )
_____ )

## DEFENDANT'S FIRST SET OF CONTINUING INTERROGATORIES TO PLAINTIFF

COMES NOW, Blake F. Buchanan ("Defendant" or "Mr. Buchanan"), the Defendant in the above-styled caption, by and through the undersigned counsel, in accordance with the Florida Rules of Civil Procedure, and hereby provides Defendant's First Set of Continuing Interrogatories to Plaintiff.

These Interrogatories are subject to the Definitions and Instructions set forth in Defendant's First Continuing Requests for Production of Documents to Plaintiff.

## INTERROGATORIES

1.

Identify all employees, managers, owners, and officers of Plaintiff as of the Date of the Incident, and that worked at Plaintiff's coffee shop on the Date of the Incident, and provide their names, job titles, duties and responsibilities, phone numbers, email addresses, and full addresses.

2.

Identify all communications between Plaintiff's employees, managers, and officers and the Customer, and provide the subject matter and content of the communications.

3.

Identify the Customer, and provide his name, email address, phone number, full address, and indicate whether he has been a customer before the Incident.

4.

Identify the date, time, place of the Incident, and the area of the coffee shop where the Incident occurred.

5.

Identify the Employee(s) who stated that she "liked" the Customer's shirt to the Customer, as alleged in Plaintiff's Complaint, and provide their names, email addresses, phone numbers, full addresses, and whether they are represented by counsel, if so provide their counsel's information.

6.

Indicate whether the Employee of Plaintiff knew that the Customer's shirt related to Charlie Kirk and his death, and why she said she "liked" it. If not, then indicate why she stated she liked the Customer's shirt and what she believed the shirt referred to.

7.

Indicate whether the Employee of Plaintiff liked or disliked Charle Kirk and his political viewpoints, knew that he was killed, was sympathetic to his passing, and identifies as liberal or conservative.

8.

Indicate whether Ray Carter and Paige Carter liked or disliked Charle Kirk and his political viewpoints, knew that he was killed, was sympathetic to his passing, and identify as liberal or conservative.

9.

Identify all customers and possible witnesses of the Incident, and include their names, email addresses, phone numbers, full addresses, and whether they are represented by counsel, if so provide their counsel's information.

10.

Identify how Plaintiff discovered Defendant's post, and whether Ray Carter, Paige Carter, or any employee of Plaintiff are members of the Fernandina Beach Amelia Island Network Facebook group.

11.

Identify all communications, actions, gestures, and pleasantries exchanged between the Employee(s) and the Customer on the Date of the Incident in Plaintiff's coffee shop.

12.

Identify all communications (emails, text messages, group chats, social-media posts, etc.) between Plaintiff's employees, managers, owners, and officers regarding the Incident, and include the subject matter and content of the communications.

13.

Identify all communications (emails, text messages, group chats, social-media posts, etc.) between Plaintiff's employees, managers, owners, and officers and any third party regarding the Incident, and include the subject matter and content of the communications.

14.

Indicate whether Plaintiff has surveillance video or audio recordings of inside the coffee shop, the custodian of the surveillance video or audio recordings, and whether it has surveillance video or audio recordings of the Customer inside Plaintiff's coffee shop on the Date of the Incident.

15.

Identify all customers that Plaintiff alleges were lost as a result of Defendant's Post, and include their name, address, email address, contact information, approximately how often they visited the coffee shop, how much they spent, and why they are no longer a customer of Plaintiff.

16.

Identify and itemize all damages (past, current and future) from Defendant's Post that Plaintiff contends in this case, including but not limited to actual damages, irreparable harm, lost profits, sales, or revenue, loss of reputation.

17.

Identify all remedial measures taken by Plaintiff to limit or decrease its alleged damages.

18.

Identify all posts and comments of Defendant on social media that Plaintiff contends was defamatory.

19.

Identify all evidence that Defendant's Post was false, untruthful, made with malice, not his opinion, and not his personal observation of the Incident.

20.

Identify all evidence that shows Plaintiff's sales, revenues, or profits decreased, or will decrease, as a result of Defendant's Post.

21.

Indicate whether Plaintiff conducted any investigation into the Incident or into statements made by its employees about the Customer or Defendant, including who conducted the investigation, and describe its findings.

22.

Describe all training, policies, or manuals of employee communications with customers or statements about customers' appearance or conduct, in effect at the time of the Incident.

23.

Indicate whether any employee of Plaintiff was reprimanded, warned, suspended, or terminated as a result of the Incident, and if so, identify the employee and describe the action taken.

24.

Identify the threats of violence or actual violence, that have occurred or will occur, against Plaintiff's employees and owners as a result of Defendant's Post, as alleged in Plaintiff's Complaint.

25.

Identify any communications between Plaintiff and members of the public, local media, or law enforcement about the Incident, Customer, or Defendant's Post.

26.

Identify any public statements, posts, or reviews (e.g., Google, Yelp, Instagram, Facebook) made by Plaintiff, its employees, managers, and owners referring to the Incident, Customer, or Defendant.

27.

Identify all insurance policies that may provide coverage to limit, mitigate, or decrease Plaintiff's damages, as alleged in Plaintiff's Complaint, and whether Plaintiff has made a claim to its insurance companies.

28.

Provide your contention, and any evidence, that the Employee was not "celebrating" Charlie Kirk's death, as described by Defendant's Post.

Respectfully submitted this 23rd day of October 2025.

CHALMERS, ADAMS, BACKER &
KAUFMAN, LLC

/s/ Kevin T. Kucharz
Kevin T. Kucharz
Florida Bar No. 883611
Christian G. Zimm
Florida Bar No. 1028178
*Attorneys for Blake F. Buchanan*

11770 Haynes Bridge Road
#205-219
Alpharetta, GA 30009-1968
(678) 470-3755
kkucharz@chalmersadams.com
czimm@chalmersadams.com

## CERTIFICATE OF SERVICE

This is to certify that I have today served the **DEFENDANT'S FIRST SET OF CONTINUING INTERROGATORIES TO PLAINTIFF** to the following counsel via email:

Matthew P. McLauchlin, Esq.
MCLAUGHLIN LAW, PLLC
7645 Gate Parkway, Su. 106
Jacksonville, FL 32256
matt@mpmlawyers.com
*Attorney for Plaintiff*

This 23rd day of October 2025.

.

CHALMERS, ADAMS, BACKER &
KAUFMAN, LLC


*/s/ Kevin T. Kucharz*
Kevin T. Kucharz
Florida Bar No. 883611
Christian G. Zimm
Florida Bar No. 1028178
*Attorneys for Blake F. Buchanan*

11770 Haynes Bridge Road
#205-219
Alpharetta, GA 30009-1968
(678) 470-3755
kkucharz@chalmersadams.com
czimm@chalmersadams.com

## IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
## IN AND FOR NASSAU COUNTY, FLORIDA

AIC FERNANDINCA, LLC d/b/a )
AMELIA ISLAND COFFEE, a Florida limited )
liability company, )
       )
       *Plaintiff,* )
       ) CASE NO.:
v. ) 2025-CA-000311-AXYX
       )
BLAKE F. BUCHANAN, )
       )
       *Defendant.* )
_____)

## DEFENDANT'S FIRST SET OF CONTINUING REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

COMES NOW, Blake F. Buchanan ("Defendant" or "Mr. Buchanan"), the Defendant in the above-styled caption, by and through the undersigned counsel, in accordance with the Florida Rules of Civil Procedure, and hereby provides Defendant's First Set of Continuing Requests for Production of Documents to Plaintiff.

## DEFINITIONS

1.

YOU/YOUR - As used herein, the word "You" and the word "Your," or any synonyms thereof, are intended to embrace and include, in addition to Plaintiff named above, Plaintiff's attorneys and/or agents, accountants, employees, independent contractors, partners, servants, representatives, investigators and all others who may obtain information for or on behalf of Plaintiff.

2.

DOCUMENT - As used herein, the term "Document" means, without limitation, any of the following: writings, recordings, and photographs of any nature, kind or description, including but

not limited to the original and any duplicate, regardless of location, whether privileged or otherwise claimed to be excluded from discovery, and whether printed or recorded or reproduced by any mechanical process, or written or produced by handwriting, typewriting, printing, photostatic, photography, magnetic impulse, mechanical or electronic recording, or other form of data compilation, including without limitation e-mails, e-mail drafts, computer hard drives, computer disks, thumb-drives, CD's, and backup computer tapes: agreements, contracts, receipts, canceled checks, communications, state and federal governmental hearings and reports, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, reports, notebooks, note charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, brochures, balance sheets, pamphlets, advertisements, circulars, press releases, drafts, letters, any marginal comments appearing on any documents, emails, internal communications, telegrams, cables, films, videotapes, audio recordings, electronic recordings, photo boards, microfilms, opinions, invoices, agreements, assignments, licensees, summaries of negotiations, drafts of documents and any revisions thereof, or any other writings in the possession, custody, or control of Plaintiff.

<div align="center">3.</div>

CORRESPONDENCE - As used herein, the term "Correspondence" shall mean all forms of information exchanged, uttered, made, heard, or overheard, whether written, oral, body language, or electronically aided transmission, as well as every Document and every other mode of intentionally conveyed meaning.

4.

COMMUNICATION - means any transmission or communication, internal and external, in any form or format whatsoever, whether in person, by telephone, in writing, by facsimile, by e-mail, by voicemail, by instant messaging, by text messaging, by social media (including, but not limited to, Facebook, Twitter, or Instagram), by podcast, print media, or otherwise. "Communications" are a type of "Document," and nothing herein should be construed otherwise.

5.

DATE - As used herein, "Date" shall mean the exact day, month and year. If a date is unknown to Plaintiff, use the best available estimate.

6.

RELATING TO/RELATED TO - As used herein, the term "Relating to" or "Related to" shall mean having any relationship or connection to, concerning, being connected to, commencing on, responding to, containing, evidencing, showing, memorializing, describing, analyzing, reflecting, pertaining to, comprising, constituting, or otherwise establishing any reasonable, logical, or causal connection.

7.

IDENTIFY/IDENTITY - When used in reference to an individual person, "Identify" or "Identity" means to state such person's full name and present or last known address and telephone number, and contemporaneous or last known position and business affiliation at the time in question. When used in reference to a business organization or entity other than an individual, "Identify" or "Identity" means to state its full name, its principal business address, and the nature of the organization (e.g., corporation, partnership, etc.). When used in reference to a writing or

document, "Identify" or "Identity" means to set forth its date, its author, designated and actual recipients, type of writing or document, and identity of its present or last known custodian.

8.

INCIDENT – means the Customer and Employee of Plaintiff in the coffee shop on the Date of the Incident, and their conversations and actions regarding the Employee liking the Customer's shirt.

9.

CUSTOMER – means the individual in Plaintiff's coffee shop on the Date of the Incident wearing the blood stained shirt with the words "Problem Solved" on it, as alleged in Plaintiff's Complaint.

10.

EMPLOYEE – means the employee, or employees, of Plaintiff that worked on the Date of the Incident that stated she "liked" the Customer's shirt, as alleged in Plaintiff's Complaint.

11.

DATE OF INCIDENT – means on or about September 20, 2025, as alleged in Plaintiff's Complaint.

12.

POST – means Defendant's Facebook post and comments in the Fernandina Beach Amelia Island Network that is at issue in this case, as alleged in Plaintiff's Complaint.

# INSTRUCTIONS

1.

General Instructions: Please reproduce each request and then set forth the answer to each discovery request separately.

2.

Please Identify which Bates Number(s) are responsive to each Request to Produce. When requests contain separately numbered or lettered paragraphs, each separately numbered or lettered paragraph should be treated separately, and a separate response furnished.

3.

Objections Based on Privilege: In the event that any answers or identification of any Documents requested herein are withheld under a claim of privilege, please provide the following information with respect to each answer or Document:

a) The type of Document, its general subject matter, and the place and approximate Date it was prepared or created;

b) The name and title of each Person who prepared or created the Document or who has knowledge of the answer, and the name and title of each Person who has received or examined the Document or copy thereof;

c) A statement of the circumstances which bear on whether or not the claim of privilege is appropriate and whether the privilege claimed should extend to the entire answer or Document or to part of the answer or Document; and

d) The number of each Request to Produce to which the answer or Document otherwise would be responsive.

4.

To the extent any information called for in these discovery requests is unknown to Plaintiff, so state, and set forth such remaining information as is known. If any estimate can reasonably be made in place of unknown information, also set forth Plaintiff's best estimate, clearly designated as such, in place of unknown information, and describe the basis upon which the estimate is made.

5.

Documents No Longer In Your Possession: If any Document which Plaintiff would have produced in response to a discovery request was, but is no longer, in Plaintiff's present possession, subject to Plaintiff's control or no longer exists, please state whether any such Document is/was:

a) Missing or lost;

b) Destroyed;

c) Transferred to others; or

d) Otherwise disposed of,

and in any such instance, set forth the surrounding circumstances for any authorization for such disposal and state the approximate Date of any such disposition and, if known, state also the present location and custodian of such Document.

6.

Whenever in this Request for Production of Documents and Things You are requested to Identify an account such as a bank account, investment account, loan account, credit card account, or savings account, You should Identify the account by the last 4 numbers of the account number and the Person or entity in whose name the account is maintained.

7.

The above "Definitions and Instructions" are hereby incorporated by reference into each and every one of the specific Requests for Production below as if fully set forth therein verbatim.

## **DOCUMENT REQUESTS**

1.

All documents identifying each employee, manager, owner, and officer who worked at the coffee shop on the Date of the Incident.

2.

All communications and documents between any employee, manager, or officer of Plaintiff and the Customer, including emails, texts, social-media messages, or notes regarding the Incident, Customer, and Defendant's Post.

3.

All communications and documents between any employee, manager, or officer of Plaintiff and any third party, including emails, texts, social-media messages, or notes regarding the Incident, Customer, and Defendant's Post.

4.

All documents and communications, texts, emails, or social-media posts or messages among Plaintiff's employees, managers, or owners regarding the Incident, Customer, or Defendant's Post.

5.

All documents identifying or concerning the Customer, including his contact information, prior purchase history, or customer-loyalty records.

6.

All documents reflecting the date, time, and location of the Incident within Plaintiff's coffee shop, including any floor plans, photographs, or diagrams showing where it occurred.

7.

All documents and communications identifying the Employee who stated she "liked" the Customer's shirt, including personnel files and contact information.

8.

All documents and communications showing what the Employee understood the Customer's shirt to represent, or her explanation for making the remark.

9.

All documents and communications identifying customers or other witnesses present during the Incident, including any witness statements or contact logs.

10.

All surveillance video or audio recordings of the interior and exterior of the coffee shop of the Incident on the Date of the Incident, including footage showing Defendant, Employee, and the Customer.

11.

All reports, memoranda, notes, journal entries, logs, or similar documents of Plaintiff concerning the Incident, the Customer, or Defendant's Post.

12.

All documents supporting any claim for damages, including calculations of actual damages, lost profits, lost revenues, loss of customers, irreparable harm, or reputation.

13.

All documents evidencing steps Plaintiff took to mitigate or limit its alleged damages.

14.

All copies of Defendant's alleged defamatory posts or comments identified by Plaintiff.

15.

All documents or communications evidencing harm to Plaintiff's reputation, including reviews, customer feedback, community comments, or media references.

16.

All documents showing any decline in sales, revenue, or profit allegedly caused by Defendant's Post, including but not limited to financial statements, POS data, and comparative monthly reports.

17.

All documents concerning any investigation by Plaintiff into the Incident, the statements made by employees, or Defendant's Post, including investigation notes and conclusions.

18.

All training materials, handbooks, or policies of Plaintiff in effect at the time of the Incident addressing employee communications with customers or statements about customers' appearance or conduct.

19.

All documents showing whether any of Plaintiff's employees were reprimanded, warned, suspended, or terminated as a result of the Incident.

20.

All documents reflecting changes to any policy or training materials after the Incident.

21.

All communications between Plaintiff and any member of the public, media outlet, or law-enforcement agency regarding the Incident, the Customer, or Defendant's Post.

22.

All public statements, reviews, advertisements, or social-media posts made by Plaintiff, its owners, managers, or employees referring to the Incident, the Customer, or Defendant.

23.

All insurance policies that may provide coverage for Plaintiff's alleged damages, together with any claims or correspondence submitted to insurers concerning this case.

24.

All documents supporting Plaintiff's contention that Defendant's statement that employees were "celebrating Charlie Kirk's death" was false or not his opinion, including any evidence Plaintiff relies on to prove falsity or actual malice.

Respectfully submitted this 23rd day of October 2025.

CHALMERS, ADAMS, BACKER & KAUFMAN, LLC


/s/ Kevin T. Kucharz
Kevin T. Kucharz
Florida Bar No. 883611
Christian G. Zimm
Florida Bar No. 1028178
*Attorneys for Blake F. Buchanan*

11770 Haynes Bridge Road
#205-219

Alpharetta, GA 30009-1968
(678) 470-3755
kkucharz@chalmersadams.com
ezimm@chalmersadams.com

## CERTIFICATE OF SERVICE

This is to certify that I have today served the **DEFENDANT'S FIRST SET OF CONTINUING REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF** to the following counsel via email:

Matthew P. McLauchlin, Esq.
MCLAUGHLIN LAW, PLLC
7645 Gate Parkway, Su. 106
Jacksonville, FL 32256
matt@mpmlawyers.com
*Attorney for Plaintiff*

This 23rd day of October 2025.

.

CHALMERS, ADAMS, BACKER &
KAUFMAN, LLC

*/s/ Kevin T. Kucharz*
Kevin T. Kucharz
Florida Bar No. 883611
Christian G. Zimm
Florida Bar No. 1028178
*Attorneys for Blake F. Buchanan*

11770 Haynes Bridge Road
#205-219
Alpharetta, GA 30009-1968
(678) 470-3755
kkucharz@chalmersadams.com
czimm@chalmersadams.com

**IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
IN AND FOR NASSAU COUNTY, FLORIDA**

AIC FERNANDINCA, LLC d/b/a )
AMELIA ISLAND COFFEE, a Florida limited )
liability company, )
                                  )
       *Plaintiff,* )
                                    )     CASE NO.:
v. )    2025-CA-000311-AXYX
                                      )
BLAKE F. BUCHANAN, )
                                    )
       *Defendant.* )
_____ )

## DEFENDANT'S FIRST REQUESTS FOR ADMISSIONS TO PLAINTIFF

COMES NOW, Blake F. Buchanan ("Defendant" or "Mr. Buchanan"), the Defendant in the above-styled caption, by and through the undersigned counsel, in accordance with the Florida Rules of Civil Procedure, and hereby provides Defendant's First Requests for Admissions to Plaintiff.

These Requests for Admissions are subject to the Definitions and Instructions set forth in Defendant's First Continuing Requests for Production of Documents to Plaintiff.

## REQUESTS FOR ADMISSIONS

1.

Admit that the Incident occurred on September 20, 2025.

2.

Admit that Defendant's Post was made on September 20, 2025.

3.

Admit that a customer of Plaintiff wore a shirt with fake blood and "Problem Solved" on it in Plaintiff's coffee shop on the Date of the Incident.

4.

Admit that an employee of Plaintiff stated to the Customer that she "liked" the Customer's shirt.

5.

Admit that more than one employee of Plaintiff stated that they "liked" or agreed with the Customer's shirt.

6.

Admit that Plaintiff has surveillance video of the coffee shop.

7.

Admit that Plaintiff has surveillance video inside the coffee shop on the Date of the Incident.

8.

Admit that when the Employee said to the Customer that she "liked" the Customer's shirt, she was working in the scope of her employment.

9.

Admit that the Employee knew Charlie Kirk had been killed prior to the Date of the Incident.

10.

Admit that the Customer's shirt referred to Charlie Kirk's death.

11.

Admit that the Employee knew that the Customer's shirt referred to Charlie Kirk's death.

12.

Admit that the Employee was aware of Charlie Kirk and his political viewpoints on the Date of the Incident.

13.

Admit that the Employee disliked Charlie Kirk and his political viewpoints.

14.

Admit that the Employee was not sympathetic to Charlie Kirk's death.

15.

Admit that the Employee was happy that Charlie Kirt died.

16.

Admit that the Employee identifies as a liberal.

17.

Admit that the Employee identifies as a Democrat.

18.

Admit that the Employee celebrated Charlie Kirk's death on the Date of the Incident.

19.

Admit that Defendant's Post was his personal observation of the Incident and his opinion.

20.

Admit that Defendant's Post was not false.

21.

Admit that the below image is an accurate representation of the Customer's shirt.



22.

Admit that Defendant observed the Employee say to the Customer that she "liked" the Customer's shirt.

23.

Admit that Defendant was a customer in Plaintiff's coffee shop on the Date of the Incident.

24.

Admit that there were witnesses in Plaintiff's coffee shop that observed the Employee's comment to the Customer that she "liked" his shirt.

25.

Admit that Plaintiff has not sustained damages because of Defendant's Post.

26.

Admit that Plaintiff has not sustained irreparable harm because of Defendant's Post.

27.

Admit that Plaintiff has not lost revenues because of Defendant's Post.

28.

Admit that Plaintiff has not lost customers because of Defendant's Post.

29.

Admit that Plaintiff has not lost its reputation because of Defendant's Post.

30.

Admit that Plaintiff and its employees have not faced threats of violence because of Defendant's Post.

Respectfully submitted this 23rd day of October 2025.

<div style="text-align:right">

CHALMERS, ADAMS, BACKER & KAUFMAN, LLC

/s/ Kevin T. Kucharz
Kevin T. Kucharz
Florida Bar No. 883611
Christian G. Zimm
Florida Bar No. 1028178
*Attorneys for Blake F. Buchanan*

</div>

11770 Haynes Bridge Road
#205-219
Alpharetta, GA 30009-1968
(678) 470-3755
kkucharz@chalmersadams.com
czimm@chalmersadams.com

## CERTIFICATE OF SERVICE

This is to certify that I have today served the **DEFENDANT'S FIRST REQUESTS FOR**

**ADMISSIONS TO PLAINTIFF** to the following counsel via email:

Matthew P. McLauchlin, Esq.
MCLAUGHLIN LAW, PLLC
7645 Gate Parkway, Su. 106
Jacksonville, FL 32256
matt@mpmlawyers.com
*Attorney for Plaintiff*


This 23rd day of October 2025.

.

CHALMERS, ADAMS, BACKER &
KAUFMAN, LLC


*/s/ Kevin T. Kucharz*
Kevin T. Kucharz
Florida Bar No. 883611
Christian G. Zimm
11770 Haynes Bridge Road             Florida Bar No. 1028178
#205-219                             *Attorneys for Blake F. Buchanan*
Alpharetta, GA 30009-1968
(678) 470-3755
kkucharz@chalmersadams.com
czimm@chalmersadams.com

## IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
## IN AND FOR NASSAU COUNTY, FLORIDA

AIC FERNANDINCA, LLC d/b/a ) 
AMELIA ISLAND COFFEE, a Florida limited ) 
liability company, ) 
    ) 
    *Plaintiff,* ) 
    )     CASE NO.: 
v. )     2025-CA-000311-AXYX 
    ) 
BLAKE F. BUCHANAN, ) 
    ) 
    *Defendant.* ) 
_____ )

### DEFENDANT'S NOTICE OF DEPOSITION OF PLAINTIFF

PLEASE TAKE NOTICE that pursuant to FL. R. Civ. P. 1.310(b)(6), Defendant Blake F. Buchanan, by and through its undersigned counsel, will take the deposition upon oral examination of Plaintiff, beginning on December 1, 2025, beginning at 10:00AM EST, and day to day thereafter, until the deposition is completed at the law offices of McLaughlin Law, PLLC, at 7645 Gate Parkway, Su. 106, Jacksonville, FL 32256, and will be conducted in person. This deposition will be taken before a duly authorized officer certified to administer oaths. The deposition will be recorded by a court reporter. This deposition will be taken for the purposes of discovery, trial, and for all other purposes authorized by law.

Respectfully submitted this 23rd day of October 2025.

CHALMERS, ADAMS, BACKER &
KAUFMAN, LLC

/s/ Kevin T. Kucharz
Kevin T. Kucharz
Florida Bar No. 883611
Christian G. Zimm
11770 Haynes Bridge Road     Florida Bar No. 1028178

#205-219                              *Attorneys for Blake F. Buchanan*
Alpharetta, GA 30009-1968
(678) 470-3755
kkucharz@chalmersadams.com
czimni@chalmersadams.com

## FL. R. Civ. P. 1.310(b)(6) Topics

1. Knowledge of Plaintiff's Compliant, including all allegations and asserted claims.

2. Knowledge of Defendant's Verified Answer.

3. Knowledge of Defendant's First Set of Interrogatories to Plaintiff.

4. Knowledge of Defendant's First Requests for Production of Documents to Plaintiff.

5. Knowledge of Defendant's First Requests for Admissions.

6. Knowledge of Plaintiff's responses to Defendant's First Set of Interrogatories to Plaintiff.

7. Knowledge of Plaintiff's responses to Defendant's First Requests for Production of Documents to Plaintiff.

8. Knowledge of Plaintiff's document production in response to Defendant's First Requests for Production of Documents to Plaintiff.

9. Knowledge of Plaintiff's responses to Defendant's First Requests for Admissions.

10. Knowledge of the alleged damages as asserted in Plaintiff's Complaint, including but not limited to actual damages, lost profits, lost revenues, irreparable harm, and reputational damages.

11. Knowledge of Plaintiff's corporate structure, governing documents, and ownership of the coffee shop since the coffee shop opened, including all managers, officers, and employees.

12. Knowledge of Plaintiff's policies, procedures, and practices regarding internal and external communications with customers (including employee handbooks, social media policies, and media policies).

13. Knowledge of Plaintiff's procedures for investigating and responding to customer complaints or disputes.

14. Knowledge of Plaintiff's financials, including but not limited to Plaintiff's sales, revenues, profits, losses, since the coffee shop opened, especially after the alleged date of the incident, September 20, 2025.

15. Knowledge of Plaintiff's method of bookkeeping and its financials since the coffee shop opened.

16. Knowledge of all employees, managers, and owners of Plaintiff who worked in the coffee shop on September 20, 2025, as alleged in Plaintiff's Complaint, and their communications to the customer with the blood stained shirt with "Problem Solved" on it.

17. Knowledge of Defendant's Facebook post at issue in this case, how Plaintiff became aware of Defendant's Facebook post, and the Fernandina Beach Amelia Island Network Facebook group.

18. Knowledge of the customer with the blood stained shirt with "Problem Solved" on it in the coffee shop on September 20, 2025, as alleged in Plaintiff's Complaint, including but not limited to his actions and communications with Plaintiff's employees.

19. Knowledge of Defendant in the coffee shop on September 20, 2025, as alleged in Plaintiff's Complaint.

20. Knowledge of Defendant's observation of Plaintiff's employee telling the customer with the blood stained shirt with "Problem Solved" on it that she liked his shirt, as alleged in Plaintiff's Complaint.

21. Knowledge of Plaintiff's practices and procedures for training employees, including but not limited to its baristas, since the coffee shop opened.

22. Knowledge of Plaintiff's surveillance videos or audio recordings, including their existence, location, and retention, in the coffee shop on September 20, 2025.

23. Knowledge of Plaintiff's reputation in the local community before and after September 20, 2025.

24. Knowledge of any remedial measures by Plaintiff to limit its alleged damages after September 20, 2025.

25. Knowledge of Plaintiff's practices and procedures to maintain records and information relevant to Plaintiff's Complaint, including but not limited to Defendant's litigation hold to Plaintiff and instruction to preserve evidence.

26. Knowledge of any internal investigation, communications, documents, or logs related to Plaintiff's employee's interaction with the customer with the blood stained shirt and Defendant's Facebook post.

27. Knowledge of any communications or documents between Plaintiff and any third party related to the allegations in Plaintiff's Complaint.

28. Knowledge of Plaintiff's customer lists since it opened, and Plaintiff's methods of record keeping of its customer list.

29. Knowledge of Plaintiff's insurance coverage that could be applicable to the allegations in Plaintiff's Complaint and the mitigation of Plaintiff's damages.

30. Knowledge of Charlie Kirk's assassination on September 10, 2025, and the circumstances surrounding his death.

31. Knowledge of all correspondences between Plaintiff and Defendant, including their counsel.

## CERTIFICATE OF SERVICE

This is to certify that I have today served the **DEFENDANT'S NOTICE OF DEPOSITION OF PLAINTIFF** to the following counsel via statutory electronic service:

Matthew P. McLauchlin, Esq.
MCLAUGHLIN LAW, PLLC
7645 Gate Parkway, Su. 106
Jacksonville, FL 32256
matt@mpmlawyers.com
*Attorney for Plaintiff*

This 23rd day of October 2025.

CHALMERS, ADAMS, BACKER &
KAUFMAN, LLC

*/s/ Kevin T. Kucharz*
Kevin T. Kucharz
Florida Bar No. 883611
Christian G. Zimm
Florida Bar No. 1028178
*Attorneys for Blake F. Buchanan*

11770 Haynes Bridge Road
#205-219
Alpharetta, GA 30009-1968
(678) 470-3755
kkucharz@chalmersadams.com
czimm@chalmersadams.com

## IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
## IN AND FOR NASSAU COUNTY, FLORIDA

AIC FERNANDINCA, LLC d/b/a )
AMELIA ISLAND COFFEE, a Florida limited )
liability company, )
       )
       *Plaintiff,* )
       )      CASE NO.:
v. )      2025-CA-000311-AXYX
       )
BLAKE F. BUCHANAN, )
       )
       *Defendant.* )
_____ )

## DEFENDANT'S NOTICE OF DEPOSITION TO NON-PARTY RAY CARTER

PLEASE TAKE NOTICE that pursuant to the Florida Rules of Civil Procedure, Defendant

Blake F. Buchanan, by and through its undersigned counsel, will take the deposition upon oral

examination of non-party Ray Carter, beginning on December 1, 2025, beginning at 3:00 PM EST,

and day to day thereafter, until the deposition is completed at the law offices of McLaughlin Law,

PLLC, at 7645 Gate Parkway, Su. 106, Jacksonville, FL 32256, and will be conducted in person.

This deposition will be taken before a duly authorized officer certified to administer oaths. The

deposition will be recorded by a court reporter. This deposition will be taken for the purposes of

discovery, trial, and for all other purposes authorized by law.

Respectfully submitted this 23rd day of October 2025.

CHALMERS, ADAMS, BACKER &
KAUFMAN, LLC


/s/ Kevin T. Kucharz
Kevin T. Kucharz
Florida Bar No. 883611
Christian G. Zimm
11770 Haynes Bridge Road      Florida Bar No. 1028178

#205-219                                    *Attorneys for Blake F. Buchanan*
Alpharetta, GA 30009-1968
(678) 470-3755
kkucharz@chalmersadams.com
czimni@chalmersadams.com

## CERTIFICATE OF SERVICE

This is to certify that I have today served the **DEFENDANT'S NOTICE OF DEPOSITION TO NON-PARTY RAY CARTER** to the following counsel via statutory electronic service:

Matthew P. McLauchlin, Esq.
MCLAUGHLIN LAW, PLLC
7645 Gate Parkway, Su. 106
Jacksonville, FL 32256
matt@mpmlawyers.com
*Attorney for Plaintiff*

This 23rd day of October 2025.

.

CHALMERS, ADAMS, BACKER &
KAUFMAN, LLC

*/s/ Kevin T. Kucharz*
Kevin T. Kucharz
Florida Bar No. 883611
Christian G. Zimm
Florida Bar No. 1028178
*Attorneys for Blake F. Buchanan*

11770 Haynes Bridge Road
#205-219
Alpharetta, GA 30009-1968
(678) 470-3755
kkucharz@chalmersadams.com
czimm@chalmersadams.com

## IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
## IN AND FOR NASSAU COUNTY, FLORIDA

AIC FERNANDINCA, LLC d/b/a ) 
AMELIA ISLAND COFFEE, a Florida limited ) 
liability company, ) 
)
    *Plaintiff,* )
)     CASE NO.:
v. )     2025-CA-000311-AXYX
)
BLAKE F. BUCHANAN, )
)
    *Defendant.* )
)

---

## DEFENDANT'S NOTICE OF DEPOSITION TO NON-PARTY PAIGE CARTER

PLEASE TAKE NOTICE that pursuant to the Florida Rules of Civil Procedure, Defendant Blake F. Buchanan, by and through its undersigned counsel, will take the deposition upon oral examination of non-party Paige Carter, beginning on December 1, 2025, beginning at 1:00 PM EST, and day to day thereafter, until the deposition is completed at the law offices of McLaughlin Law, PLLC, at 7645 Gate Parkway, Su. 106, Jacksonville, FL 32256, and will be conducted in person. This deposition will be taken before a duly authorized officer certified to administer oaths. The deposition will be recorded by a court reporter. This deposition will be taken for the purposes of discovery, trial, and for all other purposes authorized by law.

Respectfully submitted this 23rd day of October 2025.

                **CHALMERS, ADAMS, BACKER &**
                **KAUFMAN, LLC**

                */s/ Kevin T. Kucharz*
                Kevin T. Kucharz
                Florida Bar No. 883611
                Christian G. Zimm
11770 Haynes Bridge Road           Florida Bar No. 1028178

#205-219                                    *Attorneys for Blake F. Buchanan*
Alpharetta, GA 30009-1968
(678) 470-3755
kkucharz@chalmersadams.com
czimni@chalmersadams.com

## CERTIFICATE OF SERVICE

This is to certify that I have today served the **DEFENDANT'S NOTICE OF DEPOSITION TO NON-PARTY PAIGE CARTER** to the following counsel via statutory electronic service:

> Matthew P. McLauchlin, Esq.
> MCLAUGHLIN LAW, PLLC
> 7645 Gate Parkway, Su. 106
> Jacksonville, FL 32256
> matt@mpmlawyers.com
> *Attorney for Plaintiff*

This 23rd day of October 2025.

.

CHALMERS, ADAMS, BACKER & KAUFMAN, LLC

*/s/ Kevin T. Kucharz*
Kevin T. Kucharz
Florida Bar No. 883611
Christian G. Zimm
Florida Bar No. 1028178
*Attorneys for Blake F. Buchanan*

11770 Haynes Bridge Road
#205-219
Alpharetta, GA 30009-1968
(678) 470-3755
kkucharz@chalmersadams.com
czimm@chalmersadams.com

IN THE CIRCUIT COURT OF THE
FOURTH JUDICIAL CIRCUIT IN AND FOR
NASSAU COUNTY, FLORIDA

DIVISION A

| 2025-CA-294 | 2025-CA-302 |
| 2025-CA-297 | 2025-CA-305 |
| 2025-CA-298 | 2025-CA-310 |
| 2025-CA-300 | 2025-CA-311 |
| 2025-CA-301 | 2025-CA-312 |

_____/

## CASE MANAGEMENT ORDER SETTING PROJECTED
## TRIAL DATE AND CASE MANAGEMENT DEADLINES

In accordance with Florida Rule of Civil Procedure Rule 1.200, it is,

**ORDERED** as follows:

1.   **CASE MANAGEMENT TRACK DESIGNATION.**

Based on initial information provided on the Civil Case Cover Sheet and consideration of the Complaint, this case is assigned to the general case management track. Changes in track designation may be made in accordance with Rule 1.200(c).

2.   **PROJECTED TRIAL DATE.**

The Plaintiff has demanded a jury trial.

The projected trial term date is **March 15, 2027**.

3.   **PROJECTED TRIAL DURATION.**

The projected time allocated for the trial is **5 days or less**.

4.   **PROJECTED PRE-TRIAL DEADLINES.**

| | | |
|---|---|---|
| a. | Service of Complaint | *See* Fla. R. Civ. P. Rule 1.070, |
| b. | Service Under Extensions | *See* Fla. R. Civ. P. Rule 1.070 |
| c. | Adding New Parties | 120 days after service of the Complaint |

| d. | Filing and Resolution of all Objections to Pleadings | 60 days after service of the Complaint |
|---|---|---|
| e. | Expert Witness Disclosure | Plaintiff: 150 days before pre-trial conference; Defendant: 120 days before pre-trial conference |
| f. | Completion of Fact Discovery | by pre-trial conference |
| g. | Completion of Expert Discovery | by pre-trial conference |
| h. | Filing and Service of Motions for Summary Judgment | 90 days before pre-trial conference |
| i. | Filing and Resolution of all Pretrial Motions | by pre-trial conference |
| j. | Completion of Alternative Dispute Resolution | 14 days before pre-trial conference |

The deadlines established by this Order will be strictly enforced unless changed by court order.

5. **CASE MANAGEMENT FOLLOWING THE SETTING OF THE PROJECTED TRIAL DATE.** A Case Management Conference ("CMC") pursuant to Florida Rule of Civil Procedure Rule 1.200(j) will be convened on **February 26, 2026, at 9:00 a.m.** Counsel for the parties may appear by Zoom at the Case Management Conference. To join Zoom on your smart phone, tablet or computer, visit **https://zoom.us/j/9618164987**. Please call **1-833-548-0276, 1-833-548-0282, 1-877-853-5257, or 1-888-475-4499** US Toll-free if you do not have access to a device (smartphone or computer) with a microphone and camera. Zoom Meeting ID: **961 816 4987.**

The purpose of this Case Management Conference is to provide the parties or their counsel an opportunity to be heard prior to the Court setting the actual trial period, pretrial conference, and pretrial deadlines.

Accordingly, no later than seven (7) days prior to this CMC, the parties or their counsel shall, in a meeting initiated by Plaintiff(s) or their counsel if represented, confer with each other regarding the particular case management needs of the case, including but not limited to:

a.    whether the parties adopt the projected trial date/duration set forth above; or

b.    whether the parties agree that a different actual trial date/duration should govern this case; and

c.    whether the CMC should be cancelled because the parties have submitted a Trial Set Memorandum as set forth below.

**The parties may avoid this CMC by filing and submitting to the Court's Judicial Assistant, a completed Division A Trial Set Memorandum no later than fourteen (14) days prior to the date of this CMC, advising the Court whether the parties adopt the projected trial date/duration set forth above OR whether the parties agree that a different actual trial date/duration (consistent with the time standards set forth in Florida Rule of General Practice and Judicial Administration 2.250) should govern this case.** If such a memorandum is timely submitted, the Court will, upon request, cancel this CMC. Unless the Court cancels the CMC, the CMC shall proceed.

Upon the failure of a party, or their counsel if represented, to attend this CMC or to submit a completed Trial Set Memorandum, the Court may set an actual trial date, dismiss the action, strike pleadings, limit proof or witnesses, or take any other appropriate action against a party failing to attend. Fla. R. Civ. P. 1.200(j)(6) and 1.420(b).

6.    **ORDER SETTING ACTUAL TRIAL DATE.** Following either the CMC or the receipt of a Trial Set Memorandum from the parties, each Division will enter a superseding order setting an actual trial date within the time standards prescribed by Florida Rule of General Practice

and Judicial Administration 2.550, along with deadlines and requirements of counsel pursuant to Florida Rules of Civil Procedure 1.200 and 1.440.

      7.     **MOTIONS OR OBJECTIONS DIRECTED TO PLEADINGS.** Within sixty (60) days of filing a Motion to Dismiss, a Motion for More Definite Statement, a Motion to Strike or any objection to a pleading, the moving or objecting party shall schedule with the Court's Judicial Assistant a hearing on the motion or objection. Failure to do so shall result in the motion or objection being deemed abandoned and denied. The nonmoving party shall promptly submit a proposed order confirming that the motion or objection is denied.

      8.     **SERVICE OF THIS ORDER.** The Plaintiff shall serve a copy of this Case Management Order on all other parties to this action and shall file a Certificate of Service reflecting the date on which the party was served.

      **DONE AND ORDERED** in Chambers at Yulee, Nassau County, Florida, this 3rd day of October 2025.

Marianne L. Aho
Circuit Judge

Copies via e-service

4

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
NASSAU COUNTY, FLORIDA

CASE NO. 2025-CA-000311

DIVISION: A

AIC FERNANDINA, LLC d/b/a
AMELIA ISLAND COFFEE, a Florida
limited liability company,

      Plaintiff,

v.

BLAKE F. BUCHANAN,

      Defendant,

_____/

## PLAINTIFF'S REPLY TO AFFIRMATIVE DEFENSES

Pursuant to Rules 1.100 and 1.140, Fla. R. Civ. P., Plaintiff, AIC Fernandina, LLC d/b/a
Amelia Island Coffee ("Amelia Island Coffee") replies to the Affirmative Defenses alleged by
Defendant, Blake F. Buchanan ("Buchanan") and states:

1.     Amelia Island Coffee denies each and every Affirmative Defense raised by
Buchanan and demands strict proof thereof.

2.     Affirmative Defenses Nos. 1-5 and 7-8 are mere denials of ultimate fact and
liability and do not qualify as affirmative defenses.

3.     Regarding Affirmative Defense No. 2, defamation is not constitutionally protected
speech. *McQueen v. Baskin*, 377 So. 3d 170, 176 (Fla. 2d DCA 2023).

4.     Regarding Affirmative Defense No. 6: (i) Buchanan fails to set forth any facts in
support of a defense under Section 768.295, Fla. Stat.; (ii) Section 768.295, Fla. Stat. is not
applicable as Buchanan's false and defamatory statement about a private business made on social
media is not privileged and does not qualify for free speech protection under 768.295(1) or (2)(a)

or (b), Fla. Stat.; and (iii) Buchanan fails to state a prima facie case under Section 768.295, Fla. Stat.

5.    Buchanan fails to state any facts in support of any the Affirmative Defenses in violation of Rule 1.110(d), Fla. R. Civ. P., and so fails to state valid defenses, and the Affirmative Defenses should therefore be stricken.   *Cady v. Chevy Chase Sav. & Loan*, 528 So. 2d 136, 138 (Fla. 4th DCA 1988) ("Certainty is required when pleading defenses, and pleading conclusions of law unsupported by allegations of ultimate fact is legally insufficient."); *Bliss v. Carmona*, 418 So.2d 1017, 1019 (Fla. 3d DCA 1982).

Dated: November 12, 2025.

**McLAUCHLIN LAW, PLLC**

*s/ Matthew P. McLauchlin*
Matthew P. McLauchlin, Esq.
Fla. Bar No. 484180
7645 Gate Parkway, Suite 106
Jacksonville, Florida 32256
Telephone: (904) 755-6639
Primary Email: matt@mpmlawyers.com
Secondary E-mail: erin@mpmlawyers.com

*Counsel for Plaintiff, AIC Fernandina, LLC
d/b/a Amelia Island Coffee*

2

IN THE CIRCUIT COURT, FOURTH JUDICIAL CIRCUIT, IN AND FOR NASSAU COUNTY, FLORIDA

CASE NO. 2025-CA-000311

DIVISION: A

AIC FERNANDINA, LLC d/b/a AMELIA ISLAND COFFEE, a Florida limited liability company,

      Plaintiff,

v.

BLAKE F. BUCHANAN,

      Defendant,

                           /

## PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES

Pursuant to Rule 1.110(d), Fla. R. Civ. P., Plaintiff, AIC Fernandina, LLC d/b/a Amelia Island Coffee ("Amelia Island Coffee"), moves to strike Defendant's Affirmative Defenses and states:

1.     Rule 1.110(d), Fla. R. Civ. P., requires that "[a] pleading that sets forth an affirmative defense must contain a short and plain statement of the ultimate facts supporting the avoidance or affirmative defense."

2.     Here, Defendant fails to allege *any facts* to support its Affirmative Defenses, and the Affirmative Defenses should therefore be stricken. *Cady v. Chevy Chase Sav. & Loan*, 528 So. 2d 136, 138 (Fla. 4th DCA 1988) ("Certainty is required when pleading defenses, and pleading conclusions of law unsupported by allegations of ultimate fact is legally insufficient."); *Bliss v. Carmona*, 418 So.2d 1017, 1019 (Fla. 3d DCA 1982).

WHEREFORE, for the foregoing reasons, Plaintiff, AIC Fernandina, LLC d/b/a Amelia Island Coffee respectfully requests that the Court strike Defendant's affirmative defenses in their entirety.

Dated: November 12, 2025.

McLAUCHLIN LAW, PLLC

*s/ Matthew P. McLauchlin*
Matthew P. McLauchlin, Esq.
Fla. Bar No. 484180
7645 Gate Parkway, Suite 106
Jacksonville, Florida 32256
Telephone: (904) 755-6639
Primary Email: matt@mpmlawyers.com
Secondary E-mail: erin@mpmlawyers.com

*Counsel for Plaintiff, AIC Fernandina, LLC d/b/a Amelia Island Coffee*

2

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
NASSAU COUNTY, FLORIDA

CASE NO. 2025-CA-000311

DIVISION: A

AIC FERNANDINA, LLC d/b/a
AMELIA ISLAND COFFEE, a Florida
limited liability company,

      Plaintiff,

v.

BLAKE F. BUCHANAN,

      Defendant,

_____/

## NOTICE OF SERVICE OF PLAINTIFF'S
## ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

Plaintiff, AIC Fernandina, LLC d/b/a Amelia Island Coffee ("Amelia Island Coffee"),

hereby notices the service of Plaintiff's Answers to Defendant's First Set of Interrogatories

numbered 1-28.

Dated: November 20, 2025.

**McLAUCHLIN LAW, PLLC**

*s/ Matthew P. McLauchlin*
_____
Matthew P. McLauchlin, Esq.
Fla. Bar No. 484180
7645 Gate Parkway, Suite 106
Jacksonville, Florida 32256
Telephone: (904) 755-6639
Primary Email: matt@mpmlawyers.com
Secondary E-mail: erin@mpmlawyers.com

*Counsel for Plaintiff, AIC Fernandina, LLC*
*d/b/a Amelia Island Coffee*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was e-filed on

November 20, 2025 via the Florida Court's ECF and served via e-service on all counsel of record.

<u>*s/ Matthew P. McLauchlin*</u>
Attorney

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
NASSAU COUNTY, FLORIDA

CASE NO. 2025-CA-000311

DIVISION: A

AIC FERNANDINA, LLC d/b/a
AMELIA ISLAND COFFEE, a Florida
limited liability company,

      Plaintiff,

v.

BLAKE F. BUCHANAN,

      Defendant,

_____/

### PLAINTIFF'S RESPONSES TO
### DEFENDANT'S FIRST REQUESTS FOR ADMISSION

Plaintiff, AIC Fernandina, LLC d/b/a Amelia Island Coffee ("Amelia Island Coffee"),

responds to the Defendant's First Requests for Admission numbered 1-30 as follows:

1.   Admit that the Incident occurred on September 20, 2025.

**RESPONSE: Admitted.**

2.   Admit that Defendant's Post was made on September 20, 2025.

**RESPONSE: Admitted.**

3.   Admit that a customer of Plaintiff wore a shirt with fake blood and "Problem Solved"
on it in Plaintiff's coffee shop on the Date of the Incident.

**RESPONSE: Admitted that a person present in the coffee shop wore such shirt
but without knowledge as to whether the person was an actual "customer" who
purchased any item from the coffee shop.**

4.   Admit that an employee of Plaintiff stated to the Customer that she "liked" the
Customer's shirt.

**RESPONSE: Admitted.**

5. Admit that more than one employee of Plaintiff stated that they "liked" or agreed with the Customer's shirt.

   **RESPONSE: Denied.**

6. Admit that Plaintiff has surveillance video of the coffee shop.

   **RESPONSE: Denied.**

7. Admit that Plaintiff has surveillance video inside the coffee shop on the Date of the Incident.

   **RESPONSE: Denied.**

8. Admit that when the Employee said to the Customer that she "liked" the Customer's shirt, she was working in the scope of her employment.

   **RESPONSE: Admitted.**

9. Admit that the Employee knew Charlie Kirk had been killed prior to the Date of the Incident.

   **RESPONSE: Admitted.**

10. Admit that the Customer's shirt referred to Charlie Kirk's death.

    **RESPONSE: Denied.**

11. Admit that the Employee knew that the Customer's shirt referred to Charlie Kirk's death.

    **RESPONSE: Denied.**

12. Admit that the Employee was aware of Charlie Kirk and his political viewpoints on the Date of the Incident.

    **RESPONSE: Admitted that the Employee was aware of Charlie Kirk at the time of the Incident. Plaintiff objects to the remainder of this request as it seeks information that is irrelevant and immaterial to this action and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant is improperly seeking to inject political beliefs or the agreeing or disagreeing with Charlie Kirk's political viewpoints as a false and misleading "proxy" that a person must have desired for or was "celebrating" another human's murder and which would tend to render the trial of this matter being based upon irrelevant and immaterial political sideshows outside of the issues in the case. Plaintiff will be moving for a protective order in relation to this objection.**

2

13. Admit that the Employee disliked Charlie Kirk and his political viewpoints.

**RESPONSE:  Plaintiff objects to this request as it seeks information that is irrelevant and immaterial to this action and is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant is improperly seeking to inject political beliefs or the agreeing or disagreeing with Charlie Kirk's political viewpoints as a false and misleading "proxy" that a person must have desired for or was "celebrating" another human's murder and which would tend to render the trial of this matter being based upon irrelevant and immaterial political sideshows outside of the issues in the case.  Plaintiff will be moving for a protective order in relation to this objection.**

14. Admit that the Employee was not sympathetic to Charlie Kirk's death.

**RESPONSE: Denied.**

15. Admit that the Employee was happy that Charlie Kirt died.

**RESPONSE: Denied.**

16. Admit that the Employee identifies as a liberal.

**RESPONSE:  Plaintiff objects to this request as it seeks information that is irrelevant and immaterial to this action and is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant is improperly seeking to inject political beliefs or the agreeing or disagreeing with Charlie Kirk's political viewpoints as a false and misleading "proxy" that a person must have desired for or was "celebrating" another human's murder and which would tend to render the trial of this matter being based upon irrelevant and immaterial political sideshows outside of the issues in the case.  Plaintiff will be moving for a protective order in relation to this objection.**

17. Admit that the Employee identifies as a Democrat.

**RESPONSE:  Plaintiff objects to this request as it seeks information that is irrelevant and immaterial to this action and is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant is improperly seeking to inject political beliefs or political party affiliation as a false and misleading "proxy" that a person must have desired for or was "celebrating" another human's murder and which would tend to render the trial of this matter being based upon irrelevant and immaterial political sideshows outside of the issues in the case. Plaintiff will be moving for a protective order in relation to this objection.**

18. Admit that the Employee celebrated Charlie Kirk's death on the Date of the Incident.

3

**RESPONSE: Denied.**

19. Admit that Defendant's Post was his personal observation of the Incident and his opinion.

   **RESPONSE: Denied.**

20. Admit that Defendant's Post was not false.

   **RESPONSE: Denied.**

21. Admit that the below image is an accurate representation of the Customer's shirt.

   **RESPONSE: Admitted.**

22. Admit that Defendant observed the Employee say to the Customer that she "liked" the Customer's shirt.

   **RESPONSE: Based on Defendant's own Facebook statements, admitted.**

23. Admit that Defendant was a customer in Plaintiff's coffee shop on the Date of the Incident.

   **RESPONSE: Based on Defendant's own Facebook statements, admitted.**

24. Admit that there were witnesses in Plaintiff's coffee shop that observed the Employee's comment to the Customer that she "liked" his shirt.

   **RESPONSE: Admitted.**

25. Admit that Plaintiff has not sustained damages because of Defendant's Post.

   **RESPONSE: Denied.**

26. Admit that Plaintiff has not sustained irreparable harm because of Defendant's Post.

   **RESPONSE: Denied.**

27. Admit that Plaintiff has not lost revenues because of Defendant's Post.

   **RESPONSE: Denied.**

28. Admit that Plaintiff has not lost customers because of Defendant's Post.

   **RESPONSE: Denied.**

29. Admit that Plaintiff has not lost its reputation because of Defendant's Post.

**RESPONSE: Denied.**

30. Admit that Plaintiff and its employees have not faced threats of violence because of Defendant's Post.

**RESPONSE: Admitted.**

Dated: November 20, 2025.

**McLAUCHLIN LAW, PLLC**

*s/ Matthew P. McLauchlin*
Matthew P. McLauchlin, Esq.
Fla. Bar No. 484180
7645 Gate Parkway, Suite 106
Jacksonville, Florida 32256
Telephone: (904) 755-6639
Primary Email: matt@mpnlawyers.com
Secondary E-mail: erin@mpnlawyers.com

*Counsel for Plaintiff, AIC Fernandina, LLC*
*d/b/a Amelia Island Coffee*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was e-filed on

November 20, 2025 via the Florida Court's ECF and served via e-service on all counsel of record.

*s/ Matthew P. McLauchlin*
Attorney

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
NASSAU COUNTY, FLORIDA

CASE NO. 2025-CA-000311

DIVISION: A

AIC FERNANDINA, LLC d/b/a
AMELIA ISLAND COFFEE, a Florida
limited liability company,

      Plaintiff,

v.

BLAKE F. BUCHANAN,

      Defendant,

_____/

## PLAINTIFF'S RESPONSES TO
## DEFENDANT'S FIRST REQUESTS FOR PRODUCTION

Plaintiff, AIC Fernandina, LLC d/b/a Amelia Island Coffee ("Amelia Island Coffee"),

responds to the Defendant's First Requests for Production numbered 1-24 as follows:

1.  All documents identifying each employee, manager, owner, and officer who worked at the

coffee shop on the Date of the Incident.

**RESPONSE: Plaintiff objects to this request as overly broad and unduly burdensome
as worded. Subject to and without waiving this objection, Plaintiff will produce a
copy of the employee schedule for the time period of the Incident identifying the
employees on schedule on the date of the Incident.**

2.  All communications and documents between any employee, manager, or officer of Plaintiff

and the Customer, including emails, texts, social-media messages, or notes regarding the

Incident, Customer, and Defendant's Post.

**RESPONSE: None.**

3.  All communications and documents between any employee, manager, or officer of Plaintiff and any third party, including emails, texts, social-media messages, or notes regarding the Incident, Customer, and Defendant's Post.

    **RESPONSE: Plaintiff objects to this request to the extent it seeks communications and documents that are protected by the attorney-client privilege or work product doctrine. Subject to this objection, documents responsive to this request will be produced.**

4.  All documents and communications, texts, emails, or social-media posts or messages among Plaintiff's employees, managers, or owners regarding the Incident, Customer, or Defendant's Post.

    **RESPONSE: Plaintiff objects to this request to the extent it seeks communications and documents that are protected by the work product doctrine. Subject to this objection, documents responsive to this request will be produced.**

5.  All documents identifying or concerning the Customer, including his contact information, prior purchase history, or customer-loyalty records.

    **RESPONSE: None other than copies of Defendant's Facebook postings and Employee text messages which will be produced.**

6.  All documents reflecting the date, time, and location of the Incident within Plaintiff's coffee shop, including any floor plans, photographs, or diagrams showing where it occurred.

    **RESPONSE: None other than copies of Defendant's Facebook postings and Employee text messages which will be produced.**

7.  All documents and communications identifying the Employee who stated she "liked" the Customer's shirt, including personnel files and contact information.

    **RESPONSE: Plaintiff objects to this request as overly broad as worded. Subject to and without waiving this objection, Plaintiff will produce a copy of the personnel file for the Employee, Jackie Permenter, with personal/confidential identification information redacted.**

2

8. All documents and communications showing what the Employee understood the Customer's shirt to represent, or her explanation for making the remark.

**RESPONSE: None regarding what the shirt "represented." Employee text messages regarding Employee's explanation for her statement will be produced.**

9. All documents and communications identifying customers or other witnesses present during the Incident, including any witness statements or contact logs.

**RESPONSE: None as to customers or "other witnesses." A schedule for the employees present at the date and time of the Incident and the Employee text messages, will be produced.**

10. All surveillance video or audio recordings of the interior and exterior of the coffee shop of the Incident on the Date of the Incident, including footage showing Defendant, Employee, and the Customer.

**RESPONSE: None.**

11. All reports, memoranda, notes, journal entries, logs, or similar documents of Plaintiff concerning the Incident, the Customer, or Defendant's Post.

**RESPONSE: None.**

12. All documents supporting any claim for damages, including calculations of actual damages, lost profits, lost revenues, loss of customers, irreparable harm, or reputation.

**RESPONSE: Copies of graphs and financials responsive to this request will be produced. Discovery is ongoing, and additional relevant financials will be produced as time proceeds.**

13. All documents evidencing steps Plaintiff took to mitigate or limit its alleged damages.

**RESPONSE: Plaintiff will produce (i) the letter from Plaintiff's attorney to the attorney for Mr. Buchanan demanding he take down his Facebook post and (ii) (following Mr. Buchanan's failure or refusal to take down the post), Plaintiff's request to the administrator of the local Facebook group requesting Mr. Buchanan's post be removed.**

14. All copies of Defendant's alleged defamatory posts or comments identified by Plaintiff.

**RESPONSE: Copies of the Defendant's Facebook posts and comments thereto will be produced.**

15. All documents or communications evidencing harm to Plaintiff's reputation, including reviews, customer feedback, community comments, or media references.

**RESPONSE: Copies of the Defendant's Facebook posts and comments thereto will be produced.**

16. All documents showing any decline in sales, revenue, or profit allegedly caused by Defendant's Post, including but not limited to financial statements, POS data, and comparative monthly reports.

**RESPONSE: See Plaintiff's response to request number 12.**

17. All documents concerning any investigation by Plaintiff into the Incident, the statements made by employees, or Defendant's Post, including investigation notes and conclusions.

**RESPONSE: Plaintiff objects to this request to the extent it seeks production of information protected by the attorney-client privilege and/or work product doctrine. Subject to this objection, non-privileged Employee texts and owner texts to other persons will be produced.**

18. All training materials, handbooks, or policies of Plaintiff in effect at the time of the Incident addressing employee communications with customers or statements about customers' appearance or conduct.

**RESPONSE: None.**

19. All documents showing whether any of Plaintiff's employees were reprimanded, warned, suspended, or terminated as a result of the Incident.

**RESPONSE: None.**

20. All documents reflecting changes to any policy or training materials after the Incident.

**RESPONSE: None.**

4

21. All communications between Plaintiff and any member of the public, media outlet, or law-enforcement agency regarding the Incident, the Customer, or Defendant's Post.

**RESPONSE: None.**

22. All public statements, reviews, advertisements, or social-media posts made by Plaintiff, its owners, managers, or employees referring to the Incident, the Customer, or Defendant.

**RESPONSE: None.**

23. All insurance policies that may provide coverage for Plaintiff's alleged damages, together with any claims or correspondence submitted to insurers concerning this case.

**RESPONSE: None.**

24. All documents supporting Plaintiff's contention that Defendant's statement that employees were "celebrating Charlie Kirk's death" was false or not his opinion, including any evidence Plaintiff relies on to prove falsity or actual malice.

**RESPONSE: Copies of the Defendant's Facebook posts and comments thereto as well as employee text messages will be produced.**

Dated: November 20, 2025.

McLAUCHLIN LAW, PLLC

*s/ Matthew P. McLauchlin*
Matthew P. McLauchlin, Esq.
Fla. Bar No. 484180
7645 Gate Parkway, Suite 106
Jacksonville, Florida 32256
Telephone: (904) 755-6639
Primary Email: mat@mpmlawyers.com
Secondary E-mail: erin@mpmlawyers.com

*Counsel for Plaintiff, AIC Fernandina, LLC*
*d/b/a Amelia Island Coffee*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was e-filed on

November 20, 2025 via the Florida Court's ECF and served via e-service on all counsel of record.

*s/ Matthew P. McLauchlin*
Attorney

Case 3:26-cv-00514    Document 1    Filed 03/11/26    Page 99 of 353 PageID 99

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
NASSAU COUNTY, FLORIDA

CASE NO.: 2025-CA-000311
DIVISION: A

AIC FERNANDINA, LLC d/b/a
AMELIA ISLAND COFFEE, a Florida
Limited liability company
         Plaintiff,

and

BLAKE F. BUCHANAN
         Defendant.

_____/

## NOTICE OF APPEARANCE AS ADDITIONAL COUNSEL

The undersigned attorney hereby files this Notice of Appearance as additional counsel on

behalf of Plaintiff, AIC FERNANDINA, LLC, d/b/a AMELIA ISLAND COFFEE, and would

request that copies of all pleadings, papers and communications be directed to the address and

telephone listed below.

The undersigned further provides the following email addresses for purposes of serving

and receiving documents:

    Primary Email: mikeduncan@duncanlaw.com

    Secondary Emails: amber@mikeduncanlaw.com

Respectfully submitted on November 21, 2025.

         **DUNCAN TRIAL & MEDIATION**

         /s/ Michael L. Duncan
         _____

         Michael L. Duncan
         Florida Bar No.: 0050946
         DUNCAN TRIAL & MEDIATION
         301 W. Bay Street, Suite 1446

Jacksonville, Florida 32202
Telephone: (904) 655-2475
E-Mail: mikeduncan@mikeduncanlaw.com
Alt. E-mail:    attorneymikeduncan@gmail.com
                amber@mikeduncanlaw.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned attorney does hereby certify that a copy of the foregoing is being served by electronic mail via the Florida Court System electronic filing portal upon counsel of record in this action, on November 21, 2025.

/s/ Michael L. Duncan
Michael L. Duncan, Attorney

## IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
## IN AND FOR NASSAU COUNTY, FLORIDA

AIC FERNANDINA, LLC d/b/a )
AMELIA ISLAND COFFEE, a Florida limited )
liability company, )
       )
    *Plaintiff,* )
       )
v. )            CASE NO.:
       )            2025-CA-000311-AXYX
       )
BLAKE F. BUCHANAN, )
       )
    *Defendant.* )
_____ )

### DEFENDANT'S NOTICE OF SERVING INITIAL DISCLOSURES

COMES NOW, Blake F. Buchanan ("Defendant" or "Mr. Buchanan"), the Defendant in

the above-styled caption, by and through the undersigned counsel, and hereby gives notice that

Defendant has served his initial disclosures to Plaintiff pursuant to Florida Rule of Civil Procedure

1.280.

Respectfully submitted this 1st day of December 2025.

                         CHALMERS, ADAMS, BACKER &
                         KAUFMAN, LLC

                         */s/ Kevin T. Kucharz*_____
                         Kevin T. Kucharz
                         Florida Bar No. 883611
                         Christian G. Zimm
11770 Haynes Bridge Road          Florida Bar No. 1028178
#205-219                        *Attorneys for Blake F. Buchanan*
Alpharetta, GA 30009-1968
(678) 470-3755
kkucharz@chalmersadams.com
czimm@chalmersadams.com

## CERTIFICATE OF SERVICE

This is to certify that I have today served the **DEFENDANT'S NOTICE OF SERVING**

**INITIAL DISCLOSURES** to the following counsel via statutory electronic service:

Matthew P. McLauchlin, Esq.
MCLAUCHLIN LAW, PLLC
7645 Gate Parkway, Su. 106
Jacksonville, FL 32256
matt@mpmlawyers.com
*Attorney for Plaintiff*


Michael L. Duncan, Esq.
DUNCAN TRIAL & MEDIATION
301 W. Bay St., Su. 1446
Jacksonville, FL 32202
mikeduncan@mikeduncanlaw.com
*Attorney for Plaintiff*


This 1st day of December 2025.


.


CHALMERS, ADAMS, BACKER &
KAUFMAN, LLC


*/s/ Kevin T. Kucharz*
Kevin T. Kucharz
Florida Bar No. 883611
Christian G. Zimm
Florida Bar No. 1028178
*Attorneys for Blake F. Buchanan*

11770 Haynes Bridge Road
#205-219
Alpharetta, GA 30009-1968
(678) 470-3755
kkucharz@chalmersadams.com
czimm@chalmersadams.com

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
NASSAU COUNTY, FLORIDA

CASE NO. 2025-CA-000311

DIVISION: A

AIC FERNANDINA, LLC d/b/a
AMELIA ISLAND COFFEE, a Florida
limited liability company,

      Plaintiff,

v.

BLAKE F. BUCHANAN,

      Defendant,

_____/

## PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO DEFENDANT

Pursuant to Rule 1.370, Fla. R. Civ. P., Plaintiff, AIC Fernandina, LLC d/b/a Amelia Island Coffee ("Amelia Island Coffee"), propounds the following requests for admission to Defendant, Blake F. Buchanan ("Buchanan") and requests that he admit or deny the following:

1. With regard to your statement made on Facebook that stated "The employees of Amelia island coffee are openly celebrating Charlie Kirk's murder today," (herein the "Statement") admit that the Statement was made on September 20, 2025 (herein the "Incident Date").

2. Admit that the Statement was a false statement of fact.

3. Admit that Buchanan knew the Statement was false at the time the Statement was made.

4. Admit that the Statement does not qualify for protection under Section 768.295, Florida Statutes.

5. Admit that the Statement is not protected under the First Amendment.

6. Admit that the Statement was directed at Amelia Island Coffee.

7. Admit that the Statement was intentionally made.

8.  Admit that the Statement caused damage to Amelia Island Coffee.

9.  Admit that the Statement caused irreparable harm to Amelia Island Coffee.

10. Admit that the Statement was harmful to Amelia Island Coffee's reputation.

11. Admit that the Statement was intended to harm Amelia Island Coffee.

12. Admit that on the Incident Date, after being present in Amelia Island Coffee's premises, Buchanan intentionally chose to join a Facebook group called "Fernandina Beach Amelia Island Network" (herein, the "Group Page").

13. Admit that the Statement was made on the Group Page.

14. Admit that Buchanan made the following additional statements in the comments under the Statement on Facebook:

    a.  "I would prefer not to believe it either. That anyone would celebrate another person's death. I'm sharing what I saw with my own eyes on Saturday afternoon."

    b.  "I watched it happen. If one of the employees have a different explanation of the event, I would love to hear it."

    c.  "Slander is if I'm lying which I am not."

15. Admit that at the time Buchanan made the Statement, he posted it under the name "Blake F. Buchanan."

16. Admit that after the date the Complaint in this action was filed, Buchanan changed his listed name on Facebook to "Blake Farr."

17. Admit that Buchanan was demanded in writing by letter from Amelia Island Coffee's attorney to Buchanan's attorney (the "Removal Demand") to remove the Statement from Facebook no later than November 7, 2025.

18. Admit that Buchanan did not remove the Statement from Facebook following the Removal Demand.

2

Dated: December 5, 2025.

**McLAUCHLIN LAW, PLLC**

*s/ Matthew P. McLauchlin*
Matthew P. McLauchlin, Esq.
Fla. Bar No. 484180
7645 Gate Parkway, Suite 106
Jacksonville, Florida 32256
Telephone: (904) 755-6639
Primary Email: matt@mpmlawyers.com
Secondary E-mail: erin@mpmlawyers.com

*Counsel for Plaintiff, AIC Fernandina, LLC*
*d/b/a Amelia Island Coffee*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was e-filed on December 5, 2025 via the Florida Court's ECF and served via e-service on all counsel of record.

*s/ Matthew P. McLauchlin*
Attorney

IN THE CIRCUIT COURT, FOURTH JUDICIAL CIRCUIT, IN AND FOR NASSAU COUNTY, FLORIDA

AIC FERNANDINA, LLC d/b/a
AMELIA ISLAND COFFEE, a Florida
limited liability company,

CASE NO. 2025-CA-000311

DIVISION: A

     Plaintiff,

v.

BLAKE F. BUCHANAN,

     Defendant,

_____/

## PLAINTIFF'S FIRST REQUEST
## FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

Pursuant to Rule 1.350, Fla. R. Civ. P., Plaintiff, AIC Fernandina, LLC ("Amelia Island Coffee") by and through their undersigned attorneys, requests that Defendant, Blake F. Buchanan ("Buchanan") produce the following documents within thirty (30) days of the date of service of this request:

### DEFINITIONS

In addition to the defined terms set forth above, the following words and phrases shall have the following meaning or meanings:

1.     "You," "your," or "yourself" shall mean Blake F. Buchanan and any of its predecessors, subsidiaries, parents, agents, attorneys, employees, and/or representatives.

2.     "Buchanan" shall mean Blake F. Buchanan and any of agents, attorneys, employees, and/or representatives.

3.     "Amelia Island Coffee" shall mean AIC Fernandina, LLC and any of its predecessors, subsidiaries, parents, agents, attorneys, employees, and/or representatives

4.     "And" as well as "or" shall be construed conjunctively and disjunctively, as

necessary, to bring within the scope of the Requests for Documents any information that might otherwise be construed outside its scope.

5.    "Document" or "documents" shall mean any medium upon which intelligence or information can be recorded or retrieved within the full extent of its meaning as provided in Rule 1.350, Fla. R. Civ. P., including, without limitation, the original, drafts, revisions, and non-duplicative copies of any written, typed, printed, electronic, recorded, magnetic, graphic, copied, or other form of memorialization or communication and also specifically including all of your internal memoranda, including Communications as defined herein.

6.    "Communication" or "communications" shall mean any medium of communication, including, without limitation, telephone logs, transcriptions, electronic mail, text messages, electronic data of any sort, facsimiles, correspondence, notes, letters, memoranda, messages, all whether written, typed, printed, magnetic, graphic, copied, oral, recorded, or unrecorded.

7.    "Describe in detail" and "state specifically" shall mean to state what is requested to be described including all facts and opinions known and held concerning what is requested to be described, the identity of all persons having any knowledge of what is to be described, the identity of all Documents relating to what is to be described, all relative dates and time periods.

8.    "Relating to" or "relate to" shall mean all grammatical forms of the following verbs and phrases "discuss," "evidence," "reflect," "describe," "constitute," "refer to," and/or "analyze."

9.    "Statement" shall mean the Facebook post made by Buchanan on September 20, 2025 as referenced in paragraph 13 of the Complaint.

2

## INSTRUCTIONS

A.      If any or all Documents identified herein are no longer in your possession, custody, or control because of destruction, loss, or any other reason, then do the following with respect to each and every such Document: (a) describe the nature of the Document (e.g., letter or memorandum); (b) state the date of the Document; (c) identify the persons who sent and received the original and a copy of the Document; (d) state in as much detail as possible the contents of the Documents; and (e) state the manner and date of disposition of the Document.

B.      If you contend that you are entitled to withhold from production any or all Documents identified herein on the basis of attorney-client privilege, work-product doctrine, or other ground, then do the following with respect to each and every Document: (a) describe the nature of the Document (e.g., letter or memorandum); (b) state the date of the Document; (c) identify the persons who sent and received the original and a copy of the Document; (d) state the subject matter of the Document; and (e) state the basis upon which you contend you are entitled to withhold the Document from production.

C.      If you withhold under claim of privilege any Document or portion of a Document requested, furnish a list specifying each Document for which privilege is claimed and for each Document identify its date, author(s), recipient(s) and copied addressees; its subject matter; its present location; and the nature of the privilege claimed to allow its description to the Court for a ruling on the claim of privilege.

D.      Each Request for Documents seeks production of each Document, in its entirety, without abbreviation or expurgation, and all drafts and non-identical copies of each Document.

E.      The terms "identification," "identify," "identity," or "describe" when used in reference to (a) a Document, require that you state the number of pages and the nature of the

3

Document (e.g., letter or memorandum), its title, its date, the name or names of its authors and recipients, and its present location and custodian; (b) a Communication, require you, if any part of the Communication was written, to identify the Document or Documents that refer to or evidence the Communication and to state the date, manner, place, and substance of the Communication; (c) a person, require you to state his/her full and customarily used names, present resident address and telephone number and business address and telephone number, office, title or position and his/her employer; (d) an entity other than an individual, require you to state its legal name and any other names used by it, the form or manner of its organization (e.g., partnership, corporation), and the state of its incorporation (if incorporated) and the address of its principal place of business.

F.      These discovery requests shall be deemed continuing in nature so as to require supplemental answers reasonably made if further information is obtained by you or your counsel between the time the answers to these discovery requests are served and the time of the hearing.

## DOCUMENTS REQUESTED:

1.      All documents and communications referencing, relating to, or containing the Statement.

2.      All communications with the customer you observed on September 20, 2025 at Amelia Island Coffee wearing a t-shirt with the words "Problem Solved" on it (the "Customer").

3.      All documents and communications regarding the identity of the Customer.

4.      All communications between you and any other person referencing, relating to or containing the Statement.

5.      All documents and communications relating to or referencing Amelia Island Coffee.

6.    All documents and communications relating to or referencing any employee, owner, or manager of Amelia Island Coffee.

7.    All Facebook posts containing or referencing the Statement.

8.    All Facebook posts and comments by others on Facebook referring to or replying to the Statement or to any sub-posts, further comments, or replies in relation to the Statement.

9.    All social media posts made by you relating to or referencing Charlie Kirk, including but not limited to posts on Facebook, Instagram, X (f/k/a Twitter), and/or Tik Tok.

10.    All social media posts made by you referencing or relating to Amelia Island Coffee or any of its employees.

11.    All social media posts made by you from January 1, 2025 to present along with any and all replies, comments, and/or responses thereto.

12.    Complete copies of all insurance policies that may insure you for the acts set forth in the Complaint in this action (not just declaration pages).

13.    All audio or video recordings of any statements made by any employee(s) of Amelia Island Coffee.

14.    All audio or video recordings made inside or immediately outside Amelia Island Coffee.

15.    All photographs taken inside or immediately outside Amelia Island Coffee.

16.    All documents evidencing your presence at Amelia Island Coffee on September 20, 2025.

Dated: December 5, 2025.

**McLAUCHLIN LAW, PLLC**

*s/ Matthew P. McLauchlin*
Matthew P. McLauchlin, Esq.
Fla. Bar No. 484180
7645 Gate Parkway, Suite 106
Jacksonville, Florida 32256
Telephone: (904) 755-6639
Primary Email: matt@mpmlawyers.com
Secondary E-mail: erin@mpmlawyers.com

*Counsel for AIC Fernandina, LLC d/b/a Amelia Island Coffee*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was e-filed on

December 5, 2025 via the Florida Court's ECF, and served via e-service on all counsel of record.

<div align="right">

*s/ Matthew P. McLauchlin*
Attorney

</div>

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
NASSAU COUNTY, FLORIDA

CASE NO. 2025-CA-000311

DIVISION: A

AIC FERNANDINA, LLC d/b/a
AMELIA ISLAND COFFEE, a Florida
limited liability company,

      Plaintiff,

v.

BLAKE F. BUCHANAN,

      Defendant,

_____/

## NOTICE OF SERVICE OF PLAINTIFF'S SUPPLEMENTAL
## ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

Plaintiff, AIC Fernandina, LLC d/b/a Amelia Island Coffee ("Amelia Island Coffee"),

hereby notices the service of Plaintiff's Supplemental Answers to Defendant's First Set of

Interrogatories numbered 1-28.

### McLAUCHLIN LAW, PLLC

*s/ Matthew P. McLauchlin*
Matthew P. McLauchlin, Esq.
Fla. Bar No. 484180
7645 Gate Parkway, Suite 106
Jacksonville, Florida 32256
Telephone: (904) 755-6639
Primary Email: mat@mpmlawyers.com
Secondary E-mail: erin@mpmlawyers.com

*Counsel for Plaintiff, AIC Fernandina, LLC*
*d/b/a Amelia Island Coffee*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was e-filed on

December 5, 2025 via the Florida Court's ECF and served via e-service on all counsel of record.

*s/ Matthew P. McLauchlin*
Attorney

IN THE CIRCUIT COURT, FOURTH JUDICIAL CIRCUIT, IN AND FOR NASSAU COUNTY, FLORIDA

CASE NO. 2025-CA-000311

DIVISION: A

AIC FERNANDINA, LLC d/b/a AMELIA ISLAND COFFEE, a Florida limited liability company,

      Plaintiff,

v.

BLAKE F. BUCHANAN,

      Defendant,

_____/

## NOTICE OF SERVICE OF PLAINTIFF'S INITIAL DISCOVERY DISCLOSURES

Plaintiff, AIC Fernandina, LLC d/b/a Amelia Island Coffee ("Amelia Island Coffee"),

hereby notices the service of Plaintiff's Initial Discovery Disclosures.

Dated: December 5, 2025.

**McLAUCHLIN LAW, PLLC**

*s/ Matthew P. McLauchlin*
_____
Matthew P. McLauchlin, Esq.
Fla. Bar No. 484180
7645 Gate Parkway, Suite 106
Jacksonville, Florida 32256
Telephone: (904) 755-6639
Primary Email: mar@mpmlawyers.com
Secondary E-mail: erin@mpmlawyers.com

*Counsel for Plaintiff, AIC Fernandina, LLC d/b/a Amelia Island Coffee*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was e-filed on

December 5, 2025 via the Florida Court's ECF and served via e-service on all counsel of record.

<div align="center">

*s/ Matthew P. McLauchlin*
Attorney

</div>

## IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
## IN AND FOR NASSAU COUNTY, FLORIDA

AIC FERNANDINCA, LLC d/b/a )
AMELIA ISLAND COFFEE, a Florida limited )
liability company, )
           )
      *Plaintiff,* )
           )   CASE NO.:
v. )   2025-CA-000311-AXYX
           )
BLAKE F. BUCHANAN, )
           )
      *Defendant.* )
_____)

## DEFENDANT'S SECOND SET OF CONTINUING REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

COMES NOW, Blake F. Buchanan ("Defendant" or "Mr. Buchanan"), the Defendant in the above-styled caption, by and through the undersigned counsel, in accordance with the Florida Rules of Civil Procedure, and hereby provides Defendant's Second Set of Continuing Requests for Production of Documents to Plaintiff.

## DEFINITIONS

1.

YOU/YOUR - As used herein, the word "You" and the word "Your," or any synonyms thereof, are intended to embrace and include, in addition to Plaintiff named above, Plaintiff's attorneys and/or agents, accountants, employees, independent contractors, partners, servants, representatives, investigators and all others who may obtain information for or on behalf of Plaintiff.

2.

DOCUMENT - As used herein, the term "Document" means, without limitation, any of the following: writings, recordings, and photographs of any nature, kind or description, including but

not limited to the original and any duplicate, regardless of location, whether privileged or otherwise claimed to be excluded from discovery, and whether printed or recorded or reproduced by any mechanical process, or written or produced by handwriting, typewriting, printing, photostatic, photography, magnetic impulse, mechanical or electronic recording, or other form of data compilation, including without limitation e-mails, e-mail drafts, computer hard drives, computer disks, thumb-drives, CD's, and backup computer tapes: agreements, contracts, receipts, canceled checks, communications, state and federal governmental hearings and reports, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, reports, notebooks, note charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, brochures, balance sheets, pamphlets, advertisements, circulars, press releases, drafts, letters, any marginal comments appearing on any documents, emails, internal communications, telegrams, cables, films, videotapes, audio recordings, electronic recordings, photo boards, microfilms, opinions, invoices, agreements, assignments, licensees, summaries of negotiations, drafts of documents and any revisions thereof, or any other writings in the possession, custody, or control of Plaintiff.

<div align="center">3.</div>

CORRESPONDENCE - As used herein, the term "Correspondence" shall mean all forms of information exchanged, uttered, made, heard, or overheard, whether written, oral, body language, or electronically aided transmission, as well as every Document and every other mode of intentionally conveyed meaning.

4.

COMMUNICATION - means any transmission or communication, internal and external, in any form or format whatsoever, whether in person, by telephone, in writing, by facsimile, by e-mail, by voicemail, by instant messaging, by text messaging, by social media (including, but not limited to, Facebook, Twitter, or Instagram), by podcast, print media, or otherwise. "Communications" are a type of "Document," and nothing herein should be construed otherwise.

5.

DATE - As used herein, "Date" shall mean the exact day, month and year. If a date is unknown to Plaintiff, use the best available estimate.

6.

RELATING TO/RELATED TO - As used herein, the term "Relating to" or "Related to" shall mean having any relationship or connection to, concerning, being connected to, commencing on, responding to, containing, evidencing, showing, memorializing, describing, analyzing, reflecting, pertaining to, comprising, constituting, or otherwise establishing any reasonable, logical, or causal connection.

7.

IDENTIFY/IDENTITY - When used in reference to an individual person, "Identify" or "Identity" means to state such person's full name and present or last known address and telephone number, and contemporaneous or last known position and business affiliation at the time in question. When used in reference to a business organization or entity other than an individual, "Identify" or "Identity" means to state its full name, its principal business address, and the nature of the organization (e.g., corporation, partnership, etc.). When used in reference to a writing or

document, "Identify" or "Identity" means to set forth its date, its author, designated and actual recipients, type of writing or document, and identity of its present or last known custodian.

8.

INCIDENT – means the Customer and Employee of Plaintiff in the coffee shop on the Date of the Incident, and their conversations and actions regarding the Employee liking the Customer's shirt.

9.

CUSTOMER – means the individual in Plaintiff's coffee shop on the Date of the Incident wearing the blood stained shirt with the words "Problem Solved" on it, as alleged in Plaintiff's Complaint.

10.

EMPLOYEE – means the employee, or employees, of Plaintiff that worked on the Date of the Incident that stated she "liked" the Customer's shirt, as alleged in Plaintiff's Complaint.

11.

DATE OF INCIDENT – means on or about September 20, 2025, as alleged in Plaintiff's Complaint.

12.

POST – means Defendant's Facebook post and comments in the Fernandina Beach Amelia Island Network that is at issue in this case, as alleged in Plaintiff's Complaint.

## INSTRUCTIONS

1.

General Instructions: Please reproduce each request and then set forth the answer to each discovery request separately.

2.

Please Identify which Bates Number(s) are responsive to each Request to Produce. When requests contain separately numbered or lettered paragraphs, each separately numbered or lettered paragraph should be treated separately, and a separate response furnished.

3.

Objections Based on Privilege: In the event that any answers or identification of any Documents requested herein are withheld under a claim of privilege, please provide the following information with respect to each answer or Document:

a) The type of Document, its general subject matter, and the place and approximate Date it was prepared or created;

b) The name and title of each Person who prepared or created the Document or who has knowledge of the answer, and the name and title of each Person who has received or examined the Document or copy thereof;

c) A statement of the circumstances which bear on whether or not the claim of privilege is appropriate and whether the privilege claimed should extend to the entire answer or Document or to part of the answer or Document; and

d) The number of each Request to Produce to which the answer or Document otherwise would be responsive.

4.

To the extent any information called for in these discovery requests is unknown to Plaintiff, so state, and set forth such remaining information as is known. If any estimate can reasonably be made in place of unknown information, also set forth Plaintiff's best estimate, clearly designated as such, in place of unknown information, and describe the basis upon which the estimate is made.

5.

Documents No Longer In Your Possession: If any Document which Plaintiff would have produced in response to a discovery request was, but is no longer, in Plaintiff's present possession, subject to Plaintiff's control or no longer exists, please state whether any such Document is/was:

a)  Missing or lost;

b)  Destroyed;

c)  Transferred to others; or

d)  Otherwise disposed of,

and in any such instance, set forth the surrounding circumstances for any authorization for such disposal and state the approximate Date of any such disposition and, if known, state also the present location and custodian of such Document.

6.

Whenever in this Request for Production of Documents and Things You are requested to Identify an account such as a bank account, investment account, loan account, credit card account, or savings account, You should Identify the account by the last 4 numbers of the account number and the Person or entity in whose name the account is maintained.

7.

The above "Definitions and Instructions" are hereby incorporated by reference into each and every one of the specific Requests for Production below as if fully set forth therein verbatim.

## DOCUMENT REQUESTS

1.

Produce all documents of Plaintiff relating to any mortgage, loan agreement, line of credit, or any other financing instrument concerning the business of Plaintiff, or any real property owned by Plaintiff, used, or held by the business, including all amendments, renewals, riders, payment histories, payoff statements, and correspondence with the lender.

2.

Produce all documents of Plaintiff relating to any business line of credit, business loan, commercial loan, SBA loan, promissory note, credit facility, or revolving credit agreement, including applications, financial statements submitted to lenders, borrowing-base certificates, amendments, renewals, payment records, and communications with the lender.

3.

Produce Plaintiff's lease agreement for the location of the coffee shop, or any property occupied or used by Plaintiff, including all amendments, addenda, riders, renewal agreements, extensions, assignments, subleases, estoppel letters, CAM reconciliations, operating expense statements, and any notices of default.

4.

Produce all Plaintiff's profit-and-loss statements (P&Ls) prepared by or for Plaintiff since January 1, 2022, including monthly, quarterly, and annual P&Ls and any internal or draft versions.

5.

Produce all Plaintiff's balance sheets, income statements, cash-flow statements, financial summaries, and internal accounting reports since January 1, 2022, including any interim or year-to-date statements.

6.

Produce all Plaintiff's general ledgers, trial balances, chart of accounts, and accounting system exports (e.g., QuickBooks, Xero, FreshBooks, Wave) since January 1, 2022.

7.

Produce Plaintiff's all bank statements, canceled checks, deposit records, check registers, wire confirmations, and reconciliation reports for all business financial accounts since January 1, 2022.

8.

Produce all federal and state tax returns, including sales tax returns, filed by Plaintiff since January 1, 2022, including all schedules, attachments, K-1s, statements of depreciation, and supporting workpapers.

9.

Produce all Plaintiff's documents relating to accounts payable, including vendor bills, invoices, aging reports, payment histories, payroll records, and correspondence with vendors, suppliers, or service providers since January 1, 2022.

10.

Produce all Plaintiff's documents relating to accounts receivable, including invoices issued, customer statements, aging reports, collection efforts, and communications regarding unpaid accounts since January 1, 2022.

11.

Produce all Plaintiff's documents showing business assets and liabilities, including fixed assets, inventory lists, equipment lists, depreciation schedules, loan obligations, contingent liabilities, or valuation documents since January 1, 2022.

12.

Produce all Plaintiff's business licenses, permits, registrations, certificates, and renewals held since January 1, 2022.

13.

Produce all Plaintiff's documents relating to any sale, transfer, or attempted sale of the business or its assets, including broker agreements, marketing materials, term sheets, letters of intent, and valuations since January 1, 2022.

14.

Produce all Plaintiff's internal communications, emails, or memoranda concerning the business's financial condition, profitability, cash-flow problems, debt obligations, vendor issues, or major financial decisions since January 1, 2022.

15.

Produce all Plaintiff's documents related to credit card processing for sales since January 1, 2022.

16.

All documents relating to analytics of the Post, including but not limited to total number of views, total number of unique views, total impressions, all engagement metrics (such as comments, reactions, shares, click-throughs) of the Post made in the Fernandina Beach Amelia Island Network Facebook Group, all data and metadata of Group Insights regarding the Post made in Fernandina Beach Amelia Island Network Facebook Group.

Respectfully submitted this 10th day of December 2025.

CHALMERS, ADAMS, BACKER &
KAUFMAN, LLC


/s/ Kevin T. Kucharz
Kevin T. Kucharz
Florida Bar No. 883611
Christian G. Zimm
Florida Bar No. 1028178
Attorneys for Blake F. Buchanan

11770 Haynes Bridge Road
#205-219
Alpharetta, GA 30009-1968
(678) 470-3755
kkucharz@chalmersadams.com
czimm@chalmersadams.com

## CERTIFICATE OF SERVICE

This is to certify that I have today served the **DEFENDANT'S SECOND SET OF CONTINUING REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF** to the following counsel via statutory electronic service:

Matthew P. McLauchlin, Esq.
MCLAUGHLIN LAW, PLLC
7645 Gate Parkway, Su. 106
Jacksonville, FL 32256
matt@mpmlawyers.com
*Attorney for Plaintiff*

Michael L. Duncan, Esq.
DUNCAN TRIAL & MEDIATION
301 W. Bay St., Su. 1446
Jacksonville, FL 32202
mikeduncan@mikeduncanlaw.com
*Attorney for Plaintiff*

This 10th day of December 2025.

.

CHALMERS, ADAMS, BACKER &
KAUFMAN, LLC


*/s/ Kevin T. Kucharz*
Kevin T. Kucharz
Florida Bar No. 883611
Christian G. Zimm
Florida Bar No. 1028178
*Attorneys for Blake F. Buchanan*

11770 Haynes Bridge Road
#205-219
Alpharetta, GA 30009-1968
(678) 470-3755
kkucharz@chalmersadams.com
czimm@chalmersadams.com

## IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
## IN AND FOR NASSAU COUNTY, FLORIDA

AIC FERNANDINA, LLC d/b/a )
AMELIA ISLAND COFFEE, a Florida limited )
liability company, )
                         )
      *Plaintiff,* )
                         )
v.                          )      CASE NO.:
                         )      2025-CA-000311-AXYX
                         )
BLAKE F. BUCHANAN, )
                         )
      *Defendant.* )
_____)

### NOTICE OF PRODUCTION TO NON-PARTIES

YOU ARE NOTIFIED that Blake F. Buchanan ("Defendant" or "Mr. Buchanan"), the

Defendant in the above-styled caption, by and through the undersigned counsel, in accordance

with Rule 1.351 of the Florida Rules of Civil Procedure, after 10 days from the date of service of

this notice, if service is by delivery, or 15 days from the date of service, if service is by mail, and

if no objection is received from any party, the undersigned will issue or apply to the clerk of this

court for issuance of the attached subpoenas directed to the below, who are not parties and whose

addresses and contact information are listed below, if known at this time, to produce the items

listed at the time and place specified in the subpoena.

    1. Sean Ince
       941395 Old Nassauville Rd,
       Fernandina Beach, FL 32034

    2. Glass and Grass, LLC
       in c/o Registered Agent, Jared Dunn
       85045 Radio Avenue
       Yulee, FL 32097
       Glass.and.Grass.FL@gmail.com

3. Cody R. Johnson Sr.
   86354 Harry Green Rd
   Yulee, FL 32097

4. Amelia Island Coffee, LLC
   in c/o Registered Agent, Jon C. Lasserre
   960185 Gateway Blvd., Su. 203
   Fernandina Beach, FL 32034

5. Riverfront Crab, LLC
   in c/o Registered Agent, Stephanie Lunt
   961687 Gateway Blvd., Su. 201 L
   Fernandina Beach, FL 32034

Respectfully submitted this 10th day of December 2025.

                                    CHALMERS, ADAMS, BACKER &
                                    KAUFMAN, LLC


                                    /s/ Kevin T. Kucharz
                                    Kevin T. Kucharz
                                    Florida Bar No. 883611
                                    Christian G. Zimm
11770 Haynes Bridge Road            Florida Bar No. 1028178
#205-219                            Attorneys for Blake F. Buchanan
Alpharetta, GA 30009-1968
(678) 470-3755
kkucharz@chalmersadams.com
czimm@chalmersadams.com

## CERTIFICATE OF SERVICE

This is to certify that I have today served the **NOTICE OF PRODUCTION TO NON-**

**PARTIES** to the following counsel via statutory electronic service:

Matthew P. McLauchlin, Esq.
MCLAUCHLIN LAW, PLLC
7645 Gate Parkway, Su. 106
Jacksonville, FL 32256
matt@mpmlawyers.com
*Attorney for Plaintiff*


Michael L. Duncan, Esq.
DUNCAN TRIAL & MEDIATION
301 W. Bay St., Su. 1446
Jacksonville, FL 32202
mikeduncan@mikeduncanlaw.com
*Attorney for Plaintiff*


This 10th day of December 2025.

.

CHALMERS, ADAMS, BACKER &
KAUFMAN, LLC


*/s/ Kevin T. Kucharz*
Kevin T. Kucharz
Florida Bar No. 883611
Christian G. Zimm
Florida Bar No. 1028178
*Attorneys for Blake F. Buchanan*

11770 Haynes Bridge Road
#205-219
Alpharetta, GA 30009-1968
(678) 470-3755
kkucharz@chalmersadams.com
czimm@chalmersadams.com

### IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
### IN AND FOR NASSAU COUNTY, FLORIDA

AIC FERNANDINA, LLC d/b/a )
AMELIA ISLAND COFFEE, a Florida limited )
liability company, )
             )
      *Plaintiff,* )
             )
v. )       CASE NO.:
             )       2025-CA-000311-AXYX
             )
BLAKE F. BUCHANAN, )
             )
      *Defendant.* )
_____)

### SUBPOENA DUCES TECUM WITH OPTION TO FURNISH DOCUMENTS BY MAIL
### INSTEAD OF ATTENDING DEPOSITION

STATE OF FLORIDA:

TO:    Sean Ince
        941395 Old Nassauville Rd,
        Fernandina Beach, FL 32034

### PLEASE RESPOND TO THIS SUBPOENA IN WRITING

PLEASE RETURN A COPY OF THIS SUBPOENA WITH YOUR RESPONSE

YOU ARE COMMANDED to furnish documents by mail send them to Christian Zimm, Esq. at Chalmers Adams Backer & Kaufman, LLC, 11770 Haynes Bridge Rd, Su. 205-415, Alpharetta, GA 30009, to furnish for inspection or for copies to be made, then please appear before Christian Zimm, Esq. at Chalmers Adams Backer & Kaufman, LLC, at 100 N. Main St. #340, Alpharetta, GA 30009, the requested documents attached as **Exhibit A**, within ten (10) days receipt of this subpoena.

You are not required to surrender the original items. You may comply with this subpoena by providing legible copies of the items to be produced to the attorney whose name appears on this subpoena on or before the scheduled date of production. You may condition the preparation of the copies upon the payment in advance of the reasonable cost of preparation. You may mail or deliver the copies to the attorney whose name appears on this subpoena and thereby eliminate your appearance by the deadline specified above. You have the right to object to the production pursuant to this subpoena at any time before production by giving written notice to the attorney whose name appears on this subpoena. THIS WILL NOT BE A DEPOSITION. NO TESTIMONY WILL BE TAKEN.

If you fail to:

(1) appear as specified; or

(2) furnish the records instead of appearing as provided above; or

(3) object to this subpoena,

you may be in contempt of court. You are subpoenaed to appear by the following attorney or mail the requested documents, and unless excused from this subpoena by this attorney or the court, you must respond to this subpoena as directed.

**If you are a person with a disability who needs any accommodation to respond to this subpoena, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the undersigned counsel at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

This ___ day of December 2025.

CHALMERS, ADAMS, BACKER & KAUFMAN, LLC

/s/ *Kevin T. Kucharz*

Kevin T. Kucharz

Florida Bar No. 883611

Christian G. Zimm

Florida Bar No. 1028178

*Attorneys for Blake F. Buchanan*

11770 Haynes Bridge Road
#205-219
Alpharetta, GA 30009-1968
(678) 470-3755
kkucharz@chalmersadams.com
czimm@chalmersadams.com

## Exhibit A

## DOCUMENTS AND ELECTRONIC RECORDS TO BE PRODUCED

1. A complete copy of the Post (made by Blake Buchanan (or Blake Farr) in the Fernandina Beach Amelia Island Network Facebook Group on September 20, 2025, that "The employees of Amelia island coffee are openly celebrating Charlie Kirk's murder today"), including:

   a) All text, images, videos, or attachments.
   b) All edits, revisions, deleted portions, or updated versions.
   c) Timestamps (UTC and local), creation time, edit time, deletion time (if applicable).
   d) The unique Facebook Post ID.

2. All associated comments of the Post, including:

   a) Full text of each comment.
   b) Identity (username, profile URL, Facebook ID) of each commenter.
   c) All edits or deletions.
   d) All metadata.

3. All reactions (likes, loves, cares, etc.) including:

   a) The type of reaction.
   b) Identity of each user who reacted.
   c) Metadata of the reactions.

4. Group Insights of the Post / Analytics, including:

   a) Total number of unique views (reach).
   b) Total impressions (how many times the post was viewed).
   c) Viewer demographics (if available): age ranges, location data, or other admin-visible information.
   d) Engagement metrics (comments, reactions, shares, click-throughs) of the Post and Group.
   e) Any data showing whether Facebook "boosted," "limited," or "flagged" the Post.
   f) Visibility analytics, including whether the Post was marked as "seen by [#] people."

5. Group Insights and Activity Logs relating to the Post, including:

   a) Admin or moderator actions on the Post.
   b) Any "admin review," "flagging," "removal," "mute," or "pending content" actions.
   c) Internal notes or system messages relating to the Post's moderation.

6. Records of who viewed the Post, including:

   a) Lists of group members who viewed the Post.

  b) View-count logs or related metrics, and metadata

7. Internal admin messages or logs discussing the Post, including:

  a) Any reports or complaints submitted by users about the Post, and Plaintiff's request to take the Post down.
  b) Any messages among admins or moderators regarding the Post, and Plaintiff's request to take the Post down.
  c) Any decisions to remove, block, hide, or restrict the Post, and Plaintiff's request to take the Post down.

8. Group Rules enforcement logs regarding the Post, including:

  a) Whether the Post was flagged as violating group rules.
  b) Any automated enforcement actions.
  c) Any manual enforcement actions.

# IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
# IN AND FOR NASSAU COUNTY, FLORIDA

AIC FERNANDINA, LLC d/b/a )
AMELIA ISLAND COFFEE, a Florida limited )
liability company, )
       )
       *Plaintiff,* )
       )
v. )           CASE NO.:
       )           2025-CA-000311-AXYX
       )
BLAKE F. BUCHANAN, )
       )
       *Defendant.* )
_____ )

## SUBPOENA DUCES TECUM WITH OPTION TO FURNISH DOCUMENTS BY MAIL
## INSTEAD OF ATTENDING DEPOSITION

STATE OF FLORIDA:

TO:   Glass and Grass, LLC
       Administrator of the Fernandina Beach Amelia Island Network Facebook group
       in c/o Registered Agent, Jared Dunn
       85045 Radio Avenue
       Yulee, FL 32097
       Glass.and.Grass.FL@gmail.com

### PLEASE RESPOND TO THIS SUBPOENA IN WRITING

PLEASE RETURN A COPY OF THIS SUBPOENA WITH YOUR RESPONSE

YOU ARE COMMANDED to furnish documents by mail send them to Christian Zimm, Esq. at Chalmers Adams Backer & Kaufman, LLC, 11770 Haynes Bridge Rd, Su. 205-415, Alpharetta, GA 30009, to furnish for inspection or for copies to be made, then please appear before Christian Zimm, Esq. at Chalmers Adams Backer & Kaufman, LLC, at 100 N. Main St. #340, Alpharetta, GA 30009, the requested documents attached as **Exhibit A**, within ten (10) days receipt of this subpoena.

You are not required to surrender the original items. You may comply with this subpoena by providing legible copies of the items to be produced to the attorney whose name appears on this subpoena on or before the scheduled date of production. You may condition the preparation of the copies upon the payment in advance of the reasonable cost of preparation. You may mail or deliver the copies to the attorney whose name appears on this subpoena and thereby eliminate your appearance by the deadline specified above. You have the right to object to the production pursuant

to this subpoena at any time before production by giving written notice to the attorney whose name appears on this subpoena. THIS WILL NOT BE A DEPOSITION. NO TESTIMONY WILL BE TAKEN.

If you fail to:
(1) appear as specified; or
(2) furnish the records instead of appearing as provided above; or
(3) object to this subpoena,

you may be in contempt of court. You are subpoenaed to appear by the following attorney or mail the requested documents, and unless excused from this subpoena by this attorney or the court, you must respond to this subpoena as directed.

**If you are a person with a disability who needs any accommodation to respond to this subpoena, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the undersigned counsel at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

This ___ day of December 2025.

.

CHALMERS, ADAMS, BACKER & KAUFMAN, LLC

_/s/ Kevin T. Kucharz_
Kevin T. Kucharz
Florida Bar No. 883611
Christian G. Zimm
Florida Bar No. 1028178
_Attorneys for Blake F. Buchanan_

11770 Haynes Bridge Road
#205-219
Alpharetta, GA 30009-1968
(678) 470-3755
kkucharz@chalmersadams.com
czimm@chalmersadams.com

### Exhibit A

### DOCUMENTS AND ELECTRONIC RECORDS TO BE PRODUCED

1. A complete copy of the Post (made by Blake Buchanan (or Blake Farr) in the Fernandina Beach Amelia Island Network Facebook Group on September 20, 2025, that "The employees of Amelia island coffee are openly celebrating Charlie Kirk's murder today"),), including:

   a) All text, images, videos, or attachments.
   b) All edits, revisions, deleted portions, or updated versions.
   c) Timestamps (UTC and local), creation time, edit time, deletion time (if applicable).
   d) The unique Facebook Post ID.

2. All associated comments of the Post, including:

   a) Full text of each comment.
   b) Identity (username, profile URL, Facebook ID) of each commenter.
   c) All edits or deletions.
   d) All metadata.

3. All reactions (likes, loves, cares, etc.) including:

   a) The type of reaction.
   b) Identity of each user who reacted.
   c) Metadata of the reactions.

4. Group Insights of the Post / Analytics, including:

   a) Total number of unique views (reach).
   b) Total impressions (how many times the post was viewed).
   c) Viewer demographics (if available): age ranges, location data, or other admin-visible information.
   d) Engagement metrics (comments, reactions, shares, click-throughs) of the Post and Group.
   e) Any data showing whether Facebook "boosted," "limited," or "flagged" the Post.
   f) Visibility analytics, including whether the Post was marked as "seen by [#] people."

5. Group Insights and Activity Logs relating to the Post, including:

   a) Admin or moderator actions on the Post.
   b) Any "admin review," "flagging," "removal," "mute," or "pending content" actions.
   c) Internal notes or system messages relating to the Post's moderation.

6. Records of who viewed the Post, including:

   a) Lists of group members who viewed the Post.

   b) View-count logs or related metrics, and metadata

7. Internal admin messages or logs discussing the Post, including:

   a) Any reports or complaints submitted by users about the Post, and Plaintiff's request to take the Post down.
   b) Any messages among admins or moderators regarding the Post, and Plaintiff's request to take the Post down.
   c) Any decisions to remove, block, hide, or restrict the Post, and Plaintiff's request to take the Post down.

8. Group Rules enforcement logs regarding the Post, including:

   a) Whether the Post was flagged as violating group rules.
   b) Any automated enforcement actions.
   c) Any manual enforcement actions.

**IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
IN AND FOR NASSAU COUNTY, FLORIDA**

AIC FERNANDINA, LLC d/b/a )
AMELIA ISLAND COFFEE, a Florida limited )
liability company, )
           )
      *Plaintiff*, )
           )
v. )       CASE NO.:
           )       2025-CA-000311-AXYX
           )
BLAKE F. BUCHANAN, )
           )
      *Defendant*. )
_____)

## SUBPOENA DUCES TECUM WITH OPTION TO FURNISH DOCUMENTS BY MAIL INSTEAD OF ATTENDING DEPOSITION

STATE OF FLORIDA:

TO:    Cody R. Johnson Sr.
        86354 Harry Green Rd
        Yulee, FL 32097

### PLEASE RESPOND TO THIS SUBPOENA IN WRITING

PLEASE RETURN A COPY OF THIS SUBPOENA WITH YOUR RESPONSE

YOU ARE COMMANDED to furnish documents by mail send them to Christian Zimm, Esq. at Chalmers Adams Backer & Kaufman, LLC, 11770 Haynes Bridge Rd, Su. 205-415, Alpharetta, GA 30009, to furnish for inspection or for copies to be made, then please appear before Christian Zimm, Esq. at Chalmers Adams Backer & Kaufman, LLC, at 100 N. Main St. #340, Alpharetta, GA 30009, the requested documents attached as **Exhibit A**, within ten (10) days receipt of this subpoena.

You are not required to surrender the original items. You may comply with this subpoena by providing legible copies of the items to be produced to the attorney whose name appears on this subpoena on or before the scheduled date of production. You may condition the preparation of the copies upon the payment in advance of the reasonable cost of preparation. You may mail or deliver the copies to the attorney whose name appears on this subpoena and thereby eliminate your appearance by the deadline specified above. You have the right to object to the production pursuant to this subpoena at any time before production by giving written notice to the attorney whose name appears on this subpoena. THIS WILL NOT BE A DEPOSITION. NO TESTIMONY WILL BE TAKEN.

If you fail to:
(1) appear as specified; or
(2) furnish the records instead of appearing as provided above; or
(3) object to this subpoena,

you may be in contempt of court. You are subpoenaed to appear by the following attorney or mail the requested documents, and unless excused from this subpoena by this attorney or the court, you must respond to this subpoena as directed.

**If you are a person with a disability who needs any accommodation to respond to this subpoena, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the undersigned counsel at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

This ___ day of December 2025.

CHALMERS, ADAMS, BACKER & KAUFMAN, LLC

/s/ *Kevin T. Kucharz*
Kevin T. Kucharz
Florida Bar No. 883611
Christian G. Zimm
Florida Bar No. 1028178
*Attorneys for Blake F. Buchanan*

11770 Haynes Bridge Road
#205-219
Alpharetta, GA 30009-1968
(678) 470-3755
kkucharz@chalmersadams.com
czimm@chalmersadams.com

## Exhibit A

### DOCUMENTS AND ELECTRONIC RECORDS TO BE PRODUCED

1. A complete copy of the Post (made by Blake Buchanan (or Blake Farr) in the Fernandina Beach Amelia Island Network Facebook Group on September 20, 2025, that "The employees of Amelia island coffee are openly celebrating Charlie Kirk's murder today"), including:

    a) All text, images, videos, or attachments.
    b) All edits, revisions, deleted portions, or updated versions.
    c) Timestamps (UTC and local), creation time, edit time, deletion time (if applicable).
    d) The unique Facebook Post ID.

2. All associated comments of the Post, including:

    a) Full text of each comment.
    b) Identity (username, profile URL, Facebook ID) of each commenter.
    c) All edits or deletions.
    d) All metadata.

3. All reactions (likes, loves, cares, etc.) including:

    a) The type of reaction.
    b) Identity of each user who reacted.
    c) Metadata of the reactions.

4. Group Insights of the Post / Analytics, including:

    a) Total number of unique views (reach).
    b) Total impressions (how many times the post was viewed).
    c) Viewer demographics (if available): age ranges, location data, or other admin-visible information.
    d) Engagement metrics (comments, reactions, shares, click-throughs) of the Post and Group.
    e) Any data showing whether Facebook "boosted," "limited," or "flagged" the Post.
    f) Visibility analytics, including whether the Post was marked as "seen by [#] people."

5. Group Insights and Activity Logs relating to the Post, including:

    a) Admin or moderator actions on the Post.
    b) Any "admin review," "flagging," "removal," "mute," or "pending content" actions.
    c) Internal notes or system messages relating to the Post's moderation.

6. Records of who viewed the Post, including:

    a) Lists of group members who viewed the Post.

     b)  View-count logs or related metrics, and metadata

7.  Internal admin messages or logs discussing the Post, including:

     a)  Any reports or complaints submitted by users about the Post, and Plaintiff's request to take the Post down.
     b)  Any messages among admins or moderators regarding the Post, and Plaintiff's request to take the Post down.
     c)  Any decisions to remove, block, hide, or restrict the Post, and Plaintiff's request to take the Post down.

8.  Group Rules enforcement logs regarding the Post, including:

     a)  Whether the Post was flagged as violating group rules.
     b)  Any automated enforcement actions.
     c)  Any manual enforcement actions.

## IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
## IN AND FOR NASSAU COUNTY, FLORIDA

| | |
|---|---|
| AIC FERNANDINA, LLC d/b/a<br>AMELIA ISLAND COFFEE, a Florida limited<br>liability company,<br><br>    *Plaintiff,*<br><br>v.<br><br><br>BLAKE F. BUCHANAN,<br><br>    *Defendant.*<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)   CASE NO.:<br>)   2025-CA-000311-AXYX<br>)<br>)<br>)<br>)<br>) |

## SUBPOENA DUCES TECUM WITH OPTION TO FURNISH DOCUMENTS BY MAIL INSTEAD OF ATTENDING DEPOSITION

STATE OF FLORIDA:

TO:   Amelia Island Coffee, LLC
       in c/o Registered Agent, Jon C. Lasserre
       960185 Gateway Blvd., Su. 203
       Fernandina Beach, FL 32034

### PLEASE RESPOND TO THIS SUBPOENA IN WRITING

PLEASE RETURN A COPY OF THIS SUBPOENA WITH YOUR RESPONSE

YOU ARE COMMANDED to furnish documents by mail send them to Christian Zimm, Esq. at Chalmers Adams Backer & Kaufman, LLC, 11770 Haynes Bridge Rd, Su. 205-415, Alpharetta, GA 30009, to furnish for inspection or for copies to be made, then please appear before Christian Zimm, Esq. at Chalmers Adams Backer & Kaufman, LLC, at 100 N. Main St. #340, Alpharetta, GA 30009, the requested documents attached as **Exhibit A**, within ten (10) days receipt of this subpoena.

You are not required to surrender the original items. You may comply with this subpoena by providing legible copies of the items to be produced to the attorney whose name appears on this subpoena on or before the scheduled date of production. You may condition the preparation of the copies upon the payment in advance of the reasonable cost of preparation. You may mail or deliver the copies to the attorney whose name appears on this subpoena and thereby eliminate your appearance by the deadline specified above. You have the right to object to the production pursuant to this subpoena at any time before production by giving written notice to the attorney whose name

appears on this subpoena. THIS WILL NOT BE A DEPOSITION. NO TESTIMONY WILL BE TAKEN.

If you fail to:
(1) appear as specified; or
(2) furnish the records instead of appearing as provided above; or
(3) object to this subpoena,

you may be in contempt of court. You are subpoenaed to appear by the following attorney or mail the requested documents, and unless excused from this subpoena by this attorney or the court, you must respond to this subpoena as directed.

**If you are a person with a disability who needs any accommodation to respond to this subpoena, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the undersigned counsel at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

This ___ day of December 2025.

CHALMERS, ADAMS, BACKER & KAUFMAN, LLC

_/s/ Kevin T. Kucharz_
Kevin T. Kucharz
Florida Bar No. 883611
Christian G. Zimm
Florida Bar No. 1028178
_Attorneys for Blake F. Buchanan_

11770 Haynes Bridge Road
#205-219
Alpharetta, GA 30009-1968
(678) 470-3755
kkucharz@chalmersadams.com
czimm@chalmersadams.com

## Exhibit A

## DOCUMENTS AND ELECTRONIC RECORDS TO BE PRODUCED

1. Amelia Island Coffee, LLC ("Non-Party") shall produce all documents, communications, and electronically stored information in its possession, custody, or control relating to the sale of the business of Amelia Island Coffee Shop, formerly owned by Amelia Island Coffee, LLC, (the coffee shop currently at 207 Centre St., Fernandina Beach, FL 32034) to Plaintiff that occurred in 2022, including but not limited to: all purchase agreements, asset purchase agreements, stock purchase agreements, letters of intent, term sheets, closing documents, bills of sale, assignment and assumption agreements, disclosure schedules, representations and warranties, amendments, addenda, and any documents reflecting negotiations or changes to the terms of the transaction.

2. The Non-Party shall also produce all documents between Non-Party and Plaintiff during due diligence of the sale of the coffee shop in 2022, including financial statements, profit-and-loss statements, balance sheets, cash-flow statements, tax returns, general ledgers, bank statements, accounts-receivable reports, accounts-payable reports, vendor lists, customer lists, inventory lists, employee records or rosters, payroll summaries, documents describing liabilities, debts, loans, or obligations of the business, and any internal financial analyses prepared in connection with the sale.

3. The Non-Party shall further produce all communications relating to the sale, including all emails, letters, text messages, or messages sent through any messaging platform (such as WhatsApp, Slack, Teams, or similar applications) exchanged with the Plaintiff, with brokers or intermediaries, with accountants or financial advisors, or among the owners, officers, or representatives of the Non-Party regarding negotiations, financial condition, liabilities, disclosures, or the decision to sell the business.

4. The Non-Party shall produce all documents relating to any representations, warranties, disclosures, or statements made between the Non-Party and Plaintiff or any third party regarding the business, its operations, its financial condition, existing or potential litigation, customer disputes, vendor disputes, regulatory issues, liabilities, or any other matters relevant to the sale, including any disclosure schedules or supplemental disclosures.

5. The Non-Party shall produce all post-closing documents, including any post-closing adjustment statements, escrow agreements or escrow-release documents, holdback arrangements, earn-out agreements or calculations, notices of indemnity claims, communications relating to price adjustments, and any transition-services agreements or consulting agreements entered into as part of the sale or closing process of the sale of the coffee shop in 2022.

6. The Non-Party shall additionally produce all documents relating to the transfer of business assets, including intellectual-property rights, proprietary information, online accounts, websites, domain names, social-media accounts, customer databases, vendor contracts, supplier lists, or other business assets referenced in the sale or transferred as part of the transaction.

7. The Non-Party shall produce all requested documents in native format where available, including electronic spreadsheets, financial records, or communications such as emails or text messages. If any documents responsive to this request have been lost, destroyed, or are otherwise unavailable, the Non-Party shall identify such documents and state the reason for their unavailability.

**IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
IN AND FOR NASSAU COUNTY, FLORIDA**

AIC FERNANDINA, LLC d/b/a )
AMELIA ISLAND COFFEE, a Florida limited )
liability company, )
)
    *Plaintiff,* )
)
v. )       CASE NO.:
)       2025-CA-000311-AXYX
)
BLAKE F. BUCHANAN, )
)
    *Defendant.* )
)
_____ )

## SUBPOENA DUCES TECUM WITH OPTION TO FURNISH DOCUMENTS BY MAIL INSTEAD OF ATTENDING DEPOSITION

STATE OF FLORIDA:

TO:    Riverfront Crab, LLC
       in c/o Registered Agent, Stephanie Lunt
       961687 Gateway Blvd., Su. 201 L
       Fernandina Beach, FL 32034

### PLEASE RESPOND TO THIS SUBPOENA IN WRITING

PLEASE RETURN A COPY OF THIS SUBPOENA WITH YOUR RESPONSE

YOU ARE COMMANDED to furnish documents by mail send them to Christian Zimm, Esq. at Chalmers Adams Backer & Kaufman, LLC, 11770 Haynes Bridge Rd, Su. 205-415, Alpharetta, GA 30009, to furnish for inspection or for copies to be made, then please appear before Christian Zimm, Esq. at Chalmers Adams Backer & Kaufman, LLC, at 100 N. Main St. #340, Alpharetta, GA 30009, the requested documents attached as **Exhibit A**, within ten (10) days receipt of this subpoena.

You are not required to surrender the original items. You may comply with this subpoena by providing legible copies of the items to be produced to the attorney whose name appears on this subpoena on or before the scheduled date of production. You may condition the preparation of the copies upon the payment in advance of the reasonable cost of preparation. You may mail or deliver the copies to the attorney whose name appears on this subpoena and thereby eliminate your appearance by the deadline specified above. You have the right to object to the production pursuant to this subpoena at any time before production by giving written notice to the attorney whose name

appears on this subpoena. THIS WILL NOT BE A DEPOSITION. NO TESTIMONY WILL BE TAKEN.

If you fail to:
(1) appear as specified; or
(2) furnish the records instead of appearing as provided above; or
(3) object to this subpoena,

you may be in contempt of court. You are subpoenaed to appear by the following attorney or mail the requested documents, and unless excused from this subpoena by this attorney or the court, you must respond to this subpoena as directed.

**If you are a person with a disability who needs any accommodation to respond to this subpoena, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the undersigned counsel at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

This ___ day of December 2025.

.

CHALMERS, ADAMS, BACKER & KAUFMAN, LLC

*/s/ Kevin T. Kucharz*
Kevin T. Kucharz
Florida Bar No. 883611
Christian G. Zimm
Florida Bar No. 1028178
*Attorneys for Blake F. Buchanan*

11770 Haynes Bridge Road
#205-219
Alpharetta, GA 30009-1968
(678) 470-3755
kkucharz@chalmersadams.com
czimm@chalmersadams.com

## Exhibit A

### DOCUMENTS AND ELECTRONIC RECORDS TO BE PRODUCED

1. Riverfront Crab, LLC "Non-Party" shall produce the complete lease agreement for the premises leased to Plaintiff (the coffee shop currently at 207 Centre St., Fernandina Beach, FL 32034), including all amendments, addenda, riders, renewals, extensions, guarantees, assignments, modifications, side letters, or collateral agreements relating to the lease or tenancy.

2. The Non-Party shall produce all documents reflecting rent amounts, rent payments, rent ledgers, payment histories, invoices, statements of account, and any notices of default, delinquency, outstanding balances, late fees, or other charges billed to the tenant or paid by the tenant for the entire period of Plaintiff's tenancy.

3. The Non-Party shall produce all financial records related to Plaintiff's lease, including but not limited to: monthly rent rolls, CAM (common area maintenance) reconciliation statements, CAM budgets, annual operating-expense reconciliations, operating-expense estimates, passthrough charges, tax bills, insurance allocations, maintenance charges, utility charges, and any other costs or expenses assessed against the tenant or attributable to the leased premises.

4. The Non-Party shall produce all communications, notices, correspondence, emails, letters, text messages, or electronic messages between the Non-Party (or its managers, agents, or property managers) and Plaintiff relating to rent, financial obligations, payments, defaults, lease compliance, renewals, modifications, or any disputes concerning the lease or the tenant's financial performance since Plaintiff's tenancy.

5. The Non-Party shall produce all applications, financial statements, credit reports, bank statements, profit-and-loss statements, balance sheets, or other financial documents submitted by Plaintiff to the Non-Party during lease negotiations, lease renewal, credit-worthiness review, or any financial evaluation relating to the tenancy, including guarantor financial information submitted to the landlord.

6. The Non-Party shall produce any landlord-maintained file, property-management file, accounting file, or electronic records relating to the Plaintiff's lease, rental payments, charges, financial obligations, or any actions taken by Non-Party relating to rent collection, default notices, or enforcement of lease terms.

7. The Non-Party shall produce all responsive documents in native electronic format where available, including spreadsheets, ledgers, and accounting records. If any responsive documents have been lost, deleted, destroyed, or are otherwise unavailable, the Non-Party shall identify such documents and provide a written explanation describing the circumstances of their unavailability.

## IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
## IN AND FOR NASSAU COUNTY, FLORIDA

AIC FERNANDINA, LLC d/b/a )
AMELIA ISLAND COFFEE, a Florida limited )
liability company, )
         )
     *Plaintiff,* )
         )
v. )       CASE NO.:
         )    2025-CA-000311-AXYX
         )
BLAKE F. BUCHANAN, )
         )
     *Defendant.* )
_____)

## DEFENDANT'S MOTION FOR LEAVE OF COURT TO REQUEST MORE INTERROGATORIES AND REQUESTS FOR ADMISSIONS

COMES NOW, Blake F. Buchanan ("Defendant" or "Mr. Buchanan"), the Defendant in the above-styled caption, by and through the undersigned counsel, and hereby files this Defendant's Motion for Leave of Court to Request More Interrogatories and Requests for Admissions, and shows this Honorable Court the following:

## I.    INTRODUCTION

On September 24, 2025, Plaintiff filed its Complaint against Mr. Buchanan. *See* Complaint, generally. On October 23, 2025, Mr. Buchanan filed its Verified Answer, and his First Interrogatories to Plaintiff, First Requests for Admissions to Plaintiff, and First Requests for Production of Documents to Plaintiff. *See* Verified Answer, generally, and Mr. Buchanan's discovery requests to Plaintiff. For Mr. Buchanan's First Interrogatories to Plaintiff, he sent 28 interrogatories, and for Mr. Buchanan's First Requests for Admissions to Plaintiff, Mr. Buchanan requested 30 admissions.

Mr. Buchanan now requests leave of court to request more interrogatories and requests for admissions to Plaintiff. Good cause exists given the nature of Plaintiff's defamation claims against Mr. Buchanan, Mr. Buchanan's defenses against those claims, and Plaintiff's responses to his initial discovery requests. Mr. Buchanan requests an additional 30 interrogatories and 30 requests for admissions. Mr. Buchanan respectfully requests this Court to grant this Motion.

## II.     ARGUMENT AND CITATION TO AUTHORITY

A. Legal standards.

Fla. R. Civ. P. 1.340(a) reads in relevant part, "The interrogatories must not exceed 30, including all subparts, ***unless the court permits a larger number on motion and notice and for good cause***." Fla. R. Civ. P. 1.340(a), [emphasis added]. Fla. R. Civ. P. 1.370(a) reads in relevant part, "The request for admission shall not exceed 30 requests, including all subparts, ***unless the court permits a larger number on motion and notice and for good cause***, or the parties propounding and responding to the requests stipulate to a larger number." Fla. R. Civ. P. 1.370(a), [emphasis added].

B. Good cause exists for Mr. Buchanan to request additional interrogatories and requests for admissions to Plaintiff.

Plaintiff alleged two counts of defamation against Mr. Buchanan for a Facebook Post he made related to his observation of a conversation between a customer in a coffee shop and employee. Plaintiff responded to Mr. Buchanan's First Interrogatories and First Requests for Admissions with nonresponsive, evasive, and insufficient answers. Given the answers that Plaintiff did provide, it is apparent that more interrogatories and requests for admissions are needed for Mr. Buchanan to properly defend against Plaintiff's claims. Plaintiff identified more potential witnesses, third-parties, and provided answers that are necessary for Mr. Buchanan to request additional discovery. Mr. Buchanan is requesting a modest amount of additional interrogatories

and requests of admissions, with 30 each at this time. Mr. Buchanan's additional discovery requests will be material to his defense against Plaintiff's claims and are proportional to the needs of the case. Mr. Buchanan's discovery requests to Plaintiff thus far have been in accordance with the Florida Rules of Civil Procedure. This additional request is not unduly burdensome, will not prolong the litigation, nor will prejudice Plaintiff in any way. This request does not preclude Defendant's ability to request more discovery in the future. The Florida Rules of Civil Procedure allow for a party to request additional interrogatories and requests for admissions, and Mr. Buchanan requests leave of court in order to do so.

## III.    CONCLUSION

Mr. Buchanan respectfully requests this Court to grant this Motion, and provide an additional 30 interrogatories and 30 requests for admissions for Mr. Buchanan to serve upon Plaintiff.

Respectfully submitted this 10th day of December, 2025.

CHALMERS, ADAMS, BACKER &
KAUFMAN, LLC


/s/ Kevin T. Kucharz
Kevin T. Kucharz
Florida Bar No. 883611
Christian G. Zimm
Florida Bar No. 1028178
Attorneys for Blake F. Buchanan

11770 Haynes Bridge Road
#205-219
Alpharetta, GA 30009-1968
(678) 470-3755
kkucharz@chalmersadams.com
czimm@chalmersadams.com

## CERTIFICATE OF SERVICE

This is to certify that I have today served the **DEFENDANT'S MOTION FOR LEAVE OF COURT TO REQUEST MORE INTERROGATORIES AND REQUESTS FOR ADMISSIONS** to the following counsel via statutory electronic service:

Matthew P. McLauchlin, Esq.
MCLAUCHLIN LAW, PLLC
7645 Gate Parkway, Su. 106
Jacksonville, FL 32256
matt@mpmlawyers.com
*Attorney for Plaintiff*


Michael L. Duncan, Esq.
DUNCAN TRIAL & MEDIATION
301 W. Bay St., Su. 1446
Jacksonville, FL 32202
mikeduncan@mikeduncanlaw.com
*Attorney for Plaintiff*


This 10th day of December 2025.


CHALMERS, ADAMS, BACKER &
KAUFMAN, LLC


*/s/ Kevin T. Kucharz*
Kevin T. Kucharz
Florida Bar No. 883611
Christian G. Zimm
Florida Bar No. 1028178
*Attorneys for Blake F. Buchanan*

11770 Haynes Bridge Road
#205-219
Alpharetta, GA 30009-1968
(678) 470-3755
kkucharz@chalmersadams.com
czimm@chalmersadams.com

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
IN AND FOR NASSAU COUNTY, FLORIDA

AIC FERNANDINA, LLC d/b/a                )
AMELIA ISLAND COFFEE, a Florida limited  )
liability company,                       )
                                         )
    *Plaintiff,*                       )
                                         )
v.                                       )          CASE NO.:
                                         )          2025-CA-000311-AXYX
                                         )
BLAKE F. BUCHANAN,                       )
                                         )
    *Defendant.*                      )
_____)

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES AND, IN THE ALTERNATIVE, LEAVE TO AMEND AFFIRMATIVE DEFENSES

COMES NOW, Blake F. Buchanan, the Defendant in the above-styled caption, by and through the undersigned counsel, and hereby files this Defendant's Response in Opposition to Plaintiff's Motion to Strike Affirmative Defenses and, in the Alternative, Leave to Amend Affirmative Defenses, and shows this Honorable Court the following:

### I.     INTRODUCTION

On September 24, 2025, Plaintiff filed its Complaint against Mr. Buchanan. *See* Complaint, generally. On October 23, 2025, Mr. Buchanan filed its Verified Answer, including his Affirmative Defenses. *See* Verified Answer, generally. On November 12, 2025, Plaintiff filed its Motion to Strike Affirmative Defenses, alleging that Mr. Buchanan's Affirmative Defenses are not supported by facts. Mr. Buchanan now files this Response asserting he did allege supporting facts to his Affirmative Defenses, as they are incorporated by reference in response to Plaintiff's specific allegations in the Complaint. *See* Verified Answer, generally. The Court should find in reviewing Mr. Buchanan's Answer in its totality that he pled facts that support his Affirmative Defenses. If

the Court prefers Mr. Buchanan to add facts directly to his Affirmative Defenses, Mr. Buchanan simultaneously requests this Court in this Motion for leave to amend the Affirmative Defenses. The proposed amended Affirmative Defenses are attached for the Court's consideration.

Mr. Buchanan respectfully requests this Court to DENY Plaintiff's Motion to Strike Affirmative Defenses, and in the alternative, GRANT Mr. Buchanan's Motion for Leave of Court to Amend his Affirmative Defenses.

## II.    ARGUMENT AND CITATION TO AUTHORITY

A. Legal standards.

1. *Motion for leave to amend.*

"Leave of court to amend a pleading shall be given freely when justice so requires." *Laurencio v. Deutsche Bank Nat. Trust Co.*, 65 So.3d 1190, 1193 (Fla. 2nd DCA 2011); also see Fla. R. Civ. P. 1.190(a). "Public policy favors the liberal amendment of pleadings, and courts should resolve all doubts in favor of allowing the amendment of pleadings to allow cases to be decided on their merit." *Laurencio* at 1193. "A trial court's refusal to permit an amendment of a pleading is an abuse of discretion unless it is clear that: (1) the amendment would prejudice the opposing party, (2) the privilege to amend has been abused, or (3) the amendment would be futile. *Id.* "Courts should be especially liberal when leave to amend 'is sought at or before a hearing on a motion for summary judgment.'" *Laurencio* at 1193, citing *Gate Lands Co. v. Old Ponte Vedra Beach Condo.*, 715 So.2d 1132, 1135 (Fla. 5th DCA 1998).

2. *Motion to strike.*

Florida Rule of Civil Procedure 1.140(f) reads, "A party may move to strike or the court may strike redundant, immaterial, impertinent, or scandalous matter from any pleading at any time." Florida Rule of Civil Procedure 1.140(f). "A motion to strike a defense tests only the legal

sufficiency of the defense." *Gonzalez v. NAFH Nat. Bank*, 93 So.3d 1054, 1057 (Fla. 3rd DCA 2012) citing *Burns v. Equilease Corp.*, 357 So.2d 786, 787 (Fla. 3d DCA 1978). "Where ... a defense is legally sufficient on its face and presents a bona fide issue of fact, it is improper to grant a motion to strike." *Gonzalez* at 1057, citing *Hulley v. Cape Kennedy Leasing Corp.*, 376 So.2d 884, 885 (Fla. 5th DCA 1979). Under Rule 1.140(f), a motion to strike "should only be granted if material is wholly irrelevant, can have no bearing on the equities and no influence on the decision." *Gonzalez* at 1057, citing *Pentecostal Holiness Church, Inc. v. Manney*, 270 So.2d 762, 769 (Fla. 4th DCA 1972). "An affirmative defense may not be stricken 'merely because it appears to a judge that the defendant may be unable to produce evidence at trial to sustain such a defense'." *Gonzalez* at 1057, citing *Bay Colony Office Bldg. Joint Venture v. Wachovia Mortgage Co.*, 342 So.2d 1005, 1006 (Fla. 4th DCA 1977).

B. <u>Mr. Buchanan requests leave of court to amend his Affirmative Defenses.</u>

Mr. Buchanan requests leave of court to amend his Affirmative Defenses if the Court prefers the supporting facts to be pled with his Affirmative Defenses. The supporting facts to his Affirmative Defenses are pled in response to Plaintiff's specifically numbered allegations in the Complaint. This leave to amend is well before a hearing on a motion for summary judgment. Plaintiff would not be prejudiced in any way, the privilege to amend would not be abused, and the amendment would not be futile. *Walker v. Senn*, 340 So.2d 975, 976 (Fla. 5th DCA 1976). In the alternative, Mr. Buchanan requests this Court to GRANT his Motion for Leave of Court to Amend his Affirmative Defenses.

C. Plaintiff's Motion to Strike should be denied because Plaintiff pled supporting facts to the Affirmative Defenses in his Complaint, and Plaintiff cannot met the standard necessary to prevail on its Motion to Strike.

In Mr. Buchanan's Eighth Affirmative Defense, the Affirmative Defenses are incorporated by reference into his responses to Plaintiff's specific allegations in the Complaint. *See* Verified Answer, Eighth Affirmative Defense. Mr. Buchanan's responses to Plaintiff's specific allegations in the Complaint plead facts that support his Affirmative Defenses. *See* Verified Answer, generally. Additionally, Mr. Buchanan's Affirmative Defenses on their face plead sufficient facts in support. Therefore, Mr. Buchanan has sufficiently pled facts that support his Affirmative Defenses as required by Rule 1.110(d) of the Florida Rules of Civil Procedure.

Mr. Buchanan's incorporation by reference of his Affirmative Defenses to his responses to Plaintiff's specific allegations in the Complaint in this way is customary to answering a complaint. The defenses are relevant considering Plaintiff's claims, legally sufficient, and present a bona fide issue of fact. They are not redundant, immaterial, impertinent, or scandalous in any way. Therefore, Plaintiff cannot meet the standard necessary to prevail on its Motion to Strike, and this Court should deny its motion.

## III.    **CONCLUSION**

The Affirmative Defenses in Mr. Buchanan's Answer are sufficient under Rule 1.110(d) of the Florida Rules of Civil Procedure because the Affirmative Defenses are incorporated by reference in his responses to Plaintiff's specific allegations in the Complaint, which have supporting facts to the Affirmative Defenses. The supporting facts to the Affirmative Defenses are incorporated by reference. The defenses themselves are not irrelevant, redundant, immaterial, impertinent, or scandalous either. Plaintiff cannot meet the standard necessary to prevail on its Motion to Strike. As such, Plaintiff's Motion to Strike the Affirmative Defenses should be

DENIED. In the alternative, Mr. Buchanan requests this Court to GRANT his Motion for Leave

of Court to Amend his Affirmative Defenses.

Respectfully submitted this 11th day of December 2025.

<div style="text-align: right">

**CHALMERS, ADAMS, BACKER &
KAUFMAN, LLC**

*/s/ Kevin T. Kucharz*
Kevin T. Kucharz
Florida Bar No. 883611
Christian G. Zimm
Florida Bar No. 1028178
*Attorneys for Blake F. Buchanan*

</div>

11770 Haynes Bridge Road
#205-219
Alpharetta, GA 30009-1968
(678) 470-3755
kkucharz@chalmersadams.com
czimm@chalmersadams.com

## CERTIFICATE OF SERVICE

This is to certify that I have today served the **DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES AND, IN THE ALTERNATIVE, LEAVE TO AMEND AFFIRMATIVE DEFENSES** to the following counsel via statutory electronic service:

Matthew P. McLauchlin, Esq.
MCLAUCHLIN LAW, PLLC
7645 Gate Parkway, Su. 106
Jacksonville, FL 32256
matt@mpmlawyers.com
*Attorney for Plaintiff*

Michael L. Duncan, Esq.
DUNCAN TRIAL & MEDIATION
301 W. Bay St., Su. 1446
Jacksonville, FL 32202
mikeduncan@mikeduncanlaw.com
*Attorney for Plaintiff*

This 11ᵗʰ day of December 2025.

.

CHALMERS, ADAMS, BACKER &
KAUFMAN, LLC

/s/ *Kevin T. Kucharz*
Kevin T. Kucharz
Florida Bar No. 883611
Christian G. Zimm
Florida Bar No. 1028178
*Attorneys for Blake F. Buchanan*

11770 Haynes Bridge Road
#205-219
Alpharetta, GA 30009-1968
(678) 470-3755
kkucharz@chalmersadams.com
czimm@chalmersadams.com

## IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
## IN AND FOR NASSAU COUNTY, FLORIDA

AIC FERNANDINA, LLC d/b/a )
AMELIA ISLAND COFFEE, a Florida limited )
liability company, )
     )
     *Plaintiff,* )
     )
v. )    CASE NO.:
     )    2025-CA-000311-AXYX
     )
BLAKE F. BUCHANAN, )
     )
     *Defendant.* )
_____)

### [PROPOSED] DEFENDANT'S AMENDED VERIFIED ANSWER

COMES NOW, Blake F. Buchanan ("Defendant" or "Mr. Buchanan"), the Defendant in the above-styled caption, by and through the undersigned counsel, and hereby files this Defendant's Amended Verified Answer, and shows this Honorable Court the following:

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted. Plaintiff cannot sustain its defamation claims against Mr. Buchanan because his Facebook Post that, "The employees of Amelia island coffee are openly celebrating Charlie Kirk's murder today" ("Facebook Post") was truthful and his opinion. Mr. Buchanan observed a conversation between an employee of Plaintiff and another customer wearing a bloody stained shirt that read "Problem Solved" on it just ten days after Charlie Kirk's assassination. This shirt was white, had fake blood running down the left side, and had black print on the front, which was very similar to the shirt that Charlie Kirk wore when he was assassinated. The date of the incident was also the day before Charlie Kirk's memorial. As alleged in the Complaint, the employee stated that she "liked" the

customer's shirt. Plaintiff's Interrogatory responses indicate that the employee also said she "loved" the customer's shirt.

## SECOND DEFENSE

Plaintiff's claims fail because Mr. Buchanan's statement was truthful and protected speech under the United States Constitution and Florida Constitution. Mr. Buchanan's Facebook Post was truthful and his opinion of a conversation he observed between an employee of Plaintiff and another customer wearing a bloody stained shirt that read "Problem Solved." This shirt was white, had fake blood running down the left side, and had black print on the front, which was very similar to the shirt that Charlie Kirk wore when he was assassinated. The date of the incident was ten days after his assassination and the day before Charlie Kirk's memorial. As alleged in the Complaint, the employee stated that she "liked" the customer's shirt. Plaintiff's Interrogatory responses indicate that the employee also said she "loved" the customer's shirt.

## THIRD DEFENSE

Plaintiff's claims fail because Mr. Buchanan's statement was not reckless or negligent. Mr. Buchanan's Facebook Post was truthful and his opinion of a conversation he observed a conversation between an employee of Plaintiff and another customer wearing a bloody stained shirt that read "Problem Solved." This shirt was white, had fake blood running down the left side, and had black print on the front, which was very similar to the shirt that Charlie Kirk wore when he was assassinated. The date of the incident was ten days after his assassination and the day before Charlie Kirk's memorial. As alleged in the Complaint, the employee stated that she "liked" the customer's shirt. Plaintiff's Interrogatory responses indicate that the employee also said she "loved" the customer's shirt.

## **FOURTH DEFENSE**

Plaintiff's claims fail because Plaintiff has no damages. Given the fact that Plaintiff's Complaint was filed a mere four days after the date of the incident and that Mr. Buchanan's alleged defamatory statement was in a Facebook group, Mr. Buchanan alleges that Plaintiff does not have irreparable harm, significant monetary damages, reputational harm, lost revenues, lost profits, lost customers, and other damages as alleged.

## **FIFTH DEFENSE**

Plaintiff's claims fail because Mr. Buchanan's statement was not defamatory and did not harm Plaintiff's reputation. Plaintiff cannot sustain its defamation claims against Mr. Buchanan because his Facebook Post that, "The employees of Amelia island coffee are openly celebrating Charlie Kirk's murder today" ("Facebook Post") was truthful and his opinion. Mr. Buchanan observed a conversation between an employee of Plaintiff and another customer wearing a bloody stained shirt that read "Problem Solved" on it. This shirt was white, had fake blood running down the left side, and had black print on the front, which was very similar to the shirt that Charlie Kirk wore when he was assassinated. The date of the incident was ten days after his assassination and the day before Charlie Kirk's memorial. As alleged in the Complaint, the employee stated that she "liked" the customer's shirt. Plaintiff's Interrogatory responses indicate that the employee also said she "loved" the customer's shirt. Plaintiff's Complaint was filed just four days after the incident, and Mr. Buchanan alleges that Plaintiff does not have reputational harm from the post given the timeline.

## **SIXTH DEFENSE**

Plaintiff's claims violate Florida's Anti-SLAPP statute (Fla. Stat. § 768.295, *et seq.*) because they are without merit and Mr. Buchanan expressed his constitutional right of free speech.

The conversation between the employee of Plaintiff and the customer wearing the blood stained shirt with "Problem Solved" on it was about Charlie Kirk, who was a public figure. This shirt was white, had fake blood running down the left side, and had black print on the front, which was very similar to the shirt that Charlie Kirk wore when he was assassinated. The date of the incident was ten days after his assassination and the day before Charlie Kirk's memorial. Mr. Buchanan's Facebook Post was truthful and his opinion, and Plaintiff's claims are an effort to stifle Mr. Buchanan's constitutionally protected speech.

## SEVENTH DEFENSE

Mr. Buchanan will seek the recovery of his attorneys' fees, costs of litigation, sanctions, and all other costs under Fla. Stat. § 57.105, *et seq.* because Plaintiff's claims are frivolous and meritless. Mr. Buchanan's Facebook Post was truthful and his opinion. Mr. Buchanan observed a conversation between an employee of Plaintiff and another customer wearing a bloody stained shirt that read "Problem Solved" on it. This shirt was white, had fake blood running down the left side, and had black print on the front, which was very similar to the shirt that Charlie Kirk wore when he was assassinated. The date of the incident was ten days after his assassination and the day before Charlie Kirk's memorial. As alleged in the Complaint, the employee stated that she "liked" the customer's shirt. Plaintiff's Interrogatory responses indicate that the employee also said she "loved" the customer's shirt.

## EIGHTH DEFENSE

Mr. Buchanan incorporates by reference his answers to the specifically numbered paragraphs of Plaintiff's Complaint in his Verified Answer filed on October 23, 2025.

Respectfully submitted this 11th day of December, 2025.

CHALMERS, ADAMS, BACKER &
KAUFMAN, LLC

/s/ Kevin T. Kucharz
Kevin T. Kucharz
Florida Bar No. 883611
Christian G. Zimm
Florida Bar No. 1028178
*Attorneys for Blake F. Buchanan*

11770 Haynes Bridge Road
#205-219
Alpharetta, GA 30009-1968
(678) 470-3755
kkucharz@chalmersadams.com
czimm@chalmersadams.com

# IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
# IN AND FOR NASSAU COUNTY, FLORIDA

AIC FERNANDINA, LLC d/b/a  )
AMELIA ISLAND COFFEE, a Florida limited  )
liability company,  )
)
    *Plaintiff,*  )
)
v.  )    CASE NO.:
)    2025-CA-000311-AXYX
)
BLAKE F. BUCHANAN,  )
)
    *Defendants.*  )
_____  )

## VERIFICATION

Under penalties of perjury, I, Blake F. Buchanan ("Affiant"), declare that I have read the

foregoing [PROPOSED] DEFENDANT'S AMENDED VERIFIED ANSWER and that the facts

stated in it are true.

This 11th day of December, 2025.

**AFFIANT:**

_____
Blake F. Buchanan

Sworn to and subscribed before me
this 11th day of December, 2025.

_____
Notary Public
My Commission Expires: March 1, 2027

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
NASSAU COUNTY, FLORIDA

CASE NO. 2025-CA-000311

DIVISION: A

AIC FERNANDINA, LLC d/b/a
AMELIA ISLAND COFFEE, a Florida
limited liability company,

      Plaintiff,

v.

BLAKE F. BUCHANAN,

      Defendant,

_____/

## **PLAINTIFF'S OBJECTION TO NOTICE OF PRODUCTION TO NON-PARTIES**

Pursuant to Rule 1.351, Fla. R. Civ. P., Plaintiff, AIC Fernandina, LLC d/b/a Amelia Island

Coffee, objects to Defendant's Notice of Production to Non-Parties ("Notice of Production") filed

December 10, 2025, and in support states:

### **Background**

1.      The instant action involves a false statement of fact made by the Defendant about

Plaintiff, AIC Fernandina, LLC and its employees in September 2025 and which constitutes

defamation and defamation per se and the issue of damages and reputational harm resulting from

such false statement.

### **Notice of Production to Amelia Island Coffee, LLC**

2.      In its Notice of Production, Defendant includes a proposed Subpoena to be served

on "Amelia Island Coffee, LLC."

3.      That entity, Amelia Island Coffee, LLC, is the former owner of the coffee shop

assets that were purchased by Plaintiff, AIC Fernandina, LLC over three years ago in 2022.

4.    For reasons that are not apparent, in the proposed Subpoena, Defendant broadly

seeks all information relating to AIC Fernandina, LLC's purchase of the assets of Amelia Island

Coffee, LLC in 2022, including but not limited to:

> ...all documents, communications, and electronically stored information in its
> possession, custody, or control relating to the sale of the business of Amelia Island
> Coffee Shop, formerly owned by Amelia Island Coffee, LLC, (the coffee shop
> currently at 207 Centre St., Fernandina Beach, FL 32034) to Plaintiff that occurred
> in 2022, including but not limited to: all purchase agreements, asset purchase
> agreements, stock purchase agreements, letters of intent, term sheets, closing
> documents, bills of sale, assignment and assumption agreements, disclosure
> schedules, representations and warranties, amendments, addenda, and any
> documents reflecting negotiations or changes to the terms of the transaction

> ... financial statements, profit-and-loss statements, balance sheets, cash-flow
> statements, tax returns, general ledgers, bank statements, accounts-receivable
> reports, accounts-payable reports, vendor lists, customer lists, inventory lists,
> employee records or rosters, payroll summaries, documents describing liabilities,
> debts, loans, or obligations of the business, and any internal financial analyses
> prepared in connection with the sale

> ... all emails, letters, text messages, or messages sent through any messaging
> platform (such as WhatsApp, Slack, Teams, or similar applications) exchanged
> with the Plaintiff, with brokers or intermediaries, with accountants or financial
> advisors, or among the owners, officers, or representatives of the Non-Party
> regarding negotiations, financial condition, liabilities, disclosures, or the decision
> to sell the business

> ... all documents relating to any representations, warranties, disclosures, or
> statements made between the Non-Party and Plaintiff or any third party regarding
> the business, its operations, its financial condition, existing or potential litigation,
> customer disputes, vendor disputes, regulatory issues, liabilities, or any other
> matters relevant to the sale, including any disclosure schedules or supplemental
> disclosures... all post-closing documents, including any post-closing adjustment
> statements, escrow agreements or escrow-release documents, holdback
> arrangements, earn-out agreements or calculations, notices of indemnity claims,
> communications relating to price adjustments, and any transition-services
> agreements or consulting agreements entered into as part of the sale or closing
> process of the sale of the coffee shop in 2022

> ... all documents relating to the transfer of business assets, including intellectual-
> property rights, proprietary information, online accounts, websites, domain names,
> social-media accounts, customer databases, vendor contracts, supplier lists, or other
> business assets referenced in the sale or transferred as part of the transaction.

5.      Defendant's proposed Subpoena, on its face, is not reasonably calculated to lead to the discovery of admissible evidence. It improperly seeks confidential, proprietary information about a business transaction that took place over three years ago that in no way could bear any relevance to any issue in the instant case, and as such, is simply overly broad and harassing.

### Notice of Production to Riverfront Crab, LLC

6.      Defendant also seeks in the Notice of Production documents relating to AIC Fernandina, LLC's lease with its landlord, Riverfront Crab, LLC.

7.      The proposed Subpoena includes requests for the following:

...the complete lease agreement for the premises leased to Plaintiff (the coffee shop currently at 207 Centre St., Fernandina Beach, FL 32034), including all amendments, addenda, riders, renewals, extensions, guarantees, assignments, modifications, side letters, or collateral agreements relating to the lease or tenancy; ...all documents reflecting rent amounts, rent payments, rent ledgers, payment histories, invoices, statements of account, and any notices of default, delinquency, outstanding balances, late fees, or other charges billed to the tenant or paid by the tenant for the entire period of Plaintiff's tenancy;

...all financial records related to Plaintiff's lease, including but not limited to: monthly rent rolls, CAM (common area maintenance) reconciliation statements, CAM budgets, annual operating-expense reconciliations, operating-expense estimates, passthrough charges, tax bills, insurance allocations, maintenance charges, utility charges, and any other costs or expenses assessed against the tenant or attributable to the leased premises;

...all applications, financial statements, credit reports, bank statements, profit-and-loss statements, balance sheets, or other financial documents submitted by Plaintiff to the Non-Party during lease negotiations, lease renewal, credit-worthiness review, or any financial evaluation relating to the tenancy, including guarantor financial information submitted to the landlord ...all communications, notices, correspondence, emails, letters, text messages, or electronic messages between the Non-Party (or its managers, agents, or property managers) and Plaintiff relating to rent, financial obligations, payments, defaults, lease compliance, renewals, modifications, or any disputes concerning the lease or the tenant's financial performance since Plaintiff's tenancy;

...any landlord-maintained file, property-management file, accounting file, or electronic records relating to the Plaintiff's lease, rental payments, charges, financial obligations, or any actions taken by Non-Party relating to rent collection, default notices, or enforcement of lease terms;

3

…all responsive documents in native electronic format where available, including spreadsheets, ledgers, and accounting records. If any responsive documents have been lost, deleted, destroyed, or are otherwise unavailable, the Non-Party shall identify such documents and provide a written explanation describing the circumstances of their unavailability.

8.    While Defendant may argue that lease related financial information is relevant to Plaintiff's damages claims, Plaintiff objects to the production of such information without the protection of a Confidentiality Agreement prohibiting the use or disclosure of such information outside the present litigation.

9.    Plaintiff's counsel has previously informed Defendant's counsel that it will produce Plaintiff's financial information relevant to this matter upon the parties' execution of an appropriate Confidentiality Agreement and has provided Defendant's counsel a proposed Confidentiality Agreement. However, Defendant's counsel has rejected this proposal.

WHEREFORE, for the foregoing reasons, Plaintiff, AIC Fernandina, LLC d/b/a Amelia Island Coffee respectfully objects to the Notices of Production directed to Amelia Island Coffee, LLC and Riverfront Crab, LLC in their entirety.

Dated: December 19, 2025.

**McLAUCHLIN LAW, PLLC**

*s/ Matthew P. McLauchlin*
Matthew P. McLauchlin, Esq.
Fla. Bar No. 484180
7645 Gate Parkway, Suite 106
Jacksonville, Florida 32256
Telephone: (904) 755-6639
Primary Email: matt@mpmlawyers.com
Secondary E-mail: erin@mpmlawyers.com

*Counsel for Plaintiff, AIC Fernandina, LLC*
*d/b/a Amelia Island Coffee*

4

## IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
## IN AND FOR NASSAU COUNTY, FLORIDA

AIC FERNANDINA, LLC d/b/a )
AMELIA ISLAND COFFEE, a Florida limited )
liability company, )
     )
    *Plaintiff*, )
     )
v. )       CASE NO.:
     )       2025-CA-000311-AXYX
     )
BLAKE F. BUCHANAN, )
     )
    *Defendant*. )
     )

## DEFENDANT'S MOTION TO COMPEL DOCUMENT PRODUCTION AND DISCOVERY RESPONSES FROM PLAINTIFF AND REQUEST FOR EXPENSES OF MOTION

COMES NOW, Blake F. Buchanan ("Defendant" or "Mr. Buchanan"), the Defendant in

the above-styled caption, by and through the undersigned counsel, pursuant to Florida Rule of

Civil Procedure 1.380, and hereby files this Defendant's Motion to Compel Document Production

and Discovery Responses from Plaintiff, and Request for Expenses of Motion, and shows this

Honorable Court the following:

### I.    INTRODUCTION

Mr. Buchanan requests this Court to GRANT this Motion to Compel responsive documents

to Requests for Production of Documents #12 and 16, and to compel sufficient responses to

Interrogatories 7-8, and 16. Plaintiff initially responded to Requests #12 and 16 that it would

provide responsive documents without conditions or objections, but then failed to produce

responsive documents by the deadline. After the deadline had passed and without filing a motion

for protective order before the deadline, Plaintiff requested a confidentiality agreement to produce

responsive documents. Plaintiff waived its objections under the Florida Rules of Civil Procedure

for failing to state any objections its initial responses and for not producing documents timely. Plaintiff has no legal basis to continue to withhold the production of responsive documents. For Interrogatories 7-8, and 16, Plaintiff provided incomplete and evasive initial and supplemental responses to requests that are reasonably calculated to lead to admissible evidence. Mr. Buchanan requests this Court to GRANT this Motion to Compel, and award his reasonable attorneys' fees and expenses for filing and prosecuting this motion.

## II.    **BACKGROUND**

On October 23, 2025, Mr. Buchanan filed his First Request for Production of Documents and Interrogatories to Plaintiff. *See* Mr. Buchanan's First Requests for Production of Documents and Interrogatories to Plaintiff. On November 20, 2025, Plaintiff served its initial responses to Mr. Buchanan's First Requests for Production of Documents and Interrogatories. *See* Plaintiff's Responses to Mr. Buchanan's First Requests for Production of Documents and Plaintiff's Notice of Service of Plaintiff's Answers to Defendant's First Set of Interrogatories.

For Requests #12 and 16, Plaintiff responded that documents will be produced with no conditions or objections, but then no documents were produced by the deadline. *See* Plaintiff's Answers to Defendant's First Requests for Production of Documents. Plaintiff then requested Mr. Buchanan to execute a confidentiality agreement to receive responsive documents to Requests #12 and 16 *after* the deadline already passed. The initial responses do not object with specificity the withholding of the responsive documents, nor indicate in any way that the responsive documents being withheld are subject to a confidentiality agreement. As of the date of this motion, Mr. Buchanan has not received responsive documents to Requests #12 and 16.

In several of Plaintiff's initial responses to the Interrogatories, Plaintiff provided incomplete and evasive answers. *See* Plaintiff's Answers to Defendant's First Set of

Interrogatories. Plaintiff also objected on the basis that political viewpoints are irrelevant, immaterial, not reasonably calculated to lead to admissible evidence, and that Mr. Buchanan was attempting to inject political beliefs as a "proxy" among other objections. *Id.*

In good faith, Mr. Buchanan's counsel contacted Plaintiff's counsel to discuss the lack of document production to Requests #12 and 16, and the incomplete and evasive answers to Mr. Buchanan's interrogatories. The parties' counsel conferred via a phone call on November 25, 2025. Further, Mr. Buchanan's counsel followed up with Plaintiff's counsel and emailed a letter in good faith to resolve these discovery disputes. A true and correct copy of Mr. Buchanan's good faith letter to dated December 1, 2025, is attached hereto as **Exhibit A** and incorporated herein by reference. Plaintiff served its supplemental answers to Mr. Buchanan on December 5, 2025. *See* Notice of Service of Plaintiff's Supplemental Answers to Defendant's First Set of Interrogatories.

Plaintiff supplemented its responses to Requests #12 and 16 by affirming that responsive documents will be produced once a confidentiality agreement is agreed upon. No objections with specificity were made in the supplemental responses to these requests for production of documents. As to Interrogatories #7-8, and 16, Plaintiff's responses remain incomplete and evasive regarding political viewpoints and damages, respectively. As requested in Interrogatory #7, the political viewpoints of the employee who stated she "liked" the customer's fake bloodied shirt with "Problem Solved" on it, which was very similar to the shirt that Charlie Kirk wore when he died, are material to Plaintiff's claims and Mr. Buchanan's defenses. For the same reasons, as requested in Interrogatory #8, the political viewpoints of the owners of Plaintiff are also material, especially since Ray Carter has been identified as a witness. As to Interrogatory #16, Mr. Buchanan is entitled to request an itemization of Plaintiff's damages, which are material to Plaintiff's claims. Plaintiff is not providing a responsive answer and citing unwarranted objections in violation of Florida law.

Therefore, Mr. Buchanan now moves this Court to GRANT this Motion to Compel for Plaintiff to produce documents responsive to Request #12 and 16, and to sufficiently respond to the Interrogatories #7-8, and 16. Mr. Buchanan also seeks the recovery of his attorney's fees associated with filing and prosecuting this Motion to Compel.

### III.    ARGUMENT AND CITATION TO AUTHORITY

A. Plaintiff should be compelled to produce responsive documents without conditions to Requests for Production of Documents #12 and 16 because Plaintiff did not object nor file a protective order before the deadline.

Mr. Buchanan requests this Court to compel Plaintiff's production of documents responsive to Requests for Production of Documents #12 and #16 because (1) Plaintiff did not object to the withholding of responsive documents subject to a confidentiality agreement in its initial responses, (2) Plaintiff's partial document production was untimely, (3) Plaintiff's late partial document production was not responsive to Requests #12 and 16, (4) Plaintiff did not ask for an extension before the deadline, (5) Plaintiff did not file a protective order before the deadline, (6) Plaintiff sent a confidentiality agreement for Mr. Buchanan's consideration *after* the document production deadline passed, (7) Plaintiff waived its objections under Fla. R. Civ. P. 1.350(b)(5) and 1.350(b)(6) given its initial responses did not state any objections and the document production was untimely.

Defendant filed its First Requests for Production of Documents on October 23, 2025. Plaintiff's responses and document production were due on November 24, 2025 (30 days from the file date was November 22, 2025, which was a Saturday, so the following business day was November 24, 2025). Plaintiff filed its responses to Mr. Buchanan's First Requests for Production of Documents timely on November 20, 2025, but it produced a partial document production a day late on November 25, 2025. The partial document production was responsive to requests for

production of documents other than #12 and 16. Plaintiff never requested an extension nor filed a

protective order before the deadline. Also on November 25, 2025, (after the deadline) Plaintiff sent

Mr. Buchanan a confidentiality agreement to sign for the documents that it was withholding, which

related to the financials of Plaintiff. In order to resolve Plaintiff's withholding of responsive

documents, Mr. Buchanan's counsel initiated a phone call with Plaintiff's counsel and emailed a

letter in good faith efforts to resolve this discovery dispute. *See* **Exhibit A**. On December 5, 2025,

Plaintiff responded with its supplemental responses and continued to withhold production of

responsive documents to Requests for Production of Documents #12 and #16.

Request for Production of Documents #12 reads:

"All documents supporting any claim for damages, including calculations of actual damages, lost profits, lost revenues, loss of customers, irreparable harm, or reputation."

Plaintiff initially responded:

**"Copies of graphs and financials responsive to this request will be produced. Discovery is ongoing, and additional relevant financials will be produced as time proceeds."**

Plaintiff provided the following supplemental response:

**"AIC will produce the financials upon an agreed confidentiality agreement between the parties."**

Request for Production of Documents #16 reads:

"All documents showing any decline in sales, revenue, or profit allegedly caused by Defendant's Post, including but not limited to financial statements, POS data, and comparative monthly reports."

Plaintiff initially responded:

**"See Plaintiff's response to request number 12."**

Plaintiff provided the following supplemental response:

**"AIC will produce the financials upon an agreed confidentiality agreement between the parties."**

Plaintiff has waived his objections to withhold documents pursuant to Fla. R. Civ. P. 1.350(b)(5) and (6) for Requests #12 and 16. "If an objection is made to part of an item or category, ***the objection must state with specificity the grounds for objecting***, including the reasons." *See* Fla. Civ. P. 1.350(b)(5), (emphasis added). "***An objection must state whether any responsive materials are being withheld on the basis of that objection***. An objection to part of a request must specify the part and permit inspection of the rest." *See* Fla. R. Civ. P. 1.350(b)(6), (emphasis added). Under the Florida Rules of Civil Procedure, a party must "file timely motions to quash, or for a protective order, or written objections, in order to limit discovery of documents and materials otherwise within the scope of discovery." *Insurance Co. of North America v. Noya*, 398 So.2d 836, 836 (Fla. 5th DCA 1981). "Failure to take such timely action waives these objections, but it does not bar a party from asserting a privilege or exemption for matters outside the scope of permissible discovery." *Id.* Responses and document production to requests for production of documents are due within 30 days. *See* Fla. R. Civ. P. 1.350(b)(3). Rule 1.350 "requires that a party respond to a request and that any objections be specifically stated." *American Funding, Ltd. v. Hill*, 402 So.2d 1369, 1370 (Fla. 1st DCA 1981). "The trial court is given wide discretion in dealing with discovery matters, and unless there has been a clear abuse of discretion, the trial court's order will not be disturbed by the appellate court. *Id.* at 1371.

Plaintiff waived objections under Fla. R. Civ. P. 1.350(b)(5) and (6) to withhold responsive documents for Requests #12 and 16 because the initial responses provided no objections and the document production was not timely made. In Plaintiff's initial responses to Requests #12 and 16, Plaintiff timely filed its responses, but the responses did not object to producing responsive documents. The initial responses state that responsive documents will be produced with no objection on the basis of an agreed upon confidentiality agreement. A response that documents will

be produced and are not by the deadline is improper anyway. Plaintiff only asked for a confidentiality agreement for responsive documents only *after* the deadline had passed to produce the responsive documents. Essentially, Plaintiff did not provide *any* objection to producing responsive documents in its initial responses, but then withheld producing them based on a confidentiality agreement that was sent to Mr. Buchanan *after* the deadline had passed. Plaintiff's withholding of responsive documents under these circumstances is improper and in violation of the Florida Rules of Civil Procedure, and this Court should compel Plaintiff to produce responsive documents on this basis alone.

Plaintiff's supplemental responses have no bearing on the fact that Plaintiff's objections were already waived because the initial responses provided no objections and the document production was not timely made. However, the supplemental responses do not rescue Plaintiff anyway. In Plaintiff's supplemental responses to Request #12 and 16, Plaintiff merely states that financials will be produced once the parties agree on a confidentiality agreement. Not only is that not an objection, but it is also an overly broad statement without specificity. Furthermore, there is no objection by Plaintiff that responsive documents are being withheld subject to that objection. Plaintiff does not specify that responsive documents are subject to a confidentiality agreement – just that they will be produced once the parties agree on a confidentiality agreement. Plaintiff also has not asserted that the documents are protected, not that any privileges would apply.

Clearly, Plaintiff waived its objections to Request #12 and 16 because the initial responses provided no objections and document production was not timely made. Plaintiff's supplemental responses are too little too late, as they do not meet the requirements under Fla. R. Civ. P. 1.350(b)(5) and (6) anyway. At no point did Plaintiff properly object in accordance with Fla. R.

Civ. P. 1.350(b)(5) and (6) for the withholding of responsive documents. There is no basis for Plaintiff to continue withholding responsive documents to Requests #12 and 16.

Additionally, Plaintiff swore under oath and under penalty of perjury that responsive documents have been produced by Plaintiff. Interrogatory #15 to Plaintiff reads:

> "Identify all customers that Plaintiff alleges were lost as a result of Defendant's Post, and include their name, address, email address, contact information, approximately how often they visited the coffee shop, how much they spent, and why they are no longer a customer of Plaintiff."

Plaintiff initially responded:

> **"Plaintiff objects to this request as overly broad and overly burdensome as worded. Plaintiff has produced overall financials and graphs showing a downturn in revenues immediately following the Defendant's defamatory post. The Defendant's Facebook post and comments thereto are also being produced showing persons having unfavorable reactions and statements including that they would not be visiting the coffee shop because of the Defendant's defamatory statement."**

Plaintiff did not timely produce any documents related to financials. Also, Plaintiff says nothing in its initial response to this interrogatory that there are responsive documents subject to a confidentiality agreement or that they will be produced once a confidentiality agreement is agreed upon by the partes.

This Court should compel Plaintiff to produce responsive documents to Requests #12 and 16. Plaintiff is unable to argue the withholding of documents since its objections under Fla. R. Civ. P. 1.350(b)(5) and (6) have been waived. There are no other grounds under Florida law that are applicable for the continued withholding of these responsive documents. Mr. Buchanan requests this Court to GRANT this Motion to Compel as to Requests #12 and 16, and requests this Court to order Plaintiff to provide the responsive documents within ten days of an order.

B. Plaintiff's answers to Interrogatories #7-8, and 16 are incomplete and evasive, and the objections are unwarranted in violation of Florida law, and this Court should grant this motion to compel for Plaintiff to sufficiently respond to these Interrogatories.

Rule 1.280 of the Florida Rules of Civil Procedure reads that, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Rule 1.280 of the Florida Rules of Civil Procedure. In relevant part, Rule 1.380 of the Florida Rules of Civil Procedure allows for a motion to compel discovery upon reasonable notice to other parties and all persons affected if a party failed to answer or provided an evasive or incomplete answer to an interrogatory under Rule 1.340. Rule 1.380(a) of the Florida Rules of Civil Procedure.

"An evasive or incomplete answer may, in certain circumstances, be tantamount to a refusal to answer." *Herold v. Computer Components Intern., Inc.*, 252 So.2d 576, 580 (Fla. 4th DCA 1971). "A court is therefore justified in issuing an order either compelling a party to answer or compelling a party to submit a more complete answer." *Id.*

The Florida Court of Appeals has used a "dual test" to determine whether to compel a party to answer interrogatories: "(1) that the interrogatories must narrow the issues, and (2) reach matters reasonably calculated to lead to the discovery of admissible evidence concerning the pending action." *Watkins v. Mother's Auto Sales, Inc.*, 264 So.2d 439, 439 (Fla. 3rd DCA 1972).

In response to Mr. Buchanan's First Set of Interrogatories to Plaintiff, Plaintiff provided the following general objections:

"Plaintiff objects to these interrogatories to the extent they request information as to (i) the employees' or owners' "like" or "dislike" of Charlie Kirk and/or his political positions, and (ii) whether the employees or owners have a "liberal" or "conservative" political identification. See interrogatory numbers 7, 8. Such requests seek information that is irrelevant and immaterial to this action and are not reasonably calculated to lead to the discovery of admissible evidence. Defendant is improperly seeking to inject political beliefs or the agreeing or disagreeing with Charlie Kirk's political viewpoints as a false and misleading "proxy" that a person must have desired for or was "celebrating" another human's murder and which would tend to render the trial of this matter being based upon irrelevant and immaterial political sideshows outside of the issues in the case. Plaintiff will be moving for a protective order in relation to this objection."

Interrogatory #7 reads:

"Indicate whether the Employee of Plaintiff liked or disliked Charlie Kirk and his political viewpoints, knew that he was killed, was sympathetic to his passing, and identifies as liberal or conservative."

Plaintiff initially responded:

"See General Objection. Subject to the General Objection, Jackie Permenter did not know of Charlie Kirk or any of his viewpoints before his death. Ms. Permenter had heard of his death by the Date of the Incident and was sympathetic to his passing."

Interrogatory #8 reads:

"Indicate whether Ray Carter and Paige Carter liked or disliked Charle Kirk and his political viewpoints, knew that he was killed, was sympathetic to his passing, and identify as liberal or conservative."

Plaintiff initially responded:

"See General Objection. Subject to the General Objection, Ray Carter and Paige Carter were aware of Charlie Kirk's death as of the Date of the Incident and were sympathetic to his passing."

In a letter to Mr. Buchanan's counsel providing supplemental responses, Plaintiff's counsel

stated:

**"Interrogatory No. 7-8.**

We stand by our objections and will be filing a motion for protective order."

Interrogatory #16 reads:

"Identify and itemize all damages (past, current and future) from Defendant's Post that Plaintiff contends in this case, including but not limited to actual damages, irreparable harm, lost profits, sales, or revenue, loss of reputation."

Plaintiff initially responded:

"Damages are ongoing and future damages will be determined as time progresses. On a current basis, revenues were immediately substantially down in the 2 weeks after the date of Defendant's defamatory post (September 20, 2025) compared to the previous seven weeks going back to August 1, 2025. Revenues were also substantially down in the 2 week time period following the defamatory post as compared to the same time frame for 2024. Transactions in the 2 week time period after the defamatory statement were down approximately fourfold as compared to the prior 7 weeks going back to August 1, 2025. September was the least profitable month of the calendar year 2025. September was less profitable in 2025 than in 2024 or 2023."

In a letter to Mr. Buchanan's counsel, Plaintiff's counsel stated:

**"Interrogatory No. 16**

AIC will produce the financials upon an agreed confidentiality agreement between the parties."

Charlie Kirk was a nationally renowned conservative commentator who was assassinated on September 10, 2025, just ten days prior to date of the incident of this case. Mr. Buchanan made a Facebook post of his observation between the Plaintiff's employee that she "liked" a customer's shirt. *See* Verified Answer, ¶ 12. This particular shirt was white, had fake blood running down the left side, and had black print on the front. *See* Plaintiff's Complaint, ¶ 16. Charlie Kirk's shirt that he was wearing when he was assassinated was also white, had blood stains running down the left side (side of his neck where the bullet entered), and had black print on the front.

Plaintiff claims that the interaction between Plaintiff's employee and the customer had nothing to do with Charlie Kirk. *See* Plaintiff's Complaint, ¶ 16. However, given the fact that the customer wore this particular shirt ten days after Charlie Kirk's assassination, was very similar to

the shirt Charlie Kirk died in, and the date of the incident in the coffee shop was the day before Charlie Kirk's funeral, illustrates a strong inference that the Plaintiff's employee's statement that she "liked" the shirt referred to Charlie Kirk's death. Mr. Buchanan asserts that his Facebook post was his opinion of an observation between Plaintiff's employee and the customer wearing the shirt. *See* Verified Answer, generally.

The individual's shirt that the employee of Plaintiff complimented is at the core of this case, and that shirt is very similar to the shirt Charlie Kirk wore when he was assassinated. Charlie Kirk was shot in the left side of the neck, and this particular shirt shows blood running down the left side of the shirt. Additionally, the date of the incident was only ten days after the assassination and the day before Charlie Kirk's funeral. As such, Plaintiff's responses, objections, and refusal to answer on the basis that these Interrogatories are trying to inject political beliefs as a false and misleading "proxy" is not only improper, but also inaccurate and overly prejudicial towards Mr. Buchanan. Mr. Buchanan is permitted to request Interrogatories to Plaintiff within the confines of Rule 1.280 of the Florida Rules of Civil Procedure. These Interrogatories are material and relevant to Mr. Buchanan's defenses as to the Facebook post, and Plaintiff's claims. They are certainly reasonably calculated to lead to the discovery of admissible evidence. Plaintiff did not cite any privilege in its initial or supplemental responses to justify its non-answers, not that any would apply. No burden of expense was cited by Plaintiff, nor exists, for refusal to answer either. Therefore, Mr. Buchanan's Interrogatories requesting information about the political viewpoints of Plaintiff's employee, whether she liked or disliked Charlie Kirk, and whether she identifies as liberal or conservative are discoverable well within Rule 1.280 of the Florida Rules of Civil Procedure. The Interrogatories asking the owners of Plaintiff the same information is also discoverable for the same reasons.

Plaintiff concedes that information related to political viewpoints of Charlie Kirk is discoverable by requesting Mr. Buchanan for his social media posts related to Charlie Kirk in its First Requests for Production of Documents to Mr. Buchanan. In Request #9, Plaintiff asks Mr. Buchanan for, "All social media posts made by you relating to or referencing Charlie Kirk, including but not limited to posts on Facebook, Instagram, X (f/k/a Twitter), and/or Tik Tok." *See* Request #9 of First Requests for Production of Documents. Clearly, Plaintiff acknowledges that political information of the parties related to Charlie Kirk is discoverable.

For Interrogatory #16, Plaintiff provided a vague and overly broad answer that was not responsive to Mr. Buchanan's interrogatory. Interrogatory #16 clearly asks Plaintiff to itemize its past, current, and future damages as they are alleged in Plaintiff's Complaint. In its supplemental responses, Plaintiff asserts it will release the financials upon an agreed upon confidentiality agreement between the parties. However, Interrogatory #16 specifically asks about Plaintiff's damages, not financials. Plaintiff's damages and financials are not mutually exclusive, and Plaintiff could provide a sufficient response to Interrogatory #16 without disclosing financials that it believes are subject to a confidentiality agreement. Damages can be separate and distinct from financials, and are a broader scope. Additionally, Plaintiff's *production* of financials, as stated in Plaintiff's supplemental response, is not a proper response nor objection to an interrogatory that requests an itemization of damages. Damages are an essential element to Plaintiff's defamation claims, and Mr. Buchanan has a right to ask an interrogatory requesting an itemization of Plaintiff's damages, especially the damages that Plaintiff alleges in its Complaint.

Interrogatories 7, 8, and 16 narrow the issues of this case and are reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's initial and supplemental responses are incomplete and evasive. Mr. Buchanan respectfully requests this Court to GRANT this Motion to

Compel for Plaintiff to provide sufficient responses to Interrogatories # 7, 8, and 16 of Mr. Buchanan's First Interrogatories, and requests this Court to order Plaintiff to sufficient responses within ten days of an order.

C. Mr. Buchanan requests his attorneys' fees for filing and prosecuting this Motion to Compel.

Rule 1.380(a)(4) of the Florida Rules of Civil Procedure states that, "If the motion [to compel] is granted and after opportunity for hearing, the court shall require the party or deponent whose conduct necessitated the motion or the party or counsel advising the conduct to pay to the moving party the reasonable expenses incurred in obtaining the order that may include attorneys' fees, unless the court finds that the movant failed to certify in the motion that a good faith effort was made to obtain the discovery without court action, that the opposition to the motion was substantially justified, or that other circumstances make an award of expenses unjust. If the motion is denied and after opportunity for hearing, the court shall require the moving party to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion that may include attorneys' fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust. If the motion is granted in part and denied in part, the court may apportion the reasonable expenses incurred as a result of making the motion among the parties and persons." Rule 1.380(a)(4) of the Florida Rules of Civil Procedure.

Mr. Buchanan attempted to resolve this discovery dispute on two separate occasions prior to filing this Motion to Compel, through a phone call on November 25, 2025, with Plaintiff and a good faith letter to Plaintiff. *See* **Exhibit A**. Plaintiff's objections for withholding responsive documents were already waived when Plaintiff provided its supplemental responses. Plaintiff did not follow the Florida Rules of Civil Procedure for producing responsive documents, and Mr.

Buchanan should not penalized for having to file this Motion to Compel and involve the Court in order to receive discoverable documents. Plaintiff stood by its objections and continued to refuse to sufficiently answer the Interrogatories in its supplemental responses. Mr. Buchanan is entitled to request Interrogatories within the confines of Rules 1.280 and 1.380 of the Florida Rules of Civil Procedure and receive responsive answers. Plaintiff's objections, evasive answers, and refusals to answer Interrogatories #7, 8, and 16 are not justified, and forced Mr. Buchanan to file this Motion to Compel. Mr. Buchanan should not be penalized for having to incur costs to file and prosecute this Motion to Compel to receive interrogatory responses that are discoverable under Florida law. There is no substantial reason or excuse for Plaintiff's withholding of responsive documents and providing incomplete and evasive interrogatory responses. Mr. Buchanan requests this Court to GRANT his attorneys' fees, and all other costs, including any travel costs, associated with filing and prosecuting this Motion to Compel. Mr. Buchanan will supplement this Motion with the amount of fees and costs he seeks after his bills are finalized prior to the hearing.

### D.    CONCLUSION

Plaintiff improperly withheld documents from Mr. Buchanan's Requests #12 and 16. Plaintiff provided incomplete and evasive responses to Mr. Buchanan's First Interrogatories, including its supplemental responses to Interrogatories #7-8, and 16. The documents requested in these Requests for Production of Documents and the information requested in the Interrogatories are discoverable under the Florida Rules of Civil Procedure, and Plaintiff improperly answered with incomplete and evasive responses with baseless objections. Mr. Buchanan respectfully requests this Court to GRANT this Motion to Compel for Plaintiff to provide responsive documents to Requests #12 and 16, and to sufficiently respond to Interrogatories #7-8, and 16, within ten days of an order issued by this Court. Mr. Buchanan further requests this Court to

GRANT the recovery of his attorneys' fees related to the filing and prosecuting of this Motion to Compel.

Respectfully submitted this 23rd day of December 2025.

CHALMERS, ADAMS, BACKER & KAUFMAN, LLC

/s/ Kevin T. Kucharz
Kevin T. Kucharz
Florida Bar No. 883611
Christian G. Zimm
Florida Bar No. 1028178
*Attorneys for Blake F. Buchanan*

11770 Haynes Bridge Road
#205-219
Alpharetta, GA 30009-1968
(678) 470-3755
kkucharz@chalmersadams.com
czimm@chalmersadams.com

## IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
## IN AND FOR NASSAU COUNTY, FLORIDA

AIC FERNANDINA, LLC d/b/a )
AMELIA ISLAND COFFEE, a Florida limited )
liability company, )
         )
      *Plaintiff,* )
         )
v.                        )      CASE NO.:
         )      2025-CA-000311-AXYX
         )
BLAKE F. BUCHANAN, )
         )
      *Defendant.* )
                             )

## DEFENDANT'S CERTIFICATION

The undersigned counsel on behalf of Defendant attempted to resolve this discovery dispute with Plaintiff's counsel via a phone call on November 25, 2025, and by sending a good faith letter on December 1, 2025. *See* **Exhibit A**. Plaintiff's supplemental responses did not resolve this discovery dispute. Defendant has been unable to resolve this discovery dispute with Plaintiff.

This 23rd day of December 2025.

                                          **CHALMERS, ADAMS, BACKER &**
                                          **KAUFMAN, LLC**

                                          */s/ Kevin T. Kucharz*
                                          Kevin T. Kucharz
                                          Florida Bar No. 883611
                                          Christian G. Zimm
11770 Haynes Bridge Road                   Florida Bar No. 1028178
#205-219                                *Attorneys for Blake F. Buchanan*
Alpharetta, GA 30009-1968
(678) 470-3755
kkucharz@chalmersadams.com
czimm@chalmersadams.com

## CERTIFICATE OF SERVICE

This is to certify that I have today served the **DEFENDANT'S MOTION TO COMPEL DOCUMENT PRODUCTION AND DISCOVERY RESPONSES FROM PLAINTIFF AND REQUEST FOR EXPENSES OF MOTION** to the following counsel via statutory electronic service:

Matthew P. McLauchlin, Esq.
MCLAUCHLIN LAW, PLLC
7645 Gate Parkway, Su. 106
Jacksonville, FL 32256
matt@mpmlawyers.com
*Attorney for Plaintiff*

Michael L. Duncan, Esq.
DUNCAN TRIAL & MEDIATION
301 W. Bay St., Su. 1446
Jacksonville, FL 32202
mikeduncan@mikeduncanlaw.com
*Attorney for Plaintiff*

This 23rd day of December 2025.

CHALMERS, ADAMS, BACKER &
KAUFMAN, LLC

/s/ Kevin T. Kucharz
Kevin T. Kucharz
Florida Bar No. 883611
Christian G. Zimm
Florida Bar No. 1028178
*Attorneys for Blake F. Buchanan*

11770 Haynes Bridge Road
#205-219
Alpharetta, GA 30009-1968
(678) 470-3755
kkucharz@chalmersadams.com
czimm@chalmersadams.com

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
IN AND FOR NASSAU COUNTY, FLORIDA

AIC FERNANDINA, LLC d/b/a )
AMELIA ISLAND COFFEE, a Florida limited )
liability company, )
         )
      *Plaintiff*, )
         )
v. )        CASE NO.:
         )        2025-CA-000311-AXYX
         )
BLAKE F. BUCHANAN, )
         )
      *Defendant*. )
         )

## DEFENDANT'S CERTIFICATION

The undersigned counsel on behalf of Defendant attempted to resolve this discovery dispute with Plaintiff's counsel via a phone call on November 25, 2025, and by sending a good faith letter on December 1, 2025. *See* **Exhibit A**. Plaintiff's supplemental responses did not resolve this discovery dispute. Defendant has been unable to resolve this discovery dispute with Plaintiff.

This 23rd day of December 2025.

                          **CHALMERS, ADAMS, BACKER &**
                          **KAUFMAN, LLC**

                          */s/ Kevin T. Kucharz*
                          Kevin T. Kucharz
                          Florida Bar No. 883611
                          Christian G. Zimm
11770 Haynes Bridge Road            Florida Bar No. 1028178
#205-219                       *Attorneys for Blake F. Buchanan*
Alpharetta, GA 30009-1968
(678) 470-3755
kkucharz@chalmersadams.com
czimm@chalmersadams.com

## CERTIFICATE OF SERVICE

This is to certify that I have today served the **DEFENDANT'S MOTION TO COMPEL DOCUMENT PRODUCTION AND DISCOVERY RESPONSES FROM PLAINTIFF AND REQUEST FOR EXPENSES OF MOTION** to the following counsel via statutory electronic service:

Matthew P. McLauchlin, Esq.
MCLAUCHLIN LAW, PLLC
7645 Gate Parkway, Su. 106
Jacksonville, FL 32256
matt@mpmlawyers.com
*Attorney for Plaintiff*

Michael L. Duncan, Esq.
DUNCAN TRIAL & MEDIATION
301 W. Bay St., Su. 1446
Jacksonville, FL 32202
mikeduncan@mikeduncanlaw.com
*Attorney for Plaintiff*

This 23rd day of December 2025.

CHALMERS, ADAMS, BACKER &
KAUFMAN, LLC

/s/ Kevin T. Kucharz
Kevin T. Kucharz
Florida Bar No. 883611
Christian G. Zimm
Florida Bar No. 1028178
*Attorneys for Blake F. Buchanan*

11770 Haynes Bridge Road
#205-219
Alpharetta, GA 30009-1968
(678) 470-3755
kkucharz@chalmersadams.com
czimm@chalmersadams.com

# Exhibit A

**(To Defendant's Motion to Compel)**

| C\|A | Chalmers, Adams, Backer | 11770 Haynes Bridge Road, #205-415 |
|---|---|---|
| B\|K | & Kaufman, LLC | Alpharetta, Georgia 30009-1968 |

11770 Haynes Bridge Road, #205-415
Alpharetta, Georgia 30009-1968
(678) 470-3755
czimny@chalmersadams.com

December 1, 2025

**VIA EMAIL ONLY:** matt@mpmlawyers.com; mikeduncan@mikeduncanlaw.com;
attorneymikeduncan@gmail.com; amber@mikeduncanlaw.com; erin@mpmlawyers.com

Matthew McLauchlin, Esq.
MCLAUCHLIN LAW, PLLC
7645 Gateway Parkway, Su. 106
Jacksonville, FL 32256

Mike Duncan, Esq.
DUNCAN TRIAL & MEDIATION
301 W. Bay St., Su. 1446
Jacksonville, FL 32202

**RE:** **Good Faith Letter to Resolve Discovery Dispute**
*AIC Fernandina Beach, LLC d/b/a Amelia Island Coffee v. Blake F. Buchanan*
In the Circuit Court, Fourth Judicial Circuit, in and for Nassau County, Florida
Case No. 2025-CA-000311

Mr. McLauchlin and Mr. Duncan,

As you are aware, this law firm represents Mr. Buchanan in the above-referenced matter. I appreciated our call last week discussing this case and this discovery dispute. This letter is sent following up on our conversation in a good faith effort to resolve the discovery dispute of Plaintiff's insufficient and nonresponsive answers to Mr. Buchanan's initial discovery requests.

Mr. Buchanan's First Interrogatories to Plaintiff, First Requests for Admissions to Plaintiff, and First Requests for Production of Documents were served to Plaintiff with the Verified Answer on October 23, 2025. Your initial responses to Mr. Buchanan's discovery requests were filed on November 20, 2025, but your initial document production was late as it was produced on November 24, 2025. Furthermore, as we discussed over the phone, you have acknowledged you have not produced any requested financial information related to Plaintiff.

In terms of the Confidentiality Agreement, I am declining to agree at this time. First, the document production was a day late, and you did not request an extension before the deadline expired. Second, none of your responses to Mr. Buchanan's First Requests for Production of Documents reference the need for a confidentiality agreement for some documents to be produced. Third, you sent me the Confidentiality Agreement *after* your responses were late and *after* I requested a meeting to engage in a good faith discussion to resolve the insufficient and nonresponsive responses and document production. There was no request for a Confidentiality Agreement before you served your responses or provided your document production. Fourth, the Confidentiality Agreement is overly broad, and potentially pertains to documents other than

financials by its language. I may consider another version of the Confidentiality Agreement if you sent me a more revised version that only pertains to the financial documents of Plaintiff.

In terms of Plaintiff's Interrogatory responses, Ray Carter perjured himself in response to Interrogatory #15. No financial documents were produced to Mr. Buchanan when the responses to the Interrogatories were served and the notice was filed, which you have acknowledged. By the language of the affidavit he signed, Ray Carter committed perjury and is subject to fines and/or imprisonment for making a false statement.

Mr. Buchanan must receive all responsive answers and documents as requested by **Friday, December 5, 2025, 5:00P.M. EST**, or he will take the necessary action with the Court including, but not limited to, filing a motion to compel and seeking his attorneys' fees and costs as the statute allows. Mr. Buchanan reserves all rights to receive sufficient responses from Plaintiff.

## Mr. Buchanan's First Continuing Interrogatories to Plaintiff

Interrogatory #1: Identify all employees, managers, owners, and officers of Plaintiff as of the Date of the Incident, and that worked at Plaintiff's coffee shop on the Date of the Incident, and provide their names, job titles, duties and responsibilities, phone numbers, email addresses, and full addresses.

RESPONSE: The following employees were working at the coffee shop on the Date of the Incident at the time of the Incident. They may be contacted through undersigned counsel.

Sara Hall - Barista
Caitlyn Terry - Barista
Chloe Whitaker - Barista
Jaclyn Permenter - Food / Barista
Meilani Pruitt - Barista
Brennan Webb - Barista
Ray Carter - Owner/Manager

**Deficiency: The Interrogatory clearly asks for all employees, managers, owners, and officers of Plaintiff as of the Date of the Incident – not just those that worked on the Date of the Incident. Plaintiff produced an employee log for the Date of the Incident which showed that Plaintiff has more employees than were initially disclosed. Please provide a sufficient response as to the employees, managers, owners, and officers of Plaintiff as of the Date of the Incident**

Interrogatory #2: Identify all communications between Plaintiff's employees, managers, and officers and the Customer, and provide the subject matter and content of the communications.

RESPONSE: Employee, Jaclyn "Jackie" Permenter, stated to the Customer, "I like your shirt. I can't tell what's on it, but I like it." and, "Oh, I love your shirt." and, "Have a nice day."

**Deficiency: Plaintiff did not include any communications from the Customer to Ms. Permenter, or any else on behalf of Plaintiff. Did Ms. Permenter speak to herself, and the Customer not respond? Please provide a sufficient response as to all communications**

between Plaintiff's employees, managers, and officers and the Customer, including the statements made by the Customer to Ms. Permenter or anyone else.

Interrogatory #6: Indicate whether the Employee of Plaintiff knew that the Customer's shirt related to Charlie Kirk and his death, and why she said she "liked" it. If not, then indicate why she stated she liked the Customer's shirt and what she believed the shirt referred to.

RESPONSE: The Customer's shirt stated nothing about Charlie Kirk, and Jackie Permenter stated she liked the Customer's shirt solely because she has a particular liking for horror movies, horror related shirts, Halloween and Halloween costumes and shirts. Ms. Permenter merely stated she liked the Customer's shirt for this reason. The statement had nothing to do with Charlie Kirk.

**Deficiency: Plaintiff's initial response states nothing about what Ms. Permenter thought the shirt referred to. Plaintiff's initial response explains that she liked the shirt because she also likes horror movies, shirts, and Halloween, but she does not respond as to what she believe the shirt referred to, if anything. Please provide a sufficient response.**

Interrogatory #7: Indicate whether the Employee of Plaintiff liked or disliked Charlie Kirk and his political viewpoints, knew that he was killed, was sympathetic to his passing, and identifies as liberal or conservative.

RESPONSE: See General Objection. Subject to the General Objection, Jackie Permenter did not know of Charlie Kirk or any of his viewpoints before his death. Ms. Permenter had heard of his death by the Date of the Incident and was sympathetic to his passing.

**Deficiency: Plaintiff's General Objection that whether Ms. Permenter liked or disliked Charlie Kirk and his political viewpoints, and whether she is conservative or liberal, is immaterial and immaterial is unfounded. Her opinion of Charlie Kirk, and her political beliefs and opinions, are relevant to the material issues of this case, and absolutely will reasonably lead to the discovery of admissible evidence. Plaintiff's initial response says nothing about whether she liked or disliked Charlie Kirk's political viewpoints, and whether she is liberal or conservative. Plaintiff already disclosed in its initial document production that Ms. Permenter has opinions, but keeps them to herself. Please provide a sufficient response.**

Interrogatory #8: Indicate whether Ray Carter and Paige Carter liked or disliked Charle Kirk and his political viewpoints, knew that he was killed, was sympathetic to his passing, and identify as liberal or conservative.

RESPONSE: See General Objection. Subject to the General Objection, Ray Carter and Paige Carter were aware of Charlie Kirk's death as of the Date of the Incident and were sympathetic to his passing.

**Deficiency: Plaintiff's General Objection that whether Ray Carter and Paige Carter liked or disliked Charlie Kirk and his political viewpoints, and whether they are conservative or liberal, is immaterial and immaterial is unfounded. Their opinion of Charlie Kirk, and their political beliefs and opinions, are relevant to the material issues of this case, and absolutely will reasonably lead to the discovery of admissible evidence. Plaintiff's initial response says**

nothing about whether they liked or disliked Charlie Kirk's political viewpoints, and whether they are liberal or conservative. Please provide a sufficient response.

Interrogatory #9: Identify all customers and possible witnesses of the Incident, and include their names, email addresses, phone numbers, full addresses, and whether they are represented by counsel, if so provide their counsel's information.

RESPONSE: Plaintiff knows of no customers that witnessed nor claimed to have witnessed the interaction between the Employee and the Customer.

**Deficiency: Plaintiff does not identify all possible witnesses of the Incident, just that no other customers witnessed the interaction. In response to Request for Admission #24, Plaintiff admits that were witnesses in the coffee shop that observed the Employee's comment to the Customer that she "liked" the shirt. Plaintiff also produced documents that indicate Ray Carter was a witness. Please provide a sufficient response of all witnesses.**

Interrogatory #10: Identify how Plaintiff discovered Defendant's post, and whether Ray Carter, Paige Carter, or any employee of Plaintiff are members of the Fernandina Beach Amelia Island Network Facebook group.

RESPONSE: Ray Carter, owner of Amelia Island Coffee, discovered the post on 9/22/2025 when he came into the coffee shop and employees Jackie Permenter and Hannah Worley showed him the Defendant's defamatory post. Paige Carter, coowner of Amelia Island Coffee, and employees, Haley Land and Jackie Permenter, are members of the Fernandina Beach Amelia Island Network Facebook Group.

**Deficiency: Plaintiff's response is silent whether Ray Carter and Paige Carter are members of the Fernandina Beach Amelia Island Network Facebook Group. Please provide a sufficient response.**

Interrogatory #11: Identify all communications, actions, gestures, and pleasantries exchanged between the Employee(s) and the Customer on the Date of the Incident in Plaintiff's coffee shop.

RESPONSE: Jackie Permenter stated to the Customer while initially observing only the back of the Customer's t-shirt: "I like your shirt. I can't tell what's on it, but I like it." When the Customer heard this and turned around, Ms. Permenter stated: "Oh I love your shirt." Later when the Customer left the coffee shop, Ms. Permenter stated to the Customer, "Have a nice day."

**Deficiency: Plaintiff did not include any communications from the Customer to Ms. Permenter. Did Ms. Permenter speak to herself, and the Customer not respond? Please provide a sufficient response as to all communications between Ms. Permenter and the Customer, including the statements made by the Customer to Ms. Permenter.**

Interrogatory #12: Identify all communications (emails, text messages, group chats, social-media posts, etc.) between Plaintiff's employees, managers, owners, and officers regarding the Incident, and include the subject matter and content of the communications.

RESPONSE: All such communications have been or will be produced in response to Defendant's First Requests for Production.

**Deficiency: All communications have not been produced. Mr. Buchanan has reason to believe there are more communications that have not been identified or produced. Please provide a sufficient response.**

Interrogatory #13: Identify all communications (emails, text messages, group chats, social-media posts, etc.) between Plaintiff's employees, managers, owners, and officers and any third party regarding the Incident, and include the subject matter and content of the communications.

RESPONSE: All such communications have been or will be produced in response to Defendant's First Requests for Production.

**Deficiency: All communications have not been produced. Mr. Buchanan has reason to believe there are more communications that have not been identified or produced. Please provide a sufficient response.**

Interrogatory #15: Identify all customers that Plaintiff alleges were lost as a result of Defendant's Post, and include their name, address, email address, contact information, approximately how often they visited the coffee shop, how much they spent, and why they are no longer a customer of Plaintiff.

RESPONSE: Plaintiff objects to this request as overly broad and overly burdensome as worded. Plaintiff has produced overall financials and graphs showing a downturn in revenues immediately following the Defendant's defamatory post. The Defendant's Facebook post and comments thereto are also being produced showing persons having unfavorable reactions and statements including that they would not be visiting the coffee shop because of the Defendant's defamatory statement.

**Deficiency: Plaintiff has not produced overall financial and graphs showing a downturn in revenues, or any other financial documentation as of the date of this letter. Plaintiff's counsel has acknowledged that no financial information has been produced to Mr. Buchanan. Ray Carter committed perjury and is subject to fines and/or imprisonment for making a false statement, by the language of the affidavit he signed. Furthermore, Plaintiff has not provided any customers that it allegedly lost because of Mr. Buchanan's post, nor any information requested regarding those lost customers. Please provide a sufficient response.**

Interrogatory #16: Identify and itemize all damages (past, current and future) from Defendant's Post that Plaintiff contends in this case, including but not limited to actual damages, irreparable harm, lost profits, sales, or revenue, loss of reputation.

RESPONSE: Damages are ongoing and future damages will be determined as time progresses. On a current basis, revenues were immediately substantially down in the 2 weeks after the date of Defendant's defamatory post (September 20, 2025) compared to the previous seven weeks going back to August 1, 2025. Revenues were also substantially down in the 2 week time period following the defamatory post as compared to the same time frame for 2024. Transactions in the 2 week time period after the defamatory statement were down approximately fourfold as compared to the prior 7 weeks going back to August 1, 2025. September was the least profitable month of the calendar year 2025. September was less profitable in 2025 than in 2024 or 2023.

**Deficiency: Plaintiff did not provide an itemization of all damages (past, current, and future) allegedly from Mr. Buchanan's post. Plaintiff broadly and vaguely stated that revenues are down comparatively after the post was made. Plaintiff has also not provided any financial documents in response to Mr. Buchanan's Requests for Production of Documents. Please provide a sufficient response.**

<u>Mr. Buchanan's First Requests for Admissions to Plaintiff</u>

<u>Request #12</u>: Admit that the Employee was aware of Charlie Kirk and his political viewpoints on the Date of the Incident.

RESPONSE: Admitted that the Employee was aware of Charlie Kirk at the time of the Incident. Plaintiff objects to the remainder of this request as it seeks information that is irrelevant and immaterial to this action and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant is improperly seeking to inject political beliefs or the agreeing or disagreeing with Charlie Kirk's political viewpoints as a false and misleading "proxy" that a person must have desired for or was "celebrating" another human's murder and which would tend to render the trial of this matter being based upon irrelevant and immaterial political sideshows outside of the issues in the case. Plaintiff will be moving for a protective order in relation to this objection.

**Deficiency: Plaintiff's objection to the remainder of this Request is improper pursuant to Fla. R. Civ. P. 1.280(c) and 1.370(a). Whether Employee was aware of Charlie Kirk's political viewpoints on the Date of the Incident is relevant, material, and reasonably calculated to lead to the discovery of admissible evidence. Clearly, the Employee's comments that she "liked" and "loved" the Customer's shirt, which was blood stained with "Problem Solved" on it, may have referred to Charlie Kirk's assassination, which occurred just ten days prior to the Date of the Incident. Please provide a sufficient response.**

<u>Request #13</u>: Admit that the Employee disliked Charlie Kirk and his political viewpoints.

RESPONSE: Admitted that the Employee was aware of Charlie Kirk at the time of the Incident. Plaintiff objects to the remainder of this request as it seeks information that is irrelevant and immaterial to this action and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant is improperly seeking to inject political beliefs or the agreeing or disagreeing with Charlie Kirk's political viewpoints as a false and misleading "proxy" that a person must have desired for or was "celebrating" another human's murder and which would tend to render the trial of this matter being based upon irrelevant and immaterial political sideshows outside of the issues in the case. Plaintiff will be moving for a protective order in relation to this objection.

**Deficiency: Plaintiff's objection to the remainder of this Request is improper pursuant to Fla. R. Civ. P. 1.280(c) and 1.370(a). Whether Employee liked or disliked Charlie Kirk's political viewpoints is relevant, material, and reasonably calculated to lead to the discovery of admissible evidence. Clearly, the Employee's comments that she "liked" and "loved" the Customer's shirt, which was blood stained with "Problem Solved" on it, may have referred to Charlie Kirk's assassination, and may have been influenced by her political viewpoints. Please provide a sufficient response.**

Request #16: Admit that the Employee identifies as a liberal.

RESPONSE: Plaintiff objects to this request as it seeks information that is irrelevant and immaterial to this action and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant is improperly seeking to inject political beliefs or the agreeing or disagreeing with Charlie Kirk's political viewpoints as a false and misleading "proxy" that a person must have desired for or was "celebrating" another human's murder and which would tend to render the trial of this matter being based upon irrelevant and immaterial political sideshows outside of the issues in the case. Plaintiff will be moving for a protective order in relation to this objection.

**Deficiency: Plaintiff's objection to the remainder of this Request is improper pursuant to Fla. R. Civ. P. 1.280(c) and 1.370(a). Whether Employee identifies as a liberal is relevant, material, and reasonably calculated to lead to the discovery of admissible evidence. Clearly, the Employee's comments that she "liked" and "loved" the Customer's shirt, which was blood stained with "Problem Solved" on it, may have referred to Charlie Kirk's assassination, and may have been influenced by her political viewpoints. Please provide a sufficient response.**

Request #17: Admit that the Employee identifies as a Democrat.

RESPONSE: Plaintiff objects to this request as it seeks information that is irrelevant and immaterial to this action and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant is improperly seeking to inject political beliefs or political party affiliation as a false and misleading "proxy" that a person must have desired for or was "celebrating" another human's murder and which would tend to render the trial of this matter being based upon irrelevant and immaterial political sideshows outside of the issues in the case. Plaintiff will be moving for a protective order in relation to this objection.

**Deficiency: Plaintiff's objection to the remainder of this Request is improper pursuant to Fla. R. Civ. P. 1.280(c) and 1.370(a). Whether Employee is a Democrat is relevant, material, and reasonably calculated to lead to the discovery of admissible evidence. Clearly, the Employee's comments that she "liked" and "loved" the Customer's shirt, which was blood stained with "Problem Solved" on it, may have referred to Charlie Kirk's assassination, and may have been influenced by her political affiliation. Please provide a sufficient response.**

**Mr. Buchanan's First Requests for Production of Documents to Plaintiff**

Request #1: All documents identifying each employee, manager, owner, and officer who worked at the coffee shop on the Date of the Incident.

RESPONSE: Plaintiff objects to this request as overly broad and unduly burdensome as worded. Subject to and without waiving this objection, Plaintiff will produce a copy of the employee schedule for the time period of the Incident identifying the employees on schedule on the date of the Incident.

**Deficiency: Plaintiff only produced an employee schedule as of the Date of the Incident. Mr. Buchanan has reason to believe there are more responsive documents that have not been produced. Notwithstanding any applicable objections, Plaintiff cannot pick and choose**

which documents of a request to provide. Please provide a sufficient response and all responsive documents.

Request #3: All communications and documents between any employee, manager, or officer of Plaintiff and any third party, including emails, texts, social-media messages, or notes regarding the Incident, Customer, and Defendant's Post.

RESPONSE: Plaintiff objects to this request to the extent it seeks communications and documents that are protected by the attorney-client privilege or work product doctrine. Subject to this objection, documents responsive to this request will be produced.

**Deficiency: All communications have not been produced. In response to Interrogatory #17, Plaintiff stated that communications were made to the admins of the Facebook Group where the post made, yet none were produced. Mr. Buchanan has reason to believe there are more communications that have not been produced. Plaintiff must provide all responsive documents to this request. Furthermore, Plaintiff violated Fla. R. Civ. P. 1.350(b)(3) for not producing these documents before the deadline. Plaintiff also violated Fla. R. Civ. P. 1.350(b)(6) for not stating whether any responsive documents are being withheld on the basis of its objections. Also, Plaintiff violated Rule 1.280(c)(6) because it withheld the production of documents otherwise discoverable and claimed attorney-client privilege and work product doctrine, but did not describe the nature of the documents, communications, or things not produced so that Mr. Buchanan could assess the applicability of the privilege or protection. Plaintiff also did not specify which part of the request it objects to subject to the documents being withheld. Please provide a sufficient response and all responsive documents.**

Request #4: All documents and communications, texts, emails, or social-media posts or messages among Plaintiff's employees, managers, or owners regarding the Incident, Customer, or Defendant's Post.

RESPONSE: Plaintiff objects to this request to the extent it seeks communications and documents that are protected by the work product doctrine. Subject to this objection, documents responsive to this request will be produced.

**Deficiency: All communications have not been produced. In response to Interrogatory #17, Plaintiff stated that communications were made to the admins of the Facebook Group where the post made, yet none were produced. Mr. Buchanan has reason to believe there are more communications that have not been produced. Plaintiff must provide all responsive documents to this request. Furthermore, Plaintiff violated Fla. R. Civ. P. 1.350(b)(3) for not producing these documents before the deadline. Plaintiff also violated Fla. R. Civ. P. 1.350(b)(6) for not stating whether any responsive documents are being withheld on the basis of its objections. Plaintiff also did not specify which part of the request it objects to subject to the documents being withheld. Also, Plaintiff violated Rule 1.280(c)(6) because it withheld the production of documents otherwise discoverable and claimed work product doctrine protection, but did not describe the nature of the documents, communications, or things not produced so that Mr. Buchanan could assess the applicability of the privilege or protection. Please provide a sufficient response and all responsive documents.**

Request #9: All documents and communications identifying customers or other witnesses present during the Incident, including any witness statements or contact logs

RESPONSE: None as to customers or "other witnesses." A schedule for the employees present at the date and time of the Incident and the Employee text messages, will be produced.

**Deficiency: In response to Request for Admission #24, Plaintiff admits that were witnesses in the coffee shop that observed the Employee's comment to the Customer that she "liked" the shirt. Plaintiff also produced documents that indicate Ray Carter was a witness. Mr. Buchanan has reason to believe there are more documents and communications that have not been produced. Plaintiff must provide all responsive documents to this request. Furthermore, Plaintiff violated Fla. R. Civ. P. 1.350(b)(3) for not producing these documents before the deadline. Plaintiff also violated Fla. R. Civ. P. 1.350(b)(6) for not stating whether any responsive documents are being withheld on the basis of its objections. Plaintiff also did not specify which part of the request it objects to subject to the documents being withheld. Please provide a sufficient response and all responsive documents.**

Request #11: All reports, memoranda, notes, journal entries, logs, or similar documents of Plaintiff concerning the Incident, the Customer, or Defendant's Post.

RESPONSE: None.

**Deficiency: Mr. Buchanan has reason to believe there are documents that have not been produced. Plaintiff must provide all responsive documents to this request. Please provide a sufficient response and all responsive documents.**

Request #12: All documents supporting any claim for damages, including calculations of actual damages, lost profits, lost revenues, loss of customers, irreparable harm, or reputation.

RESPONSE: Copies of graphs and financials responsive to this request will be produced. Discovery is ongoing, and additional relevant financials will be produced as time proceeds.

**Deficiency: No responsive documents have been produced. Plaintiff requested a Confidentiality Agreement for documents related to the financials *after* the deadline had passed to produce responsive documents. Plaintiff violated Fla. R. Civ. P. 1.350(b)(3) for not producing these documents before the deadline. Plaintiff has acknowledged that responsive documents exist. Plaintiff also violated Fla. R. Civ. P. 1.350(b)(6) for not stating whether any responsive documents are being withheld on the basis of its objections. Plaintiff also did not specify which part of the request it objects to subject to the documents being withheld. Please provide a sufficient response and all responsive documents.**

Request #13: All documents evidencing steps Plaintiff took to mitigate or limit its alleged damages.

RESPONSE: Plaintiff will produce (i) the letter from Plaintiff's attorney to the attorney for Mr. Buchanan demanding he take down his Facebook post and (ii) (following Mr. Buchanan's failure or refusal to take down the post), Plaintiff's request to the administrator of the local Facebook group requesting Mr. Buchanan's post be removed.

**Deficiency: No responsive documents have been produced. Plaintiff violated Fla. R. Civ. P. 1.350(b)(3) for not producing these documents before the deadline. Plaintiff also violated Fla.**

R. Civ. P. 1.350(b)(6) for not stating whether any responsive documents are being withheld on the basis of its objections. Plaintiff also did not specify which part of the request it objects to subject to the documents being withheld. Please provide a sufficient response and all responsive documents.

Request #16: All documents showing any decline in sales, revenue, or profit allegedly caused by Defendant's Post, including but not limited to financial statements, POS data, and comparative monthly reports.

RESPONSE: See Plaintiff's response to request number 12.

**Deficiency: No responsive documents have been produced. Plaintiff requested a Confidentiality Agreement for documents related to the financials *after* the deadline had passed to produce responsive documents. Plaintiff violated Fla. R. Civ. P. 1.350(b)(3) for not producing these documents before the deadline. Plaintiff has acknowledged that responsive documents exist. Plaintiff also violated Fla. R. Civ. P. 1.350(b)(6) for not stating whether any responsive documents are being withheld on the basis of its objections. Plaintiff also did not specify which part of the request it objects to subject to the documents being withheld. Please provide a sufficient response and all responsive documents.**

Request #21: All communications between Plaintiff and any member of the public, media outlet, or law enforcement agency regarding the Incident, the Customer, or Defendant's Post.

RESPONSE: None.

**Deficiency: In response to Interrogatory #25, Plaintiff stated that Ray Carter spoke with City of Fernandina Beach Police Officers Jon Helper and Jason Helper. No responsive documents have been produced. Plaintiff violated Fla. R. Civ. P. 1.350(b)(3) for not producing these documents before the deadline. Plaintiff also violated Fla. R. Civ. P. 1.350(b)(6) for not stating whether any responsive documents are being withheld on the basis of its objections. Plaintiff also did not specify which part of the request it objects to subject to the documents being withheld. Please provide a sufficient response and all responsive documents.**

As you can see, there are numerous answers and responses that Plaintiff provided in its initial responses that are insufficient and unclear. If these responses are not sufficiently supplemented by **Friday, December 5 at 5:00P.M. EST**, Mr. Buchanan will file a motion to compel, seek the recovery of his attorneys' fees and costs, and take any other appropriate action with the Court, including but not limited to sanctions.

<div style="margin-left:40%">

Sincerely,

CHALMERS, ADAMS, BACKER & KAUFMAN, LLC

*/s/ Christian G. Zimm, Esq.*

Christian G. Zimm, Esq.
For the Firm

</div>

cc: Kevin T. Kucharz, Esq.

## IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
## IN AND FOR NASSAU COUNTY, FLORIDA

AIC FERNANDINA, LLC d/b/a       )
AMELIA ISLAND COFFEE, a Florida limited   )
liability company,               )
                        )
    *Plaintiff,*          )
                        )
v.                     )    CASE NO.:
                        )    2025-CA-000311-AXYX
                        )
BLAKE F. BUCHANAN,       )
                        )
    *Defendant.*         )
_____)

## DEFENDANT'S MOTION TO DETERMINE THE SUFFICIENCY OF PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST REQUESTS FOR ADMISSIONS, AND REQUEST FOR EXPENSES OF MOTION

COMES NOW, Blake F. Buchanan ("Defendant" or "Mr. Buchanan"), the Defendant in the above-styled caption, by and through the undersigned counsel, pursuant to Fla. R. Civ. P. 1.370, and hereby files this Defendant's Motion to Determine the Sufficiency of Plaintiff's Responses to Defendant's First Requests for Admissions and Request for Expenses of Motion, and shows this Honorable Court the following:

### I.    **INTRODUCTION**

On October 23, 2025, Mr. Buchanan filed his First Requests for Admissions to Plaintiff. *See* Mr. Buchanan's First Requests for Admissions to Plaintiff. On November 20, 2025, Plaintiff served its initial responses to Mr. Buchanan's First Requests for Admissions. *See* Plaintiff's Responses to Defendant's First Requests for Admissions. In several of Plaintiff's initial responses, Plaintiff provided incomplete and evasive answers. *Id.* Plaintiff also objected on the basis that political viewpoints are irrelevant, immaterial, not reasonably calculated to lead to admissible evidence, and that Mr. Buchanan was attempting to inject political beliefs as a "proxy", among

other objections. *Id.* Mr. Buchanan's counsel contacted Plaintiff's counsel to discuss the insufficient and non-responsive answers to Mr. Buchanan's discovery requests, and the parties' counsel conferred via a phone call on November 25, 2025. Further, Mr. Buchanan's counsel followed up with Plaintiff's counsel and emailed a letter in good faith to resolve Plaintiff's insufficient and non-responsive answers to Mr. Buchanan's discovery requests. A true and correct copy of Mr. Buchanan's good faith letter to resolve the discovery dispute dated December 1, 2025, is attached hereto as **Exhibit A** and incorporated herein by reference. Plaintiff served its supplemental answers to Mr. Buchanan's first discovery requests on December 5, 2025.

Plaintiff chose not to supplement its initial responses to Defendant's First Requests for Admissions, and instead stood by their initial objections in a letter to Mr. Buchanan's counsel. Requests #12, 13, 16, and 17 ask Plaintiff about the employee who stated she "liked" the customer's shirt about her political viewpoints, political affiliation, and views of Charlie Kirk. These requests are intended to foster admissions and narrow the issues of this case at trial. They are also material to Plaintiff's claims and Mr. Buchanan's defenses, because the employee of Plaintiff stated she "liked" the customer's fake bloodied shirt with "Problem Solved" on it, which is very similar to the shirt that Charlie Kirk wore when he died.

Mr. Buchanan argues that Plaintiff's responses and objections to Requests #12, 13, 16, and 17 are insufficient in violation of Florida law. Therefore, Mr. Buchanan now moves this Court to determine the sufficiency of Plaintiff's responses and objections to Requests #12, 13, 16, and 17, and order Plaintiff to provide sufficient responses.

## II.    ARGUMENT AND CITATION TO AUTHORITY

A.  Plaintiff's responses and objections to Requests #12, 13, 16, and 17 are not sufficient.

Rule 1.370(a) of the Florida Rules of Civil Procedure reads in relevant part, "The party who has requested the admissions may move to determine the sufficiency of the answers or objections." Rule 1.370(a) of the Florida Rules of Civil Procedure. Rule 1.280 of the Florida Rules of Civil Procedure reads that, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Rule 1.280 of the Florida Rules of Civil Procedure.

The Florida Court of Appeals recognizes Rule 1.370 as the exclusive means to determine the sufficiency of answers or objections to requests for admissions. *Winn Dixie Stores, Inc. v. Gerringer*, 563 So.2d 814, 817 (Fla. 3rd DCA 1990).

In response to Mr. Buchanan's First Requests for Admissions to Plaintiff, Plaintiff provided the following responses.

Request #12 reads:

"Admit that the Employee was aware of Charlie Kirk and his political viewpoints on the Date of the Incident."

Plaintiff initially responded:

"Admitted that the Employee was aware of Charlie Kirk at the time of the Incident. Plaintiff objects to the remainder of this request as it seeks information that is irrelevant and immaterial to this action and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant is improperly seeking to inject political beliefs or the agreeing or disagreeing with Charlie Kirk's political

viewpoints as a false and misleading "proxy" that a person must have desired for or was "celebrating" another human's murder and which would tend to render the trial of this matter being based upon irrelevant and immaterial political sideshows outside of the issues in the case. Plaintiff will be moving for a protective order in relation to this objection."

Request #13 reads:

"Admit that the Employee disliked Charlie Kirk and his political viewpoints."

Plaintiff initially responded:

"Admitted that the Employee was aware of Charlie Kirk at the time of the Incident. Plaintiff objects to the remainder of this request as it seeks information that is irrelevant and immaterial to this action and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant is improperly seeking to inject political beliefs or the agreeing or disagreeing with Charlie Kirk's political viewpoints as a false and misleading "proxy" that a person must have desired for or was "celebrating" another human's murder and which would tend to render the trial of this matter being based upon irrelevant and immaterial political sideshows outside of the issues in the case. Plaintiff will be moving for a protective order in relation to this objection."

Request #16 reads:

"Admit that the Employee identifies as a liberal."

Plaintiff initially responded:

"Plaintiff objects to this request as it seeks information that is irrelevant and immaterial to this action and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant is improperly seeking to inject political beliefs or the agreeing or disagreeing with Charlie Kirk's political viewpoints as a false and misleading "proxy" that a person must have desired for or was "celebrating" another human's murder and which would tend to render the trial of this matter being based upon irrelevant and immaterial political sideshows outside of the issues in the case. Plaintiff will be moving for a protective order in relation to this objection."

Request #17 reads:

"Admit that the Employee identifies as a Democrat."

Plaintiff initially responded:

"Plaintiff objects to this request as it seeks information that is irrelevant and immaterial to this action and is not reasonably calculated to lead to the discovery

of admissible evidence. Defendant is improperly seeking to inject political beliefs or political party affiliation as a false and misleading "proxy" that a person must have desired for or was "celebrating" another human's murder and which would tend to render the trial of this matter being based upon irrelevant and immaterial political sideshows outside of the issues in the case. Plaintiff will be moving for a protective order in relation to this objection."

In a letter to Mr. Buchanan's counsel providing supplemental responses, Plaintiff's counsel stated:

> "RFA No. 12, 13, 16, 17
>
> We stand on our objections and will be moving for protective order."

Charlie Kirk was a nationally renowned conservative commentator who was assassinated on September 10, 2025, just ten days prior to date of the incident of this case. Mr. Buchanan made a Facebook post of his observation between the Plaintiff's employee that she "liked" a customer's shirt. *See* Verified Answer, ¶ 12. This particular shirt was white, had fake blood running down the left side, and had black print on the front. *See* Plaintiff's Complaint, ¶ 16. Charlie Kirk's shirt that he was wearing when assassinated was also white, had blood stains running down the left side (side of his neck where the bullet entered), and had black print on the front.

Plaintiff claims that the interaction between Plaintiff's employee and the customer had nothing to do with Charlie Kirk. *See* Plaintiff's Complaint, ¶ 16. However, given the fact that the customer wore this particular shirt ten days after Charlie Kirk's assassination, was very similar to the shirt Charlie Kirk died in, and the date of the incident in the coffee shop was the day before Charlie Kirk's funeral, illustrates a strong inference that the Plaintiff's employee's statement that she "liked" the shirt referred to Charlie Kirk's death. Mr. Buchanan asserts that his Facebook post was his opinion of an observation between Plaintiff's employee and the customer wearing the shirt. *See* Verified Answer, generally.

The individual's shirt that the employee of Plaintiff complimented is at the core of this case, and that shirt is very similar to the shirt Charlie Kirk wore when he was assassinated. Additionally, the date of the incident was ten days after the assassination and the day before Charlie Kirk's funeral. As such, Plaintiff's responses, objections, and refusal to answer on the basis that these Requests for Admissions are trying to inject political beliefs as a false and misleading "proxy" is not only improper, but also inaccurate and overly prejudicial towards Mr. Buchanan. The political viewpoints, beliefs, and views of Charlie Kirk of Plaintiff's employee who stated she "liked" the customer's blood stained shirt are relevant and material to this case, and Mr. Buchanan's requests are intended to narrow the issues for trial. Mr. Buchanan is permitted to request admissions from Plaintiff that are relevant and material to the case to narrow the issues for trial. Requests 12, 13, 16, and 17 are certainly reasonably calculated to lead to the discovery of admissible evidence. Plaintiff did not cite any privilege in its initial or supplemental responses to justify its non-answers, not that any would apply. No burden of expense was cited by Plaintiff, nor exists, for refusal to answer either. Therefore, Mr. Buchanan's Requests for Admissions regarding the political viewpoints of Plaintiff's employee, whether she liked or disliked Charlie Kirk, and whether she identifies as liberal or conservative are discoverable well within Rule 1.280 of the Florida Rules of Civil Procedure.

Mr. Buchanan respectfully requests this Court to determine that Plaintiff's responses and objections to Requests 12, 13, 16, and 17 are insufficient, and to order Plaintiff to provide sufficient responses.

B. Mr. Buchanan requests his attorneys' fees for filing and prosecuting this Motion.

Rule 1.370(c) of the Florida Rules of Civil Procedure reads, "If a party fails to admit the genuineness of any document or the truth of any matter as requested under rule 1.370 and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, the requesting party may file a motion for an order requiring the other party to pay the requesting party the reasonable expenses incurred in making that proof, which may include attorneys' fees. The court must issue the order at the time a party requesting the admissions proves the genuineness of the document or the truth of the matter, on motion by the requesting party, unless it finds that:

(1) the request was held objectionable under rule 1.370(a);

(2) the admission sought was of no substantial importance; or

(3) there was other good reason for the failure to admit."

"Rule 1.370 allows a party to move to determine the sufficiency of answers or objections to requests for admissions and allows the trial court to award attorney's fees and costs where such a motion is necessary." *Gerringer*, at 816. "The Rule provides for sanctions against improper denials in order to foster *admissions* of issues, thereby narrowing the issues needed to be proved at trial." *Id.*

Mr. Buchanan attempted to resolve this discovery dispute on two separate occasions prior to filing this Motion through a phone call on November 25, 2025, with Plaintiff and a good faith letter to Plaintiff. *See* **Exhibit A**. In its supplemental responses, Plaintiff stood by its objections and continued to refuse to sufficiently answer Requests 12, 13, 16, and 17. Mr. Buchanan can request admissions from Plaintiff within the confines of Rules 1.280 and 1.370 of the Florida Rules of Civil Procedure and receive responsive answers. Mr. Buchanan argues that Plaintiff's responses and objections to Requests 12, 13, 16, and 17 are insufficient, and asks the Court to order Plaintiff

to provide sufficient responses. Mr. Buchanan should not be penalized for having to incur costs to file and prosecute this Motion to receive sufficient responses. Mr. Buchanan requests this Court to GRANT his attorneys' fees, and all other costs, including and travel costs, associated with filing and prosecuting this Motion and after an opportunity for a hearing on fees and costs. Mr. Buchanan will supplement this Motion with the fees and costs he seeks once his bills are finalized prior to the hearing.

## III.    CONCLUSION

Defendant argues that Plaintiff's responses and objections to Requests 12, 13, 16, and 17 are insufficient. Mr. Buchanan respectfully requests this Court to GRANT this Motion and determine Plaintiff's responses and objections to Requests 12, 13, 16, and 17 are insufficient. Defendant also requests this Court to GRANT the recovery of his attorneys' fees related to the filing and prosecuting of this Motion.

Respectfully submitted this 23rd day of December, 2025.

<div style="text-align: right;">

CHALMERS, ADAMS, BACKER & KAUFMAN, LLC


/s/ Kevin T. Kucharz
Kevin T. Kucharz
Florida Bar No. 883611
Christian G. Zimm
Florida Bar No. 1028178
Attorneys for Blake F. Buchanan

</div>

11770 Haynes Bridge Road
#205-219
Alpharetta, GA 30009-1968
(678) 470-3755
kkucharz@chalmersadams.com
czimm@chalmersadams.com

## CERTIFICATE OF SERVICE

This is to certify that I have today served the **DEFENDANT'S MOTION TO DETERMINE THE SUFFICIENCY OF PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST REQUESTS FOR ADMISSIONS, AND REQUEST FOR EXPENSES OF MOTION** to the following counsel via statutory electronic service:

Matthew P. McLauchlin, Esq.
MCLAUCHLIN LAW, PLLC
7645 Gate Parkway, Su. 106
Jacksonville, FL 32256
matt@mpmlawyers.com
*Attorney for Plaintiff*

Michael L. Duncan, Esq.
DUNCAN TRIAL & MEDIATION
301 W. Bay St., Su. 1446
Jacksonville, FL 32202
mikeduncan@mikeduncanlaw.com
*Attorney for Plaintiff*

This 23rd day of December 2025.

CHALMERS, ADAMS, BACKER &
KAUFMAN, LLC

*/s/ Kevin T. Kucharz*
Kevin T. Kucharz
Florida Bar No. 883611
Christian G. Zimm
Florida Bar No. 1028178
*Attorneys for Blake F. Buchanan*

11770 Haynes Bridge Road
#205-219
Alpharetta, GA 30009-1968
(678) 470-3755
kkucharz@chalmersadams.com
czimm@chalmersadams.com

# Exhibit A

**(To Defendant's Motion to Determine Sufficiency of RFA Responses)**

| | |
|---|---|
| **C\|A**<br>**B\|K**    Chalmers, Adams, Backer<br>& Kaufman, LLC | 11770 Haynes Bridge Road, #205-415<br>Alpharetta, Georgia 30009-1968<br>(678) 470-3755<br>czimny@chalmersadams.com |

December 1, 2025

**VIA EMAIL ONLY:** matt@mpmlawyers.com; mikeduncan@mikeduncanlaw.com;
attorneymikeduncan@gmail.com; amber@mikeduncanlaw.com; erin@mpmlawyers.com

Matthew McLauchlin, Esq.
MCLAUCHLIN LAW, PLLC
7645 Gateway Parkway, Su. 106
Jacksonville, FL 32256

Mike Duncan, Esq.
DUNCAN TRIAL & MEDIATION
301 W. Bay St., Su. 1446
Jacksonville, FL 32202

      **RE:**    <u>**Good Faith Letter to Resolve Discovery Dispute**</u>
             *AIC Fernandina Beach, LLC d/b/a Amelia Island Coffee v. Blake F. Buchanan*
             In the Circuit Court, Fourth Judicial Circuit, in and for Nassau County, Florida
             Case No. 2025-CA-000311

Mr. McLauchlin and Mr. Duncan,

      As you are aware, this law firm represents Mr. Buchanan in the above-referenced matter. I appreciated our call last week discussing this case and this discovery dispute. This letter is sent following up on our conversation in a good faith effort to resolve the discovery dispute of Plaintiff's insufficient and nonresponsive answers to Mr. Buchanan's initial discovery requests.

      Mr. Buchanan's First Interrogatories to Plaintiff, First Requests for Admissions to Plaintiff, and First Requests for Production of Documents were served to Plaintiff with the Verified Answer on October 23, 2025. Your initial responses to Mr. Buchanan's discovery requests were filed on November 20, 2025, but your initial document production was late as it was produced on November 24, 2025. Furthermore, as we discussed over the phone, you have acknowledged you have not produced any requested financial information related to Plaintiff.

      In terms of the Confidentiality Agreement, I am declining to agree at this time. First, the document production was a day late, and you did not request an extension before the deadline expired. Second, none of your responses to Mr. Buchanan's First Requests for Production of Documents reference the need for a confidentiality agreement for some documents to be produced. Third, you sent me the Confidentiality Agreement *after* your responses were late and *after* I requested a meeting to engage in a good faith discussion to resolve the insufficient and nonresponsive responses and document production. There was no request for a Confidentiality Agreement before you served your responses or provided your document production. Fourth, the Confidentiality Agreement is overly broad, and potentially pertains to documents other than

financials by its language. I may consider another version of the Confidentiality Agreement if you sent me a more revised version that only pertains to the financial documents of Plaintiff.

In terms of Plaintiff's Interrogatory responses, Ray Carter perjured himself in response to Interrogatory #15. No financial documents were produced to Mr. Buchanan when the responses to the Interrogatories were served and the notice was filed, which you have acknowledged. By the language of the affidavit he signed, Ray Carter committed perjury and is subject to fines and/or imprisonment for making a false statement.

Mr. Buchanan must receive all responsive answers and documents as requested by **Friday, December 5, 2025, 5:00P.M. EST**, or he will take the necessary action with the Court including, but not limited to, filing a motion to compel and seeking his attorneys' fees and costs as the statute allows. Mr. Buchanan reserves all rights to receive sufficient responses from Plaintiff.

## Mr. Buchanan's First Continuing Interrogatories to Plaintiff

Interrogatory #1: Identify all employees, managers, owners, and officers of Plaintiff as of the Date of the Incident, and that worked at Plaintiff's coffee shop on the Date of the Incident, and provide their names, job titles, duties and responsibilities, phone numbers, email addresses, and full addresses.

RESPONSE: The following employees were working at the coffee shop on the Date of the Incident at the time of the Incident. They may be contacted through undersigned counsel.

Sara Hall - Barista
Caitlyn Terry - Barista
Chloe Whitaker - Barista
Jaclyn Permenter - Food / Barista
Meilani Pruitt - Barista
Brennan Webb - Barista
Ray Carter - Owner/Manager

**Deficiency: The Interrogatory clearly asks for all employees, managers, owners, and officers of Plaintiff as of the Date of the Incident – not just those that worked on the Date of the Incident. Plaintiff produced an employee log for the Date of the Incident which showed that Plaintiff has more employees than were initially disclosed. Please provide a sufficient response as to the employees, managers, owners, and officers of Plaintiff as of the Date of the Incident**

Interrogatory #2: Identify all communications between Plaintiff's employees, managers, and officers and the Customer, and provide the subject matter and content of the communications.

RESPONSE: Employee, Jaclyn "Jackie" Permenter, stated to the Customer, "I like your shirt. I can't tell what's on it, but I like it." and, "Oh, I love your shirt." and, "Have a nice day."

**Deficiency: Plaintiff did not include any communications from the Customer to Ms. Permenter, or any else on behalf of Plaintiff. Did Ms. Permenter speak to herself, and the Customer not respond? Please provide a sufficient response as to all communications**

between Plaintiff's employees, managers, and officers and the Customer, including the statements made by the Customer to Ms. Permenter or anyone else.

Interrogatory #6: Indicate whether the Employee of Plaintiff knew that the Customer's shirt related to Charlie Kirk and his death, and why she said she "liked" it. If not, then indicate why she stated she liked the Customer's shirt and what she believed the shirt referred to.

RESPONSE: The Customer's shirt stated nothing about Charlie Kirk, and Jackie Permenter stated she liked the Customer's shirt solely because she has a particular liking for horror movies, horror related shirts, Halloween and Halloween costumes and shirts. Ms. Permenter merely stated she liked the Customer's shirt for this reason. The statement had nothing to do with Charlie Kirk.

**Deficiency: Plaintiff's initial response states nothing about what Ms. Permenter thought the shirt referred to. Plaintiff's initial response explains that she liked the shirt because she also likes horror movies, shirts, and Halloween, but she does not respond as to what she believe the shirt referred to, if anything. Please provide a sufficient response.**

Interrogatory #7: Indicate whether the Employee of Plaintiff liked or disliked Charlie Kirk and his political viewpoints, knew that he was killed, was sympathetic to his passing, and identifies as liberal or conservative.

RESPONSE: See General Objection. Subject to the General Objection, Jackie Permenter did not know of Charlie Kirk or any of his viewpoints before his death. Ms. Permenter had heard of his death by the Date of the Incident and was sympathetic to his passing.

**Deficiency: Plaintiff's General Objection that whether Ms. Permenter liked or disliked Charlie Kirk and his political viewpoints, and whether she is conservative or liberal, is immaterial and immaterial is unfounded. Her opinion of Charlie Kirk, and her political beliefs and opinions, are relevant to the material issues of this case, and absolutely will reasonably lead to the discovery of admissible evidence. Plaintiff's initial response says nothing about whether she liked or disliked Charlie Kirk's political viewpoints, and whether she is liberal or conservative. Plaintiff already disclosed in its initial document production that Ms. Permenter has opinions, but keeps them to herself. Please provide a sufficient response.**

Interrogatory #8: Indicate whether Ray Carter and Paige Carter liked or disliked Charlie Kirk and his political viewpoints, knew that he was killed, was sympathetic to his passing, and identify as liberal or conservative.

RESPONSE: See General Objection. Subject to the General Objection, Ray Carter and Paige Carter were aware of Charlie Kirk's death as of the Date of the Incident and were sympathetic to his passing.

**Deficiency: Plaintiff's General Objection that whether Ray Carter and Paige Carter liked or disliked Charlie Kirk and his political viewpoints, and whether they are conservative or liberal, is immaterial and immaterial is unfounded. Their opinion of Charlie Kirk, and their political beliefs and opinions, are relevant to the material issues of this case, and absolutely will reasonably lead to the discovery of admissible evidence. Plaintiff's initial response says**

nothing about whether they liked or disliked Charlie Kirk's political viewpoints, and whether they are liberal or conservative. Please provide a sufficient response.

Interrogatory #9: Identify all customers and possible witnesses of the Incident, and include their names, email addresses, phone numbers, full addresses, and whether they are represented by counsel, if so provide their counsel's information.

RESPONSE: Plaintiff knows of no customers that witnessed nor claimed to have witnessed the interaction between the Employee and the Customer.

**Deficiency: Plaintiff does not identify all possible witnesses of the Incident, just that no other customers witnessed the interaction. In response to Request for Admission #24, Plaintiff admits that were witnesses in the coffee shop that observed the Employee's comment to the Customer that she "liked" the shirt. Plaintiff also produced documents that indicate Ray Carter was a witness. Please provide a sufficient response of all witnesses.**

Interrogatory #10: Identify how Plaintiff discovered Defendant's post, and whether Ray Carter, Paige Carter, or any employee of Plaintiff are members of the Fernandina Beach Amelia Island Network Facebook group.

RESPONSE: Ray Carter, owner of Amelia Island Coffee, discovered the post on 9/22/2025 when he came into the coffee shop and employees Jackie Permenter and Hannah Worley showed him the Defendant's defamatory post. Paige Carter, coowner of Amelia Island Coffee, and employees, Haley Land and Jackie Permenter, are members of the Fernandina Beach Amelia Island Network Facebook Group.

**Deficiency: Plaintiff's response is silent whether Ray Carter and Paige Carter are members of the Fernandina Beach Amelia Island Network Facebook Group. Please provide a sufficient response.**

Interrogatory #11: Identify all communications, actions, gestures, and pleasantries exchanged between the Employee(s) and the Customer on the Date of the Incident in Plaintiff's coffee shop.

RESPONSE: Jackie Permenter stated to the Customer while initially observing only the back of the Customer's t-shirt: "I like your shirt. I can't tell what's on it, but I like it." When the Customer heard this and turned around, Ms. Permenter stated: "Oh I love your shirt." Later when the Customer left the coffee shop, Ms. Permenter stated to the Customer, "Have a nice day."

**Deficiency: Plaintiff did not include any communications from the Customer to Ms. Permenter. Did Ms. Permenter speak to herself, and the Customer not respond? Please provide a sufficient response as to all communications between Ms. Permenter and the Customer, including the statements made by the Customer to Ms. Permenter.**

Interrogatory #12: Identify all communications (emails, text messages, group chats, social-media posts, etc.) between Plaintiff's employees, managers, owners, and officers regarding the Incident, and include the subject matter and content of the communications.

RESPONSE: All such communications have been or will be produced in response to Defendant's First Requests for Production.

**Deficiency: All communications have not been produced. Mr. Buchanan has reason to believe there are more communications that have not been identified or produced. Please provide a sufficient response.**

Interrogatory #13: Identify all communications (emails, text messages, group chats, social-media posts, etc.) between Plaintiff's employees, managers, owners, and officers and any third party regarding the Incident, and include the subject matter and content of the communications.

RESPONSE: All such communications have been or will be produced in response to Defendant's First Requests for Production.

**Deficiency: All communications have not been produced. Mr. Buchanan has reason to believe there are more communications that have not been identified or produced. Please provide a sufficient response.**

Interrogatory #15: Identify all customers that Plaintiff alleges were lost as a result of Defendant's Post, and include their name, address, email address, contact information, approximately how often they visited the coffee shop, how much they spent, and why they are no longer a customer of Plaintiff.

RESPONSE: Plaintiff objects to this request as overly broad and overly burdensome as worded. Plaintiff has produced overall financials and graphs showing a downturn in revenues immediately following the Defendant's defamatory post. The Defendant's Facebook post and comments thereto are also being produced showing persons having unfavorable reactions and statements including that they would not be visiting the coffee shop because of the Defendant's defamatory statement.

**Deficiency: Plaintiff has not produced overall financial and graphs showing a downturn in revenues, or any other financial documentation as of the date of this letter. Plaintiff's counsel has acknowledged that no financial information has been produced to Mr. Buchanan. Ray Carter committed perjury and is subject to fines and/or imprisonment for making a false statement, by the language of the affidavit he signed. Furthermore, Plaintiff has not provided any customers that it allegedly lost because of Mr. Buchanan's post, nor any information requested regarding those lost customers. Please provide a sufficient response.**

Interrogatory #16: Identify and itemize all damages (past, current and future) from Defendant's Post that Plaintiff contends in this case, including but not limited to actual damages, irreparable harm, lost profits, sales, or revenue, loss of reputation.

RESPONSE: Damages are ongoing and future damages will be determined as time progresses. On a current basis, revenues were immediately substantially down in the 2 weeks after the date of Defendant's defamatory post (September 20, 2025) compared to the previous seven weeks going back to August 1, 2025. Revenues were also substantially down in the 2 week time period following the defamatory post as compared to the same time frame for 2024. Transactions in the 2 week time period after the defamatory statement were down approximately fourfold as compared to the prior 7 weeks going back to August 1, 2025. September was the least profitable month of the calendar year 2025. September was less profitable in 2025 than in 2024 or 2023.

**Deficiency: Plaintiff did not provide an itemization of all damages (past, current, and future) allegedly from Mr. Buchanan's post. Plaintiff broadly and vaguely stated that revenues are down comparatively after the post was made. Plaintiff has also not provided any financial documents in response to Mr. Buchanan's Requests for Production of Documents. Please provide a sufficient response.**

<u>Mr. Buchanan's First Requests for Admissions to Plaintiff</u>

<u>Request #12</u>: Admit that the Employee was aware of Charlie Kirk and his political viewpoints on the Date of the Incident.

RESPONSE: Admitted that the Employee was aware of Charlie Kirk at the time of the Incident. Plaintiff objects to the remainder of this request as it seeks information that is irrelevant and immaterial to this action and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant is improperly seeking to inject political beliefs or the agreeing or disagreeing with Charlie Kirk's political viewpoints as a false and misleading "proxy" that a person must have desired for or was "celebrating" another human's murder and which would tend to render the trial of this matter being based upon irrelevant and immaterial political sideshows outside of the issues in the case. Plaintiff will be moving for a protective order in relation to this objection.

**Deficiency: Plaintiff's objection to the remainder of this Request is improper pursuant to Fla. R. Civ. P. 1.280(c) and 1.370(a). Whether Employee was aware of Charlie Kirk's political viewpoints on the Date of the Incident is relevant, material, and reasonably calculated to lead to the discovery of admissible evidence. Clearly, the Employee's comments that she "liked" and "loved" the Customer's shirt, which was blood stained with "Problem Solved" on it, may have referred to Charlie Kirk's assassination, which occurred just ten days prior to the Date of the Incident. Please provide a sufficient response.**

<u>Request #13</u>: Admit that the Employee disliked Charlie Kirk and his political viewpoints.

RESPONSE: Admitted that the Employee was aware of Charlie Kirk at the time of the Incident. Plaintiff objects to the remainder of this request as it seeks information that is irrelevant and immaterial to this action and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant is improperly seeking to inject political beliefs or the agreeing or disagreeing with Charlie Kirk's political viewpoints as a false and misleading "proxy" that a person must have desired for or was "celebrating" another human's murder and which would tend to render the trial of this matter being based upon irrelevant and immaterial political sideshows outside of the issues in the case. Plaintiff will be moving for a protective order in relation to this objection.

**Deficiency: Plaintiff's objection to the remainder of this Request is improper pursuant to Fla. R. Civ. P. 1.280(c) and 1.370(a). Whether Employee liked or disliked Charlie Kirk's political viewpoints is relevant, material, and reasonably calculated to lead to the discovery of admissible evidence. Clearly, the Employee's comments that she "liked" and "loved" the Customer's shirt, which was blood stained with "Problem Solved" on it, may have referred to Charlie Kirk's assassination, and may have been influenced by her political viewpoints. Please provide a sufficient response.**

Request #16: Admit that the Employee identifies as a liberal.

RESPONSE: Plaintiff objects to this request as it seeks information that is irrelevant and immaterial to this action and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant is improperly seeking to inject political beliefs or the agreeing or disagreeing with Charlie Kirk's political viewpoints as a false and misleading "proxy" that a person must have desired for or was "celebrating" another human's murder and which would tend to render the trial of this matter being based upon irrelevant and immaterial political sideshows outside of the issues in the case. Plaintiff will be moving for a protective order in relation to this objection.

**Deficiency: Plaintiff's objection to the remainder of this Request is improper pursuant to Fla. R. Civ. P. 1.280(c) and 1.370(a). Whether Employee identifies as a liberal is relevant, material, and reasonably calculated to lead to the discovery of admissible evidence. Clearly, the Employee's comments that she "liked" and "loved" the Customer's shirt, which was blood stained with "Problem Solved" on it, may have referred to Charlie Kirk's assassination, and may have been influenced by her political viewpoints. Please provide a sufficient response.**

Request #17: Admit that the Employee identifies as a Democrat.

RESPONSE: Plaintiff objects to this request as it seeks information that is irrelevant and immaterial to this action and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant is improperly seeking to inject political beliefs or political party affiliation as a false and misleading "proxy" that a person must have desired for or was "celebrating" another human's murder and which would tend to render the trial of this matter being based upon irrelevant and immaterial political sideshows outside of the issues in the case. Plaintiff will be moving for a protective order in relation to this objection.

**Deficiency: Plaintiff's objection to the remainder of this Request is improper pursuant to Fla. R. Civ. P. 1.280(c) and 1.370(a). Whether Employee is a Democrat is relevant, material, and reasonably calculated to lead to the discovery of admissible evidence. Clearly, the Employee's comments that she "liked" and "loved" the Customer's shirt, which was blood stained with "Problem Solved" on it, may have referred to Charlie Kirk's assassination, and may have been influenced by her political affiliation. Please provide a sufficient response.**

**Mr. Buchanan's First Requests for Production of Documents to Plaintiff**

Request #1: All documents identifying each employee, manager, owner, and officer who worked at the coffee shop on the Date of the Incident.

RESPONSE: Plaintiff objects to this request as overly broad and unduly burdensome as worded. Subject to and without waiving this objection, Plaintiff will produce a copy of the employee schedule for the time period of the Incident identifying the employees on schedule on the date of the Incident.

**Deficiency: Plaintiff only produced an employee schedule as of the Date of the Incident. Mr. Buchanan has reason to believe there are more responsive documents that have not been produced. Notwithstanding any applicable objections, Plaintiff cannot pick and choose**

which documents of a request to provide. Please provide a sufficient response and all responsive documents.

Request #3: All communications and documents between any employee, manager, or officer of Plaintiff and any third party, including emails, texts, social-media messages, or notes regarding the Incident, Customer, and Defendant's Post.

RESPONSE: Plaintiff objects to this request to the extent it seeks communications and documents that are protected by the attorney-client privilege or work product doctrine. Subject to this objection, documents responsive to this request will be produced.

**Deficiency: All communications have not been produced. In response to Interrogatory #17, Plaintiff stated that communications were made to the admins of the Facebook Group where the post made, yet none were produced. Mr. Buchanan has reason to believe there are more communications that have not been produced. Plaintiff must provide all responsive documents to this request. Furthermore, Plaintiff violated Fla. R. Civ. P. 1.350(b)(3) for not producing these documents before the deadline. Plaintiff also violated Fla. R. Civ. P. 1.350(b)(6) for not stating whether any responsive documents are being withheld on the basis of its objections. Also, Plaintiff violated Rule 1.280(c)(6) because it withheld the production of documents otherwise discoverable and claimed attorney-client privilege and work product doctrine, but did not describe the nature of the documents, communications, or things not produced so that Mr. Buchanan could assess the applicability of the privilege or protection. Plaintiff also did not specify which part of the request it objects to subject to the documents being withheld. Please provide a sufficient response and all responsive documents.**

Request #4: All documents and communications, texts, emails, or social-media posts or messages among Plaintiff's employees, managers, or owners regarding the Incident, Customer, or Defendant's Post.

RESPONSE: Plaintiff objects to this request to the extent it seeks communications and documents that are protected by the work product doctrine. Subject to this objection, documents responsive to this request will be produced.

**Deficiency: All communications have not been produced. In response to Interrogatory #17, Plaintiff stated that communications were made to the admins of the Facebook Group where the post made, yet none were produced. Mr. Buchanan has reason to believe there are more communications that have not been produced. Plaintiff must provide all responsive documents to this request. Furthermore, Plaintiff violated Fla. R. Civ. P. 1.350(b)(3) for not producing these documents before the deadline. Plaintiff also violated Fla. R. Civ. P. 1.350(b)(6) for not stating whether any responsive documents are being withheld on the basis of its objections. Plaintiff also did not specify which part of the request it objects to subject to the documents being withheld. Also, Plaintiff violated Rule 1.280(c)(6) because it withheld the production of documents otherwise discoverable and claimed work product doctrine protection, but did not describe the nature of the documents, communications, or things not produced so that Mr. Buchanan could assess the applicability of the privilege or protection. Please provide a sufficient response and all responsive documents.**

Request #9: All documents and communications identifying customers or other witnesses present during the Incident, including any witness statements or contact logs

RESPONSE: None as to customers or "other witnesses." A schedule for the employees present at the date and time of the Incident and the Employee text messages, will be produced.

**Deficiency: In response to Request for Admission #24, Plaintiff admits that were witnesses in the coffee shop that observed the Employee's comment to the Customer that she "liked" the shirt. Plaintiff also produced documents that indicate Ray Carter was a witness. Mr. Buchanan has reason to believe there are more documents and communications that have not been produced. Plaintiff must provide all responsive documents to this request. Furthermore, Plaintiff violated Fla. R. Civ. P. 1.350(b)(3) for not producing these documents before the deadline. Plaintiff also violated Fla. R. Civ. P. 1.350(b)(6) for not stating whether any responsive documents are being withheld on the basis of its objections. Plaintiff also did not specify which part of the request it objects to subject to the documents being withheld. Please provide a sufficient response and all responsive documents.**

Request #11: All reports, memoranda, notes, journal entries, logs, or similar documents of Plaintiff concerning the Incident, the Customer, or Defendant's Post.

RESPONSE: None.

**Deficiency: Mr. Buchanan has reason to believe there are documents that have not been produced. Plaintiff must provide all responsive documents to this request. Please provide a sufficient response and all responsive documents.**

Request #12: All documents supporting any claim for damages, including calculations of actual damages, lost profits, lost revenues, loss of customers, irreparable harm, or reputation.

RESPONSE: Copies of graphs and financials responsive to this request will be produced. Discovery is ongoing, and additional relevant financials will be produced as time proceeds.

**Deficiency: No responsive documents have been produced. Plaintiff requested a Confidentiality Agreement for documents related to the financials *after* the deadline had passed to produce responsive documents. Plaintiff violated Fla. R. Civ. P. 1.350(b)(3) for not producing these documents before the deadline. Plaintiff has acknowledged that responsive documents exist. Plaintiff also violated Fla. R. Civ. P. 1.350(b)(6) for not stating whether any responsive documents are being withheld on the basis of its objections. Plaintiff also did not specify which part of the request it objects to subject to the documents being withheld. Please provide a sufficient response and all responsive documents.**

Request #13: All documents evidencing steps Plaintiff took to mitigate or limit its alleged damages.

RESPONSE: Plaintiff will produce (i) the letter from Plaintiff's attorney to the attorney for Mr. Buchanan demanding he take down his Facebook post and (ii) (following Mr. Buchanan's failure or refusal to take down the post), Plaintiff's request to the administrator of the local Facebook group requesting Mr. Buchanan's post be removed.

**Deficiency: No responsive documents have been produced. Plaintiff violated Fla. R. Civ. P. 1.350(b)(3) for not producing these documents before the deadline. Plaintiff also violated Fla.**

R. Civ. P. 1.350(b)(6) for not stating whether any responsive documents are being withheld on the basis of its objections. Plaintiff also did not specify which part of the request it objects to subject to the documents being withheld. Please provide a sufficient response and all responsive documents.

Request #16: All documents showing any decline in sales, revenue, or profit allegedly caused by Defendant's Post, including but not limited to financial statements, POS data, and comparative monthly reports.

RESPONSE: See Plaintiff's response to request number 12.

**Deficiency:** No responsive documents have been produced. Plaintiff requested a Confidentiality Agreement for documents related to the financials *after* the deadline had passed to produce responsive documents. Plaintiff violated Fla. R. Civ. P. 1.350(b)(3) for not producing these documents before the deadline. Plaintiff has acknowledged that responsive documents exist. Plaintiff also violated Fla. R. Civ. P. 1.350(b)(6) for not stating whether any responsive documents are being withheld on the basis of its objections. Plaintiff also did not specify which part of the request it objects to subject to the documents being withheld. Please provide a sufficient response and all responsive documents.

Request #21: All communications between Plaintiff and any member of the public, media outlet, or law enforcement agency regarding the Incident, the Customer, or Defendant's Post.

RESPONSE: None.

**Deficiency: In response to Interrogatory #25, Plaintiff stated that Ray Carter spoke with City of Fernandina Beach Police Officers Jon Helper and Jason Helper. No responsive documents have been produced. Plaintiff violated Fla. R. Civ. P. 1.350(b)(3) for not producing these documents before the deadline. Plaintiff also violated Fla. R. Civ. P. 1.350(b)(6) for not stating whether any responsive documents are being withheld on the basis of its objections. Plaintiff also did not specify which part of the request it objects to subject to the documents being withheld. Please provide a sufficient response and all responsive documents.**

As you can see, there are numerous answers and responses that Plaintiff provided in its initial responses that are insufficient and unclear. If these responses are not sufficiently supplemented by **Friday, December 5 at 5:00P.M. EST**, Mr. Buchanan will file a motion to compel, seek the recovery of his attorneys' fees and costs, and take any other appropriate action with the Court, including but not limited to sanctions.

Sincerely,

CHALMERS, ADAMS, BACKER & KAUFMAN, LLC

*/s/ Christian G. Zimm, Esq.*

Christian G. Zimm, Esq.
For the Firm

cc: Kevin T. Kucharz, Esq.

Case 3:26-cv-00514    Document 1    Filed 03/11/26    Page 222 of 353 PageID 222

## IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
## IN AND FOR NASSAU COUNTY, FLORIDA

AIC FERNANDINA, LLC d/b/a              )
AMELIA ISLAND COFFEE, a Florida limited   )
liability company,                    )
                                      )
    *Plaintiff,*                    )
                                      )
v.                                    )    CASE NO.:
                                      )    2025-CA-000311-AXYX
                                      )
BLAKE F. BUCHANAN,                    )
                                      )
    *Defendant.*                   )
_____)

## NOTICE OF INTENT TO SERVE SUBPOENA DUCES TECUM FOR PRODUCTION OF DOCUMENTS AND THINGS WITH DEPOSITION

NOTICE is hereby given that Blake F. Buchanan ("Defendant" or "Mr. Buchanan"), the

Defendant in the above-styled caption, by and through the undersigned counsel, in accordance

with Rules 1.310(b) and 1.410(c) of the Florida Rules of Civil Procedure, intends to subpoena

duces tecum for production of documents and things with deposition the following:

    1.  Jaclyn Permenter
       in c/o Matthew McLauchlin, Esq. and Michael Duncan, Esq.
       MCLAUCHLIN LAW, PLLC
       7645 Gate Parkway, Su. 106
       Jacksonville, FL 32256
       DUNCAN TRIAL & MEDIATION
       301 W. Bay St., Su. 1446
       Jacksonville, FL 32202

    2.  Ray Carter
       in c/o Matthew McLauchlin, Esq. and Michael Duncan, Esq.
       MCLAUCHLIN LAW, PLLC
       7645 Gate Parkway, Su. 106
       Jacksonville, FL 32256
       DUNCAN TRIAL & MEDIATION
       301 W. Bay St., Su. 1446
       Jacksonville, FL 32202

3.  Paige Banks Carter
    in c/o Matthew McLauchlin, Esq. and Michael Duncan, Esq.
    MCLAUCHLIN LAW, PLLC
    7645 Gate Parkway, Su. 106
    Jacksonville, FL 32256
    DUNCAN TRIAL & MEDIATION
    301 W. Bay St., Su. 1446
    Jacksonville, FL 32202

4.  Hope Wiggins
    920A S. 17th St.
    Fernandina Beach, FL 32034

5.  Meilani Pruitt
    in c/o Matthew McLauchlin, Esq. and Michael Duncan, Esq.
    MCLAUCHLIN LAW, PLLC
    7645 Gate Parkway, Su. 106
    Jacksonville, FL 32256
    DUNCAN TRIAL & MEDIATION
    301 W. Bay St., Su. 1446
    Jacksonville, FL 32202

6.  Brennan Webb
    in c/o Matthew McLauchlin, Esq. and Michael Duncan, Esq.
    MCLAUCHLIN LAW, PLLC
    7645 Gate Parkway, Su. 106
    Jacksonville, FL 32256
    DUNCAN TRIAL & MEDIATION
    301 W. Bay St., Su. 1446
    Jacksonville, FL 32202

7.  Sara Hall
    in c/o Matthew McLauchlin, Esq. and Michael Duncan, Esq.
    MCLAUCHLIN LAW, PLLC
    7645 Gate Parkway, Su. 106
    Jacksonville, FL 32256
    DUNCAN TRIAL & MEDIATION
    301 W. Bay St., Su. 1446
    Jacksonville, FL 32202

8.  Caitlyn Terry
    in c/o Matthew McLauchlin, Esq. and Michael Duncan, Esq.
    MCLAUCHLIN LAW, PLLC
    7645 Gate Parkway, Su. 106
    Jacksonville, FL 32256
    DUNCAN TRIAL & MEDIATION

301 W. Bay St., Su. 1446
Jacksonville, FL 32202

9. Chloe Whitaker
in c/o Matthew McLauchlin, Esq. and Michael Duncan, Esq.
MCLAUCHLIN LAW, PLLC
7645 Gate Parkway, Su. 106
Jacksonville, FL 32256
DUNCAN TRIAL & MEDIATION
301 W. Bay St., Su. 1446
Jacksonville, FL 32202

10. Hellen Rocha
in c/o Matthew McLauchlin, Esq. and Michael Duncan, Esq.
MCLAUCHLIN LAW, PLLC
7645 Gate Parkway, Su. 106
Jacksonville, FL 32256
DUNCAN TRIAL & MEDIATION
301 W. Bay St., Su. 1446
Jacksonville, FL 32202

11. Hannah Worley
in c/o Matthew McLauchlin, Esq. and Michael Duncan, Esq.
MCLAUCHLIN LAW, PLLC
7645 Gate Parkway, Su. 106
Jacksonville, FL 32256
DUNCAN TRIAL & MEDIATION
301 W. Bay St., Su. 1446
Jacksonville, FL 32202

12. William Fletcher
in c/o Matthew McLauchlin, Esq. and Michael Duncan, Esq.
MCLAUCHLIN LAW, PLLC
7645 Gate Parkway, Su. 106
Jacksonville, FL 32256
DUNCAN TRIAL & MEDIATION
301 W. Bay St., Su. 1446
Jacksonville, FL 32202

13. Abby Wells
in c/o Matthew McLauchlin, Esq. and Michael Duncan, Esq.
MCLAUCHLIN LAW, PLLC
7645 Gate Parkway, Su. 106
Jacksonville, FL 32256
DUNCAN TRIAL & MEDIATION
301 W. Bay St., Su. 1446

Jacksonville, FL 32202

14. Haley Land
in c/o Matthew McLauchlin, Esq. and Michael Duncan, Esq.
MCLAUCHLIN LAW, PLLC
7645 Gate Parkway, Su. 106
Jacksonville, FL 32256
DUNCAN TRIAL & MEDIATION
301 W. Bay St., Su. 1446
Jacksonville, FL 32202

15. Levi Simmons
in c/o Matthew McLauchlin, Esq. and Michael Duncan, Esq.
MCLAUCHLIN LAW, PLLC
7645 Gate Parkway, Su. 106
Jacksonville, FL 32256
DUNCAN TRIAL & MEDIATION
301 W. Bay St., Su. 1446
Jacksonville, FL 32202

16. Madison Davis
in c/o Matthew McLauchlin, Esq. and Michael Duncan, Esq.
MCLAUCHLIN LAW, PLLC
7645 Gate Parkway, Su. 106
Jacksonville, FL 32256
DUNCAN TRIAL & MEDIATION
301 W. Bay St., Su. 1446
Jacksonville, FL 32202

17. Zachary Stafford
in c/o Matthew McLauchlin, Esq. and Michael Duncan, Esq.
MCLAUCHLIN LAW, PLLC
7645 Gate Parkway, Su. 106
Jacksonville, FL 32256
DUNCAN TRIAL & MEDIATION
301 W. Bay St., Su. 1446
Jacksonville, FL 32202

18. Michael Ahl
in c/o Matthew McLauchlin, Esq. and Michael Duncan, Esq.
MCLAUCHLIN LAW, PLLC
7645 Gate Parkway, Su. 106
Jacksonville, FL 32256
DUNCAN TRIAL & MEDIATION
301 W. Bay St., Su. 1446
Jacksonville, FL 32202

19. Chanttell Espinal
in c/o Matthew McLauchlin, Esq. and Michael Duncan, Esq.
MCLAUCHLIN LAW, PLLC
7645 Gate Parkway, Su. 106
Jacksonville, FL 32256
DUNCAN TRIAL & MEDIATION
301 W. Bay St., Su. 1446
Jacksonville, FL 32202

20. Stevie Hanks
in c/o Matthew McLauchlin, Esq. and Michael Duncan, Esq.
MCLAUCHLIN LAW, PLLC
7645 Gate Parkway, Su. 106
Jacksonville, FL 32256
DUNCAN TRIAL & MEDIATION
301 W. Bay St., Su. 1446
Jacksonville, FL 32202

Respectfully submitted this 23rd day of December 2025.

CHALMERS, ADAMS, BACKER &
KAUFMAN, LLC

/s/ Kevin T. Kucharz
Kevin T. Kucharz
Florida Bar No. 883611
Christian G. Zimm
Florida Bar No. 1028178
*Attorneys for Blake F. Buchanan*

11770 Haynes Bridge Road
#205-219
Alpharetta, GA 30009-1968
(678) 470-3755
kkucharz@chalmersadams.com
czimm@chalmersadams.com

## CERTIFICATE OF SERVICE

This is to certify that I have today served the **NOTICE OF INTENT TO SERVE SUBPOENA DUCES TECUM FOR PRODUCTION OF DOCUMENTS AND THINGS WITH DEPOSITION** to the following counsel via statutory electronic service:

Matthew P. McLauchlin, Esq.
MCLAUCHLIN LAW, PLLC
7645 Gate Parkway, Su. 106
Jacksonville, FL 32256
matt@mpmlawyers.com
*Attorney for Plaintiff*

Michael L. Duncan, Esq.
DUNCAN TRIAL & MEDIATION
301 W. Bay St., Su. 1446
Jacksonville, FL 32202
mikeduncan@mikeduncanlaw.com
*Attorney for Plaintiff*

This 23rd day of December 2025.

.

CHALMERS, ADAMS, BACKER &
KAUFMAN, LLC


*/s/ Kevin T. Kucharz*
Kevin T. Kucharz
Florida Bar No. 883611
Christian G. Zimm
Florida Bar No. 1028178
*Attorneys for Blake F. Buchanan*

11770 Haynes Bridge Road
#205-219
Alpharetta, GA 30009-1968
(678) 470-3755
kkucharz@chalmersadams.com
czimm@chalmersadams.com

## IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
## IN AND FOR NASSAU COUNTY, FLORIDA

AIC FERNANDINA, LLC d/b/a )
AMELIA ISLAND COFFEE, a Florida limited )
liability company, )
         )
    *Plaintiff,* )
         )
v. )         CASE NO.:
         )         2025-CA-000311-AXYX
         )
BLAKE F. BUCHANAN, )
         )
    *Defendant.* )
_____ )

## SUBPOENA DUCES TECUM FOR PRODUCTION OF DOCUMENTS AND THINGS
## WITH AUDIOVISUALLY RECORDED DEPOSITION

STATE OF FLORIDA:

TO:     Jaclyn Permenter
         in c/o Matthew McLauchlin, Esq. and Michael Duncan, Esq.
         MCLAUCHLIN LAW, PLLC
         7645 Gate Parkway, Su. 106
         Jacksonville, FL 32256
         DUNCAN TRIAL & MEDIATION
         301 W. Bay St., Su. 1446
         Jacksonville, FL 32202

         YOU ARE COMMANDED to appear before a person authorized by law to take depositions at 7645 Gate Parkway, Su. 106, Jacksonville, FL 32256, 301 W. Bay St., Su. 1446 Jacksonville, FL 32202, or another mutually agreed upon location, on February 3, 2026, at 10:00A.M. EST, or on another mutually agreed upon date and time, for the taking of your deposition in this action and to have with you at that time and place the following: your personal cell phone(s) and computer with all your social media accounts with posts for the past five years for inspection and copying. You are required to provide the undersigned counsel copies of all posts from your social media accounts from the past five years from the date of this subpoena at least 10 days before the deposition. Your deposition will be visually and audibly recorded via a video recording device, in addition to transcribed via a stenographer, by an operator in the Jacksonville, FL area to be named at a later date. If you fail to appear or produce, you may be in contempt of court.

         You are subpoenaed to appear by the following attorney, and unless excused from this subpoena by this attorney or the court, you must respond to this subpoena as directed.

**If you are a person with a disability who needs any accommodation to respond to this subpoena, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the undersigned counsel at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

This ___ day of December 2025.

CHALMERS, ADAMS, BACKER & KAUFMAN, LLC

/s/ Kevin T. Kucharz
Kevin T. Kucharz
Florida Bar No. 883611
Christian G. Zimm
Florida Bar No. 1028178
*Attorneys for Blake F. Buchanan*

11770 Haynes Bridge Road
#205-219
Alpharetta, GA 30009-1968
(678) 470-3755
kkucharz@chalmersadams.com
czimm@chalmersadams.com

## IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
## IN AND FOR NASSAU COUNTY, FLORIDA

AIC FERNANDINA, LLC d/b/a )
AMELIA ISLAND COFFEE, a Florida limited )
liability company, )
      )
      *Plaintiff,* )
      )
v. )      CASE NO.:
      )      2025-CA-000311-AXYX
      )
BLAKE F. BUCHANAN, )
      )
      *Defendant.* )
_____)

## SUBPOENA DUCES TECUM FOR PRODUCTION OF DOCUMENTS AND THINGS
## WITH DEPOSITION

STATE OF FLORIDA:

TO:    Ray Carter
       in c/o Matthew McLauchlin, Esq. and Michael Duncan, Esq.
       MCLAUCHLIN LAW, PLLC
       7645 Gate Parkway, Su. 106
       Jacksonville, FL 32256
       DUNCAN TRIAL & MEDIATION
       301 W. Bay St., Su. 1446
       Jacksonville, FL 32202

YOU ARE COMMANDED to appear before a person authorized by law to take depositions at 7645 Gate Parkway, Su. 106, Jacksonville, FL 32256, 301 W. Bay St., Su. 1446 Jacksonville, FL 32202, or another mutually agreed upon location, on February 4, 2026, at 2:00P.M. EST, or on another mutually agreed upon date and time, for the taking of your deposition via a stenographer in this action and to have with you at that time and place the following: your personal cell phone(s) with all your social media accounts with posts for the past five years for inspection and copying. You are required to provide the undersigned counsel copies of all posts from your social media accounts from the past five years from the date of this subpoena at least 10 days before the deposition. If you fail to appear or produce, you may be in contempt of court.

You are subpoenaed to appear by the following attorney, and unless excused from this subpoena by this attorney or the court, you must respond to this subpoena as directed.

**If you are a person with a disability who needs any accommodation to respond to this subpoena, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the undersigned counsel at least 7 days before your scheduled court appearance, or**

**immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

This ___ day of December 2025.

CHALMERS, ADAMS, BACKER & KAUFMAN, LLC

*/s/ Kevin T. Kucharz*
Kevin T. Kucharz
Florida Bar No. 883611
Christian G. Zimm
Florida Bar No. 1028178
*Attorneys for Blake F. Buchanan*

11770 Haynes Bridge Road
#205-219
Alpharetta, GA 30009-1968
(678) 470-3755
kkucharz@chalmersadams.com
czimm@chalmersadams.com

## IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
## IN AND FOR NASSAU COUNTY, FLORIDA

AIC FERNANDINA, LLC d/b/a )
AMELIA ISLAND COFFEE, a Florida limited )
liability company, )
       )
      *Plaintiff,* )
       )
v. )           CASE NO.:
       )           2025-CA-000311-AXYX
       )
BLAKE F. BUCHANAN, )
       )
      *Defendant.* )
_____ )

## SUBPOENA DUCES TECUM FOR PRODUCTION OF DOCUMENTS AND THINGS
## WITH DEPOSITION

STATE OF FLORIDA:

TO:   Paige Banks Carter
       in c/o Matthew McLauchlin, Esq. and Michael Duncan, Esq.
       MCLAUCHLIN LAW, PLLC
       7645 Gate Parkway, Su. 106
       Jacksonville, FL 32256
       DUNCAN TRIAL & MEDIATION
       301 W. Bay St., Su. 1446
       Jacksonville, FL 32202

YOU ARE COMMANDED to appear before a person authorized by law to take depositions at 7645 Gate Parkway, Su. 106, Jacksonville, FL 32256, 301 W. Bay St., Su. 1446 Jacksonville, FL 32202, or another mutually agreed upon location, on February 4, 2026, at 4:00P.M. EST, or on another mutually agreed upon date and time, for the taking of your deposition via a stenographer in this action and to have with you at that time and place the following: your personal cell phone(s) with all your social media accounts with posts for the past five years for inspection and copying. You are required to provide the undersigned counsel copies of all posts from your social media accounts from the past five years from the date of this subpoena at least 10 days before the deposition. If you fail to appear or produce, you may be in contempt of court.

You are subpoenaed to appear by the following attorney, and unless excused from this subpoena by this attorney or the court, you must respond to this subpoena as directed.

**If you are a person with a disability who needs any accommodation to respond to this subpoena, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the undersigned counsel at least 7 days before your scheduled court appearance, or**

**immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

This ___ day of December 2025.

CHALMERS, ADAMS, BACKER & KAUFMAN, LLC

_/s/ Kevin T. Kucharz_
Kevin T. Kucharz
Florida Bar No. 883611
Christian G. Zimm
Florida Bar No. 1028178
_Attorneys for Blake F. Buchanan_

11770 Haynes Bridge Road
#205-219
Alpharetta, GA 30009-1968
(678) 470-3755
kkucharz@chalmersadams.com
czimm@chalmersadams.com

## IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
## IN AND FOR NASSAU COUNTY, FLORIDA

AIC FERNANDINA, LLC d/b/a )
AMELIA ISLAND COFFEE, a Florida limited )
liability company, )
     )
    *Plaintiff,* )
     )
v. )    CASE NO.:
     )    2025-CA-000311-AXYX
     )
BLAKE F. BUCHANAN, )
     )
    *Defendant.* )
_____ )

## SUBPOENA DUCES TECUM FOR PRODUCTION OF DOCUMENTS AND THINGS
## WITH DEPOSITION

STATE OF FLORIDA:

TO:    Hope Wiggins
        920A S. 17th St.
        Fernandina Beach, FL 32034

    YOU ARE COMMANDED to appear before a person authorized by law to take depositions at 7645 Gate Parkway, Su. 106, Jacksonville, FL 32256, 301 W. Bay St., Su. 1446 Jacksonville, FL 32202, or another mutually agreed upon location, on February 4, 2026, at 5:00P.M. EST, or on another mutually agreed upon date and time, for the taking of your deposition via a stenographer in this action and to have with you at that time and place the following: your personal cell phone(s) with all your social media accounts with posts for the past five years for inspection and copying. You are required to provide the undersigned counsel copies of all posts from your social media accounts from the past five years from the date of this subpoena at least 10 days before the deposition. If you fail to appear or produce, you may be in contempt of court.

    You are subpoenaed to appear by the following attorney, and unless excused from this subpoena by this attorney or the court, you must respond to this subpoena as directed.

    **If you are a person with a disability who needs any accommodation to respond to this subpoena, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the undersigned counsel at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

This ___ day of December 2025.

CHALMERS, ADAMS, BACKER & KAUFMAN, LLC

/s/ Kevin T. Kucharz
Kevin T. Kucharz
Florida Bar No. 883611
Christian G. Zimm
Florida Bar No. 1028178
*Attorneys for Blake F. Buchanan*

11770 Haynes Bridge Road
#205-219
Alpharetta, GA 30009-1968
(678) 470-3755
kkucharz@chalmersadams.com
czimm@chalmersadams.com

## IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
## IN AND FOR NASSAU COUNTY, FLORIDA

AIC FERNANDINA, LLC d/b/a ))
AMELIA ISLAND COFFEE, a Florida limited )
liability company, )
                            )
     *Plaintiff*, )
                            )
v. )        CASE NO.:
                            )        2025-CA-000311-AXYX
                            )
BLAKE F. BUCHANAN, )
                            )
     *Defendant*. )
_____ )

## SUBPOENA DUCES TECUM FOR PRODUCTION OF DOCUMENTS AND THINGS
## WITH DEPOSITION

STATE OF FLORIDA:

TO:    Meilani Pruitt
       in c/o Matthew McLauchlin, Esq. and Michael Duncan, Esq.
       MCLAUCHLIN LAW, PLLC
       7645 Gate Parkway, Su. 106
       Jacksonville, FL 32256
       DUNCAN TRIAL & MEDIATION
       301 W. Bay St., Su. 1446
       Jacksonville, FL 32202

      YOU ARE COMMANDED to appear before a person authorized by law to take depositions at 7645 Gate Parkway, Su. 106, Jacksonville, FL 32256, 301 W. Bay St., Su. 1446 Jacksonville, FL 32202, or another mutually agreed upon location, on February 5, 2026, at 10:00A.M. EST, or on another mutually agreed upon date and time, for the taking of your deposition via a stenographer in this action and to have with you at that time and place the following: your personal cell phone(s) with all your social media accounts with posts for the past five years for inspection and copying. You are required to provide the undersigned counsel copies of all posts from your social media accounts from the past five years from the date of this subpoena at least 10 days before the deposition. If you fail to appear or produce, you may be in contempt of court.

      You are subpoenaed to appear by the following attorney, and unless excused from this subpoena by this attorney or the court, you must respond to this subpoena as directed.

      **If you are a person with a disability who needs any accommodation to respond to this subpoena, you are entitled, at no cost to you, to the provision of certain assistance. Please**

contact the undersigned counsel at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

This ___ day of December 2025.

<div align="right">

**CHALMERS, ADAMS, BACKER &**
**KAUFMAN, LLC**

*/s/ Kevin T. Kucharz*
Kevin T. Kucharz
Florida Bar No. 883611
Christian G. Zimm
Florida Bar No. 1028178
*Attorneys for Blake F. Buchanan*

</div>

11770 Haynes Bridge Road
#205-219
Alpharetta, GA 30009-1968
(678) 470-3755
kkucharz@chalmersadams.com
czimm@chalmersadams.com

**IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
IN AND FOR NASSAU COUNTY, FLORIDA**

AIC FERNANDINA, LLC d/b/a )
AMELIA ISLAND COFFEE, a Florida limited )
liability company, )
                   )
      *Plaintiff,* )
                   )
v. )      CASE NO.:
                   )      2025-CA-000311-AXYX
                   )
BLAKE F. BUCHANAN, )
                   )
      *Defendant.* )
_____)

## SUBPOENA DUCES TECUM FOR PRODUCTION OF DOCUMENTS AND THINGS WITH DEPOSITION

STATE OF FLORIDA:

TO:    Brennan Webb
        in c/o Matthew McLauchlin, Esq. and Michael Duncan, Esq.
        MCLAUCHLIN LAW, PLLC
        7645 Gate Parkway, Su. 106
        Jacksonville, FL 32256
        DUNCAN TRIAL & MEDIATION
        301 W. Bay St., Su. 1446
        Jacksonville, FL 32202

      YOU ARE COMMANDED to appear before a person authorized by law to take depositions at 7645 Gate Parkway, Su. 106, Jacksonville, FL 32256, 301 W. Bay St., Su. 1446 Jacksonville, FL 32202, or another mutually agreed upon location, on February 5, 2026, at 12:00P.M. EST, or on another mutually agreed upon date and time, for the taking of your deposition via a stenographer in this action and to have with you at that time and place the following: your personal cell phone(s) with all your social media accounts with posts for the past five years for inspection and copying. You are required to provide the undersigned counsel copies of all posts from your social media accounts from the past five years from the date of this subpoena at least 10 days before the deposition. If you fail to appear or produce, you may be in contempt of court.

      You are subpoenaed to appear by the following attorney, and unless excused from this subpoena by this attorney or the court, you must respond to this subpoena as directed.

      **If you are a person with a disability who needs any accommodation to respond to this subpoena, you are entitled, at no cost to you, to the provision of certain assistance. Please**

contact the undersigned counsel at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

This ___ day of December 2025.

<div style="text-align:right">

CHALMERS, ADAMS, BACKER & KAUFMAN, LLC

</div>

<div style="text-align:right">

*/s/ Kevin T. Kucharz*

Kevin T. Kucharz
Florida Bar No. 883611
Christian G. Zimm
Florida Bar No. 1028178
*Attorneys for Blake F. Buchanan*

</div>

11770 Haynes Bridge Road
#205-219
Alpharetta, GA 30009-1968
(678) 470-3755
kkucharz@chalmersadams.com
czimm@chalmersadams.com

## IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
## IN AND FOR NASSAU COUNTY, FLORIDA

AIC FERNANDINA, LLC d/b/a )
AMELIA ISLAND COFFEE, a Florida limited )
liability company, )
          )
       *Plaintiff*, )
          )
v. )           CASE NO.:
          )           2025-CA-000311-AXYX
          )
BLAKE F. BUCHANAN, )
          )
      *Defendant*. )
_____ )

## SUBPOENA DUCES TECUM FOR PRODUCTION OF DOCUMENTS AND THINGS
## WITH DEPOSITION

      STATE OF FLORIDA:

    TO:    Sara Hall
          in c/o Matthew McLauchlin, Esq. and Michael Duncan, Esq.
          MCLAUCHLIN LAW, PLLC
          7645 Gate Parkway, Su. 106
          Jacksonville, FL 32256
          DUNCAN TRIAL & MEDIATION
          301 W. Bay St., Su. 1446
          Jacksonville, FL 32202

      YOU ARE COMMANDED to appear before a person authorized by law to take depositions at 7645 Gate Parkway, Su. 106, Jacksonville, FL 32256, 301 W. Bay St., Su. 1446 Jacksonville, FL 32202, or another mutually agreed upon location, on February 5, 2026, at 1:00P.M. EST, or on another mutually agreed upon date and time, for the taking of your deposition via a stenographer in this action and to have with you at that time and place the following: your personal cell phone(s) with all your social media accounts with posts for the past five years for inspection and copying. You are required to provide the undersigned counsel copies of all posts from your social media accounts from the past five years from the date of this subpoena at least 10 days before the deposition. If you fail to appear or produce, you may be in contempt of court.

      You are subpoenaed to appear by the following attorney, and unless excused from this subpoena by this attorney or the court, you must respond to this subpoena as directed.

      **If you are a person with a disability who needs any accommodation to respond to this subpoena, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the undersigned counsel at least 7 days before your scheduled court appearance, or**

immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.


This ___ day of December 2025.


CHALMERS, ADAMS, BACKER & KAUFMAN, LLC


/s/ Kevin T. Kucharz
Kevin T. Kucharz
Florida Bar No. 883611
Christian G. Zimm
Florida Bar No. 1028178
Attorneys for Blake F. Buchanan

11770 Haynes Bridge Road
#205-219
Alpharetta, GA 30009-1968
(678) 470-3755
kkucharz@chalmersadams.com
czimm@chalmersadams.com

## IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
### IN AND FOR NASSAU COUNTY, FLORIDA

AIC FERNANDINA, LLC d/b/a )
AMELIA ISLAND COFFEE, a Florida limited )
liability company, )
                                  )
       *Plaintiff,* )
                                    )
v. )            CASE NO.:
                                    )            2025-CA-000311-AXYX
                                    )
BLAKE F. BUCHANAN, )
                                    )
       *Defendant.* )
_____ )

## SUBPOENA DUCES TECUM FOR PRODUCTION OF DOCUMENTS AND THINGS WITH DEPOSITION

STATE OF FLORIDA:

TO:   Caitlyn Terry
       in c/o Matthew McLauchlin, Esq. and Michael Duncan, Esq.
       MCLAUCHLIN LAW, PLLC
       7645 Gate Parkway, Su. 106
       Jacksonville, FL 32256
       DUNCAN TRIAL & MEDIATION
       301 W. Bay St., Su. 1446
       Jacksonville, FL 32202

      YOU ARE COMMANDED to appear before a person authorized by law to take depositions at 7645 Gate Parkway, Su. 106, Jacksonville, FL 32256, 301 W. Bay St., Su. 1446 Jacksonville, FL 32202, or another mutually agreed upon location, on February 5, 2026, at 3:00P.M. EST, or on another mutually agreed upon date and time, for the taking of your deposition via a stenographer in this action and to have with you at that time and place the following: your personal cell phone(s) with all your social media accounts with posts for the past five years for inspection and copying. You are required to provide the undersigned counsel copies of all posts from your social media accounts from the past five years from the date of this subpoena at least 10 days before the deposition. If you fail to appear or produce, you may be in contempt of court.

      You are subpoenaed to appear by the following attorney, and unless excused from this subpoena by this attorney or the court, you must respond to this subpoena as directed.

      **If you are a person with a disability who needs any accommodation to respond to this subpoena, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the undersigned counsel at least 7 days before your scheduled court appearance, or**

immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.


This ___ day of December 2025.


CHALMERS, ADAMS, BACKER & KAUFMAN, LLC


/s/ Kevin T. Kucharz
Kevin T. Kucharz
Florida Bar No. 883611
Christian G. Zimm
Florida Bar No. 1028178
Attorneys for Blake F. Buchanan

11770 Haynes Bridge Road
#205-219
Alpharetta, GA 30009-1968
(678) 470-3755
kkucharz@chalmersadams.com
czimm@chalmersadams.com

## IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
## IN AND FOR NASSAU COUNTY, FLORIDA

AIC FERNANDINA, LLC d/b/a )
AMELIA ISLAND COFFEE, a Florida limited )
liability company, )
                 )
        *Plaintiff*, )
                 )
v. )      CASE NO.:
                 )      2025-CA-000311-AXYX
                 )
BLAKE F. BUCHANAN, )
                 )
        *Defendant*. )
_____)

## SUBPOENA DUCES TECUM FOR PRODUCTION OF DOCUMENTS AND THINGS WITH DEPOSITION

STATE OF FLORIDA:

TO:    Chloe Whitaker
       in c/o Matthew McLauchlin, Esq. and Michael Duncan, Esq.
       MCLAUCHLIN LAW, PLLC
       7645 Gate Parkway, Su. 106
       Jacksonville, FL 32256
       DUNCAN TRIAL & MEDIATION
       301 W. Bay St., Su. 1446
       Jacksonville, FL 32202

       YOU ARE COMMANDED to appear before a person authorized by law to take depositions at 7645 Gate Parkway, Su. 106, Jacksonville, FL 32256, 301 W. Bay St., Su. 1446 Jacksonville, FL 32202, or another mutually agreed upon location, on February 5, 2026, at 4:00P.M. EST, or on another mutually agreed upon date and time, for the taking of your deposition via a stenographer in this action and to have with you at that time and place the following: your personal cell phone(s) with all your social media accounts with posts for the past five years for inspection and copying. You are required to provide the undersigned counsel copies of all posts from your social media accounts from the past five years from the date of this subpoena at least 10 days before the deposition. If you fail to appear or produce, you may be in contempt of court.

       You are subpoenaed to appear by the following attorney, and unless excused from this subpoena by this attorney or the court, you must respond to this subpoena as directed.

       **If you are a person with a disability who needs any accommodation to respond to this subpoena, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the undersigned counsel at least 7 days before your scheduled court appearance, or**

**immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

This ___ day of December 2025.

                                        CHALMERS, ADAMS, BACKER &
                                        KAUFMAN, LLC

                                        /s/ Kevin T. Kucharz
                                        Kevin T. Kucharz
                                        Florida Bar No. 883611
                                        Christian G. Zimm
11770 Haynes Bridge Road                Florida Bar No. 1028178
#205-219                                *Attorneys for Blake F. Buchanan*
Alpharetta, GA 30009-1968
(678) 470-3755
kkucharz@chalmersadams.com
czimm@chalmersadams.com

## IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
## IN AND FOR NASSAU COUNTY, FLORIDA

AIC FERNANDINA, LLC d/b/a ) 
AMELIA ISLAND COFFEE, a Florida limited )
liability company, )
                         )
      *Plaintiff,* )
                         )
v. )      CASE NO.:
                         )      2025-CA-000311-AXYX
                         )
BLAKE F. BUCHANAN, )
                         )
      *Defendant.* )
                         )

## SUBPOENA DUCES TECUM FOR PRODUCTION OF DOCUMENTS AND THINGS
## WITH DEPOSITION

STATE OF FLORIDA:

TO:    Hellen Rocha
       in c/o Matthew McLauchlin, Esq. and Michael Duncan, Esq.
       MCLAUCHLIN LAW, PLLC
       7645 Gate Parkway, Su. 106
       Jacksonville, FL 32256
       DUNCAN TRIAL & MEDIATION
       301 W. Bay St., Su. 1446
       Jacksonville, FL 32202

YOU ARE COMMANDED to appear before a person authorized by law to take depositions at 7645 Gate Parkway, Su. 106, Jacksonville, FL 32256, 301 W. Bay St., Su. 1446 Jacksonville, FL 32202, or another mutually agreed upon location, on February 5, 2026, at 5:00P.M. EST, or on another mutually agreed upon date and time, for the taking of your deposition via a stenographer in this action and to have with you at that time and place the following: your personal cell phone(s) with all your social media accounts with posts for the past five years for inspection and copying. You are required to provide the undersigned counsel copies of all posts from your social media accounts from the past five years from the date of this subpoena at least 10 days before the deposition. If you fail to appear or produce, you may be in contempt of court.

You are subpoenaed to appear by the following attorney, and unless excused from this subpoena by this attorney or the court, you must respond to this subpoena as directed.

**If you are a person with a disability who needs any accommodation to respond to this subpoena, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the undersigned counsel at least 7 days before your scheduled court appearance, or**

immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

This ___ day of December 2025.

CHALMERS, ADAMS, BACKER & KAUFMAN, LLC

/s/ Kevin T. Kucharz
Kevin T. Kucharz
Florida Bar No. 883611
Christian G. Zimm
Florida Bar No. 1028178
Attorneys for Blake F. Buchanan

11770 Haynes Bridge Road
#205-219
Alpharetta, GA 30009-1968
(678) 470-3755
kkucharz@chalmersadams.com
czimm@chalmersadams.com

## IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
## IN AND FOR NASSAU COUNTY, FLORIDA

AIC FERNANDINA, LLC d/b/a )
AMELIA ISLAND COFFEE, a Florida limited )
liability company, )
)
    *Plaintiff,* )
)
v. )    CASE NO.:
)    2025-CA-000311-AXYX
)
BLAKE F. BUCHANAN, )
)
    *Defendant.* )
_____)

## SUBPOENA DUCES TECUM FOR PRODUCTION OF DOCUMENTS AND THINGS
## WITH DEPOSITION

STATE OF FLORIDA:

TO:    Hannah Worley
       in c/o Matthew McLauchlin, Esq. and Michael Duncan, Esq.
       MCLAUCHLIN LAW, PLLC
       7645 Gate Parkway, Su. 106
       Jacksonville, FL 32256
       DUNCAN TRIAL & MEDIATION
       301 W. Bay St., Su. 1446
       Jacksonville, FL 32202

       YOU ARE COMMANDED to appear before a person authorized by law to take depositions at 7645 Gate Parkway, Su. 106, Jacksonville, FL 32256, 301 W. Bay St., Su. 1446 Jacksonville, FL 32202, or another mutually agreed upon location, on February 5, 2026, at 6:00P.M. EST, or on another mutually agreed upon date and time, for the taking of your deposition via a stenographer in this action and to have with you at that time and place the following: your personal cell phone(s) with all your social media accounts with posts for the past five years for inspection and copying. You are required to provide the undersigned counsel copies of all posts from your social media accounts from the past five years from the date of this subpoena at least 10 days before the deposition. If you fail to appear or produce, you may be in contempt of court.

       You are subpoenaed to appear by the following attorney, and unless excused from this subpoena by this attorney or the court, you must respond to this subpoena as directed.

       **If you are a person with a disability who needs any accommodation to respond to this subpoena, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the undersigned counsel at least 7 days before your scheduled court appearance, or**

immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.


This ___ day of December 2025.


CHALMERS, ADAMS, BACKER & KAUFMAN, LLC


/s/ Kevin T. Kucharz
Kevin T. Kucharz
Florida Bar No. 883611
Christian G. Zimm
Florida Bar No. 1028178
Attorneys for Blake F. Buchanan

11770 Haynes Bridge Road
#205-219
Alpharetta, GA 30009-1968
(678) 470-3755
kkucharz@chalmersadams.com
czimm@chalmersadams.com

## IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
## IN AND FOR NASSAU COUNTY, FLORIDA

AIC FERNANDINA, LLC d/b/a )
AMELIA ISLAND COFFEE, a Florida limited )
liability company, )
              )
       *Plaintiff,* )
              )
v. )        CASE NO.:
              )        2025-CA-000311-AXYX
              )
BLAKE F. BUCHANAN, )
              )
       *Defendant.* )
_____)

## SUBPOENA DUCES TECUM FOR PRODUCTION OF DOCUMENTS AND THINGS
## WITH DEPOSITION

STATE OF FLORIDA:

TO:    William Fletcher
       in c/o Matthew McLauchlin, Esq. and Michael Duncan, Esq.
       MCLAUCHLIN LAW, PLLC
       7645 Gate Parkway, Su. 106
       Jacksonville, FL 32256
       DUNCAN TRIAL & MEDIATION
       301 W. Bay St., Su. 1446
       Jacksonville, FL 32202

YOU ARE COMMANDED to appear before a person authorized by law to take depositions at 7645 Gate Parkway, Su. 106, Jacksonville, FL 32256, 301 W. Bay St., Su. 1446 Jacksonville, FL 32202, or another mutually agreed upon location, on February 6, 2026, at 9:00A.M. EST, or on another mutually agreed upon date and time, for the taking of your deposition via a stenographer in this action and to have with you at that time and place the following: your personal cell phone(s) with all your social media accounts with posts for the past five years for inspection and copying. You are required to provide the undersigned counsel copies of all posts from your social media accounts from the past five years from the date of this subpoena at least 10 days before the deposition. If you fail to appear or produce, you may be in contempt of court.

You are subpoenaed to appear by the following attorney, and unless excused from this subpoena by this attorney or the court, you must respond to this subpoena as directed.

**If you are a person with a disability who needs any accommodation to respond to this subpoena, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the undersigned counsel at least 7 days before your scheduled court appearance, or**

immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.


This ___ day of December 2025.


CHALMERS, ADAMS, BACKER & KAUFMAN, LLC


/s/ Kevin T. Kucharz
Kevin T. Kucharz
Florida Bar No. 883611
Christian G. Zimm
Florida Bar No. 1028178
Attorneys for Blake F. Buchanan

11770 Haynes Bridge Road
#205-219
Alpharetta, GA 30009-1968
(678) 470-3755
kkucharz@chalmersadams.com
czimm@chalmersadams.com

**IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
IN AND FOR NASSAU COUNTY, FLORIDA**

AIC FERNANDINA, LLC d/b/a )
AMELIA ISLAND COFFEE, a Florida limited )
liability company, )
           )
       *Plaintiff*, )
           )
v. )           CASE NO.:
           )      2025-CA-000311-AXYX
           )
BLAKE F. BUCHANAN, )
           )
       *Defendant*. )
_____)

## SUBPOENA DUCES TECUM FOR PRODUCTION OF DOCUMENTS AND THINGS WITH DEPOSITION

STATE OF FLORIDA:

TO:   Abby Wells
      in c/o Matthew McLauchlin, Esq. and Michael Duncan, Esq.
      MCLAUCHLIN LAW, PLLC
      7645 Gate Parkway, Su. 106
      Jacksonville, FL 32256
      DUNCAN TRIAL & MEDIATION
      301 W. Bay St., Su. 1446
      Jacksonville, FL 32202

     YOU ARE COMMANDED to appear before a person authorized by law to take depositions at 7645 Gate Parkway, Su. 106, Jacksonville, FL 32256, 301 W. Bay St., Su. 1446 Jacksonville, FL 32202, or another mutually agreed upon location, on February 6, 2026, at 10:00A.M. EST, or on another mutually agreed upon date and time, for the taking of your deposition via a stenographer in this action and to have with you at that time and place the following: your personal cell phone(s) with all your social media accounts with posts for the past five years for inspection and copying. You are required to provide the undersigned counsel copies of all posts from your social media accounts from the past five years from the date of this subpoena at least 10 days before the deposition. If you fail to appear or produce, you may be in contempt of court.

     You are subpoenaed to appear by the following attorney, and unless excused from this subpoena by this attorney or the court, you must respond to this subpoena as directed.

     **If you are a person with a disability who needs any accommodation to respond to this subpoena, you are entitled, at no cost to you, to the provision of certain assistance. Please**

contact the undersigned counsel at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

This ___ day of December 2025.

<div style="text-align:right">

**CHALMERS, ADAMS, BACKER & KAUFMAN, LLC**

*/s/ Kevin T. Kucharz*
Kevin T. Kucharz
Florida Bar No. 883611
Christian G. Zimm
Florida Bar No. 1028178
*Attorneys for Blake F. Buchanan*

</div>

11770 Haynes Bridge Road
#205-219
Alpharetta, GA 30009-1968
(678) 470-3755
kkucharz@chalmersadams.com
czimm@chalmersadams.com

# IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
## IN AND FOR NASSAU COUNTY, FLORIDA

| | |
|---|---|
| AIC FERNANDINA, LLC d/b/a<br>AMELIA ISLAND COFFEE, a Florida limited<br>liability company,<br><br>     *Plaintiff*,<br><br>v.<br><br><br>BLAKE F. BUCHANAN,<br><br>     *Defendant*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CASE NO.:
2025-CA-000311-AXYX

## SUBPOENA DUCES TECUM FOR PRODUCTION OF DOCUMENTS AND THINGS WITH DEPOSITION

STATE OF FLORIDA:

TO:    Haley Land
in c/o Matthew McLauchlin, Esq. and Michael Duncan, Esq.
MCLAUCHLIN LAW, PLLC
7645 Gate Parkway, Su. 106
Jacksonville, FL 32256
DUNCAN TRIAL & MEDIATION
301 W. Bay St., Su. 1446
Jacksonville, FL 32202

YOU ARE COMMANDED to appear before a person authorized by law to take depositions at 7645 Gate Parkway, Su. 106, Jacksonville, FL 32256, 301 W. Bay St., Su. 1446 Jacksonville, FL 32202, or another mutually agreed upon location, on February 6, 2026, at 11:00A.M. EST, or on another mutually agreed upon date and time, for the taking of your deposition via a stenographer in this action and to have with you at that time and place the following: your personal cell phone(s) with all your social media accounts with posts for the past five years for inspection and copying. You are required to provide the undersigned counsel copies of all posts from your social media accounts from the past five years from the date of this subpoena at least 10 days before the deposition. If you fail to appear or produce, you may be in contempt of court.

You are subpoenaed to appear by the following attorney, and unless excused from this subpoena by this attorney or the court, you must respond to this subpoena as directed.

**If you are a person with a disability who needs any accommodation to respond to this subpoena, you are entitled, at no cost to you, to the provision of certain assistance. Please**

contact the undersigned counsel at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

This ___ day of December 2025.

<div style="text-align:right">

**CHALMERS, ADAMS, BACKER & KAUFMAN, LLC**

*/s/ Kevin T. Kucharz*
Kevin T. Kucharz
Florida Bar No. 883611
Christian G. Zimm
Florida Bar No. 1028178
*Attorneys for Blake F. Buchanan*

</div>

11770 Haynes Bridge Road
#205-219
Alpharetta, GA 30009-1968
(678) 470-3755
kkucharz@chalmersadams.com
czimm@chalmersadams.com

## IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
## IN AND FOR NASSAU COUNTY, FLORIDA

AIC FERNANDINA, LLC d/b/a      )
AMELIA ISLAND COFFEE, a Florida limited      )
liability company,      )
     )
        *Plaintiff*,      )
     )
v.      )      CASE NO.:
     )      2025-CA-000311-AXYX
     )
BLAKE F. BUCHANAN,      )
     )
        *Defendant*.      )
     )

## SUBPOENA DUCES TECUM FOR PRODUCTION OF DOCUMENTS AND THINGS WITH DEPOSITION

STATE OF FLORIDA:

TO:     Levi Simmons
        in c/o Matthew McLauchlin, Esq. and Michael Duncan, Esq.
        MCLAUCHLIN LAW, PLLC
        7645 Gate Parkway, Su. 106
        Jacksonville, FL 32256
        DUNCAN TRIAL & MEDIATION
        301 W. Bay St., Su. 1446
        Jacksonville, FL 32202

YOU ARE COMMANDED to appear before a person authorized by law to take depositions at 7645 Gate Parkway, Su. 106, Jacksonville, FL 32256, 301 W. Bay St., Su. 1446 Jacksonville, FL 32202, or another mutually agreed upon location, on February 6, 2026, at 12:00P.M. EST, or on another mutually agreed upon date and time, for the taking of your deposition via a stenographer in this action and to have with you at that time and place the following: your personal cell phone(s) with all your social media accounts with posts for the past five years for inspection and copying. You are required to provide the undersigned counsel copies of all posts from your social media accounts from the past five years from the date of this subpoena at least 10 days before the deposition. If you fail to appear or produce, you may be in contempt of court.

You are subpoenaed to appear by the following attorney, and unless excused from this subpoena by this attorney or the court, you must respond to this subpoena as directed.

**If you are a person with a disability who needs any accommodation to respond to this subpoena, you are entitled, at no cost to you, to the provision of certain assistance. Please**

contact the undersigned counsel at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

This ___ day of December 2025.

<div align="right">

**CHALMERS, ADAMS, BACKER & KAUFMAN, LLC**

*/s/ Kevin T. Kucharz*_____
Kevin T. Kucharz
Florida Bar No. 883611
Christian G. Zimm
Florida Bar No. 1028178
*Attorneys for Blake F. Buchanan*

</div>

11770 Haynes Bridge Road
#205-219
Alpharetta, GA 30009-1968
(678) 470-3755
kkucharz@chalmersadams.com
czimm@chalmersadams.com

## IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
## IN AND FOR NASSAU COUNTY, FLORIDA

AIC FERNANDINA, LLC d/b/a )
AMELIA ISLAND COFFEE, a Florida limited )
liability company, )
                 )
        *Plaintiff,* )
                 )
v. )       CASE NO.:
                 )       2025-CA-000311-AXYX
                 )
BLAKE F. BUCHANAN, )
                 )
        *Defendant.* )
_____)

## SUBPOENA DUCES TECUM FOR PRODUCTION OF DOCUMENTS AND THINGS
## WITH DEPOSITION

STATE OF FLORIDA:

TO:    Madison Davis
        in c/o Matthew McLauchlin, Esq. and Michael Duncan, Esq.
        MCLAUCHLIN LAW, PLLC
        7645 Gate Parkway, Su. 106
        Jacksonville, FL 32256
        DUNCAN TRIAL & MEDIATION
        301 W. Bay St., Su. 1446
        Jacksonville, FL 32202

      YOU ARE COMMANDED to appear before a person authorized by law to take depositions at 7645 Gate Parkway, Su. 106, Jacksonville, FL 32256, 301 W. Bay St., Su. 1446 Jacksonville, FL 32202, or another mutually agreed upon location, on February 6, 2026, at 2:00P.M. EST, or on another mutually agreed upon date and time, for the taking of your deposition in this action via a stenographer and to have with you at that time and place the following: your personal cell phone(s) with all your social media accounts with posts for the past five years for inspection and copying. You are required to provide the undersigned counsel copies of all posts from your social media accounts from the past five years from the date of this subpoena at least 10 days before the deposition. If you fail to appear or produce, you may be in contempt of court.

      You are subpoenaed to appear by the following attorney, and unless excused from this subpoena by this attorney or the court, you must respond to this subpoena as directed.

      **If you are a person with a disability who needs any accommodation to respond to this subpoena, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the undersigned counsel at least 7 days before your scheduled court appearance, or**

immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

This ___ day of December 2025.

CHALMERS, ADAMS, BACKER & KAUFMAN, LLC

/s/ Kevin T. Kucharz
Kevin T. Kucharz
Florida Bar No. 883611
Christian G. Zimm
Florida Bar No. 1028178
Attorneys for Blake F. Buchanan

11770 Haynes Bridge Road
#205-219
Alpharetta, GA 30009-1968
(678) 470-3755
kkucharz@chalmersadams.com
czimm@chalmersadams.com

## IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
## IN AND FOR NASSAU COUNTY, FLORIDA

AIC FERNANDINA, LLC d/b/a )
AMELIA ISLAND COFFEE, a Florida limited )
liability company, )
                 )
       *Plaintiff,* )
                 )
v. )      CASE NO.:
                 )      2025-CA-000311-AXYX
                 )
BLAKE F. BUCHANAN, )
                 )
       *Defendant.* )
_____ )

## SUBPOENA DUCES TECUM FOR PRODUCTION OF DOCUMENTS AND THINGS WITH DEPOSITION

STATE OF FLORIDA:

TO:   Zachary Stafford
      in c/o Matthew McLauchlin, Esq. and Michael Duncan, Esq.
      MCLAUCHLIN LAW, PLLC
      7645 Gate Parkway, Su. 106
      Jacksonville, FL 32256
      DUNCAN TRIAL & MEDIATION
      301 W. Bay St., Su. 1446
      Jacksonville, FL 32202

YOU ARE COMMANDED to appear before a person authorized by law to take depositions at 7645 Gate Parkway, Su. 106, Jacksonville, FL 32256, 301 W. Bay St., Su. 1446 Jacksonville, FL 32202, or another mutually agreed upon location, on February 6, 2026, at 3:00P.M. EST, or on another mutually agreed upon date and time, for the taking of your deposition via a stenographer in this action and to have with you at that time and place the following: your personal cell phone(s) with all your social media accounts with posts for the past five years for inspection and copying. You are required to provide the undersigned counsel copies of all posts from your social media accounts from the past five years from the date of this subpoena at least 10 days before the deposition. If you fail to appear or produce, you may be in contempt of court.

You are subpoenaed to appear by the following attorney, and unless excused from this subpoena by this attorney or the court, you must respond to this subpoena as directed.

**If you are a person with a disability who needs any accommodation to respond to this subpoena, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the undersigned counsel at least 7 days before your scheduled court appearance, or**

immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.


This ___ day of December 2025.


CHALMERS, ADAMS, BACKER & KAUFMAN, LLC


/s/ Kevin T. Kucharz

Kevin T. Kucharz
Florida Bar No. 883611
Christian G. Zimm
Florida Bar No. 1028178
Attorneys for Blake F. Buchanan

11770 Haynes Bridge Road
#205-219
Alpharetta, GA 30009-1968
(678) 470-3755
kkucharz@chalmersadams.com
czimm@chalmersadams.com

**IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
IN AND FOR NASSAU COUNTY, FLORIDA**

AIC FERNANDINA, LLC d/b/a ⟩
AMELIA ISLAND COFFEE, a Florida limited ⟩
liability company, ⟩
         ⟩
    *Plaintiff,* ⟩
         ⟩
v. ⟩     CASE NO.:
         ⟩     2025-CA-000311-AXYX
         ⟩
BLAKE F. BUCHANAN, ⟩
         ⟩
    *Defendant.* ⟩
_____⟩

## SUBPOENA DUCES TECUM FOR PRODUCTION OF DOCUMENTS AND THINGS WITH DEPOSITION

STATE OF FLORIDA:

TO:   Michael Ahl
      in c/o Matthew McLauchlin, Esq. and Michael Duncan, Esq.
      MCLAUCHLIN LAW, PLLC
      7645 Gate Parkway, Su. 106
      Jacksonville, FL 32256
      DUNCAN TRIAL & MEDIATION
      301 W. Bay St., Su. 1446
      Jacksonville, FL 32202

YOU ARE COMMANDED to appear before a person authorized by law to take depositions at 7645 Gate Parkway, Su. 106, Jacksonville, FL 32256, 301 W. Bay St., Su. 1446 Jacksonville, FL 32202, or another mutually agreed upon location, on February 6, 2026, at 4:00P.M. EST, or on another mutually agreed upon date and time, for the taking of your deposition via a stenographer in this action and to have with you at that time and place the following: your personal cell phone(s) with all your social media accounts with posts for the past five years for inspection and copying. You are required to provide the undersigned counsel copies of all posts from your social media accounts from the past five years from the date of this subpoena at least 10 days before the deposition. If you fail to appear or produce, you may be in contempt of court.

You are subpoenaed to appear by the following attorney, and unless excused from this subpoena by this attorney or the court, you must respond to this subpoena as directed.

**If you are a person with a disability who needs any accommodation to respond to this subpoena, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the undersigned counsel at least 7 days before your scheduled court appearance, or**

immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

This ___ day of December 2025.

CHALMERS, ADAMS, BACKER & KAUFMAN, LLC

/s/ Kevin T. Kucharz
Kevin T. Kucharz
Florida Bar No. 883611
Christian G. Zimm
Florida Bar No. 1028178
Attorneys for Blake F. Buchanan

11770 Haynes Bridge Road
#205-219
Alpharetta, GA 30009-1968
(678) 470-3755
kkucharz@chalmersadams.com
czimm@chalmersadams.com

## IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
## IN AND FOR NASSAU COUNTY, FLORIDA

AIC FERNANDINA, LLC d/b/a )
AMELIA ISLAND COFFEE, a Florida limited )
liability company, )
       )
       *Plaintiff,* )
       )
v. )       CASE NO.:
       )       2025-CA-000311-AXYX
       )
BLAKE F. BUCHANAN, )
       )
       *Defendant.* )
_____ )

## SUBPOENA DUCES TECUM FOR PRODUCTION OF DOCUMENTS AND THINGS
## WITH DEPOSITION

STATE OF FLORIDA:

TO:     Chanttell Espinal
       in c/o Matthew McLauchlin, Esq. and Michael Duncan, Esq.
       MCLAUCHLIN LAW, PLLC
       7645 Gate Parkway, Su. 106
       Jacksonville, FL 32256
       DUNCAN TRIAL & MEDIATION
       301 W. Bay St., Su. 1446
       Jacksonville, FL 32202

     YOU ARE COMMANDED to appear before a person authorized by law to take depositions at 7645 Gate Parkway, Su. 106, Jacksonville, FL 32256, 301 W. Bay St., Su. 1446 Jacksonville, FL 32202, or another mutually agreed upon location, on February 6, 2026, at 5:00P.M. EST, or on another mutually agreed upon date and time, for the taking of your deposition via a stenographer in this action and to have with you at that time and place the following: your personal cell phone(s) with all your social media accounts with posts for the past five years for inspection and copying. You are required to provide the undersigned counsel copies of all posts from your social media accounts from the past five years from the date of this subpoena at least 10 days before the deposition. If you fail to appear or produce, you may be in contempt of court.

     You are subpoenaed to appear by the following attorney, and unless excused from this subpoena by this attorney or the court, you must respond to this subpoena as directed.

     **If you are a person with a disability who needs any accommodation to respond to this subpoena, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the undersigned counsel at least 7 days before your scheduled court appearance, or**

immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.


This ___ day of December 2025.


CHALMERS, ADAMS, BACKER &
KAUFMAN, LLC


/s/ Kevin T. Kucharz
Kevin T. Kucharz
Florida Bar No. 883611
Christian G. Zimm
Florida Bar No. 1028178
Attorneys for Blake F. Buchanan

11770 Haynes Bridge Road
#205-219
Alpharetta, GA 30009-1968
(678) 470-3755
kkucharz@chalmersadams.com
czimm@chalmersadams.com

## IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
## IN AND FOR NASSAU COUNTY, FLORIDA

AIC FERNANDINA, LLC d/b/a      )
AMELIA ISLAND COFFEE, a Florida limited      )
liability company,      )
     )
       *Plaintiff*,      )
     )
v.      )     CASE NO.:
     )     2025-CA-000311-AXYX
     )
BLAKE F. BUCHANAN,      )
     )
       *Defendant*.      )
_____ )

## SUBPOENA DUCES TECUM FOR PRODUCTION OF DOCUMENTS AND THINGS
## WITH DEPOSITION

STATE OF FLORIDA:

TO:    Stevie Hanks
        in c/o Matthew McLauchlin, Esq. and Michael Duncan, Esq.
        MCLAUCHLIN LAW, PLLC
        7645 Gate Parkway, Su. 106
        Jacksonville, FL 32256
        DUNCAN TRIAL & MEDIATION
        301 W. Bay St., Su. 1446
        Jacksonville, FL 32202

YOU ARE COMMANDED to appear before a person authorized by law to take depositions at 7645 Gate Parkway, Su. 106, Jacksonville, FL 32256, 301 W. Bay St., Su. 1446 Jacksonville, FL 32202, or another mutually agreed upon location, on February 6, 2026, at 6:00P.M. EST, or on another mutually agreed upon date and time, for the taking of your deposition via a stenographer in this action and to have with you at that time and place the following: your personal cell phone(s) with all your social media accounts with posts for the past five years for inspection and copying. You are required to provide the undersigned counsel copies of all posts from your social media accounts from the past five years from the date of this subpoena at least 10 days before the deposition. If you fail to appear or produce, you may be in contempt of court.

You are subpoenaed to appear by the following attorney, and unless excused from this subpoena by this attorney or the court, you must respond to this subpoena as directed.

**If you are a person with a disability who needs any accommodation to respond to this subpoena, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the undersigned counsel at least 7 days before your scheduled court appearance, or**

immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

This ___ day of December 2025.

CHALMERS, ADAMS, BACKER & KAUFMAN, LLC

/s/ Kevin T. Kucharz
Kevin T. Kucharz
Florida Bar No. 883611
Christian G. Zimm
Florida Bar No. 1028178
Attorneys for Blake F. Buchanan

11770 Haynes Bridge Road
#205-219
Alpharetta, GA 30009-1968
(678) 470-3755
kkucharz@chalmersadams.com
czimm@chalmersadams.com

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
NASSAU COUNTY, FLORIDA

CASE NO. 2025-CA-000311

DIVISION: A

AIC FERNANDINA, LLC d/b/a
AMELIA ISLAND COFFEE, a Florida
limited liability company,

      Plaintiff,

v.

BLAKE F. BUCHANAN,

      Defendant,

_____/

## <u>NOTICE OF FIRM NAME AND ADDRESS CHANGE</u>

PLEASE TAKE NOTICE that Matthew P. McLauchlin of the law firm McLauchlin Law,

PLLC, provides notice of a firm name change to **McLauchlin & Martin, PLLC**. Additionally,

in accordance with Rule 2.516, Florida Rules of General Practice and Judicial Administration,

notice is further given of the following change to the firm's physical address:

      McLauchlin & Martin, PLLC
      822 N. A1A Highway, Suite 310
      32082 Ponte Vedra Beach

Undersigned counsel's email address for service shall remain the same.

      Undersigned counsel requests that all parties/counsel of record update their records

and files accordingly, and serve all future notices, copies of pleadings, papers, and other

materials relevant to this action to the updated information identified above.

**McLAUCHLIN & MARTIN, PLLC**

*s/ Matthew P. McLauchlin*
Matthew P. McLauchlin, Esq.
Fla. Bar No. 484180
822 N. A1A Highway, Suite 310
32082 Ponte Vedra Beach, Florida
Telephone: (904) 755-6639
Primary Email: matt@mpmlawyers.com
Secondary E-mail: erin@mpmlawyers.com

*Counsel for AIC Fernandina, LLC*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was e-filed on

January 7, 2026 via the Florida Court's ECF, and served via e-service on all counsel of record.


*s/ Matthew P. McLauchlin*
Attorney

**IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
IN AND FOR NASSAU COUNTY, FLORIDA**

AIC FERNANDINCA, LLC d/b/a )
AMELIA ISLAND COFFEE, a Florida limited )
liability company, )
            )
      *Plaintiff,* )
            )      CASE NO.:
v. )      2025-CA-000311-AXYX
            )
BLAKE F. BUCHANAN, )
            )
      *Defendant.* )
_____ )

## DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS

COMES NOW, Blake F. Buchanan ("Defendant" or "Mr. Buchanan"), the Defendant in the above-styled caption, by and through the undersigned counsel, in accordance with the Florida Rules of Civil Procedure, and hereby provides Defendant's Responses to Plaintiff's First Requests for Admissions:

## GENERAL OBJECTIONS

1.

Mr. Buchanan objects to the Admissions' definitions, and instructions to the extent that they seek information protected from discovery by the attorney client privilege, the work product doctrine, or any other applicable privilege. Nothing in these responses is intended to be, nor should it be considered, a waiver of the attorney-client privilege, work product doctrine, or other applicable privileges.

2.

Mr. Buchanan objects to these Admissions' definitions and instructions to the extent that they seek to impose obligations or burdens on Mr. Buchanan beyond those set forth by the Florida Rules of Civil Procedure, and any applicable statutes, rules, case law, and/or order of the court.

3.

Mr. Buchanan objects to these Admissions to the extent that they call for legal conclusions, fail to define legal terms or phrases, and/or refer to undefined provisions of documents that are not attached to the Requests.

4.

Mr. Buchanan objects to these Admissions to the extent that they seek admissions based on statements of law for which he is not a lawyer and is not competent to admit or deny statements of law, legal terms or phrases.

Mr. Buchanan hereby responds and objects to the individual Requests for Admission below, expressly incorporating the foregoing General Objections as may be appropriate, proper and necessary:

## RESPONSES AND SPECIFIC OBJECTIONS

1.

With regard to your statement made on Facebook that stated "The employees of Amelia island coffee are openly celebrating Charlie Kirk's murder today," (herein the "Statement") admit that the Statement was made on September 20, 2025 (herein the "Incident Date").

**RESPONSE: Admit.**

2.

Admit that the Statement was a false statement of fact.

**RESPONSE:** Defendant objects to this Request on the grounds that a "false statement of fact" is vague, ambiguous, and an inherently contradictory and confusing phrase. Defendant further objects to this Request because it improperly compels Defendant to make a legal conclusion whether the Statement was false. Subject to and without waiving the General Objections or these objections, Defendant denies.

3.

Admit that Buchanan knew the Statement was false at the time the Statement was made.

**RESPONSE:** Defendant objects to this Request on the grounds that "Buchanan knew the Statement was false" is vague and ambiguous. Defendant further objects to this Request on the grounds it improperly compels Defendant to make a legal conclusion whether the Statement was false and whether he knew it was false when it was made. Subject to and without waiving the General Objections or these objections, Defendant denies.

4.

Admit that the Statement does not qualify for protection under Section 768.295, Florida Statutes.

**RESPONSE:** Defendant objects to this Request on the grounds it improperly compels Defendant to make a legal conclusion whether the Statement qualifies for protection under Section 768.295 of the Florida Statutes. Subject to and without waiving the General Objections or this objection, Defendant denies as stated.

5.

Admit that the Statement is not protected under the First Amendment.

**RESPONSE:** Defendant objects to this Request on the grounds that the First Amendment is not a defined term in Plaintiff's First Request for Admissions, thus it is vague and ambiguous whether Plaintiff is referring to the First Amendment under the United States Constitution and/or the Florida State Constitution. Defendant objects to this Request on the grounds it improperly compels Defendant to make a legal conclusion whether the Statement is protected under the First Amendment. Subject to and without waiving the General Objections or these objections, Defendant denies as stated.

6.

Admit that the Statement was directed at Amelia Island Coffee.

**RESPONSE:** Defendant objects to this Request on the grounds that a "directed at" is vague and ambiguous. Subject to and without waiving the General Objections or this objection, Defendant admits that his Facebook post was about his observation of an interaction between employees of Plaintiff and someone in Plaintiff's coffee shop who wore a white shirt with fake blood running down the left side with black print on the front, which was very similar to the shirt Charlie Kirk wore when he was assassinated and died just ten days prior. Defendant is unable to ascertain the meaning of "directed at" and thus denies the remainder of this Request.

7.

Admit that the Statement was intentionally made.

**RESPONSE**: Defendant objects to this Request on the grounds that "intentionally made" is vague and ambiguous. Defendant further objects to this Request on the grounds it improperly compels Defendant to make a legal conclusion as to his intent when the Statement was made. Subject to and without waiving the General Objections or these objections, Defendant admits that he made the Facebook post. Defendant is unable to ascertain the meaning of "intentionally made" and thus denies the remainder of this Request.

8.

Admit that the Statement caused damage to Amelia Island Coffee.

**RESPONSE**: Defendant lacks sufficient information to admit or deny this Request after a reasonable inquiry was made by Defendant to Plaintiff by sending discovery requests regarding its alleged damage and Plaintiff has not produced that information to Defendant, and the information known or readily obtainable by Defendant is insufficient to admit or deny.

9.

Admit that the Statement caused irreparable harm to Amelia Island Coffee.

**RESPONSE**: Defendant lacks sufficient information to admit or deny this Request after a reasonable inquiry was made by Defendant to Plaintiff by sending discovery requests regarding its alleged damage and Plaintiff has not produced that information to Defendant, and the information known or readily obtainable by Defendant is insufficient to admit or deny.

10.

Admit that the Statement was harmful to Amelia Island Coffee's reputation.

**RESPONSE: Defendant lacks sufficient information to admit or deny this Request after a reasonable inquiry was made by Defendant to Plaintiff by sending discovery requests regarding its alleged damage and Plaintiff has not produced that information to Defendant, and the information known or readily obtainable by Defendant is insufficient to admit or deny.**

11.

Admit that the Statement was intended to harm Amelia Island Coffee.

**RESPONSE: Deny.**

12.

Admit that on the Incident Date, after being present in Amelia Island Coffee's premises, Buchanan intentionally chose to join a Facebook group called "Fernandina Beach Amelia Island Network" (herein, the "Group Page").

**RESPONSE: Defendant objects to this Request on the grounds that "intentionally chose to join" is vague and ambiguous. Subject to and without waiving the General Objections or these objections, Defendant admits that he joined the Group Page. Defendant lacks information necessary to admit or deny when he joined the Group Page, but he made a reasonable inquiry and that the information known or readily obtainable to Defendant was insufficient to enable him to admit or deny regarding when he joined. Since Defendant is**

unable to ascertain the meaning of "intentionally chose to join", Defendant denies the remainder of this request.

<div align="center">13.</div>

Admit that the Statement was made on the Group Page.

**RESPONSE: Admit.**

<div align="center">14.</div>

Admit that Buchanan made the following additional statements in the comments under the Statement on Facebook:

a. "I would prefer not to believe it either. That anyone would celebrate another person's death. I'm sharing what I saw with my own eyes on Saturday afternoon."

b. "I watched it happen. If one of the employees have a different explanation of the event, I would love to hear it."

c. "Slander is if I'm lying which I am not."

**RESPONSE: Admit.**

<div align="center">15.</div>

Admit that at the time Buchanan made the Statement, he posted it under the name "Blake F. Buchanan."

**RESPONSE: Admit.**

16.

Admit that after the date the Complaint in this action was filed, Buchanan changed his listed name on Facebook to "Blake Farr."

**RESPONSE: Admit.**

17.

Admit that Buchanan was demanded in writing by letter from Amelia Island Coffee's attorney to Buchanan's attorney (the "Removal Demand") to remove the Statement from Facebook no later than November 7, 2025.

**RESPONSE: Admit.**

18.

Admit that Buchanan did not remove the Statement from Facebook following the Removal Demand.

**RESPONSE: Admit.**

Respectfully submitted this 7th day of January 2026.

CHALMERS, ADAMS, BACKER & KAUFMAN, LLC

/s/ Kevin T. Kucharz
Kevin T. Kucharz
Florida Bar No. 883611
Christian G. Zimm
Florida Bar No. 1028178
*Attorneys for Blake F. Buchanan*

11770 Haynes Bridge Road
#205-219

Alpharetta, GA 30009-1968
(678) 470-3755
kkucharz@chalmersadams.com
ezimm@chalmersadams.com

## CERTIFICATE OF SERVICE

This is to certify that I have today served the **DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS** to the following counsel via statutory electronic service:

Matthew P. McLauchlin, Esq.
MCLAUCHLIN & MARTIN, PLLC
822 N. A1A Highway, Su. 310
Ponte Vedra Beach, FL 32082
matt@mpmlawyers.com
*Attorney for Plaintiff*

Michael L. Duncan, Esq.
DUNCAN TRIAL & MEDIATION
301 W. Bay St., Su. 1446
Jacksonville, FL 32202
mikeduncan@mikeduncanlaw.com
*Attorney for Plaintiff*

This 7th day of January 2026.

.

CHALMERS, ADAMS, BACKER &
KAUFMAN, LLC

/s/ *Kevin T. Kucharz*
Kevin T. Kucharz
Florida Bar No. 883611
Christian G. Zimm
Florida Bar No. 1028178
*Attorneys for Blake F. Buchanan*

11770 Haynes Bridge Road
#205-219
Alpharetta, GA 30009-1968
(678) 470-3755
kkucharz@chalmersadams.com
czimm@chalmersadams.com

## IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
## IN AND FOR NASSAU COUNTY, FLORIDA

AIC FERNANDINCA, LLC d/b/a ) 
AMELIA ISLAND COFFEE, a Florida limited ) 
liability company, ) 
  ) 
    *Plaintiff,* ) 
  )    CASE NO.:
v. )    2025-CA-000311-AXYX
  ) 
BLAKE F. BUCHANAN, ) 
  ) 
    *Defendant.* ) 
_____ )

## DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST
## REQUESTS FOR PRODUCTION OF DOCUMENTS

COMES NOW, Blake F. Buchanan ("Defendant" or "Mr. Buchanan"), the Defendant in the above-styled caption, by and through the undersigned counsel, in accordance with the Florida Rules of Civil Procedure, and hereby provides Defendant's Responses to Plaintiff's First Requests for Production of Documents:

## GENERAL OBJECTIONS

1.

Mr. Buchanan objects to the Requests' definitions, and instructions to the extent that they seek information protected from discovery by the attorney client privilege, the work product doctrine, or any other applicable privilege. Nothing in these responses is intended to be, nor should it be considered, a waiver of the attorney-client privilege, work product doctrine, or other applicable privileges.

2.

Mr. Buchanan objects to these Requests' definitions and instructions to the extent that they seek to impose obligations or burdens on Mr. Buchanan beyond those set forth by the Florida Rules of Civil Procedure, and any applicable statutes, rules, case law, and/or order of the court.

3.

Mr. Buchanan objects to these Requests to the extent they seek information or documents based on the use of legal terms and/or phrases which are not defined and for which Mr. Buchanan is not a lawyer.

4.

Mr. Buchanan objects to these Requests to the extent that they seek answers that are: (a) not in the possession, custody, or control of him; (b) publicly available; and/or (c) otherwise obtainable by more practical means.

Mr. Buchanan hereby responds to the individual requests for production incorporating the foregoing General Objects as may be applicable, proper and appropriate, as follows:

## RESPONSES AND SPECIFIC OBJECTIONS

1.

All documents and communications referencing, relating to, or containing the Statement.

**RESPONSE: Defendant objects to this Request on the grounds that it is overly broad and unduly burdensome with regards to "all documents and communications." Defendant further objects to this Request on the grounds that "referencing, relating to, or containing the Statement" is vague and ambiguous. Defendant further objects to this Request to the**

extent it asks for documents protected by attorney client privilege and attorney work product. Defendant further objects to this Request on the grounds that it asks for documents and communications that will not reasonably lead to admissible evidence. Defendant further objects to the extent that this Request is not limited in time. Subject to and without waiving the General Objections or these objections, Defendant refers Plaintiff to Buchanan First Document Production00001 - 00039 in response. No documents are being withheld on the basis of Defendant's objections. Other documents in Defendant's production may be responsive to this Request.

2.

All communications with the customer you observed on September 20, 2025 at Amelia Island Coffee wearing a t-shirt with the words "Problem Solved" on it (the "Customer").

**RESPONSE:** Defendant objects to this Request on the grounds that it is overly broad and unduly burdensome with regards to "all communications." Defendant further objects to the extent that this Request is not limited in time. Subject to and without waiving the General Objections or these objections, Defendant is not in possession of any communications with the customer. No documents are being withheld on the basis of Defendant's objections. Other documents in Defendant's production may be responsive to this Request.

3.

All documents and communications regarding the identity of the Customer.

**RESPONSE:** Defendant objects to this Request on the grounds that it is overly broad and unduly burdensome with regards to "all documents and communications." Defendant further objects to this Request on the grounds that "identity of the Customer" is vague and

ambiguous. Defendant further objects to the extent that this Request is not limited in time. Subject to and without waiving the General Objections or these objections, Defendant is not in possession of any documents or communications related to the identity of the customer. No documents are being withheld on the basis of Defendant's objections. Other documents in Defendant's production may be responsive to this Request.

4.

All communications between you and any other person referencing, relating to or containing the Statement.

**RESPONSE**: Defendant objects to this Request on the grounds that it is overly broad and unduly burdensome with regards to "all communications." Defendant further objects to this Request on the grounds that "referencing, relating to or containing the Statement" is vague and ambiguous. Plaintiff asks for documents and communications undiscoverable under Fla. R. Civ. P. 1.280(c) because the Request is overly broad and out of proportion to the needs of the case. Conceivably, Plaintiff is asking Defendant to produce communications between Defendant and any other person about the Statement that have nothing to do with this lawsuit and will not reasonably lead to admissible evidence. Defendant further objects to this Request because it also seeks documents and communications not relevant to the claims or defenses in this case. Defendant further objects to this Requests to the extent it asks for communications protected by attorney client privilege and attorney work product. Defendant further objects to the extent that this Request is not limited in time. Subject to and without waiving the General Objections or these objections, Defendant refers Plaintiff to Buchanan First Document Production00038 - 00039 in response. Defendant is withholding communications subject to Fla. R. Civ. P. 1.350(b)(6) between Defendant and his attorneys

because they are protected by the attorney client privilege. No documents are being withheld on the basis of Defendant's other objections. Other documents in Defendant's production may be responsive to this Request.

5.

All documents and communications relating to or referencing Amelia Island Coffee.

RESPONSE: Defendant objects to this Request on the grounds that it is overly broad and unduly burdensome with regards to "all documents and communications." Defendant further objects to this Request on the grounds that "relating to or referencing Amelia Island Coffee" is vague and ambiguous. Plaintiff asks for documents and communications undiscoverable under Fla. R. Civ. P. 1.280(c) because the Request is overly broad and out of proportion to the needs of the case. Conceivably, Plaintiff is asking Defendant to produce documents and communications related to or referencing Amelia Island Coffee that have nothing to do with this lawsuit and will not reasonably lead to admissible evidence. Defendant further objects to this Request because it also seeks documents and communications not relevant to the claims or defenses in this case. Defendant further objects to this Request to the extent it asks for communications protected by attorney client privilege and attorney work product. Defendant further objects to the extent that this Request is not limited in time. Subject to and without waiving the General Objections or these objections, Defendant refers Plaintiff to Buchanan First Document Production00001 – 00085, 00100 - 00139 in response. Defendant further refers Plaintiff to the videos produced. Defendant is withholding communications and documents subject to Fla. R. Civ. P. 1.350(b)(6) between Defendant and his attorneys because they are protected by the attorney client privilege and attorney work

product. No documents are being withheld on the basis of Defendant's other objections. Other documents in Defendant's production may be responsive to this Request.

6.

All documents and communications relating to or referencing any employee, owner, or manager of Amelia Island Coffee.

**RESPONSE**: Defendant objects to this Request on the grounds that it is overly broad and unduly burdensome with regards to "all documents and communications." Defendant further objects to this Request on the grounds that "relating to or referencing any employee, owner, or manager of Amelia Island Coffee" is vague and ambiguous. Plaintiff asks for documents and communications undiscoverable under Fla. R. Civ. P. 1.280(c) because the Request is overly broad and out of proportion to the needs of the case. Conceivably, Plaintiff is asking Defendant to produce documents and communications related to or referencing any employee, owner, or manager of Amelia Island Coffee that have nothing to do with this lawsuit and will not reasonably lead to admissible evidence. Defendant further objects to this Request because it also seeks documents and communications not relevant to the claims or defenses in this case. Defendant further objects to this Request to the extent it asks for communications protected by attorney client privilege and attorney work product. Defendant further objects to the extent that this Request is not limited in time. Subject to and without waiving the General Objections or these objections, Defendant is not in possession of any documents and communications relating to or referencing any employee, owner, or manager of Amelia Island Coffee that are discoverable. Defendant is withholding communications and documents subject to Fla. R. Civ. P. 1.350(b)(6) between Defendant and his attorneys because they are protected by the attorney client privilege and attorney work

product. No documents are being withheld on the basis of Defendant's other objections. Other documents in Defendant's production may be responsive to this Request.

7.

All Facebook posts containing or referencing the Statement.

**RESPONSE**: Defendant objects to this Request on the grounds that it is overly broad and unduly burdensome with regards to "all Facebook posts." Defendant further objects to this Request on the grounds that "containing or referencing the Statement" is vague and ambiguous. Defendant further objects to the extent that this Request is not limited in time. Subject to and without waiving the General Objections or these objections, Defendant responds that Plaintiff contacted the administrators of the Facebook Group to delete the Post and ban Defendant from the group. Therefore, Defendant is unable to produce *all* posts containing or referencing the Statement. Defendant is producing screenshots of the Facebook Post that he previously took before his access to the group and post was taken away. Defendant refers Plaintiff to Buchanan First Document Production00001 – 00037 in response. No documents are being withheld on the basis of Defendant's other objections. Other documents in Defendant's production may be responsive to this Request.

8.

All Facebook posts and comments by others on Facebook referring to or replying to the Statement or to any sub-posts, further comments, or replies in relation to the Statement.

**RESPONSE**: Defendant objects to this Request on the grounds that it is overly broad and unduly burdensome with regards to "all Facebook posts." Defendant further objects to this Request on the grounds that "referring to or replying to the Statement" and "in relation

to the Statement" are vague and ambiguous. Defendant further objects to the extent that this Request is not limited in time. Subject to and without waiving the General Objections or these objections, Defendant responds that Plaintiff contacted the administrators of the Facebook Group to delete the Post and ban Defendant from the group. Therefore, Defendant is unable to produce *all* posts, sub-posts, comments, or replies of the Facebook Post. Defendant is producing screenshots of the Facebook Post that he previously took before his access to the group and post was taken away. Defendant further refers Plaintiff to Buchanan First Document Production00001 – 00037 in response. No documents are being withheld on the basis of Defendant's objections. Other documents in Defendant's production may be responsive to this Request.

<div align="center">9.</div>

All social media posts made by you relating to or referencing Charlie Kirk, including but not limited to posts on Facebook, Instagram, X (f/k/a Twitter), and/or Tik Tok.

**RESPONSE:** Defendant objects to this Request on the grounds that it is overly broad, and unduly burdensome with regards to "all social media posts." Defendant further objects to this Request on the grounds that "relating to or referencing Charlie Kirk" is vague and ambiguous. Plaintiff asks for documents and communications undiscoverable under Fla. R. Civ. P. 1.280(c) because the Request is overly broad and out of proportion to the needs of the case. Conceivably, Plaintiff is asking Defendant to produce other social media posts made by him other than the post at issue in this case related to or referencing Charlie Kirk that have nothing to do with this lawsuit and will not reasonably lead to admissible evidence. Defendant further objects to this Request because it also seeks social media posts that not relevant to the claims or defenses in this case. Defendant further objects to the extent that this Request

is not limited in time. Subject to and without waiving the General Objections or these objections, Defendant refers Plaintiff to Buchanan First Document Production00092 – 00099 in response. No documents are being withheld on the basis of Defendant's objections. Other documents in Defendant's production may be responsive to this Request.

<div align="center">10.</div>

All social media posts made by you referencing or relating to Amelia Island Coffee or any of its employees.

**RESPONSE**: Defendant objects to this Request on the grounds that it is overly broad and unduly burdensome with regards to "all social media posts." Defendant further objects to this Request on the grounds that "referencing or relating to Amelia Island Coffee or any of its employees" is vague and ambiguous. Plaintiff asks for documents and communications undiscoverable under Fla. R. Civ. P. 1.280(c) because the Request is overly broad and out of proportion to the needs of the case. Conceivably, Plaintiff is asking Defendant to produce social media posts made by him related to or referencing Amelia Island Coffee or any of its employees that have nothing to do with this lawsuit and will not reasonably lead to admissible evidence. Defendant further objects to this Request because it also seeks social media posts not relevant to the claims or defenses in this case. Defendant further objects to the extent that this Request is not limited in time. Subject to and without waiving the General Objections or these objections, Defendant responds that Plaintiff contacted the administrators of the Facebook Group to delete the Post and ban Defendant from the group. Therefore, Defendant is unable to produce *all* social media posts of the Facebook Post. Defendant is producing screenshots of the Facebook Post that he previously took before his access to the group and post was taken away. Defendant further refers Plaintiff to Buchanan

First Document Production00001 – 00014, 00017-00023, 00025-00029, 00035, 00037 in response. No documents are being withheld on the basis of Defendant's objections. Other documents in Defendant's production may be responsive to this Request.

11.

All social media posts made by you from January 1, 2025 to present along with any and all replies, comments, and/or responses thereto.

**RESPONSE:** Defendant objects to this Request on the grounds that it is vague, overly broad, and unduly burdensome with regards to "all social media posts." Defendant further objects on the grounds that the timeframe of "January 1, 2025 to present" is overly broad, arbitrary, and capricious. Plaintiff asks for social media posts undiscoverable under Fla. R. Civ. P. 1.280(c) because the Request is overly broad and out of proportion to the needs of the case. Conceivably, Plaintiff is asking Defendant to produce social media posts made by him from January 1, 2025, to present that have nothing to do with this lawsuit and will not reasonably lead to admissible evidence. Defendant further objects to this Request because it also seeks social media posts not relevant to the claims or defenses in this case. Subject to and without waiving the General Objections or these objections, Defendant refers Plaintiff to Buchanan First Document Production00140 – 00167 in response. No documents are being withheld on the basis of Defendant's objections. Other documents in Defendant's production may be responsive to this Request.

12.

Complete copies of all insurance policies that may insure you for the acts set forth in the Complaint in this action (not just declaration pages).

**RESPONSE**: Defendant objects to this Request on the grounds that "that may insure you for the acts set forth in the Complaint" is vague and ambiguous. Subject to and without waiving the General Objections or these objections, Defendant interprets this request to seek copies of insurance policies that were in effect at the time the allegedly defamatory statements were made that could provide coverage for those allegedly defamatory statements. Defendant refers Plaintiff to Buchanan First Document Production00168 – 00175 in response. No documents are being withheld on the basis of Defendant's objections. Other documents in Defendant's production may be responsive to this Request.

13.

All audio or video recordings of any statements made by any employee(s) of Amelia Island Coffee.

**RESPONSE**: Defendant objects to this Request on the grounds that it is overly broad and unduly burdensome with regards to "all audio or video recordings of any statements made by any employee." Plaintiff asks for audio and video recordings undiscoverable under Fla. R. Civ. P. 1.280(c) because the Request is overly broad and out of proportion to the needs of the case. Conceivably, Plaintiff is asking Defendant to produce audio or video recordings of any statements made by any employee(s) of Amelia Island Coffee that have nothing to do with this lawsuit and will not reasonably lead to admissible evidence. Defendant further objects to this Request because it also seeks audio or video recordings not relevant to the claims or defenses in this case. Defendant further objects to the extent that this Request is not limited in time. Subject to and without waiving the General Objections or these objections, Defendant is not in possession of any audio or video recordings of any statements made by any employee(s) of Amelia Island Coffee. No audio or video recordings are being

withheld on the basis of Defendant's objections. Other videos and audio in Defendant's production may be responsive to this Request.

14.

All audio or video recordings made inside or immediately outside Amelia Island Coffee.

**RESPONSE:** Defendant objects to this Request on the grounds that it is overly broad, and unduly burdensome with regards to "all audio or video recordings." Defendant further objects that "immediately outside Amelia Island Coffee" is vague and ambiguous. Plaintiff asks for audio and video recordings undiscoverable under Fla. R. Civ. P. 1.280(c) because the Request is overly broad and out of proportion to the needs of the case. Conceivably, Plaintiff is asking Defendant to produce audio or video recordings made inside or immediately outside Amelia Island Coffee that have nothing to do with this lawsuit and will not reasonably lead to admissible evidence. Defendant further objects to this Request because it also seeks audio or video recordings not relevant to the claims or defenses in this case. Defendant further objects to the extent that this Request is not limited in time. Subject to and without waiving the General Objections or these objections, Defendant refers Plaintiff to the videos produced. No audio or video recordings are being withheld on the basis of Defendant's objections. Other videos and audio in Defendant's production may be responsive to this Request.

15.

All photographs taken inside or immediately outside Amelia Island Coffee.

**RESPONSE:** Defendant objects to this Request on the grounds that it is overly broad, and unduly burdensome with regards to "all photographs." Defendant further objects that "immediately outside Amelia Island Coffee" is vague and ambiguous. Plaintiff asks for

photographs undiscoverable under Fla. R. Civ. P. 1.280(c) because the Request is overly broad and out of proportion to the needs of the case. Conceivably, Plaintiff is asking Defendant to produce photographs taken inside or immediately outside Amelia Island Coffee that have nothing to do with this lawsuit and will not reasonably lead to admissible evidence. Defendant further objects to this Request because it also seeks photographs not relevant to the claims or defenses in this case. Defendant further objects to the extent that this Request is not limited in time. Subject to and without waiving the General Objections or these objections, Defendant refers Plaintiff to Buchanan First Document Production00040 – 00043, 00045 – 00046, 00048, 00050 – 00080, 00084 - 00085 in response. No photographs are being withheld on the basis of Defendant's objections. Other documents in Defendant's production may be responsive to this Request.

16.

All documents evidencing your presence at Amelia Island Coffee on September 20, 2025.

**RESPONSE**: Defendant objects to this Request on the grounds that it is overly broad and unduly burdensome with regards to "all documents." Defendant further objects on the grounds that "evidencing your presence" is vague and ambiguous. Defendant further objects to the extent that this Request is not limited in time. Subject to and without waiving the General Objections or these objections, Defendants refers Plaintiff to Buchanan First Document Production00049 in response. No documents are being withheld on the basis of Defendant's objections. Other documents in Defendant's production may be responsive to this Request.

This 9th day of January 2026.

CHALMERS, ADAMS, BACKER &
KAUFMAN, LLC


/s/ Kevin T. Kucharz
Kevin T. Kucharz
Florida Bar No. 883611
Christian G. Zimm
Florida Bar No. 1028178
*Attorneys for Blake F. Buchanan*

11770 Haynes Bridge Road
#205-219
Alpharetta, GA 30009-1968
(678) 470-3755
kkucharz@chalmersadams.com
czimm@chalmersadams.com

## CERTIFICATE OF SERVICE

This is to certify that I have today served the **DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS** to the following counsel via statutory electronic service:

Matthew P. McLauchlin, Esq.
MCLAUCHLIN & MARTIN, PLLC
822 N. A1A Highway, Su. 310
Ponte Vedra Beach, FL 32082
matt@mpmlawyers.com
*Attorney for Plaintiff*

Michael L. Duncan, Esq.
DUNCAN TRIAL & MEDIATION
301 W. Bay St., Su. 1446
Jacksonville, FL 32202
mikeduncan@mikeduncanlaw.com
*Attorney for Plaintiff*

This 9th day of January 2026.

.

CHALMERS, ADAMS, BACKER &
KAUFMAN, LLC

*/s/ Kevin T. Kucharz*
Kevin T. Kucharz
Florida Bar No. 883611
Christian G. Zimm
Florida Bar No. 1028178
*Attorneys for Blake F. Buchanan*

11770 Haynes Bridge Road
#205-219
Alpharetta, GA 30009-1968
(678) 470-3755
kkucharz@chalmersadams.com
czimm@chalmersadams.com

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
NASSAU COUNTY, FLORIDA

CASE NO. 2025-CA-000311

DIVISION: A

AIC FERNANDINA, LLC d/b/a
AMELIA ISLAND COFFEE, a Florida
limited liability company,

      Plaintiff,

v.

BLAKE F. BUCHANAN,

      Defendant,

_____/

### PLAINTIFF'S RESPONSES TO
### DEFENDANT'S SECOND REQUEST FOR PRODUCTION

Plaintiff, AIC Fernandina, LLC d/b/a Amelia Island Coffee ("Amelia Island Coffee"),

responds to the Defendant's Second Request for Production numbered 1-16 as follows:

1. Produce all documents of Plaintiff relating to any mortgage, loan agreement, line of credit, or any other financing instrument concerning the business of Plaintiff, or any real property owned by Plaintiff, used, or held by the business, including all amendments, renewals, riders, payment histories, payoff statements, and correspondence with the lender.

   **RESPONSE: With regard to any line of credit or real property owned by Plaintiff, Plaintiff has none. Plaintiff received a business loan relating to the acquisition of Amelia Island Coffee in 2022. Plaintiff has the following documents relating to such loan: Ray Carter's 2022 personal financial statement, Letter of Intent, Asset Purchase Agreement, Loan Statement, and a Closing Cost Estimate. Any other documents relating to such loan would likely be in the possession of the lender. However, Plaintiff objects to producing such records until an agreed confidentiality agreement is executed by the parties.**

2. Produce all documents of Plaintiff relating to any business line of credit, business loan, commercial loan, SBA loan, promissory note, credit facility, or revolving credit agreement,

including applications, financial statements submitted to lenders, borrowing-base certificates, amendments, renewals, payment records, and communications with the lender.

**RESPONSE: With regard to any SBA loan, credit facility, revolving line of credit agreement, borrowing-base certificates, amendments, or renewals, Plaintiff has none. Plaintiff received a business loan relating to the acquisition of Amelia Island Coffee in 2022 and has some documentation related to such loan, as referenced above. However, Plaintiff objects to producing such records until an agreed confidentiality agreement is executed by the parties.**

3. Produce Plaintiff's lease agreement for the location of the coffee shop, or any property occupied or used by Plaintiff, including all amendments, addenda, riders, renewal agreements, extensions, assignments, subleases, estoppel letters, CAM reconciliations, operating expense statements, and any notices of default.

**RESPONSE: Plaintiff has a lease relating to the real property it leases to operate its business, which will be produced. With regard to amendments, addenda, riders, renewal agreements, extensions, assignments, subleases, estoppel letters, CAM reconciliations, operating expense statements, and notices of default, Plaintiff has none.**

4. Produce all Plaintiff's profit-and-loss statements (P&Ls) prepared by or for Plaintiff since January 1, 2022, including monthly, quarterly, and annual P&Ls and any internal or draft versions.

**RESPONSE: Plaintiff has financial/accounting records relating to the business from April 2022 to the present. Plaintiff objects to producing such records until an agreed confidentiality agreement is executed by the parties.**

5. Produce all Plaintiff's balance sheets, income statements, cash-flow statements, financial summaries, and internal accounting reports since January 1, 2022, including any interim or year-to-date statements.

**RESPONSE: Plaintiff has financial/accounting records relating to the business from April 2022 to the present. Plaintiff objects to producing such records until an agreed confidentiality agreement is executed by the parties.**

6. Produce all Plaintiff's general ledgers, trial balances, chart of accounts, and accounting system exports (e.g., QuickBooks, Xero, FreshBooks, Wave) since January 1, 2022.

**RESPONSE: None. However, Plaintiff has financial/accounting records relating to the business from April 2022 to the present. Plaintiff objects to producing such records until an agreed confidentiality agreement is executed by the parties.**

7. Produce Plaintiff's all bank statements, canceled checks, deposit records, check registers, wire confirmations, and reconciliation reports for all business financial accounts since January 1, 2022.

**RESPONSE: Plaintiff objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.**

8. Produce all federal and state tax returns, including sales tax returns, filed by Plaintiff since January 1, 2022, including all schedules, attachments, K-1s, statements of depreciation, and supporting workpapers.

**RESPONSE: Plaintiff objects to producing such records until an agreed confidentiality agreement is executed by the parties.**

9. Produce all Plaintiff's documents relating to accounts payable, including vendor bills, invoices, aging reports, payment histories, payroll records, and correspondence with vendors, suppliers, or service providers since January 1, 2022.

**RESPONSE: Plaintiff objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.**

10. Produce all Plaintiff's documents relating to accounts receivable, including invoices issued, customer statements, aging reports, collection efforts, and communications regarding unpaid accounts since January 1, 2022.

**RESPONSE: None.**

11. Produce all Plaintiff's documents showing business assets and liabilities, including fixed assets, inventory lists, equipment lists, depreciation schedules, loan obligations, contingent liabilities, or valuation documents since January 1, 2022.

**RESPONSE: Plaintiff objects to producing such records until an agreed confidentiality agreement is executed by the parties.**

12. Produce all Plaintiff's business licenses, permits, registrations, certificates, and renewals held since January 1, 2022.

**RESPONSE: Copies of Plaintiff's current business licenses/permits will be produced. Otherwise, none.**

13. Produce all Plaintiff's documents relating to any sale, transfer, or attempted sale of the business or its assets, including broker agreements, marketing materials, term sheets, letters of intent, and valuations since January 1, 2022.

    **RESPONSE: None.**

14. Produce all Plaintiff's internal communications, emails, or memoranda concerning the business's financial condition, profitability, cash-flow problems, debt obligations, vendor issues, or major financial decisions since January 1, 2022.

    **RESPONSE: None.**

15. Produce all Plaintiff's documents related to credit card processing for sales since January 1, 2022.

    **RESPONSE: Plaintiff objects to production of these documents until an agreed confidentiality agreement is executed by the parties.**

16. All documents relating to analytics of the Post, including but not limited to total number of views, total number of unique views, total impressions, all engagement metrics (such as comments, reactions, shares, click-throughs) of the Post made in the Fernandina Beach Amelia Island Network Facebook Group, all data and metadata of Group Insights regarding the Post made in Fernandina Beach Amelia Island Network Facebook Group.

    **RESPONSE: None.**

    <div align="center">

    **McLAUCHLIN & MARTIN, PLLC**

    </div>

    *s/ Matthew P. McLauchlin*
    Matthew P. McLauchlin, Esq.
    Fla. Bar No. 484180
    822 A1A N., Suite 310
    Ponte Vedra Beach, Florida 32082
    Telephone: (904) 755-6639
    Primary Email: matt@mpmlawyers.com
    Secondary E-mail: erin@mpmlawyers.com

and

**DUNCAN TRIAL & MEDIATION**

/s/ *Michael L. Duncan*
Michael L. Duncan, Esq.
Florida Bar No. 0050946
301 West Bay Street, Suite 1446
Jacksonville, Florida 32202
Telephone: (904) 655-2475
mikeduncan@mikeduncanlaw.com

*Counsel for Plaintiff, AIC Fernandina, LLC,*
*d/b/a Amelia Island Coffee*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was e-filed on January 9, 2026 via the Florida Court's ECF and served via e-service on all counsel of record.

*s/ Matthew P. McLauchlin*
Attorney

IN THE CIRCUIT COURT, FOURTH JUDICIAL CIRCUIT, IN AND FOR NASSAU COUNTY, FLORIDA

CASE NO. 2025-CA-000311

DIVISION: A

AIC FERNANDINA, LLC d/b/a AMELIA ISLAND COFFEE, a Florida limited liability company,

     Plaintiff,

v.

BLAKE F. BUCHANAN,

     Defendant,

_____/

## PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

Plaintiff, AIC Fernandina, LLC d/b/a Amelia Island Coffee ("Amelia Island Coffee") hereby moves for a protective order in response to (i) Defendant's Requests for Admission and (ii) Defendant's Notice of Intent to Serve Subpoena Duces for Production of Documents and Things with Deposition and in support states:

### BACKGROUND

Plaintiff, Amelia Island Coffee, brings this action for defamation against Defendant Buchanan based on the following facts:

- On or about September 20, 2025, a customer of Amelia Island Coffee came into the coffee shop wearing a t-shirt that had a design on it making it appear to be "blood spattered" with fake blood and bearing the words "Problem Solved" on the front of the t-shirt.

- An employee of Amelia Island Coffee stated to the customer wearing the t-shirt that she "liked" the shirt.

- Defendant, Buchanan, claims to have been in the coffee shop at the same time and claims to have observed the foregoing interaction between the customer wearing the t-shirt and the employee.

- At some point shortly following his observation of this simple interaction, Buchanan created a post on Facebook on the page of a Facebook group called "Fernandina Beach Amelia Island Network," which has approximately 11,700 members and is intended as a forum for local Fernandina Beach residents. Buchanan, who is not local to Fernandina Beach, joined this group shortly before creating his post.

- In the Facebook post, Buchanan announced, based on the foregoing interaction: ***"The employees of Amelia island coffee are openly celebrating Charlie Kirk's murder today."***

- This statement was false, and Buchanan knew it was false at the time he made the statement.

- In fact, no statement was made by any employee of Amelia Island Coffee about Charlie Kirk at all. All that happened was an employee told a customer she liked the customer's t-shirt, which also said absolutely nothing about Charlie Kirk.

- Buchanan further elaborated on his original post in a subsequent comment below his post, stating: "Customer walked in wearing this shirt and one of the employees stopped him and said I love your shirt. Then same employee told all of the other baristas and they all had a good laugh."

- Shortly following Buchanan's post, numerous Facebook members began posting extremely negative comments about Amelia Island Coffee, including the following:

  o "Until the coffee shop provides video of the interaction, I have to assume guilt. I will boycott the business and suggest others do the same until video is provided which shows me the interaction did not occur."

2

- o "I think the burden of proof falls on the company to prove whether or not this interaction happened."
- o "I won't be going there."

To reiterate, in this case, there is not one shred of evidence that any employee of Amelia Island Coffee spoke or uttered the words "Charlie Kirk" during this incident, and the t-shirt itself also said absolutely nothing about Charlie Kirk.

## BASIS FOR PROTECTIVE ORDER

Because there is no evidence that anyone at the coffee shop involved in this incident ever uttered anything about Charlie Kirk much less "openly celebrated the murder of Charlie Kirk," in discovery, Defendant Buchanan is seeking to obtain information about the coffee shop employees' political party affiliations, political viewpoints, and likes/dislikes of particular political views. Buchanan is seeking such information in an improper effort to argue that such references to a witnesses' political beliefs, viewpoints, and associations (constituting character evidence) are reliable "proxies" for secret murderous intentions. For these improper purposes, Buchanan has issued requests for admission and proposes to serve numerous subpoenas for deposition duces tecum, which are addressed below.

### 1. Defendant's Requests for Admission.

In his Requests for Admission, Buchanan demanded that Plaintiff admit that the coffee shop Employee who "liked" the customer's t-shirt:

- "identifies as a liberal"
- "identifies as a Democrat"
- "disliked Charlie Kirk and his political viewpoints"

For good reason, Plaintiff objected to these Requests for Admission. Buchanan is seeking to have the Court allow this case be tried on wholly improper "insinuations" about someone's character -- - that if someone is a "Democrat" or a "liberal," then surely it can be concluded by a jury that he

3

or she is the type of person who would celebrate the horrific murder of another human being (even when there is no evidence that any coffee shop employee said any such thing). This type of character evidence is clearly not admissible to prove the intentions of the coffee shop employee in "liking" a t-shirt were to celebrate the murder of another human being. *See* Section 90.404, Florida Statutes; *Midtown Enters., Inc. v. Local Contrs., Inc.*, 785 So. 2d 578, 581 (evidence of a person's character or a trait of character is inadmissible to prove action in conformity with it on a particular occasion). As such, the requests for admission are not reasonably calculated to lead to the discovery of admissible evidence.

If Buchanan were allowed to proceed in this manner, the trial of this case will become a political circus and a debate about what this employee and other employees agree with on a variety of political topics, who they voted for in local, state, and federal elections, and numerous other irrelevant and inadmissible issues.

### 2. Defendant's Subpoenas Duces Tecum for Deposition.

For similar reasons, Defendant Buchanan now outrageously seeks to obtain all of the social media posts of ***nineteen*** of the coffee shop's non-party employees and one non-party/non-employee ***for the past 5 years***, including obtaining unfettered access to each of these non-parties personal cell phones and computers. Buchanan's request demands production of the 20 non-parties' *"personal cell phone(s) and computer with all your social media accounts with posts for the past five years for inspection and copying."*

As an initial matter, the proposed subpoenas are overly broad as no more than 9 employees were even working at the coffee shop on the date of and at or around time of the alleged incident – certainly not all 19 employees. Just based on the sheer overbreadth and burdensomeness of this request to 20 non-parties, most of whom had no involvement with the incident at issue, the Court should reject this request.

4

Moreover, for the same reasons as expressed above, this discovery is not reasonably calculated to lead to the discovery of *admissible* evidence. Buchanan's effort is an obvious (and harassing) fishing expedition in which he hopes to find some social media post made in the last 5 years by any one of the 19 persons employed by the coffee shop (and one random non-employee/non-party) that showed them to either be "liberal," a "Democrat," or in some manner disagreeable with political viewpoints of Mr. Kirk. Again, Buchanan would have this case be tried on arguments that a person's political party, political affiliation, or political beliefs are reliable proxies for secret murderous intentions with respect to Mr. Kirk. This court should refuse to entertain this discovery for the reasons set forth above.

In addition, the proposed subpoenas are not only extraordinarily and unduly broad and burdensome, they violate the privacy rights of the individuals sought to be deposed. If allowed, Buchanan would require these 20 non-parties to attend a deposition where he would obtain unfettered access to their personal cell phones and computers. He would be allowed to peruse their private social media accounts for 5 years, which would include allowing him to view private personal photographs, messages, posts, communications between loved ones, shared memories of celebrations/births/deaths/special events, and a myriad of other completely irrelevant personal and private information. Buchanan does not even attempt to tailor his request in any reasonable manner to get at any actual *admissible* evidence that is remotely relevant to this case, and Amelia Island Coffee would submit that there is no legitimate basis for these subpoenas.

Finally, counsel for Buchanan unilaterally set the date for the proposed depositions without consultation with undersigned counsel in violation of the Florida Rules of Civil Procedure and local rules of practice. Because of Plaintiff's objections to the proposed subpoenas, Plaintiff respectfully requests that none of the depositions take place until such time as the Court has ruled on these issues.

## CONCLUSION

For all of the foregoing reasons, Amelia Island Coffee, requests that the Court enter a protective order prohibiting the foregoing discovery requests.

Respectfully submitted this 9th day of January, 2026.

**McLAUCHLIN & MARTIN, PLLC**

s/ Matthew P. McLauchlin
Matthew P. McLauchlin, Esq.
Fla. Bar No. 484180
822 A1A N., Suite 310
Ponte Vedra Beach, Florida 32082
Telephone: (904) 755-6639
Primary Email: matt@mpmlawyers.com
Secondary E-mail: erin@mpmlawyers.com

and

**DUNCAN TRIAL & MEDIATION**

/s/ Michael L. Duncan
Michael L. Duncan, Esq.
Florida Bar No. 0050946
301 West Bay Street, Suite 1446
Jacksonville, Florida 32202
Telephone: (904) 655-2475
mikeduncan@mikeduncanlaw.com

*Counsel for Plaintiff, AIC Fernandina, LLC*

## IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
## IN AND FOR NASSAU COUNTY, FLORIDA

AIC FERNANDINA, LLC d/b/a )
AMELIA ISLAND COFFEE, a Florida limited )
liability company, )
                          )
      *Plaintiff,* )
                          )
v. )      CASE NO.:
                          )      2025-CA-000311-AXYX
                          )
BLAKE F. BUCHANAN, )
                          )
      *Defendant.* )
_____ )

## DEFENDANT'S PROOF OF SERVICE OF SUBPOENA DUCES TECUM TO CODY R. JOHNSON SR.

COMES NOW, Blake F. Buchanan ("Defendant" or "Mr. Buchanan"), the Defendant in the above-styled caption, by and through the undersigned counsel, and hereby files this Defendant's Proof of Service of Subpoena Duces Tecum to Cody R. Johnson Sr., pursuant to Fla. R. Civ. P. 1.351(b), and shows this Honorable Court the following:

1.

On December 10, 2026, Defendant filed a Notice of Production to Non-Parties to serve a Subpoena Duces Tecum with Option to Furnish Documents by Mail Instead of Attending Deposition to Cody R. Johnson Sr. ("Subpoena").

2.

Plaintiff did not object to the Subpoena.

3.

In accordance with Fla. R. Civ. P. 1.351(b), Plaintiff served the Subpoena via commercial delivery service. A true and correct copy of the mail served to Cody R. Johnson Sr. is attached hereto as **Exhibit A** and incorporated herein by reference.

4.

Defendant now files written confirmation of delivery of the Subpoena with the date of service, name of the individual who accepted service, and signature of the individual accepting the Subpoena, in accordance with Fla. R. Civ. P. 1.351(b). A true and correct copy of the confirmation of delivery of the Subpoena served to Cody R. Johnson Sr. is attached hereto as **Exhibit B** and incorporated herein by reference.

Respectfully submitted this 12th day of January 2026.

CHALMERS, ADAMS, BACKER & KAUFMAN, LLC

/s/ Kevin T. Kucharz
Kevin T. Kucharz
Florida Bar No. 883611
Christian G. Zimm
Florida Bar No. 1028178
*Attorneys for Blake F. Buchanan*

11770 Haynes Bridge Road
#205-219
Alpharetta, GA 30009-1968
(678) 470-3755
kkucharz@chalmersadams.com
czimm@chalmersadams.com

# Exhibit A

After printing this label:

1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.

2. Fold the printed page along the horizontal line.

3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.



FROM: (678) 470-3755
Christian Zimm, Esq.
100 N Main St
Suite 340
Alpharetta GA 30009

SHIP DATE: 06MAR26
ACTWGT: 0.0 LB
CAD: 289549015/NET4535

BILL SENDER

TO Cody R. Johnson Sr.

86354 HARRY GREEN RD

YULEE FL 32097
(678) 470-3755
INV:
PO:
DEPT:

REF: BUCHANAN - AMELIA

FedEx
Home Delivery

(US)

581U3/3A63/59F2

TRK# 8876 8182 7068

9632 0883 0 (000 000 0000) 0 00 8876 8182 7068

ASR
32097

within strict time limits, see current FedEx Service Guide.

Jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $1,000, e.g.,

other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage,

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on

2. Place label in shipping pouch and affix it to your shipment.

1. Fold the printed page along the horizontal line.

CONSIGNEE COPY - PLEASE PLACE IN FRONT OF POUCH

After printing this label:



# C|A|B|K  Chalmers, Adams, Backer & Kaufman, LLC

11770 HAYNES BRIDGE RD #205-415
ALPHARETTA, GA 30009 - 1968
(678) 470-3755
czimm@chalmersadams.com

January 6, 2026

**Via FedEx: 8876 8182 7068**

Cody R. Johnson Sr.
86354 Harry Green Rd
Yulee, FL 32097

**Re:**   **Subpoena Duces Tecum With Option to Furnish Documents by Mail Instead of Attending Deposition**

*AIC Fernandina, LLC d/b/a Amelia Island Coffee v. Blake F. Buchanan*
Case No. 25-CA-000311-AXYX
In the Circuit Court, Fourth Judicial Circuit, in and for Nassau County, FL

To Whom It May Concern:

This office represents Blake F. Buchanan in the above-referenced matter. Enclosed, you will find a **Subpoena Duces Tecum with Option to Furnish Documents by Mail Instead of Attending Deposition** issued to you in the above-referenced matter.

Pursuant to the Subpoena, you are commanded to produce the documents described in **Exhibit A** of the Subpoena by mailing them to: Christian Zimm, Esq. at Chalmers, Adams, Backer & Kaufman, LLC, 11770 Haynes Bridge Road, #205-415, Alpharetta, GA 30009 within ten (10) days of your receipt of the Subpoena. For your convenience, a FedEx return label is enclosed for you to send legible copies of the requested documents to me.

We appreciate your prompt attention to this matter. Should you have any questions related to the Subpoena, please do not hesitate to contact our office.

CHALMERS, ADAMS,
BACKER & KAUFMAN, LLC

*/s/ Christian G. Zimm*
Christian G. Zimm, Esq. MBA
For the Firm

cc: Kevin T. Kucharz, Esq.

**IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
IN AND FOR NASSAU COUNTY, FLORIDA**

AIC FERNANDINA, LLC d/b/a        )
AMELIA ISLAND COFFEE, a Florida limited   )
liability company,                )
                                  )
    *Plaintiff,*              )
                                  )
v.                                )    CASE NO.:
                                  )    2025-CA-000311-AXYX
                                  )
BLAKE F. BUCHANAN,                )
                                  )
    *Defendant.*              )
_____   )

## SUBPOENA DUCES TECUM WITH OPTION TO FURNISH DOCUMENTS BY MAIL INSTEAD OF ATTENDING DEPOSITION

STATE OF FLORIDA:

TO:    Cody R. Johnson Sr.
       86354 Harry Green Rd
       Yulee, FL 32097

### PLEASE RESPOND TO THIS SUBPOENA IN WRITING

PLEASE RETURN A COPY OF THIS SUBPOENA WITH YOUR RESPONSE

YOU ARE COMMANDED to furnish documents by mail send them to Christian Zimm, Esq. at Chalmers Adams Backer & Kaufman, LLC, 11770 Haynes Bridge Rd, Su. 205-415, Alpharetta, GA 30009, to furnish for inspection or for copies to be made, then please appear before Christian Zimm, Esq. at Chalmers Adams Backer & Kaufman, LLC, at 100 N. Main St. #340, Alpharetta, GA 30009, the requested documents attached as **Exhibit A**, within ten (10) days receipt of this subpoena.

You are not required to surrender the original items. You may comply with this subpoena by providing legible copies of the items to be produced to the attorney whose name appears on this subpoena on or before the scheduled date of production. You may condition the preparation of the copies upon the payment in advance of the reasonable cost of preparation. You may mail or deliver the copies to the attorney whose name appears on this subpoena and thereby eliminate your appearance by the deadline specified above. You have the right to object to the production pursuant to this subpoena at any time before production by giving written notice to the attorney whose name appears on this subpoena. THIS WILL NOT BE A DEPOSITION. NO TESTIMONY WILL BE TAKEN.

If you fail to:
(1) appear as specified; or
(2) furnish the records instead of appearing as provided above; or
(3) object to this subpoena,

you may be in contempt of court. You are subpoenaed to appear by the following attorney or mail the requested documents, and unless excused from this subpoena by this attorney or the court, you must respond to this subpoena as directed.

**If you are a person with a disability who needs any accommodation to respond to this subpoena, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the undersigned counsel at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

This 6th day of January 2026.

.

CHALMERS, ADAMS, BACKER &
KAUFMAN, LLC

*/s/ Kevin T. Kucharz*
Kevin T. Kucharz
Florida Bar No. 883611
Christian G. Zimm
Florida Bar No. 1028178
*Attorneys for Blake F. Buchanan*

11770 Haynes Bridge Road
#205-219
Alpharetta, GA 30009-1968
(678) 470-3755
kkucharz@chalmersadams.com
czimm@chalmersadams.com

## Exhibit A

## DOCUMENTS AND ELECTRONIC RECORDS TO BE PRODUCED

1. A complete copy of the Post (made by Blake Buchanan (or Blake Farr) in the Fernandina Beach Amelia Island Network Facebook Group on September 20, 2025, that "The employees of Amelia island coffee are openly celebrating Charlie Kirk's murder today"), including:

   a) All text, images, videos, or attachments.
   b) All edits, revisions, deleted portions, or updated versions.
   c) Timestamps (UTC and local), creation time, edit time, deletion time (if applicable).
   d) The unique Facebook Post ID.

2. All associated comments of the Post, including:

   a) Full text of each comment.
   b) Identity (username, profile URL, Facebook ID) of each commenter.
   c) All edits or deletions.
   d) All metadata.

3. All reactions (likes, loves, cares, etc.) including:

   a) The type of reaction.
   b) Identity of each user who reacted.
   c) Metadata of the reactions.

4. Group Insights of the Post / Analytics, including:

   a) Total number of unique views (reach).
   b) Total impressions (how many times the post was viewed).
   c) Viewer demographics (if available): age ranges, location data, or other admin-visible information.
   d) Engagement metrics (comments, reactions, shares, click-throughs) of the Post and Group.
   e) Any data showing whether Facebook "boosted," "limited," or "flagged" the Post.
   f) Visibility analytics, including whether the Post was marked as "seen by [#] people."

5. Group Insights and Activity Logs relating to the Post, including:

   a) Admin or moderator actions on the Post.
   b) Any "admin review," "flagging," "removal," "mute," or "pending content" actions.
   c) Internal notes or system messages relating to the Post's moderation.

6. Records of who viewed the Post, including:

   a) Lists of group members who viewed the Post.

    b)  View-count logs or related metrics, and metadata

7. Internal admin messages or logs discussing the Post, including:

    a)  Any reports or complaints submitted by users about the Post, and Plaintiff's request to take the Post down.
    b)  Any messages among admins or moderators regarding the Post, and Plaintiff's request to take the Post down.
    c)  Any decisions to remove, block, hide, or restrict the Post, and Plaintiff's request to take the Post down.

8. Group Rules enforcement logs regarding the Post, including:

    a)  Whether the Post was flagged as violating group rules.
    b)  Any automated enforcement actions.
    c)  Any manual enforcement actions.

# Exhibit B

January 12, 2026

Dear Customer,

The following is the proof-of-delivery for tracking number: 887681827068

| Delivery Information: | | | |
|---|---|---|---|
| Status: | Delivered | Delivered To: | |
| Signed for by: | CJOHNSON | Delivery Location: | 86354 HARRY GREEN RD |
| Service type: | FedEx Home Delivery | | |
| Special Handling: | Adult Signature Required | | Yulee, FL, 32097 |
| | | Delivery date: | Jan 10, 2026 14:02 |

| Shipping Information: | | | |
|---|---|---|---|
| Tracking number: | 887681827068 | Ship Date: | Jan 7, 2026 |
| | | Weight: | 0.1 LB/0.05 KG |

**Recipient:**
Cody R. Johnson Sr., Cody R. Johnson Sr.
86354 HARRY GREEN RD
YULEE, FL, US, 32097535154

**Shipper:**
Christian Zimm, Esq., Christian Zimm, Esq.
100 N Main St
Suite 340
Alpharetta, GA, US, 30009

**Reference**          Buchanan - Amelia



C. JOHNSON
#117, 14:03, 1 Del, 0 NonDel

Thank you for choosing FedEx

## CERTIFICATE OF SERVICE

This is to certify that I have today served the **DEFENDANT'S PROOF OF SERVICE OF SUBPOENA DUCES TECUM TO CODY R. JOHNSON SR.** to the following counsel via statutory electronic service:

Matthew P. McLauchlin, Esq.
MCLAUCHLIN & MARTIN, PLLC
822 N. A1A Highway, Su. 310
Ponte Vedra Beach, FL 32082
matt@mpmlawyers.com
*Attorney for Plaintiff*

Michael L. Duncan, Esq.
DUNCAN TRIAL & MEDIATION
301 W. Bay St., Su. 1446
Jacksonville, FL 32202
mikeduncan@mikeduncanlaw.com
*Attorney for Plaintiff*

This 12th day of January 2026.

CHALMERS, ADAMS, BACKER &
KAUFMAN, LLC

/s/ Kevin T. Kucharz
Kevin T. Kucharz
Florida Bar No. 883611
Christian G. Zimm
Florida Bar No. 1028178
*Attorneys for Blake F. Buchanan*

11770 Haynes Bridge Road
#205-219
Alpharetta, GA 30009-1968
(678) 470-3755
kkucharz@chalmersadams.com
czimm@chalmersadams.com

## IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
## IN AND FOR NASSAU COUNTY, FLORIDA

AIC FERNANDINA, LLC d/b/a )
AMELIA ISLAND COFFEE, a Florida limited )
liability company, )
)
    *Plaintiff,* )
)
v. )      CASE NO.:
)      2025-CA-000311-AXYX
)
BLAKE F. BUCHANAN, )
)
    *Defendant.* )
)

## DEFENDANT'S PROOF OF SERVICE OF
## SUBPOENA DUCES TECUM TO SEAN INCE

COMES NOW, Blake F. Buchanan ("Defendant" or "Mr. Buchanan"), the Defendant in the above-styled caption, by and through the undersigned counsel, and hereby files this Defendant's Proof of Service of Subpoena Duces Tecum to Sean Ince, pursuant to Fla. R. Civ. P. 1.351(b), and shows this Honorable Court the following:

1.

On December 10, 2026, Defendant filed a Notice of Production to Non-Parties to serve a Subpoena Duces Tecum with Option to Furnish Documents by Mail Instead of Attending Deposition to Sean Ince ("Subpoena").

2.

Plaintiff did not object to the Subpoena.

3.

In accordance with Fla. R. Civ. P. 1.351(b), Plaintiff served the Subpoena via commercial delivery service. A true and correct copy of the mail served to Sean Ince is attached hereto as **Exhibit A** and incorporated herein by reference.

4.

Defendant now files written confirmation of delivery of the Subpoena with the date of service, name of the individual who accepted service, and signature of the individual accepting the Subpoena, in accordance with Fla. R. Civ. P. 1.351(b). A true and correct copy of the confirmation of delivery of the Subpoena served to Sean Ince is attached hereto as **Exhibit B** and incorporated herein by reference.

Respectfully submitted this 13th day of January 2026.

CHALMERS, ADAMS, BACKER &
KAUFMAN, LLC


/s/ Kevin T. Kucharz
Kevin T. Kucharz
Florida Bar No. 883611
Christian G. Zimm
Florida Bar No. 1028178
*Attorneys for Blake F. Buchanan*

11770 Haynes Bridge Road
#205-219
Alpharetta, GA 30009-1968
(678) 470-3755
kkucharz@chalmersadams.com
czimm@chalmersadams.com

# Exhibit A



FROM:                (678) 470-3755
Christian Zimm, Esq.

100 N Main St
Suite 342
Alpharetta GA 30009
US

SHIP DATE: 06JAN26
ACTWGT: 0.10 LB
CAD: 258549015/WET4535

BILL SENDER

TO Sean Ince

**941395 OLD NASSAUVILLE RD**

**FERNANDINA BEACH FL 32034**
**(678) 470-3755**          REF: BUCHANAN - AMELIA
INV:
PO:                              DEPT:

(US)

**FedEx**
Home Delivery

**H**

TRK#  **8876 8200 9935**

**ASR**
**32034**

9632 0883 0 (000 000 0000) 0 00 8876 8200 9935

ORIGIN ID:NIPA    (678) 470-3755
SEAN INCE

941395 OLD NASSAUVILLE RD

FERNANDINA BEACH, FL 32034
UNITED STATES US

SHIP DATE: 06JAN26
ACTWGT: 0.12 LB
CAD: 260549015/INET4635

TO **CHRISTIAN ZIMM, ESQ.**

**100 N MAIN ST**
**SUITE 340**
**ALPHARETTA GA 30009**

(678) 470-3755    REF: BUCHANAN - AMELIA
INV:
PO:    DEPT:

RMA:




**FedEx**
Express

**E**

**RETURNS    MON—FRI**
**** 2DAY ****

TRK#
0201  **7921 1909 6280**

30009

GA-US



After printing this label:
CONSIGNEE COPY - PLEASE PLACE IN FRONT OF POUCH
1. Fold the printed page along the horizontal line.
2. Place label in shipping pouch and affix it to your shipment.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

C|A|B|K    **Chalmers, Adams, Backer**
**& Kaufman, LLC**

11770 HAYNES BRIDGE RD #205-415
ALPHARETTA, GA 30009 - 1968
(678) 470-3755
czimm@chalmersadams.com

January 6, 2026

**Via FedEx: 8876 8200 9935**

Sean Ince
941395 Old Nassauville Rd
Fernandina Beach, FL 32034

**Re:**    **Subpoena Duces Tecum With Option to Furnish Documents by Mail**
**Instead of Attending Deposition**
*AIC Fernandina, LLC d/b/a Amelia Island Coffee v. Blake F. Buchanan*
Case No. 25-CA-000311-AXYX
In the Circuit Court, Fourth Judicial Circuit, in and for Nassau County, FL

To Whom It May Concern:

This office represents Blake F. Buchanan in the above-referenced matter. Enclosed, you will find a **Subpoena Duces Tecum with Option to Furnish Documents by Mail Instead of Attending Deposition** issued to you in the above-referenced matter.

Pursuant to the Subpoena, you are commanded to produce the documents described in **Exhibit A** of the Subpoena by mailing them to: Christian Zimm, Esq. at Chalmers, Adams, Backer & Kaufman, LLC, 11770 Haynes Bridge Road, #205-415, Alpharetta, GA 30009 within ten (10) days of your receipt of the Subpoena. For your convenience, a FedEx return label is enclosed for you to send legible copies of the requested documents to me.

We appreciate your prompt attention to this matter. Should you have any questions related to the Subpoena, please do not hesitate to contact our office.

CHALMERS, ADAMS,
BACKER & KAUFMAN, LLC

*/s/ Christian G. Zimm*
Christian G. Zimm, Esq. MBA
For the Firm

cc: Kevin T. Kucharz, Esq.

## IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
## IN AND FOR NASSAU COUNTY, FLORIDA

AIC FERNANDINA, LLC d/b/a )
AMELIA ISLAND COFFEE, a Florida limited )
liability company, )
     )
       *Plaintiff,* )
     )
v. )      CASE NO.:
     )      2025-CA-000311-AXYX
     )
BLAKE F. BUCHANAN, )
     )
       *Defendant.* )
     )
_____ )

## SUBPOENA DUCES TECUM WITH OPTION TO FURNISH DOCUMENTS BY MAIL INSTEAD OF ATTENDING DEPOSITION

STATE OF FLORIDA:

TO:    Sean Ince
        941395 Old Nassauville Rd,
        Fernandina Beach, FL 32034

### PLEASE RESPOND TO THIS SUBPOENA IN WRITING

PLEASE RETURN A COPY OF THIS SUBPOENA WITH YOUR RESPONSE

YOU ARE COMMANDED to furnish documents by mail send them to Christian Zimm, Esq. at Chalmers Adams Backer & Kaufman, LLC, 11770 Haynes Bridge Rd, Su. 205-415, Alpharetta, GA 30009, to furnish for inspection or for copies to be made, then please appear before Christian Zimm, Esq. at Chalmers Adams Backer & Kaufman, LLC, at 100 N. Main St. #340, Alpharetta, GA 30009, the requested documents attached as **Exhibit A**, within ten (10) days receipt of this subpoena.

You are not required to surrender the original items. You may comply with this subpoena by providing legible copies of the items to be produced to the attorney whose name appears on this subpoena on or before the scheduled date of production. You may condition the preparation of the copies upon the payment in advance of the reasonable cost of preparation. You may mail or deliver the copies to the attorney whose name appears on this subpoena and thereby eliminate your appearance by the deadline specified above. You have the right to object to the production pursuant to this subpoena at any time before production by giving written notice to the attorney whose name appears on this subpoena. THIS WILL NOT BE A DEPOSITION. NO TESTIMONY WILL BE TAKEN.

If you fail to:
(1) appear as specified; or
(2) furnish the records instead of appearing as provided above; or
(3) object to this subpoena,

you may be in contempt of court. You are subpoenaed to appear by the following attorney or mail the requested documents, and unless excused from this subpoena by this attorney or the court, you must respond to this subpoena as directed.

**If you are a person with a disability who needs any accommodation to respond to this subpoena, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the undersigned counsel at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

This 6th day of January 2026.

.

CHALMERS, ADAMS, BACKER &
KAUFMAN, LLC

/s/ Kevin T. Kucharz_____
Kevin T. Kucharz
Florida Bar No. 883611
Christian G. Zimm
Florida Bar No. 1028178
*Attorneys for Blake F. Buchanan*

11770 Haynes Bridge Road
#205-415
Alpharetta, GA 30009-1968
(678) 470-3755
kkucharz@chalmersadams.com
czimm@chalmersadams.com

## Exhibit A

### DOCUMENTS AND ELECTRONIC RECORDS TO BE PRODUCED

1. A complete copy of the Post (made by Blake Buchanan (or Blake Farr) in the Fernandina Beach Amelia Island Network Facebook Group on September 20, 2025, that "The employees of Amelia island coffee are openly celebrating Charlie Kirk's murder today"), including:

   a) All text, images, videos, or attachments.
   b) All edits, revisions, deleted portions, or updated versions.
   c) Timestamps (UTC and local), creation time, edit time, deletion time (if applicable).
   d) The unique Facebook Post ID.

2. All associated comments of the Post, including:

   a) Full text of each comment.
   b) Identity (username, profile URL, Facebook ID) of each commenter.
   c) All edits or deletions.
   d) All metadata.

3. All reactions (likes, loves, cares, etc.) including:

   a) The type of reaction.
   b) Identity of each user who reacted.
   c) Metadata of the reactions.

4. Group Insights of the Post / Analytics, including:

   a) Total number of unique views (reach).
   b) Total impressions (how many times the post was viewed).
   c) Viewer demographics (if available): age ranges, location data, or other admin-visible information.
   d) Engagement metrics (comments, reactions, shares, click-throughs) of the Post and Group.
   e) Any data showing whether Facebook "boosted," "limited," or "flagged" the Post.
   f) Visibility analytics, including whether the Post was marked as "seen by [#] people."

5. Group Insights and Activity Logs relating to the Post, including:

   a) Admin or moderator actions on the Post.
   b) Any "admin review," "flagging," "removal," "mute," or "pending content" actions.
   c) Internal notes or system messages relating to the Post's moderation.

6. Records of who viewed the Post, including:

   a) Lists of group members who viewed the Post.

b) View-count logs or related metrics, and metadata

7. Internal admin messages or logs discussing the Post, including:

   a) Any reports or complaints submitted by users about the Post, and Plaintiff's request to take the Post down.
   b) Any messages among admins or moderators regarding the Post, and Plaintiff's request to take the Post down.
   c) Any decisions to remove, block, hide, or restrict the Post, and Plaintiff's request to take the Post down.

8. Group Rules enforcement logs regarding the Post, including:

   a) Whether the Post was flagged as violating group rules.
   b) Any automated enforcement actions.
   c) Any manual enforcement actions.

# Exhibit B

January 13, 2026

Dear Customer,

The following is the proof-of-delivery for tracking number: 887682009935

---

**Delivery Information:**

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivered To: | |
| Signed for by: | HINCE | Delivery Location: | 941395 OLD NASSAUVILLE RD |
| Service type: | FedEx Home Delivery | | |
| Special Handling: | Adult Signature Required | | Fernandina Beach, FL, 32034 |
| | | Delivery date: | Jan 12, 2026 17:40 |

**Shipping Information:**

| | | | |
|---|---|---|---|
| Tracking number: | 887682009935 | Ship Date: | Jan 7, 2026 |
| | | Weight: | 0.1 LB/0.05 KG |

**Recipient:**
Sean Ince, Sean Ince
941395 OLD NASSAUVILLE RD
FERNANDINA BEACH, FL, US, 32034714095

**Shipper:**
Christian Zimm, Esq., Christian Zimm, Esq.
100 N Main St
Suite 340
Alpharetta, GA, US, 30009

**Reference**          Buchanan - Amelia



H. INCE
#78, 17:42, 1 Del, 0 NonDel

Thank you for choosing FedEx

## CERTIFICATE OF SERVICE

This is to certify that I have today served the **DEFENDANT'S PROOF OF SERVICE OF SUBPOENA DUCES TECUM TO SEAN INCE** to the following counsel via statutory electronic service:

Matthew P. McLauchlin, Esq.
MCLAUCHLIN & MARTIN, PLLC
822 N. A1A Highway, Su. 310
Ponte Vedra Beach, FL 32082
matt@mpmlawyers.com
*Attorney for Plaintiff*

Michael L. Duncan, Esq.
DUNCAN TRIAL & MEDIATION
301 W. Bay St., Su. 1446
Jacksonville, FL 32202
mikeduncan@mikeduncanlaw.com
*Attorney for Plaintiff*

This 13th day of January 2026.

CHALMERS, ADAMS, BACKER & KAUFMAN, LLC

/s/ Kevin T. Kucharz
Kevin T. Kucharz
Florida Bar No. 883611
Christian G. Zimm
Florida Bar No. 1028178
*Attorneys for Blake F. Buchanan*

11770 Haynes Bridge Road
#205-219
Alpharetta, GA 30009-1968
(678) 470-3755
kkucharz@chalmersadams.com
czimm@chalmersadams.com

Case 3:26-cv-00514    Document 1    Filed 03/11/26    Page 333 of 353 PageID 333

## IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
## IN AND FOR NASSAU COUNTY, FLORIDA

AIC FERNANDINA, LLC d/b/a )
AMELIA ISLAND COFFEE, a Florida limited )
liability company, )
       )
       *Plaintiff,* )
       )
v. )      CASE NO.:
       )      2025-CA-000311-AXYX
       )
BLAKE F. BUCHANAN, )
       )
       *Defendant.* )
_____)

## DEFENDANT'S PROOF OF SERVICE OF
## SUBPOENA DUCES TECUM TO GLASS AND GRASS, LLC

COMES NOW, Blake F. Buchanan ("Defendant" or "Mr. Buchanan"), the Defendant in the above-styled caption, by and through the undersigned counsel, and hereby files this Defendant's Proof of Service of Subpoena Duces Tecum to Glass and Grass, LLC, pursuant to Fla. R. Civ. P. 1.351(b), and shows this Honorable Court the following:

1.

On December 10, 2026, Defendant filed a Notice of Production to Non-Parties to serve a Subpoena Duces Tecum with Option to Furnish Documents by Mail Instead of Attending Deposition to Glass and Grass, LLC ("Subpoena").

2.

Plaintiff did not object to the Subpoena.

3.

In accordance with Fla. R. Civ. P. 1.351(b), Plaintiff served the Subpoena via commercial delivery service. A true and correct copy of the mail served to Glass and Grass, LLC is attached hereto as **Exhibit A** and incorporated herein by reference.

4.

Defendant now files written confirmation of delivery of the Subpoena with the date of service, name of the individual who accepted service, and signature of the individual accepting the Subpoena, in accordance with Fla. R. Civ. P. 1.351(b). A true and correct copy of the confirmation of delivery of the Subpoena served to Glass and Grass, LLC is attached hereto as **Exhibit B** and incorporated herein by reference.

Respectfully submitted this 21st day of January 2026.

CHALMERS, ADAMS, BACKER & KAUFMAN, LLC

/s/ Kevin T. Kucharz
Kevin T. Kucharz
Florida Bar No. 883611
Christian G. Zimm
Florida Bar No. 1028178
Attorneys for Blake F. Buchanan

11770 Haynes Bridge Road
#205-219
Alpharetta, GA 30009-1968
(678) 470-3755
kkucharz@chalmersadams.com
czimm@chalmersadams.com

## CERTIFICATE OF SERVICE

This is to certify that I have today served the **DEFENDANT'S PROOF OF SERVICE OF SUBPOENA DUCES TECUM TO GLASS AND GRASS, LLC** to the following counsel via statutory electronic service:

Matthew P. McLauchlin, Esq.
MCLAUCHLIN & MARTIN, PLLC
822 N. A1A Highway, Su. 310
Ponte Vedra Beach, FL 32082
matt@mpmlawyers.com
*Attorney for Plaintiff*

Michael L. Duncan, Esq.
DUNCAN TRIAL & MEDIATION
301 W. Bay St., Su. 1446
Jacksonville, FL 32202
mikeduncan@mikeduncanlaw.com
*Attorney for Plaintiff*

This 21st day of January 2026.

CHALMERS, ADAMS, BACKER &
KAUFMAN, LLC

*/s/ Kevin T. Kucharz*
Kevin T. Kucharz
Florida Bar No. 883611
Christian G. Zimm
Florida Bar No. 1028178
*Attorneys for Blake F. Buchanan*

11770 Haynes Bridge Road
#205-219
Alpharetta, GA 30009-1968
(678) 470-3755
kkucharz@chalmersadams.com
czimm@chalmersadams.com

# Exhibit A

within strict time limits; see current FedEx Service Guide.

jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $1,000, e.g. other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on

2. Place label in shipping pouch and affix it to your shipment.
1. Fold the printed page along the horizontal line.
CONSIGNEE COPY - PLEASE PLACE IN FRONT OF POUCH
After printing this label:





**After printing this label:**

1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.

2. Fold the printed page along the horizontal line.

3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning:** Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

FROM:
Christian Zimm, Esq.
(678) 470-3755

100 N Main St
Suite 340
Marietta GA 30009
(US)

To c/o Jared Dunn, Registered Agent
Glass and Grass, LLC

85045 RADIO AVE

YULEE FL 32097
(678) 470-3755

REF: BUCHANAN+AMELIA
DEPT:
INV:
PO:

SHIP DATE: 15JAN26
ACTWGT: 0.10 LB
CAD: 26034901/WNET4535

BILL SENDER

(US)

**FedEx** Home Delivery

581123/3A3759F2

AUG 08012610816Z

TRK# 8879 4803 5041

ASR
32097

9632 0883 0 (000 000 0000) 0 00 8879 4803 5041

# C|A
# B|K

**Chalmers, Adams, Backer & Kaufman, LLC**

11770 HAYNES BRIDGE RD #205-415
ALPHARETTA, GA 30009 - 1968
(678) 470-3755
czimm@chalmersadams.com

January 15, 2026

**Via FedEx: 8879 4803 5041**

Glass and Grass, LLC
Administrator of the Fernandina Beach Amelia Island Network Facebook Group
c/o Jared Dunn, Registered Agent
85045 Radio Avenue
Yulee, FL 32097

      **Re:**    **Subpoena Duces Tecum With Option to Furnish Documents by Mail Instead of Attending Deposition**
              *AIC Fernandina, LLC d/b/a Amelia Island Coffee v. Blake F. Buchanan*
              Case No. 25-CA-000311-AXYX
              In the Circuit Court, Fourth Judicial Circuit, in and for Nassau County, FL

To Whom It May Concern:

    This office represents Blake F. Buchanan in the above-referenced matter. Enclosed, you will find a **Subpoena Duces Tecum with Option to Furnish Documents by Mail Instead of Attending Deposition** issued to you in the above-referenced matter.

    Pursuant to the Subpoena, you are commanded to produce the documents described in **Exhibit A** of the Subpoena by mailing them to: Christian Zimm, Esq. at Chalmers, Adams, Backer & Kaufman, LLC, 11770 Haynes Bridge Road, #205-415, Alpharetta, GA 30009 within ten (10) days of your receipt of the Subpoena. For your convenience, a FedEx return label is enclosed for you to send legible copies of the requested documents to me.

    We appreciate Glass and Grass, LLC's prompt attention to this matter. Should Glass and Grass, LLC have any questions related to the Subpoena, please do not hesitate to contact our office.

                      **CHALMERS, ADAMS,
BACKER & KAUFMAN, LLC**

                      */s/ Christian G. Zimm*
                      Christian G. Zimm, Esq. MBA
                      For the Firm

cc: Kevin T. Kucharz, Esq.

## IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
## IN AND FOR NASSAU COUNTY, FLORIDA

AIC FERNANDINA, LLC d/b/a )
AMELIA ISLAND COFFEE, a Florida limited )
liability company, )
)
     *Plaintiff,* )
)
v. )     CASE NO.:
)     2025-CA-000311-AXYX
)
BLAKE F. BUCHANAN, )
)
     *Defendant.* )
——————————————————————)

## SUBPOENA DUCES TECUM WITH OPTION TO FURNISH DOCUMENTS BY MAIL
## INSTEAD OF ATTENDING DEPOSITION

STATE OF FLORIDA:

TO:    Glass and Grass, LLC
       Administrator of the Fernandina Beach Amelia Island Network Facebook group
       in c/o Registered Agent, Jared Dunn
       85045 Radio Avenue
       Yulee, FL 32097
       Glass.and.Grass.FL@gmail.com

### PLEASE RESPOND TO THIS SUBPOENA IN WRITING

PLEASE RETURN A COPY OF THIS SUBPOENA WITH YOUR RESPONSE

YOU ARE COMMANDED to furnish documents by mail send them to Christian Zimm, Esq. at Chalmers Adams Backer & Kaufman, LLC, 11770 Haynes Bridge Rd, Su. 205-415, Alpharetta, GA 30009, to furnish for inspection or for copies to be made, then please appear before Christian Zimm, Esq. at Chalmers Adams Backer & Kaufman, LLC, at 100 N. Main St. #340, Alpharetta, GA 30009, the requested documents attached as **Exhibit A**, within ten (10) days receipt of this subpoena.

     You are not required to surrender the original items. You may comply with this subpoena by providing legible copies of the items to be produced to the attorney whose name appears on this subpoena on or before the scheduled date of production. You may condition the preparation of the copies upon the payment in advance of the reasonable cost of preparation. You may mail or deliver the copies to the attorney whose name appears on this subpoena and thereby eliminate your appearance by the deadline specified above. You have the right to object to the production pursuant to this subpoena at any time before production by giving written notice to the attorney whose name

appears on this subpoena. THIS WILL NOT BE A DEPOSITION. NO TESTIMONY WILL BE TAKEN.

If you fail to:
(1) appear as specified; or
(2) furnish the records instead of appearing as provided above; or
(3) object to this subpoena,

you may be in contempt of court. You are subpoenaed to appear by the following attorney or mail the requested documents, and unless excused from this subpoena by this attorney or the court, you must respond to this subpoena as directed.

**If you are a person with a disability who needs any accommodation to respond to this subpoena, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the undersigned counsel at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

This 6th day of January 2026.

CHALMERS, ADAMS, BACKER & KAUFMAN, LLC

*/s/ Kevin T. Kucharz*
Kevin T. Kucharz
Florida Bar No. 883611
Christian G. Zimm
Florida Bar No. 1028178
*Attorneys for Blake F. Buchanan*

11770 Haynes Bridge Road
#205-415
Alpharetta, GA 30009-1968
(678) 470-3755
kkucharz@chalmersadams.com
czimm@chalmersadams.com

## Exhibit A

### DOCUMENTS AND ELECTRONIC RECORDS TO BE PRODUCED

1. A complete copy of the Post (made by Blake Buchanan (or Blake Farr) in the Fernandina Beach Amelia Island Network Facebook Group on September 20, 2025, that "The employees of Amelia island coffee are openly celebrating Charlie Kirk's murder today"),), including:

   a) All text, images, videos, or attachments.
   b) All edits, revisions, deleted portions, or updated versions.
   c) Timestamps (UTC and local), creation time, edit time, deletion time (if applicable).
   d) The unique Facebook Post ID.

2. All associated comments of the Post, including:

   a) Full text of each comment.
   b) Identity (username, profile URL, Facebook ID) of each commenter.
   c) All edits or deletions.
   d) All metadata.

3. All reactions (likes, loves, cares, etc.) including:

   a) The type of reaction.
   b) Identity of each user who reacted.
   c) Metadata of the reactions.

4. Group Insights of the Post / Analytics, including:

   a) Total number of unique views (reach).
   b) Total impressions (how many times the post was viewed).
   c) Viewer demographics (if available): age ranges, location data, or other admin-visible information.
   d) Engagement metrics (comments, reactions, shares, click-throughs) of the Post and Group.
   e) Any data showing whether Facebook "boosted," "limited," or "flagged" the Post.
   f) Visibility analytics, including whether the Post was marked as "seen by [#] people."

5. Group Insights and Activity Logs relating to the Post, including:

   a) Admin or moderator actions on the Post.
   b) Any "admin review," "flagging," "removal," "mute," or "pending content" actions.
   c) Internal notes or system messages relating to the Post's moderation.

6. Records of who viewed the Post, including:

   a) Lists of group members who viewed the Post.

       b) View-count logs or related metrics, and metadata

7. Internal admin messages or logs discussing the Post, including:

       a) Any reports or complaints submitted by users about the Post, and Plaintiff's request to take the Post down.

       b) Any messages among admins or moderators regarding the Post, and Plaintiff's request to take the Post down.

       c) Any decisions to remove, block, hide, or restrict the Post, and Plaintiff's request to take the Post down.

8. Group Rules enforcement logs regarding the Post, including:

       a) Whether the Post was flagged as violating group rules.

       b) Any automated enforcement actions.

       c) Any manual enforcement actions.

# Exhibit B

January 21, 2026

Dear Customer,

The following is the proof-of-delivery for tracking number: 887948035041

**Delivery Information:**

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivered To: | |
| Signed for by: | BDUNN | Delivery Location: | 85045 RADIO AVE |
| Service type: | FedEx Home Delivery | | |
| Special Handling: | Adult Signature Required | | Yulee, FL, 32097 |
| | | Delivery date: | Jan 21, 2026 10:08 |

**Shipping Information:**

| | | | |
|---|---|---|---|
| Tracking number: | 887948035041 | Ship Date: | Jan 16, 2026 |
| | | Weight: | 0.1 LB/0.05 KG |

**Recipient:**
c/o Jared Dunn, Registered Agent, Glass and Grass, LLC
85045 RADIO AVE
YULEE, FL, US, 32097902145

**Shipper:**
Christian Zimm, Esq., Christian Zimm, Esq.
100 N Main St
Suite 340
Alpharetta, GA, US, 30009

**Reference**                    Buchanan-Amelia



B. DUNN
#6, 10:09, 1 Del, 0 NonDel

Thank you for choosing FedEx

## IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
## IN AND FOR NASSAU COUNTY, FLORIDA

AIC FERNANDINA, LLC d/b/a )
AMELIA ISLAND COFFEE, a Florida limited )
liability company, )
                   )
       *Plaintiff,* )
                   )
v. )       CASE NO.:
                   )       2025-CA-000311-AXYX
                   )
BLAKE F. BUCHANAN, )
                   )
       *Defendant.* )
_____ )

## NOTICE OF UNAVAILABILITY

Notice is hereby given to this Court and all parties that Christian G. Zimm, Esq. of the law firm Chalmers, Adams, Backer & Kaufman, LLC will be unavailable and will be unable to attend any hearings on the following dates:

- February 23, 2026, through and including February 25, 2026. The purpose of the leave is for travel and to sit for the South Carolina Bar Exam.

- March 26, 2026, through and including March 30, 2026. The purpose of the leave is for personal travel.

- May 19, 2026, through and including May 25, 2026. The purpose of the leave is personal travel.

*[Signature Page to Follow]*

Respectfully submitted this 28th day of January 2026.

**CHALMERS, ADAMS, BACKER &
KAUFMAN, LLC**

*/s/ Christian G. Zimm*
Christian G. Zimm
Florida Bar No. 1028178
Kevin T. Kucharz
Florida Bar No. 883611
*Attorneys for Blake F. Buchanan*

11770 Haynes Bridge Road
#205-219
Alpharetta, GA 30009-1968
(678) 470-3755
kkucharz@chalmersadams.com
czimm@chalmersadams.com

## CERTIFICATE OF SERVICE

This is to certify that I have today served the **NOTICE OF UNAVAILABILITY** to the

following counsel via statutory electronic service:

Matthew P. McLauchlin, Esq.
MCLAUCHLIN & MARTIN, PLLC
822 N. A1A Highway, Su. 310
Ponte Vedra Beach, FL 32082
matt@mpmlawyers.com
*Attorney for Plaintiff*

Michael L. Duncan, Esq.
DUNCAN TRIAL & MEDIATION
301 W. Bay St., Su. 1446
Jacksonville, FL 32202
mikeduncan@mikeduncanlaw.com
*Attorney for Plaintiff*

This 28th day of January 2026.

CHALMERS, ADAMS, BACKER &
KAUFMAN, LLC

/s/ Christian G. Zimm
Christian G. Zimm
Florida Bar No. 1028178
Kevin T. Kucharz
Florida Bar No. 883611
*Attorneys for Blake F. Buchanan*

11770 Haynes Bridge Road
#205-219
Alpharetta, GA 30009-1968
(678) 470-3755
kkucharz@chalmersadams.com
czimm@chalmersadams.com

IN THE CIRCUIT COURT OF THE
FOURTH JUDICIAL CIRCUIT, IN AND
FOR NASSAU COUNTY, FLORIDA

CASE NO.: 45-2025-CA-000311-CAAY
DIVISION: CA

AIC FERNANDINA, LLC d/b/a AMELIA ISLAND COFFEE,
   Plaintiff,

-vs-

BLAKE F. BUCHANAN,
   Defendant.

---

## ORDER CANCELING CASE MANAGEMENT CONFERENCE

**THIS CASE** was scheduled to come before the Court for a Case Management Conference ("CMC") on Thursday, February 26, 2026 pursuant to Rule 1.200, Fla. R. Civ. P. The Court, having reviewed the record, the submission(s) from the parties, and being otherwise duly and fully advised in the premises, finds that the parties have completed the actions to advance the resolution of the action. For the foregoing reasons, it is hereby,

    **ORDERED**:

    The Case Management Conference scheduled for Thursday, February 26, 2026 is **CANCELED**.

    **DONE AND ORDERED** in Chambers at Yulee, Nassau County, Florida, this Monday, February 23, 2026.

Marianne L. Aho, Circuit Judge

Marianne Aho, Circuit Judge
45-2025-CA-000311-CAAY 02/23/2026 10:24:11 AM

Electronically Filed Nassau County Case # 25CA000311AXYX 02/23/2026 12:35:36 PM

Copies via electronic filing to:

MATTHEW P MCLAUCHLIN, ESQ    Christian Gerard Zimm
matt@mpmlawyers.com          czimm@chalmersadams.com
erin@mpmlawyers.com

Kevin T Kucharz Kucharz        Michael L Duncan
kkucharz@chalmersadams.com     mikeduncan@mikeduncanlaw.com
mooten@chalmersadams.com       paralegal@mikeduncanlaw.com
adilligard@chalmersadams.com   amber@mikeduncanlaw.com

## IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
## IN AND FOR NASSAU COUNTY, FLORIDA

AIC FERNANDINA, LLC, d/b/a
AMELIA ISLAND COFFEE, a Florida
limited liability company,

      *Plaintiff,*

v.

BLAKE F. BUCHANAN,

      *Defendant,*

CASE NO.: 2025-CA-000311-AXYX

---

## NOTICE OF CHANGE OF LAW FIRM AND ADDRESS

    PLEASE TAKE NOTICE that Christian G. Zimm and Kevin T. Kucharz provide notice of

change of law firm, address, and email address, in accordance with Rule 2.516, the Florida Rules

of General Practice and Judicial Administration, as follows:

<div align="center">

Christian G. Zimm, Esq.
Kevin T. Kucharz, Esq.
KAUFMAN & HILBERT P.C.
100 N. Main St. Su. #340
Alpharetta, GA 30009
czimm@kaufmanhilbert.com
kkucharz@kaufmanhilbert.com

</div>

    This information has been updated in the court appointed online efiling system. Please

direct all future correspondence to the undersigned counsel using the above listed contact

information. The undersigned counsel also requests all future notices, pleadings, papers, and other

filings and materials to this action be sent to the contact information above.

Respectfully submitted this 4th day of March 2026.

**KAUFMAN & HILBERT P.C.**

*/s/ Christian G. Zimm*
Kevin T. Kucharz
Florida Bar No: 883611
Christian G. Zimm
Florida Bar No: 1028178
*Attorneys for Defendant*

100 N. Main St. #340
Alpharetta, GA 30009
T: (404) 360-7150
E: kkucharz@kaufmanhilbert.com
czimm@kaufmanhilbert.com

## CERTIFICATE OF SERVICE

This is to certify that I have today served the NOTICE OF CHANGE OF LAW FIRM

AND ADDRESS to the following counsel via statutory electronic service:

Matthew P. McLauchlin, Esq.
MCLAUCHLIN & MARTIN, PLLC
822 N. A1A Highway, Su. 310
Ponte Vedra Beach, FL 32082
matt@mpmlawyers.com
*Attorney for Plaintiff*


Michael L. Duncan, Esq.
DUNCAN TRIAL & MEDIATION
301 W. Bay St., Su. 1446
Jacksonville, FL 32202
mikeduncan@mikeduncanlaw.com
*Attorney for Plaintiff*


This 4th day of March 2026.


**KAUFMAN & HILBERT P.C.**

*/s/ Christian G. Zimm*
Kevin T. Kucharz
Florida Bar No: 883611
Christian G. Zimm
Florida Bar No: 1028178
*Attorneys for Defendant*


100 N. Main St. #340
Alpharetta, GA 30009
T: (404) 360-7150
E: kkucharz@kaufmanhilbert.com
czimm@kaufmanhilbert.com