IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
IN AND FOR NASSAU COUNTY, FLORIDA

AIC FERNANDINA, LLC d/b/a )
AMELIA ISLAND COFFEE, a Florida limited )
liability company, )
)
    *Plaintiff*, )
)
v. ) CASE NO.:
) 2025-CA-000311-AXYX
)
BLAKE F. BUCHANAN, )
)
    *Defendant.* )
)

## DEFENDANT'S VERIFIED ANSWER

COMES NOW, Blake F. Buchanan ("Defendant" or "Mr. Buchanan"), the Defendant in the above-styled caption, by and through the undersigned counsel, and hereby files this Defendant's Verified Answer, and shows this Honorable Court the following:

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims fail because Mr. Buchanan's statement was truthful and protected speech under the United States Constitution and Florida Constitution.

### THIRD DEFENSE

Plaintiff's claims fail because Mr. Buchanan's statement was not reckless or negligent.

### FOURTH DEFENSE

Plaintiff's claims fail because Plaintiff has no damages.

## FIFTH DEFENSE

Plaintiff's claims fail because Mr. Buchanan's statement was not defamatory and did not harm Plaintiff's reputation.

## SIXTH DEFENSE

Plaintiff's claims violate Florida's Anti-SLAPP statute (Fla. Stat. § 768.295, *et seq.*) because they are without merit and Mr. Buchanan expressed his constitutional right of free speech.

## SEVENTH DEFENSE

Mr. Buchanan will seek the recovery of his attorneys' fees, costs of litigation, sanctions, and all other costs under Fla. Stat. § 57.105, *et seq.* because Plaintiff's claims are frivolous and meritless.

## EIGHTH DEFENSE

Incorporating all of the foregoing affirmative defenses, Mr. Buchanan answers to the specifically numbered paragraphs of Plaintiff's Complaint as follows:

1.

Mr. Buchanan admits that Plaintiff has filed an action and is alleging damages in excess of $50,000.00, but he denies that he is liable for any amount whatsoever and that damages exceed $50,000.00. Mr. Buchanan denies the remaining allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.

Mr. Buchanan lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.

Mr. Buchanan admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.

Mr. Buchanan admits that Plaintiff is claiming this Court has personal jurisdiction over him, and denies the remaining allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.

Mr. Buchanan admits this Court has personal jurisdiction over him, but denies the remaining allegations contained in Paragraph 5 of Plaintiff's Complaint.

**General Allegations**

6.

Mr. Buchanan admits that Amelia Coffee Shop is a coffee shop and small business located at 207 Centre St., Fernandina Beach, Florida 32034 in downtown Fernandina Beach, Florida. Mr. Buchanan lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.

Mr. Buchanan lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.

Mr. Buchanan lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.

Mr. Buchanan admits the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.

Mr. Buchanan admits the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.

Mr. Buchanan admits the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.

Mr. Buchanan admits that he made a Facebook post in a group called "Fernandina Beach Amelia Island Network" after observing the interaction in Plaintiff's coffee shop. Mr. Buchanan admits that he joined the group before creating the post and admits that he is not a local to Fernandina Beach, Florida. Mr. Buchanan lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.

Mr. Buchanan admits the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.

Mr. Buchanan denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.

Mr. Buchanan admits that an employee of Plaintiff made a statement to the customer that she "liked" his shirt, but denies the remaining allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.

Mr. Buchanan admits the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.

Mr. Buchanan denies that numerous Facebook members posted "extremely negative" comments about Plaintiff. The Facebook posts by other members of the group speak for themselves. Mr. Buchanan lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.

Mr. Buchanan admits that he has not deleted the Facebook post. Mr. Buchanan's subsequent Facebook posts speak for themselves. Mr. Buchanan admits that he posted stating "prove me wrong." Mr. Buchanan denies the remaining allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.

Mr. Buchanan denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.

Mr. Buchanan denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.

Mr. Buchanan denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.

Mr. Buchanan denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

**COUNT ONE**
**Defamation**

23.

Mr. Buchanan incorporates by reference his responses to Paragraphs 1 through 22 as though fully restated herein verbatim.

24.

Mr. Buchanan denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.

Mr. Buchanan denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.

Mr. Buchanan denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.

Mr. Buchanan denies the allegations contained in Paragraph 27 of Plaintiff's Complaint. Responding to the last unnumbered paragraph in this Count, Mr. Buchanan denies that he is liable to Plaintiff for any amount whatsoever.

## COUNT TWO
### Defamation Per Se

28.

Mr. Buchanan incorporates by reference his responses to Paragraphs 1 through 27 as though fully restated herein verbatim.

29.

Mr. Buchanan denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.

Mr. Buchanan denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.

Mr. Buchanan denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.

Mr. Buchanan denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.

Mr. Buchanan denies the allegations contained in Paragraph 33 of Plaintiff's Complaint. Responding to the last unnumbered paragraph in this Count, Mr. Buchanan denies that he is liable to Plaintiff for any amount whatsoever.

Respectfully submitted this 23rd day of October 2025.

                                           **CHALMERS, ADAMS, BACKER & KAUFMAN, LLC**

                                           */s/ Kevin T. Kucharz*
                                           Kevin T. Kucharz
                                           Florida Bar No. 883611
                                           Christian G. Zimm
11770 Haynes Bridge Road               Florida Bar No. 1028178
#205-219                                                   *Attorneys for Blake F. Buchanan*
Alpharetta, GA 30009-1968
(678) 470-3755
kkucharz@chalmersadams.com
czimm@chalmersadams.com

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
IN AND FOR NASSAU COUNTY, FLORIDA

AIC FERNANDINA, LLC d/b/a
AMELIA ISLAND COFFEE, a Florida limited
liability company,

    *Plaintiff*,

v.      CASE NO.:
    2025-CA-000311-AXYX

BLAKE F. BUCHANAN,

    *Defendant*.

## VERIFICATION

Under penalties of perjury, I, Blake F. Buchanan ("Affiant"), declare that I have read the foregoing DEFENDANT'S VERIFIED ANSWER and that the facts stated in it are true.

This 22 day of October, 2025.

AFFIANT:

_/s/ Blake F. Buchanan_
Blake F. Buchanan

Sworn to and subscribed before me
this 22 day of October, 2025.

_/s/ Kirsten Ahrens_
Notary Public
My Commission Expires: 6/11/2029

*[Notary Seal: KIRSTEN AHRENS, NOTARY PUBLIC, COBB COUNTY, GEORGIA, JUNE 11, 2029]*

**CERTIFICATE OF SERVICE**

This is to certify that I have today served the **DEFENDANT'S VERIFIED ANSWER** to the following counsel via statutory electronic service:

Matthew P. McLauchlin, Esq.
MCLAUGHLIN LAW, PLLC
7645 Gate Parkway, Su. 106
Jacksonville, FL 32256
matt@mpmlawyers.com
*Attorney for Plaintiff*

This 23rd day of October 2025.

.

|  |  |
|---|---|
|  | **CHALMERS, ADAMS, BACKER & KAUFMAN, LLC** |
|  |  |
|  | */s/ Kevin T. Kucharz* |
|  | Kevin T. Kucharz |
|  | Florida Bar No. 883611 |
| 11770 Haynes Bridge Road | Christian G. Zimm |
| #205-219 | Florida Bar No. 1028178 |
| Alpharetta, GA 30009-1968 | *Attorneys for Blake F. Buchanan* |
| (678) 470-3755 |  |
| kkucharz@chalmersadams.com |  |
| czimm@chalmersadams.com |  |

Page **8** of **8**