IN THE CIRCUIT COURT, FOURTH JUDICIAL CIRCUIT, IN AND FOR NASSAU COUNTY, FLORIDA

CASE NO.

DIVISION:

AIC FERNANDINA, LLC d/b/a AMELIA ISLAND COFFEE, a Florida limited liability company,

    Plaintiff,

v.

BLAKE F. BUCHANAN,

    Defendant,
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, AIC Fernandina, LLC d/b/a Amelia Island Coffee, sues Defendant, Blake F. Buchanan, and states:

1. This is an action for damages in excess of $50,000, exclusive of interest, costs, and attorneys' fees.

2. Plaintiff, AIC Fernandina, LLC d/b/a Amelia Island Coffee ("Amelia Island Coffee"), is a Florida limited liability company residing and doing business in Fernandina Beach, Nassau County, Florida.

3. Defendant, Blake F. Buchanan ("Buchanan") is an individual residing in Atlanta, Georgia.

4. Venue is proper in Nassau County, Florida as the cause of action accrued in Nassau County.

5. This court has personal jurisdiction over Buchanan pursuant to Section 48.193, Florida Statutes, in that Buchanan has (i) caused injury to persons or property within Florida

arising out of an act or omission outside this state, (ii) committed a tortious act within Florida; and/or (iii) conducted substantial and not isolated activity within Florida.

## General Allegations

6. Amelia Island Coffee is coffee shop and small business located at 207 Centre Street, Fernandina Beach, Florida 32034, in the heart of downtown Fernandina Beach in a busy tourist area. Amelia Island Coffee has served the community at this same location for over 30 years and is currently owned by local residents, Ray and Paige Carter, who purchased the business in 2022.

7. Over many years, Amelia Island Coffee has developed an excellent reputation and a large, local base of regular and repeat existing customers and also proudly serves the many thousands of tourists who visit the downtown area each year.

8. Amelia Island Coffee's mission has always been to have an environment that is safe, comfortable, inviting, and welcoming to all, regardless of age, race, religion, gender, political affiliation, or sexual orientation.

9. On or about September 20, 2025, a customer of Amelia Island Coffee came into the coffee shop wearing a t-shirt that had a design on it making it appear to be "blood spattered" with fake blood and bearing the words "Problem Solved" on the front of the t-shirt.

10. An employee of Amelia Island Coffee stated to the customer wearing the t-shirt that she "liked" the shirt.

11. Defendant, Buchanan, claims to have been in the coffee shop at the same time and claims to have observed the foregoing interaction between the customer wearing the t-shirt and the employee.

12. At some point shortly following his observation of this simple interaction, Buchanan created a post on Facebook on the page of a Facebook group called "Fernandina Beach Amelia Island Network," which has approximately 11,700 members and is intended as a forum

2

for local Fernandina Beach residents. Buchanan, who is not local to Fernandina Beach, joined this group shortly before creating his post.

13. In the Facebook post, Buchanan announced, based on the foregoing interaction: "The employees of Amelia island coffee are openly celebrating Charlie Kirk's murder today."

14. This statement was false, and Buchanan knew it was false at the time he made the statement.

15. In fact, no statement was made by any employee of Amelia Island Coffee about Charlie Kirk at all. All that happened was an employee told a customer she liked the customer's t-shirt, which also said nothing about Charlie Kirk.

16. Buchanan further elaborated on his original post in a subsequent comment below his post, stating: "Customer walked in wearing this shirt and one of the employees stopped him and said I love your shirt. Then same employee told all of the other baristas and they all had a good laugh." Buchanan then posted what appears to be a photo obtained online of a person wearing a similar shirt to the one he claims the customer was wearing (likely from one of the many websites that widely sell such shirts online):



17. Shortly following Buchanan's post, numerous Facebook members began posting extremely negative comments about Amelia Island Coffee, including the following:

   a. "Until the coffee shop provides video of the interaction, I have to assume guilt. I will boycott the business and suggest others do the same until video is provided which shows me the interaction did not occur."

   b. "I think the burden of proof falls on the company to prove whether or not this interaction happened."

   c. "Very horrible and sad if true."

   d. "Disgusting."

   e. "What a bunch of bullshit 🖕 " (with a middle finger emoji).

   f. One member reposted a quote from an "X" post stating: "Democrats are the only group on the planet that can gun down an innocent man, celebrate his death, mock his wife, destroy memorials for him, lie about who killed him and somehow STILL make themselves the victims."

   g. "I won't be going there."

18. Despite there never being any statement made by any employee of Amelisa Island Coffee about Charlie Kirk or anyone ever "celebrating" Charlie Kirk's murder, Buchanan has continued to defend his original post online -- that employees of Amelia Island Coffee were "openly celebrating Charlie Kirk's murder," and he has not deleted the post. Instead, Buchanan has challenged one or more commenters questioning his post, stating "prove me wrong."

19. Due to Buchanan's false statement, Amelia Island Coffee has suffered and will continue to suffer (i) irreparable harm to its business and its reputation and (ii) significant actual monetary damages to its business in loss of revenues and profits due to loss of customers.

20. In addition, in the context of the politically heated environment surrounding the death of Charlie Kirk, Amelia Island Coffee's owners and employees are also now fearful that there could be threats of violence or actual violence committed against them because of the false Facebook post made and not retracted by Buchanan.

21. Plaintiff reserves the right to add a claim for punitive damages at the appropriate time.

22. All conditions precedent to this action have been met, have occurred, or have been waived.

## COUNT ONE
## Defamation

23. Amelia Island Coffee incorporates its allegations in paragraphs 1-22 above and alleges further as follows:

24. Buchanan made a false and defamatory statement of fact concerning Amelia Island Coffee when he stated in a written online post: "The employees of Amelia Island coffee are openly celebrating Charlie Kirk's murder today."

25. Buchanan made an unprivileged publication of the false and defamatory statement when he posted it on Facebook, and the statement was thereby widely disseminated to numerous third parties.

26. When Buchanan made the false and defamatory statement, he knew or should have known of its falsity, and/or was reckless or negligent in determining the falsity of the statement.

27. Amelia Island Coffee has suffered and will continue to suffer substantial reputational harm and actual damages due to Buchanan's false and defamatory statement.

WHEREFORE, Plaintiff, AIC Fernandina, LLC d/b/a Amelia Island Coffee, demands judgment against Buchanan for Defamation and actual damages resulting therefrom, plus interest, costs, and such other relief as the Court deems just and appropriate.

## COUNT TWO
### Defamation Per Se

28. Amelia Island Coffee incorporates its allegations in paragraphs 1-22 above and alleges further as follows:

29. Buchanan made a false and defamatory statement of fact concerning Amelia Island Coffee when he stated in a written online post: "The employees of Amelia Island coffee are openly celebrating Charlie Kirk's murder today."

30. Buchanan made an unprivileged publication of the false and defamatory statement when he posted it on Facebook, and the statement was thereby widely disseminated to numerous third parties.

31. When Buchanan made the false and defamatory statement, he knew or should have known of its falsity and/or was reckless or negligent in determining the falsity of the statement.

32. Buchanan's false and defamatory statement constitutes "defamation per se" as the statement tends to subject Amelia Island Coffee to hatred, distrust, ridicule, contempt or disgrace; tends to injure Amelia Island Coffee in its trade or profession; and imparts conduct, characteristics or a condition incompatible with the proper exercise of Amelia Island's lawful business, trade, profession, or office. The statement is so inherently harmful to the business or trade of Amelia Island Coffee that damages to Amelia Island Coffee are presumed.

33. The false and defamatory statement made by Buchanan has caused and will continue to cause substantial reputational harm and actual damages to Amelia Island Coffee.

WHEREFORE, Plaintiff, AIC Fernandina, LLC d/b/a Amelia Island Coffee, demands judgment against Buchanan for Defamation Per Se and all presumed and actual damages resulting therefrom, plus interest, costs, and such other relief as the Court deems just and appropriate.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all issues so triable.

Dated: September 24, 2025.

**McLAUCHLIN LAW, PLLC**

*s/ Matthew P. McLauchlin*
Matthew P. McLauchlin, Esq.
Fla. Bar No. 484180
7645 Gate Parkway, Suite 106
Jacksonville, Florida 32256
Telephone: (904) 755-6639
Primary Email: matt@mpmlawyers.com
Secondary E-mail: erin@mpmlawyers.com

*Counsel for Plaintiff, AIC Fernandina, LLC d/b/a Amelia Island Coffee*