**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

AIC FERNANDINA, LLC d/b/a            )
AMELIA ISLAND COFFEE, a Florida limited )
liability company,                  )
                                    )
    *Plaintiff,*                    )
                                    )
v.                                  )        CASE NO.:
                                    )        26-cv-00514-MMH-SJH
                                    )
BLAKE F. BUCHANAN,                  )
                                    )
    *Defendant.*                    )
                                    )

## DEFENDANT'S AMENDED MOTION TO SEAL

COMES NOW, Blake F. Buchanan, the Defendant in the above-styled caption, by and through the undersigned counsel, and hereby files this Defendant's Amended Motion to Seal, in accordance with Local Rule 1.11, 3.01(g), and the Court's Order [Doc. 17], and shows this Honorable Court the following:

1.

Defendant filed his Motion to Seal the Settlement Demand sent by Plaintiff to Defendant on March 31, 2026.

Page **1** of **11**

2.

After filing the Defendant's Motion to Seal, the Court instructed Defendant to confer with Plaintiff whether the concealing of the Settlement Demand under seal is necessary. *See* Doc. 17.

3.

On April 2, 2026, Defendant sent an email to Plaintiff requesting whether the Settlement Demand needed to be filed under seal.

4.

On April 3, 2026, Plaintiff agreed that the Settlement Demand needs to be filed under seal. A true and correct copy of the email exchange between the parties agreeing that the Settlement Demand should be filed under seal will be filed concurrently with this Amended Motion.

5.

Defendant now files this Amended Motion to Seal in response to the Court's Order [Doc. 17] and to file the Settlement Demand under seal in accordance with Local Rule 3.01(g) and 1.11.

6.

A true and correct copy of the proposed settlement offer ("Settlement Demand") will be filed concurrently described as "proposed sealed item" when this Motion to Seal is filed in accordance with Local Rule 1.11 and directions online on the Middle District of Florida's website. Defendant will promptly file the Settlement Demand once the Court grants this motion.

7.

The Settlement Demand contains a true and accurate representation of the amount of damages Plaintiff is seeking in this case.

8.

Defendant seeks to file under seal the Settlement Demand in support of its Amended Notice of Removal to provide the Court more information regarding the amount in controversy, as requested by the Court. *See* Doc. No. 8.

9.

Filing the Settlement Demand is necessary in order to satisfy the Court's request for Defendant to provide additional information regarding the amount in controversy Plaintiff seeks for purposes of removing this case to federal court.

10.

Filing the Settlement Demand under seal is necessary because both parties conferred and agreed it needs to be filed under seal. The Court directed Defendant to confer with Plaintiff whether the Settlement Demand needs to be filed under seal. Defendant seeks to satisfy the Court's request to provide more information regarding the amount of damages Plaintiff sought in the Settlement Demand for purposes of removing the case to federal court while balancing the parties' interests in engaging in settlement negotiations. *See* Doc. No. 8 and 17.

11.

Filing the Settlement Demand using a redaction, pseudonym, or a means other than sealing is unavailable or unsatisfactory because redacting the monetary amount Plaintiff sought in the Settlement Demand would deprive the Court the information it requested to determine the amount of controversy for federal court jurisdiction under diversity. *See* Doc. No. 8.

12.

Defendant's memorandum of law in support of this Motion to Seal:

"The common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Chicago Tribune Co., v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311

Page **4** of **11**

(2001); *also see Richmond Newspapers*, 448 U.S. at 564–74, 100 S.Ct. at 2821–26 (providing panegyric on the value of openness). "Beyond establishing a general presumption that criminal and civil actions should be conducted publicly, the common-law right of access includes the right to inspect and copy public records and documents." *Chicago Tribune*, at 1304, *also see Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597, 98 S.Ct. 1306, 1312, 55 L.Ed.2d 570 (1978). "The right to inspect and copy is not absolute, however, *id.*, and a judge's exercise of discretion in deciding whether to release judicial records should be informed by a "sensitive appreciation of the circumstances that led to ... [the] production [of the particular document in question]." *Id.*, *citing Nixon,* at 598, 602–03, 98 S.Ct. at 1312, 1314–15. "Not unlike the Rule 26 standard, the common-law right of access requires a balancing of competing interests." *Id.*, *also see Newman v. Graddick*, 696 F.2d at 796, 803 (1983). "To enable the Court to fulfill that duty [to protect the public's right to access], any party moving for leave to file documents under seal or to publicly file redacted documents must clearly state the basis upon which the public right of access should give way." *Moncrief v. City of Montgomery*, 2025 WL 3689150 (M.D. Ala. 2025).

28 U.S. Code § 1446(b)(3) states, "Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order ***or other paper*** from which it may first

be ascertained that the case is one which is or has become removable." 28 U.S. Code § 1446(b)(3), (emphasis added). Demands are recognized as "other paper" under 28 U.S. Code § 1446(b)(3). *See Lowry v. Alabama Power Co.*, 483 F.3d 1184 n.62 (11th Cir. 2007).

Plaintiff's Settlement Demand is an honest assessment of its damages, and not mere posturing. *Golden v. Dodge-Markham Co., Inc.*, 1 F.Supp.2d 1360, 1364 (M.D. FL 1998) citing *Broderick v. Dellasandro*, 859 F.Supp. 176, 179 (E.D.Pa.1994); *also see Lowry v. Alabama Power Co.*, 483 F.3d 1184, 1220 (11th Cir. 2007) (Plaintiffs' initial demand of $1,250,000.00 reflected counsels' good faith assessment of the full value of their claims at the time). Defendant can use the Settlement Demand to satisfy the amount in controversy requirement of 28 U.S. § 1332 for purposes of removal. *See Wood v. Colson* 2011 WL 3319537 (N.D.FL) (Confidential settlement offers can be used to satisfy the amount in controversy for diversity jurisdiction. Rule 408 of the Federal Rules of Civil Procedure does not explicitly nor implicitly disallow such communications to determine the amount in controversy for purposes of determining federal jurisdiction); *also see McCasland v. Pro Guard Coatings, Inc.*, 2019 WL 4233850 (M.D. Fla. 2019) (District court applied a "judicial experience and common sense" standard to determine whether the amount of controversy for damages sought by Plaintiff met the jurisdictional threshold for

diversity jurisdiction in federal court when the pre-suit demand of $1,000,000.00 included a detailed account of the plaintiff's damages).

Defendant filed its Notice of Removal on March 11, 2026, invoking federal jurisdiction under diversity of citizenship of 28 U.S. § 1332(a). On March 16, 2026, the Court filed an Order directing Defendant to provide the Court with sufficient information to determine diversity of jurisdiction over this action. *See* ECF No. 8. The public's right to view the Settlement Demand sent by Plaintiff to Defendant unsealed is outweighed by public policy interests of maintaining settlement negotiations private between the parties. Defendant does not want to stifle potential further settlement negotiations and proposals between the parties with the Settlement Demand unsealed. Defendant is trying to This Court should grant Defendant's Motion to Seal so that Defendant can satisfy the Court's request for more information to determine the amount in controversy to ensure diversity of citizenship between the parties while respecting the private nature of settlement proposals and negotiations between the parties.

13.

The proposed duration for the seal is the duration of the case.

14.

The following are authorized to retrieve a sealed, tangible item:

a) Matthew P. McLauchlin, Esq., MCLAUCHLIN & MARTIN, PLLC, 822 N. A1A Highway, Su. 310, Ponte Vedra Beach, FL 32082, matt@mpmlawyers.com, (904) 755-6639.

b) Michael L. Duncan, Esq., DUNCAN TRIAL & MEDIATION, 301 W. Bay St., Su. 1446, Jacksonville, FL 32202, mikeduncan@mikeduncanlaw.com, (904) 990-0774.

15.

Defendant certifies that he is unaware of any non-parties he knows or should know that has an interest in establishing or maintaining the seal on this day.

16.

Defendant has satisfied all requirements under Local Rules 1.11 and 3.01(g), and respectfully requests this Court to grant this Motion to Seal.

This 9th day of April 2026.

**KAUFMAN & HILBERT P.C.**

/s/ Christian G. Zimm_____
Kevin T. Kucharz
Florida Bar No. 883611
Christian G. Zimm
Florida Bar No. 1028178
*Attorneys for Blake F. Buchanan*

100 N. Main St., #340
Alpharetta, GA 30009
(404) 360-7150
kkucharz@kaufmanhilbert.com
czimm@kaufmanhilbert.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

AIC FERNANDINA, LLC d/b/a            )
AMELIA ISLAND COFFEE, a Florida limited  )
liability company,                  )
                                    )
    *Plaintiff*,                     )
                                    )
v.                                  )    CASE NO.:
                                    )    26-cv-00514-MMH-SJH
                                    )
BLAKE F. BUCHANAN,                  )
                                    )
    *Defendant*.                     )
_____)

## LOCAL RULE 3.01(g) CERTIFICATE

Defendant certifies that he conferred with Plaintiff about whether the Settlement Demand should be filed under seal and that the Defendant and Plaintiff agree that the Settlement Demand should be filed under seal.

Respectfully submitted this 9th day of April 2026.

**KAUFMAN & HILBERT P.C.**

*/s/ Christian G. Zimm*_____
Kevin T. Kucharz
Florida Bar No. 883611
Christian G. Zimm
Florida Bar No. 1028178

100 N. Main St., #340                    *Attorneys for Blake F. Buchanan*
Alpharetta, GA 30009
(404) 360-7150
kkucharz@kaufmanhilbert.com
czimm@kaufmanhilbert.com

## CERTIFICATE OF SERVICE

This is to certify that I have today electronically filed **DEFENDANT'S AMENDED MOTION TO SEAL** by using the CM/ECF system, which will send a notice of electronic filing to the following counsel:

Matthew P. McLauchlin, Esq.
MCLAUCHLIN & MARTIN, PLLC
822 N. A1A Highway, Su. 310
Ponte Vedra Beach, FL 32082
matt@mpmlawyers.com
*Attorney for Plaintiff*

Michael L. Duncan, Esq.
DUNCAN TRIAL & MEDIATION
301 W. Bay St., Su. 1446
Jacksonville, FL 32202
mikeduncan@mikeduncanlaw.com
*Attorney for Plaintiff*

This 9th day of April 2026.

**KAUFMAN & HILBERT P.C.**

/s/ Christian G. Zimm_____
Kevin T. Kucharz
Florida Bar No. 883611
Christian G. Zimm
Florida Bar No. 1028178
*Attorneys for Blake F. Buchanan*

100 N. Main St., #340
Alpharetta, GA 30009
(404) 360-7150
kkucharz@kaufmanhilbert.com
czimm@kaufmanhilbert.com

Page **11** of **11**