**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

AIC FERNANDINA, LLC, a Florida
limited liability company

        Plaintiff,

                                  Case No. 3:26-cv-514-MMH-SJH

v.

BLAKE F. BUCHANAN,

        Defendant.

_____/

**MOTION TO REMAND**

Plaintiff, AIC Fernandina, LLC ("Plaintiff"), pursuant to 28 U.S.C. § 1477(c), files this Motion to Remand and in support states:

1.     Plaintiff commenced this action in the Circuit Court, Fourth Judicial Circuit, in and for Nassau County, Florida on September 24, 2025.

2.     On March 11, 2026, Defendant, Blake F. Buchanan ("Defendant"), filed a Notice of Removal to Federal Court ("Notice of Removal") (Doc. 1) contending that this action should be removed to federal court pursuant to 28 U.S.C. § 1332(a)(1) (diversity jurisdiction).

3.     As evidence of the amount in controversy, in the Notice of Removal, Defendant referred to, but did not attach, a settlement demand made by Plaintiff's counsel that exceeded $75,000.

4.     On March 16, 2026, the Court issued a Jurisdictional Order (Doc. 8) stating that the jurisdictional allegations in the Notice of Removal were defective,

including that the Notice of Removal was based upon a demand letter "that is either not attached or is too vague and conclusory to be given any weight." The Jurisdictional Order stated, in pertinent part:

> **Amount in Controversy**. The pleading fails to plausibly allege that the amount in controversy exceeds the jurisdictional threshold under 28 U.S.C. § 1332(a). See Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 554 (2014); see also Cohen v. Office Depot, Inc., 204 F.3d 1069, 1077 (11th Cir. 2000); Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 752, 754 (11th Cir. 2010).
>
> The Court cannot discern whether the amount in controversy is met because it is based on a demand letter that is either not attached or is too vague and conclusory to be given any weight. Compare Dicapua v. State Farm Mut. Ins. Co., Case No. 6:16-cv-1054-Orl-28TBS, 2016 WL 6156095, at *2-3 (M.D. Fla. Oct. 24, 2016) (finding pre-suit demand letter was mere posturing) with Erler v. Geico Gen. Ins. Co., Case No. 6:17-cv-1090-Orl-40GJK, 2017 WL 10058597, at *1-2 (M.D. Fla. Sept. 21, 2017) (finding pre-suit demand letter sufficiently supported).

5. The Jurisdictional Order allowed Defendant "an opportunity to submit sufficient information to establish this Court's diversity jurisdiction over the instant action."

6. Following the Jurisdictional Order, on March 31, 2026, Defendant filed an Amended Notice of Removal (Doc. 15) attaching the Plaintiff's settlement demand letter as the sole evidence in support of removal.

7. Despite the Amended Notice of Removal, Defendant has not satisfied its burden of proof to demonstrate the amount in controversy exceeds the jurisdictional minimum.

## MEMORANDUM OF LAW

Defendant removed this action pursuant to the diversity jurisdiction statute: 28 U.S.C. § 1332. Under section 1332, district courts have original jurisdiction over any civil case where the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs" and the parties' citizenship is diverse. Plaintiff does not dispute that Plaintiff and Defendant are "citizens of different States." However, Defendant has not satisfied its burden of establishing that the amount in controversy exceeds the jurisdictional minimum of $75,000.

## I.    Legal Standard.

Federal courts are courts of limited jurisdiction. Accordingly, a guiding principle when assessing jurisdiction is that uncertainties about jurisdiction are resolved in favor of remand. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Unlike when a plaintiff files a claim in federal court that satisfies the amount in controversy requirement on its face, removal statutes are construed narrowly. "A removing defendant bears the burden of proving proper federal jurisdiction." *Coffey v. Nationstar Mortg., LLC*, 994 F. Supp. 2d 1281, 1283 (S.D. Fla. 2014). "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdiction requirement." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010) (quoting *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001); *see also* 28 U.S.C. § 1332(a). Further, in determining whether subject matter jurisdiction exists, the Court must focus on

3

the amount in controversy at the time of removal, not at any later point. *Pretka*, 608 F.3d at 751 (citations omitted).

"To determine whether this standard is met, a court first examines whether 'it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement.'" *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1330 (11th Cir. 2006) (quoting *Williams*, 269 F.3d at 1319), abrogated on other grounds by *Dudley v. Eli Lilly & Co.*, 778 F.3d 909 (11th Cir. 2014). "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Id.* (quoting *Williams*, 269 F.3d at 1319).

"[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka*, 608 F.3d at 754 (citations omitted). "Where, as in this case, the complaint alleges an unspecified amount of damages, 'the district court is not bound by the plaintiff's representations regarding its claim,' and may review the record for evidence relevant to the amount in controversy." *DO Rests., Inc. v. Aspen Specialty Ins. Co.*, 984 F. Supp. 2d 1342, 1344 (S.D. Fla. 2013) (citing *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061(11th Cir. 2010)). Moreover, "defendants may submit a wide range of evidence in order to satisfy the jurisdictional requirements of removal," including "affidavits, declarations, or other documentation." *Pretka*, 608 F.3d at 755. The Court may also use its judicial experience and make reasonable inferences and deductions to determine the amount in controversy. *See Roe*, 613

4

F.3d at 1061-62; *Pretka*, 608 F.3d at 754 (discussing the difference between reasonable deductions and inferences with "conjecture, speculation, or star gazing"); *E.S.Y., Inc.*, 217 F. Supp. 3d at 1356, 1360 (S.D. Fla. 2015). "Any 'doubt about jurisdiction should be resolved in favor of remand to state court.'" *Family Meat, Inc. v. Scottsdale Ins. Co.*, No. 1:19-cv-20154, 2019 U.S. Dist. LEXIS 125501, at *6 (S.D. Fla. May 29, 2019) (quoting *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999)).

## II.    Defendant Has Not Satisfied Its Burden.

Defendant has failed to meet its burden to prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement for removal.  Defendant bases its Amended Notice of Removal solely on a demand letter submitted to Defendant's counsel.  However, settlement demand letters by themselves are not determinative of the amount in controversy.  *Burns*, 31 F.3d at 1097.

A defendant seeking removal based upon a settlement demand letter "must provide specific information to the Court demonstrating that the demand letter offers a reasonable assessment of the value of the claim." *Ashmeade v. Farmers Ins. Exch.*, No. 5:15-cv-533-OC-34PRL, 2016 U.S. Dist. LEXIS 58588 at *9 (M.D. Fla. May 3, 2016) (remanding case based on plaintiff's failure to provide additional evidence to substantiate "the demand letter's proposed value.") (citing *Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009)). Without specific facts and evidence, a court assessing the amount in controversy

based upon a bare settlement demand exceeding $75,000 "cannot discern whether...[the] demand...amounts to a reasonable assessment of the value of the claim...." *Quintana v. USAA Cas. Ins. Co.*, No. 3:16-cv-952-J-34JBT, 2016 U.S. Dist. LEXIS 101890 at *5, 6 (M.D. Fla. August 3, 2016) (remanding case where specific facts in support of settlement demand not presented: "while the demand may indicate that the amount in controversy potentially exceeds $75,000.00, it does not demonstrate 'by a preponderance of the evidence that the amount in controversy can more likely than not be satisfied.'") (emphasis in original).

In this case, Defendant has not met its burden to provide facts to substantiate its claim that the amount in controversy exceeds the jurisdictional minimum. "[W]ithout facts or specific allegations, the amount in controversy [can] be 'divined [only] by looking at the stars'—only through speculation—and that is impermissible." *Pretka*, 608 F.3d at 753-54 (quoting *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1209, 1215 (11th Cir. 2007)). The demand letter at issue is exactly the type of non-specific demand that is generally held not to meet the Defendant's burden. *Ennis v. State Farm Mut. Auto. Ins. Co.*, No. 3:11-cv-637-J-37JBT, 2011 U.S. Dist. LEXIS 157838, at *7 (M.D. Fla. Aug. 10, 2011) ("The Court cannot use its 'judicial experience and common sense' to assess the value of Plaintiff's claim if it is not provided an objective description of the type and extent of Plaintiff's injuries.")

## III.   Conclusion.

Because the Defendant has not met its burden to establish the minimum jurisdictional threshold for removal, this case should be remanded to State court.

WHEREFORE, for the foregoing reasons, Plaintiff, AIC Fernandina, LLC, respectfully requests that the Court remand the case to the State court.

### Local Rule 3.01(g) Certificate

Undersigned counsel certify they have conferred with counsel for Defendant via email and phone as to the relief sought herein prior to filing this Motion and that counsel for the Defendant has stated that Defendant opposes the Motion.

**DUNCAN TRIAL & MEDIATION**
(lead counsel)

/s/ *Michael L. Duncan*
Michael L. Duncan, Esq.
Florida Bar No. 0050946
301 West Bay Street, Suite 1446
Jacksonville, Florida 32202
Telephone: (904) 655-2475
mikeduncan@mikeduncanlaw.com

**McLAUCHLIN & MARTIN, PLLC**

s/ *Matthew P. McLauchlin*
Matthew P. McLauchlin, Esq.
Fla. Bar No. 484180
822 A1A N., Suite 310
Ponte Vedra Beach, Florida 32082
Telephone: (904) 755-6639
Primary Email: matt@mpmlawyers.com
Secondary E-mail:  erin@mpmlawyers.com

*Counsel for Plaintiff, AIC Fernandina, LLC,*
*d/b/a Amelia Island Coffee*

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 9, 2026, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*s/ Matthew P. McLauchlin*
Attorney