IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

|  |  |  |
|---|---|---|
| AIC FERNANDINA, LLC d/b/a AMELIA ISLAND COFFEE, a Florida limited liability company, | ) ) ) ) | |
| Plaintiff, | ) ) ) | Case No.  3:26-cv-00514 |
| v. | ) ) | |
| BLAKE F. BUCHANAN, | ) ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

Defendant Blake F. Buchanan respectfully submits this Response in Opposition to Plaintiff's Motion to Remand.

**Introduction**

In written documentation from Plaintiff to Defendant, and following extensive discovery, Plaintiff asserted damages in an amount that far exceeds the $75,000 threshold required for diversity jurisdiction. Rather than a threadbare demand, Plaintiff was clear that its "actual, past, continuing and estimated future damages as well as a substantive component of punitive damages" equals an amount that is more than four times the threshold amount necessary for federal jurisdiction. Dkt. 18 ¶ 13. Nonetheless, Plaintiff now asks this Court to disregard its prior representations to

1

Defendant and find that Defendant has failed to plausibly allege that the amount in controversy exceeds the jurisdictional threshold. Plaintiff's arguments are unavailing.

### Legal Argument

"When a defendant removes an action from state court to federal court, the defendant 'bears the burden of proving that federal jurisdiction exists.'" *Isaac v. Williams*, No. 3:25-cv-631-MMH-MCR, 2025 LX 278523, at *1-6 (M.D. Fla. July 7, 2025) (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001)). Defendant's "notice of removal must include a 'plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Id.* at *1 (quoting *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014)). "If the plaintiff contests the allegation, or the court questions it, a defendant must then present evidence establishing that the amount in controversy requirement is met." *Id.* (citing 28 U.S.C. § 1446(c)(2)(B); *Dudley v. Eli Lilly & Co.,* 778 F.3d 909, 912 (11th Cir. 2014)). Defendant may meet its burden by a "preponderance of the evidence that the amount in controversy *more likely than not* exceeds the [applicable] jurisdictional requirement." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010). As for how a defendant might satisfy its burden, this court has explained that "a removing defendant should make 'specific factual allegations establishing jurisdiction' and be prepared to 'support them (if challenged by the plaintiff or the court) with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations.'" *Isaac*, 2025 LX 278523, at *2 (citing *Pretka*, 608 F.3d at 754)

2

(emphasis added).

However, a "removing defendant is not required to prove the amount in controversy beyond all doubt or to banish uncertainty about it." *Pretka*, 608 F.3d at 754 (comparing *Roe v. Michelin N. Am., Inc.*, 637 F. Supp. 2d 995, 999 (M.D. Ala. 2009) ("While it would be speculative to specify the exact dollar amount at issue in this case, it is not speculative to conclude from the egregious conduct alleged that the amount, whatever it is, far exceeds $75,000."), with *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1332 (11th Cir. 2006) ("Given the particular facts and circumstances of the instant case, the district court did not err when it found that 'great uncertainty' remained about the amount in controversy [and] resolved that uncertainty in favor of remand.")). "The law does not demand perfect knowledge or depend any less on reasonable inferences and deductions than we all do in everyday life." *Id*.

The inquiry does not end with the face of the complaint. Settlement offers are relevant evidence of the amount in controversy. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994). Courts have warned plaintiffs that "removal will be upheld when by fraud, mistake, inadvertence, or artful pleading the plaintiff has concealed a legitimate ground of removal." *Pretka*, 608 F.3d at 766 (citing 14B Wright et al., *Federal Practice and Procedure* § 3721, at 60 ("[R]emoval will be upheld when, by fraud, mistake, inadvertence, or artful pleading the plaintiff has concealed a legitimate ground of removal."); S. Rep. No. 109-14, at 9 (2005), *reprinted in* 2005 U.S.C.C.A.N. 3, 10 ("The Committee notes that the purpose of [§ 1446(b)] is to prevent plaintiffs from evading federal jurisdiction by hiding the true nature of their case.").

While a pre-suit demand letter containing a demand for policy limits or reflecting mere "puffing and posturing" without more may in some circumstances be insufficient to establish the amount in controversy, *id.* (citing *Boyd v. State Farm Mut. Auto. Ins. Co.,* No. 6:15-cv-1965-Orl-22TBS, 2015 U.S. Dist. LEXIS 193898, at *2 (M.D. Fla. Dec. 16, 2015) (quoting *Moser v. Cincinnati Ins. Co.*, No. 8:14-cv-3121-CEH-TWG, 2015 U.S. Dist. LEXIS 17348, at *2 (M.D. Fla. Feb. 12, 2015)), a demand that "provides specific information and a reasonable assessment of the damages claimed" can be relied upon to support removal. *Erler v. Geico Gen. Ins. Co.*, No. 6:17-cv-1090-Orl-40GJK, 2017 U.S. Dist. LEXIS 231026, at *3-4 (M.D. Fla. Sep. 21, 2017) (citations omitted).

When calculating the actual amount in controversy, the court should include both actual and punitive damages recoverable under a complaint. "Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount." *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240-41 (1943). Accordingly, even where a petitioner is limited by statute to actual damages less than the threshold amount (or does not assert actual damages equal to the threshold amount in their complaint), if the petitioner can potentially recover, or the "allegations if properly proved might justify an award exceeding" the threshold amount, federal jurisdiction is proper. *Id.* at 240-41.

In *Bell*, the Supreme Court held that a petitioner's complaint alleging fraud and actual damages with a maximum recoverable amount of only $1,000 in actual damages still met the threshold for establishing federal jurisdiction (which was $3,000

at the time) where the plaintiff asserted $200,000 in damages and there was no legal certainty from the complaint that plaintiff could *not* recover sufficient punitive damages to make up the requisite threshold amount. *Id*. at 240. Consistent with *Bell*, the court in *Roe v. Michelin North America, Inc.*, 637 F. Supp. 2d 995 (M.D. Ala. 2009), denied a plaintiff's motion for remand and held that defendants had met their burden even where defendant was unable to provide a specific number on damages because punitive damages in the case could exceed $75,000 due to the nature of the case (wrongful death case allowing discretionary punitive damages). *Id*. at *998-999.

Here, Plaintiff's complaint alleging defamation asserted "damages *in excess of* $50,000." Compl., at 1. Following the passage of time and the completion of much of discovery, Plaintiff is now explicitly asserting a much higher amount that far exceeds the threshold amount for federal jurisdiction. Just like in *Bell* and *Roe*, there is no legal certainty from the complaint that Plaintiff would be limited to recovering $75,000.

Unlike the cases relied upon by Plaintiff, Defendant has not presented this Court with a threadbare pre-suit demand letter asserting the general policy limits of an insurance policy in a personal injury case. Instead, Defendant has presented a settlement demand made *after* the filing of the lawsuit and after extensive written discovery consisting of Plaintiff's valuation of its damages — a valuation made by experienced counsel familiar with the facts and the legal theories in this case. According to Plaintiff and in counsel's own words, the monetary amount sought "is comprised of both actual, past, continuing and estimated future damages, as well as a substantive component of punitive damages as available under the defamation per se

5

count." Dkt. 18 ¶ 13. According to the representation made by Plaintiff to Defendant's counsel, the increased amount of damages it now seeks is *not* the kind of "puffing and posturing" insufficient to establish jurisdictional limits. *See Boyd*, 2015 U.S. Dist. LEXIS 193898, at *2. Plaintiff expressly represented to the contrary and made clear that this demand was based on specific alleged damages.  There is no reason that Plaintiff's post-suit written representations should be deemed insufficient for purposes of removal.

Perhaps the most telling feature of Plaintiff's Motion to Remand is what it does not say. Plaintiff never contends that its demand was inflated or "mere posturing," nor does Plaintiff assert that its actual damages fall below $75,000. Plaintiff offers no competing valuation of its own claims. Plaintiff's objection is purely procedural. It argues the demand letter is formally insufficient as a vehicle of proof — while remaining entirely silent on whether the demand actually reflects the value of this case. That silence speaks volumes. A plaintiff contesting federal jurisdiction has every incentive to simply represent to this Court that its damages do not exceed $75,000. Plaintiff has not done so. Plaintiff cannot have it both ways. It cannot demand more than $75,000 from Defendant, decline to disavow that demand before this Court, and simultaneously ask this Court to find that the amount in controversy is unestablished. The logical implication of Plaintiff's silence is that the demand was accurate and it has not been withdrawn — that Plaintiff's counsel, after investigating the claims, concluded in good faith that the case was worth more than $75,000. That conclusion, reached by Plaintiff's own lawyers, is precisely the kind of assessment that satisfies

Defendant's burden. To remand under these circumstances would reward Plaintiff for its own strategic reticence and would elevate form over the substance the jurisdictional inquiry demands.

"Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." *Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1061-1062 (11th Cir. 2010) (citing *Pretka*, 608 F.3d at 754). In particular, "a district court need not 'suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount.'" *Id.* (citing *Pretka*, 608 F.3d at 770). The Court need not look to the stars to determine the amount in controversy in this case. Defendant has presented much more than a "plausible allegation" that the amount in controversy exceeds $75,000. Plaintiff's own written assertion eliminates the need for speculation by this Court. Plaintiff has asserted and intends to seek much more than the threshold amount against Defendant. And punitive damages remain a possibility in the case — per Plaintiff's own admission.

This Court should take Plaintiff at its word. Plaintiff cannot credibly ask this Court to conclude that the amount in controversy does not exceed $75,000 when Plaintiff's own counsel has already determined that it does.

## Conclusion

Defendant Buchanan respectfully requests that Plaintiff's Motion to Remand be denied.

Respectfully submitted, this 13th day of April 2026,

AMERICAN CENTER FOR LAW AND JUSTICE

/s/ Nathan Moelker
Nathan Moelker
(VA Bar No. 98313)
201 Maryland Avenue, NE
Washington, D.C. 20002
Telephone: (202) 546-8890
Facsimile: (202) 546-9309
nmoelker@aclj.org

Abigail A. Southerland
(TN Bar No. 026608)
American Center for Law & Justice
625 Bakers Bridge Ave,
Suite 105-121
Franklin, TN 37067
Telephone: 615-599-5572
asoutherland@aclj.org


RASKIN & RASKIN, PA

Jane Serene Raskin
2525 Ponce de Leon Boulevard
Suite 300
Coral Gables, Florida 33134
Tel: (305) 444-3400

*Counsel for Defendant*

8

## CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2026, the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail.  Parties may access this filing through the Court's electronic filing system.

/s/ Nathan Moelker
Nathan Moelker