**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

AIC FERNANDINA, LLC, a Florida
limited liability company

       Plaintiff,

                          Case No. 3:26-cv-514-MMH-SJH

v.

BLAKE F. BUCHANAN,

       Defendant.

_____/

**MOTION FOR LIMITED STAY OF PROCEEDINGS OR**
**ALTERNATIVELY FOR EXTENSION OF TIME PENDING**
**THE COURT'S RULING ON PLAINTIFF'S MOTION TO REMAND**

Plaintiff, AIC Fernandina, LLC ("Plaintiff"), files this Motion for Limited

Stay of Proceedings or Alternatively for Extension of Time Pending the Court's

Ruling on Plaintiff's Motion to Remand ("Motion"), and in support hereof states:

1.     Plaintiff commenced this action in the Circuit Court, Fourth Judicial

Circuit, in and for Nassau County, Florida on September 24, 2025.

2.     On March 11, 2026, Defendant, Blake F. Buchanan ("Defendant") filed

a Notice of Removal to Federal Court ("Notice of Removal") (Doc. 1) contending

this action should be removed to federal court based upon alleged diversity

jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

3.     On April 9, 2026, Plaintiff timely filed a Moton to Remand this action

back to the Florida state court. (Doc. 26). On April 13, 2026, Defendant filed

Defendant's Response in Opposition to Plaintiff's Motion to Remand (Doc 28).

4. The Motion to Remand is now ripe for this Court's decision.

5. As of the filing of this Motion, the Court has not yet issued an order on Plaintiff's Motion to Remand.

6. Despite there being no ruling yet as to the Court's subject matter jurisdiction, following the Motion to Remand, on April 21, 2026, Defendant filed a potentially dispositive Motion for Judgment on the Pleadings (Doc. 33).

7. Absent a stay of these proceedings, Plaintiff's response to the Defendant's Motion for Judgment on the Pleadings is due on May 5, 2026, the parties' Initial Discovery Disclosures are due on May 4, 2026, and formal discovery pursuant to Rule 26(f) would also commence.

8. Given the pending Motion to Remand, the resolution of which will determine the threshold issue of this Court's subject matter jurisdiction, Plaintiff respectfully files this motion to request that all proceedings in this action be stayed, on a limited basis, until such time as the Court rules on the pending Motion to Remand. Such a stay will allow the parties and the Court to conserve costs and other resources until the question of this Court's subject matter jurisdiction is resolved.

## MEMORANDUM OF LAW

In any case pending in federal court, "the first and fundamental question is that of jurisdiction." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). If federal jurisdiction is lacking, no federal court has "the power to declare the law,

2

and when [jurisdiction] ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the case." *Id.* at 94-95.

A district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see also Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001) (district courts have "broad discretion over the management of pre-trial activities, including discovery and scheduling").

The scope of a request for a stay as well as the reasons provided for the stay are factors to be evaluated in determining whether a stay would be appropriately ordered. *Woronec v. Zachry Indus.*, No. 8:18-cv-2244-EAK-AEP, 2019 U.S. Dist. LEXIS 238823, at *3 (M.D. Fla. Apr. 12, 2019) (scope of the stay, including the stay's potential duration, and the district court's provided reasons in support of the stay are factors that are evaluated to determine whether the stay constitutes an "immoderate" stay, therefore deeming such stay an unlawful stay) *citing Danner Const. Co. v. Hillsborough Cnty.*, No. 8:09—cv-650—T-17TBM, 2019 U.S. Dist. LEXIS 238823, 2009 WL 3055315, at *1 (M.D. Fla. Sept. 24, 2009) (internal quotations omitted).

Motions to stay are regularly granted on a limited durational basis in circumstances such as the instant case when there is a pending motion for remand, the determination of which is a threshold issue as to the court's subject matter jurisdiction. *Woronec,* 2019 U.S. Dist. LEXIS 238823, at *3-4 (granting motion to

stay pending the court's ruling on a motion to remand that addressed the district court's subject matter jurisdiction and was a threshold issue to be resolved "prior to the further progression of the case."); *Kelly v. LVNV Funding, LLC*, No. 2:15-cv-498-FtM-29CM, 2015 U.S. Dist. LEXIS 144887, at *5 (M.D. Fla. Oct. 26, 2015) (granting plaintiff's motion to stay pending ruling on plaintiff's motion for remand); *Hamper v. Nat'l Specialty Ins. Co.*, No. 6:20-cv-1398-Orl-78DCI, 2020 U.S. Dist. LEXIS 272505, at *4 (M.D. Fla. Nov. 18, 2020) (granting stay of proceedings pending court's ruling on plaintiff's motion for remand); *Oliveira v. Walmart, Inc.*, No. CV424-014, 2024 U.S. Dist. LEXIS 44753, at *3 (S.D. Ga. Mar. 12, 2024) (granting plaintiff's motion to stay the action after defendant filed a dispositive motion for judgment on the pleadings while a pending motion for remand had yet to be ruled upon to determine whether the court had the required subject matter jurisdiction to entertain the action); *Hirshberg v. Lyman Prods. Corp.*, No. 2:20-cv-593-JLB-MRM, 2021 U.S. Dist. LEXIS 261501, at *3 (M.D. Fla. Feb. 22, 2021) (granting motion to stay pending court's ruling on plaintiff's motion to remand to state court and motion to consolidate noting that the court's resolution of the motions "may result in this action being either remanded to state court or consolidated" with another currently stayed companion case);

In this case, a limited stay of all proceedings is appropriate pending the Court's ruling on the Motion to Remand. Granting a stay in this case is particularly warranted when the Defendant has filed a potentially dispositive motion at a time when the Court has not yet issued an order on its subject matter jurisdiction over

4

this action.  *See Waronec, Kelly, Hamper, Hisrhberg*, and *Oliveira* cited *supra*. Granting such relief on a temporary basis will conserve judicial and party resources which may be expended addressing substantive and/or dispositive motions, preparing and submitting Rule 26 initial disclosures, and conducting formal discovery, part or all of which may be rendered moot or unnecessary should the matter be remanded to the Florida state court.  Further, granting a limited stay will not cause any unfair prejudice to the Defendant or to the ability of the parties to adhere to any pre-trial deadlines, as this action is in its initial stages, no trial date or pre-trial deadlines have been set, and formal discovery has not yet begun.

As an alternative to a stay, Defendant would at a minimum request an extension of time to respond to Defendant's Motion for Judgment on the Pleadings to be filed within 14 days following the Court's ruling on Plaintiff's Motion to Remand. *See Tampa Elec. Co. v. Travelers Indem. Co. of Am.*, No. 8:17-cv-1705-T-33AAS, 2017 U.S. Dist. LEXIS 123850, at *3 (M.D. Fla. Aug. 7, 2017) (holding that the jurisdictional issue raised in the plaintiff's motion to remand had to be "squarely addressed" before the Court could undertake consideration of a pending motion to dismiss and providing an extension of the deadline for the plaintiff to respond to the motion to dismiss "until 14 days after the Court has entered its ruling on the Motion to Remand.")

WHEREFORE, for the foregoing reasons, Plaintiff, AIC Fernandina, LLC, respectfully requests that these proceedings be stayed pending the Court's ruling

on the Plaintiff's Motion to Remand or alternatively for an extension of time to respond to Defendant's Motion for Judgment on the Pleadings.

### Local Rule 3.01(g) Certificate

Undersigned counsel certify they have conferred with counsel for Defendant via email and phone on March 27, 2026 as to the relief sought herein prior to filing this Motion and that counsel for the Defendant has stated that Defendant opposes the Motion.

Dated: April 28, 2026.

**DUNCAN TRIAL & MEDIATION**
(lead counsel)

/s/ *Michael L. Duncan*
Michael L. Duncan, Esq.
Florida Bar No. 0050946
301 West Bay Street, Suite 1446
Jacksonville, Florida 32202
Telephone: (904) 655-2475
mikeduncan@mikeduncanlaw.com

and

**McLAUCHLIN & MARTIN, PLLC**

s/ *Matthew P. McLauchlin*
Matthew P. McLauchlin, Esq.
Fla. Bar No. 484180
822 A1A N., Suite 310
Ponte Vedra Beach, Florida 32082
Telephone: (904) 755-6639
Primary Email: matt@mpmlawyers.com
Secondary E-mail: erin@mpmlawyers.com

*Counsel for Plaintiff, AIC Fernandina, LLC, d/b/a Amelia Island Coffee*

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 28, 2026, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*s/ Matthew P. McLauchlin*
Attorney
