UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

AIC FERNANDINA, LLC, etc.,

        Plaintiff,

v.                                     CASE NO. 3:26-cv-514-MMH-SJH

BLAKE F. BUCHANAN,

        Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Defendant's Amended Motion to Seal ("Motion"), filed on April 9, 2026. Doc. 25. The Motion seeks to seal a settlement demand sent by Plaintiff to Defendant on March 31, 2026, on which Defendant relies in asserting that removal was proper and that the amount in controversy satisfies the threshold for diversity jurisdiction. *Id.* at 1, 3. No other memorandum supporting the seal has been filed, and the deadline for such a memorandum has passed. *See* Local Rule 1.11(c). For the reasons herein, the Motion is due to be denied.

The public has a "common-law right of access to judicial proceedings," which "includes the right to inspect and copy public records and documents." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (quotations omitted). This common-law right of access applies to materials "filed in connection with any substantive pretrial motion, unrelated to discovery[.]" *Id.* The common-law "right of access is not absolute, however." *Id.* It "may be overcome by a showing of good cause,

which requires balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential." *Id.* at 1246 (quotations omitted) (listing factors considered in balancing these interests). "Sealing is not authorized by a confidentiality agreement, a protective order, a designation of confidentiality, or a stipulation." Local Rule 1.11(a).

In a prior motion to seal the same settlement demand, Defendant stated that sealing was "necessary out of an abundance of caution because the Settlement Demand" was "a proposed offer from Plaintiff to Defendant to settle this case." Doc. 16 at 3. The Court struck that prior motion for failure to comply with Local Rule 3.01(g), noting in doing so that it appeared "that Defendant does not himself maintain that sealing is required but rather assumes in an abundance of caution and without having conferred that Plaintiff may take such a position." *See* Doc. 17 at 1; *see also* Doc. 1 at ¶ 15 ("The settlement offer provided by Plaintiff was not confidential …"). In the instant renewed Motion, Defendant does not independently justify sealing of the settlement demand; he asserts instead that he has now conferred and that Plaintiff does, in fact, request sealing. *See* Doc. 25 at 4 ("Filing the Settlement Demand under seal is necessary because both parties conferred and agreed it needs to be filed under seal.").[1] But, as discussed, the parties' mere stipulation for sealing is insufficient. *See*

---

[1] Apart from the parties' agreement on sealing, the Motion appears to include an undeveloped argument about the desire not to stifle further settlement negotiations. *See* Doc. 25 at 7. But the Motion cites no authority in support of any such argument, and a passing and undeveloped argument is insufficient. *See Terrell v. Sec'y, Dep't of Veterans Affs.*, 98 F.4th 1343, 1356 (11th Cir. 2024); *Berry v. Crestwood Healthcare LP*, 84 F.4th 1300, 1313 (11th Cir. 2023); *Cousins v. Sch. Bd. of Orange Cnty., Fla.*, 687 F. Supp. 3d 1251, 1280 (M.D. Fla. 2023).

Local Rule 1.11(a).

Plaintiff had 14 days after service of the Motion to "file a memorandum supporting the seal." *See* Local Rule 1.11(c). It did not. Thus, no good cause for sealing has been shown. *See Lingard v. Holiday Inn Club Vacations, Inc.*, No. 6:23-cv-323-JSS-RMN, 2024 WL 3708037, at *1 (M.D. Fla. July 15, 2024) ("Plaintiffs filed their Motion seeking to provisionally seal exhibits to their motion for class certification … and provided no basis apart from the parties' agreement that the materials should be sealed. Defendants have not responded to the Motion, nor have they provided a memorandum establishing good cause to support the seal. The court therefore finds that good cause does not exist to maintain the documents under seal.") (internal citations omitted); *see also Lingard v. Holiday Inn Club Vacations, Inc.*, No. 6:23-cv-323-JSS-RMN, 2024 WL 3666447, at *1 (M.D. Fla. July 19, 2024).

Accordingly, it is **ordered**:

1.      The Motion (Doc. 25) is **denied**.

2.      Absent a timely motion for relief as set forth in Local Rule 1.11(d), within

---

Moreover, the undersigned is not persuaded that unsealing the settlement demand would stifle settlement negotiations and/or that such a concern outweighs the public interest and right of access to judicial proceedings. *See, e.g., Favors v. Ala. Power Co.*, No. 09-cv-45-WS-N, 2010 WL 2772436, at *1 n.1 (S.D. Ala. July 9, 2010). Indeed, Defendant alleges that the settlement demand was not confidential. *See* Doc. 1 at ¶ 15. And Defendant's argument concerning the basis for relying on the settlement demand to demonstrate the requisite amount in controversy (about which nothing herein is intended to address substantively), is even based in part on discussion of case law discussing specific settlement demands in other removal cases (which would not be possible if such demands invariably required sealing). *See* Doc. 1 at ¶ 15 and Doc. 25 at 6 (each citing *Wood v. Colson*, No. 5:11-cv-244-RS-CJK, 2011 WL 3319537 (N.D. Fla. Aug. 2, 2011)).

14 days hereof, the Clerk is **directed** to unseal docket entry 25-2.

**DONE AND ORDERED** in Jacksonville, Florida, on April 29, 2026.

Samuel J. Horovitz
United States Magistrate Judge

Copies to:

Counsel of Record