**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

AIC FERNANDINA, LLC, d/b/a
AMELIA ISLAND COFFEE,

       Plaintiff,

vs.
                                   Case No.  3:26-cv-514-MMH-SJH

BLAKE F. BUCHANAN,

       Defendant.

                                        /

## <u>ORDER</u>

**THIS CAUSE** is before the Court on Plaintiff's Motion for Limited Stay of Proceedings or Alternatively for Extension of Time Pending the Court's Ruling on Plaintiff's Motion to Remand (Doc. 34; Motion to Stay), filed April 28, 2026. In the Motion to Stay, Plaintiff seeks a stay of proceedings, including discovery and Plaintiff's deadline to respond to Defendant's Motion for Judgment on the Pleadings (Doc. 33; Motion for Judgment), filed April 21, 2026, pending the Court's ruling on Plaintiff's Motion to Remand (Doc. 26), filed April 9, 2026. <u>See</u> Motion to Stay at 4–5. Defendant filed its Response in Partial Opposition to Plaintiff's Motion for Limited Stay or in the Alternative for an Extension of Time Pending the Court's Ruling on Plaintiff's Motion to Remand (Doc. 35; Response) on April 28, 2026. In the Response, Defendant opposes a

stay as to (1) the parties' exchange of initial disclosures due May 4, 2026, and (2) Plaintiff's deadline to respond to the Motion for Judgment. See Response at 1–2. Upon review, the Court finds that a stay is warranted, and it will set a hearing on the Motion to Remand.

It is well established that district courts have broad, inherent authority to manage their dockets, including the power to stay discovery. See Aatrix Software, Inc. v. Green Shades Software, Inc., No. 3:15-cv-164-HES-MCR, 2015 WL 12835689, at *1 (M.D. Fla. Sept. 10, 2015); Lewis v. Abbott Labs., Inc., No. 6:19-cv-909-Orl-31LRH, 2019 WL 5448289, at *2 (M.D. Fla. Aug. 2, 2019);[1] see also Dietz v. Bouldin, 579 U.S. 40, 47 (2016) ("This Court has also held that district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases."). However, stays of discovery "are generally disfavored 'because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems.'" See Aatrix Software, Inc., 2015 WL 12835689, at *1 (quoting Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997)); see also Middle District Discovery (2021) at Section I.E.4. Nevertheless,

---

[1] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects").

courts have "broad discretion to stay discovery until preliminary questions that may dispose of the case are determined" and "must manage pretrial discovery to avoid wasting resources." See Race v. Bradford Cnty., Fla., No. 3:18-CV-153-J-39PDB, 2019 WL 1755808, at *2 (M.D. Fla. Apr. 19, 2019) (internal quotations omitted). So long as the scope of a stay is limited and a reasonable justification is provided, courts do not abuse their discretion by granting a stay. Trujillo v. Conover & Co. Commc'ns, Inc., 221 F.3d 1262, 1264 (11th Cir. 2000).

Upon review of the record, the Court notes that, in the Motion to Remand, Plaintiff has raised a non-frivolous challenge to the Court's subject matter jurisdiction. See generally Motion to Remand. In addition, a limited stay will not create case management problems or unduly prejudice Defendant. Significantly, the stay will be limited in duration. And, because the Court must determine whether it has subject matter jurisdiction over this action (the issue raised in the Motion to Remand) before it can resolve the issues raised in the Motion for Judgment, a limited stay pending resolution of the Motion to Remand will not result in a significant delay in the resolution of the Motion for Judgment. Finally, to the extent Defendant seeks to rely on post-removal discovery, including the parties' initial disclosures, such reliance is improper. Indeed, to have properly removed this action, Defendant must have had a good faith basis to believe that the amount in controversy exceeded the $75,000 jurisdictional threshold at the time of removal. See Pretka v. Kolter City Plaza

II, Inc., 608 F.3d 744, 751 (11th Cir. 2010) ("A court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later."); Accelerated Tech. Servs. Grp., LLC v. AT&T Corp., No. CV 20-0342-WS-MU, 2020 WL 4018281, at *2 (S.D. Ala. July 16, 2020) (noting that "[t]he defendants' request for discovery is tantamount to an admission that the defendants do not have a factual basis for believing jurisdiction exists" and that "post removal discovery in order to establish the amount in controversy is impermissible" (quoted authority omitted)). As such, the Court finds that a limited stay pending resolution of the Motion to Remand is warranted under the particular circumstances of this case. Resolving the question of the Court's subject matter jurisdiction before allowing this case to proceed further will prevent a waste of the parties' and the Court's resources, and it will allow both parties to proceed in the proper forum and with an understanding of the nature of the action. Finally, to ensure that the stay is properly limited in duration, the Court finds it appropriate to set a hearing on the Motion to Remand.

Accordingly, it is

**ORDERED:**

1. Plaintiff's Motion for Limited Stay of Proceedings or Alternatively for Extension of Time Pending the Court's Ruling on Plaintiff's Motion to Remand (Doc. 34) is **GRANTED**.

- 4 -

2. Discovery is **STAYED,** and Plaintiff is relieved of its obligation to respond to Defendant's Motion for Judgment on the Pleadings (Doc. 33) until **TWENTY-ONE (21) DAYS** after the Court's ruling on the Motion to Remand.

3. The parties shall file a Joint Uniform Case Management Report within **TWENTY-ONE (21) DAYS** of this Court's ruling on Plaintiff's Motion to Remand (Doc. 26).

4. Plaintiff's Motion to Remand (Doc. 26) is set for a **HEARING** at **11:00 a.m. on Wednesday, July 8, 2026**. The hearing will be held by the undersigned at the Bryan Simpson United States Courthouse, 300 North Hogan Street, Jacksonville, Florida, 32202, in Courtroom 10B.[2]

**DONE AND ORDERED** in Jacksonville, Florida this 1st day of May, 2026.

MARCIA MORALES HOWARD
United States District Judge

---

[2] The Court reminds the parties that all persons entering the Courthouse must present photo identification to Court Security Officers. Although cell phones, laptop computers, and similar electronic devices generally are not permitted in the building, attorneys may bring those items with them upon presentation to Court Security Officers of a Florida Bar card (presentation of the Duval County Courthouse lawyer identification card will suffice) or Order of special admission pro hac vice. However, all cell phones must be turned off while in the courtroom.

Lc35

- 6 -

Copies to:

Counsel of Record