**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

AIC FERNANDINA, LLC, a Florida
limited liability company

        Plaintiff,

                                Case No. 26-CV-00514-MMH-SJH

v.

BLAKE F. BUCHANAN,

        Defendant.

_____/

## PLAINTIFF'S MOTION TO RESCHEDULE HEARING DUE TO STATE COURT TRIAL CONFLICT

Plaintiff, AIC Fernandina, LLC ("Plaintiff"), files this Motion to Reschedule Hearing Due to State Court Trial Conflict ("Motion"), and in support hereof states:

1.     Plaintiff commenced this action in the Circuit Court, Fourth Judicial Circuit, in and for Nassau County, Florida on September 24, 2025.

2.     On March 11, 2026, Defendant, Blake F. Buchanan ("Defendant") filed a Notice of Removal to Federal Court ("Notice of Removal") (Doc. 1) contending this action should be removed to federal court based upon alleged diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

3.     On April 9, 2026, Plaintiff timely filed a Moton to Remand this action back to the Florida state court. (Doc. 26). On April 13, 2026, Defendant filed Defendant's Response in Opposition to Plaintiff's Mction to Remand (Doc 28).

4. In its Order (Dkt. 37) entered Friday, May 1, 2026, this Court, among other things, set a hearing on the Motion to Remand to be held Wednesday, July 8, 2026, at 11:00 a.m.

5. The day prior, on Thursday, April 30, 2026, the undersigned trial counsel for the Plaintiff verbally committed to undertake representation of a client in another matter pending in the Circuit Court, Fourth Judicial Circuit, Duval County, Florida, under Case No. 2025-DR-016734, Division FM-E (the "State Court Case"). The undersigned's client in the State Court Case is the Respondent therein. The State Court Case has been scheduled for a 1-day trial to occur on Wednesday, July 8, 2026, and involves a request for permanent relocation with a minor child, a matter accorded priority on Florida state court calendars under Section 61.13001(10), Fla. Stat. Shortly after verbally committing to the representation, the undersigned filed his appearance in the State Court Case on Monday, May 4, 2026, pending substitution for the client's prior counsel. A copy of the order setting trial in the State Court Case, with only the names of the parties redacted to preserve their privacy, is attached hereto.

6. Undersigned counsel is a solo practitioner and does not presently have another attorney in his firm to cover the State Court Case trial.

7. Plaintiff desires the undersigned, as trial counsel for the Plaintiff in this matter, be present at the hearing on the Motion to Remand to present and argue the Plaintiff's position thereon. The undersigned's absence from the hearing on the Motion to Remand may prejudice the Plaintiff.

8.     Plaintiff does not wish the request to reschedule made herein to cause delay or prejudice to any party nor interfere with the Court's busy calendar. Plaintiff's request is simply for the hearing to be rescheduled to a date that is either before July 8, 2026, or very shortly after July 8, 2026. Other than trials set in other state court matters on June 16, 2026, and July 20, 21 and 28, 2026, the undersigned is available on any other date should the Court consider granting this Motion.[1]

9.     The undersigned conferred with Defendant's counsel prior to filing this Motion (see Certificate of Conferral below). Defendant's counsel graciously noted that Defendant does not object to the request to reschedule but asked that the rescheduled hearing not occur on June 9, 2026, due to a mediation previously scheduled in another matter.

### MEMORANDUM OF LAW

This Court has "inherent power not governed by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Castle v. Appalachian Technical College*, 430 Fed. Appx. 840, 841 (11th Cir. 2011) (internal quotations omitted) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)); *see also Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001) (district courts

---

[1] The undersigned's other trial dates are not listed so as to be construed as a "notice of unavailability" which the undersigned appreciates is not permitted under this Court's Local Rules; rather, these are provided as a courtesy in the hope to avoid any further requests such as this should the Court consider rescheduling the July 8, 2026 hearing in this matter.

have "broad discretion over the management of pre-trial activities, including discovery and scheduling"). It is axiomatic that this inherent power and discretion necessarily includes the ability to manage the scheduling and rescheduling of hearings.

Prior to filing this Motion, the undersigned reviewed this Court's Local Rules and its previously-issued Administrative Orders as available on the Court's website and has not located any specific provision addressing the manner in which such a scheduling conflict should be addressed. While understandably not binding upon this Court, Rule 2.550(a), Fla. R. Gen. Prac., provides that in the event of scheduling conflicts, factors such as case priority status established by statute and which trial setting occurred first would be considered in resolving the scheduling conflict. Additionally, Committee Notes for the 1996 adoption of Rule 2.550 provide that the adoption of Rule 2.550 was prompted by the Resolution of the Flroida State-Federal Judicial Council Regarding Calendar Conflicts Between State and Federal Courts. A copy of said Resolution, obtained from the website for the United States District Court for the Southern District of Florida, is attached hereto.

WHEREFORE, for the foregoing reasons, Plaintiff, AIC Fernandina, LLC, respectfully requests that the July 8, 2026 hearing on the Plaintiff's Motion to Remand be rescheduled to a date either before or after July 8, 2026.

## Local Rule 3.01(g) Certificate

Undersigned counsel certifies they have conferred with counsel for Defendant via email as to the relief sought herein prior to filing this Motion and that counsel for the Defendant has stated that Counsel for Defendant does not object to the relief requested herein; however, counsel for Defendant would advise the Court that they have a mediation scheduled in a separate case on June 9, 2026, and requests that any rescheduled hearing date not conflict with that mediation.

.

**DUNCAN TRIAL & MEDIATION**
(lead counsel)

*/s/ Michael L. Duncan*
Michael L. Duncan, Esq.
Florida Bar No. 0050946
301 West Bay Street, Suite 1446
Jacksonville, Florida 32202
Telephone: (904) 655-2475
mikeduncan@mikeduncanlaw.com

and

**McLAUCHLIN & MARTIN, PLLC**

*s/ Matthew P. McLauchlin*
Matthew P. McLauchlin, Esq.
Fla. Bar No. 484180
822 A1A N., Suite 310
Ponte Vedra Beach, Florida 32082
Telephone: (904) 755-6639
Primary Email: matt@mpmlawyers.com
Secondary E-mail: erin@mpmlawyers.com

*Counsel for Plaintiff, AIC Fernandina, LLC,*
*d/b/a Amelia Island Coffee*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 6, 2026, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

s/ Michael L. Duncan
Attorney

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.: 2025-DR-016734-AXXX
DIVISION: FM-E



Petitioner

*and*

Respondent

_____/

## ORDER SCHEDULING CASE FOR NON-JURY TRIAL

This matter came before the Court on Motion to Set Trial on April 14, 2026. Madelyn Pittman, Esquire appeared for Petitioner, and Katherine McLaurin, Esquire appeared for Respondent. The Court, being fully advised in the premises;

**IT IS ORDERED:**

1. **TRIAL DATE.**

The trial in this matter is scheduled for **WEDNESDAY, JULY 8, 2026 AT 9:30 A.M., for one day at the Duval County Courthouse, 501 W. Adams Street, Hearing Room 737, Jacksonville, Florida 32202.** If the case becomes uncontested or settled, counsel for the Petitioner shall immediately contact the Court's Judicial Assistant to cancel the trial and arrange a time to finalize the case.

2. **PRETRIAL CONFERENCE.**

**Final pretrial conference** will be held on **TUESDAY, JUNE 30, 2026 AT 9:30 A.M.,** via **Zoom, Meeting ID: 685 680 5439** in accordance with the provisions of Fla. R. Civ. P. 1.200 and Fla. Fam. L. R. P. 12.200. **If a participant does not have access to the internet, they may call (786) 635-1003 and enter Meeting ID 685 680 5439. A written pretrial stipulation shall be submitted to the Court at the pretrial conference setting forth the issues of fact or law to which the parties can agree and identifying the issues remaining to be tried.**

3. **REQUIREMENTS PRIOR TO PRETRIAL CONFERENCE.**

At least three days prior to the pretrial conference, attorneys for each party shall meet together by agreement instigated by counsel for Plaintiff or Petitioner, to discuss the possibility of

1

settlement; stipulate to as many facts and issues as possible; examine all exhibits and documents which may be used at trial; furnish opposing counsel the names, addresses and telephone numbers, if known, of all witnesses who may testify at trial; and complete all other matters which may expedite both the pretrial conference and non-jury trial of this case.

**NOTE: If the issue of distribution of personal property is not settled prior to pretrial conference, the parties shall submit to the Court at the pretrial conference a list of personal assets stating the specific description of such asset, the nature of the party's interest, the amount of the debt encumbering any asset (i.e., lien balance) and the fair market value or present balance of such asset or account at the time of filing this action and on the date of trial. The list shall designate whether each asset or account is marital or non-marital. The parties shall coordinate use of the same itemized list with each stating their opinion of value for each item.**

### 4. EXPERT WITNESSES.

No later than 15 days prior to the pretrial conference, all parties shall supplement answers to interrogatories propounded to and served upon them pursuant to Fla. R. Civ. P. 1.280(b)(c), for the exclusive purpose of providing complete and current answers to all interrogatories requesting all expert witness information. Any expert witness or information not disclosed as provided herein will not be allowed to testify or be introduced without order of the Court.

### 5. EXCHANGE OF WITNESS AND EXHIBIT LIST.

At the pretrial conference, counsel shall exchange lists of witnesses and exhibits. Witnesses or exhibits not disclosed shall not be permitted except by order of the Court upon a showing of good cause.

### 6. CONTINUANCES.

Counsel are directed to be familiar with and follow Fla. R. Civ. P. 1.460 and Rule I. B. Continuances, Family Law Administrative Policies and Procedures, Fourth Judicial Circuit, State of Florida. The written consent of the party is required. Unavailability of witnesses to testify at trial will not be grounds for continuance unless an affidavit of attempted service of a subpoena for trial to that witness demonstrates that service was attempted at least fourteen (14) days prior to the date of the Pretrial Conference.

### 7. ATTORNEY REPRESENTATION.

The pretrial conference shall be attended by an attorney who will participate in the trial of the case, and all admissions and stipulations of fact made at those times shall be binding on the parties.

## 8. CLOSURE OF DISCOVERY.

No party shall be permitted to conduct any discovery after the pretrial conference except by order of the Court for good cause shown or by written agreement of counsel. If either party demands disclosure of certain mandatory documents from the other, he or she shall ensure that the same have already been provided to the opposing party or relief will not be granted. Both parties are encouraged to simplify the demand for disclosure documents dating back more than two to three years, and to be aware that they must have provided the same documents requested before filing a motion to compel. Modifications of child support and/or alimony rely primarily on annual income and official tax documents can efficiently provide this information.

## 9. MEDIATION.

If mediation is ordered by the Court, the mediator will be listed below. It is the responsibility of the Mediator to confer with counsel and the Office of the Court Administrator, telephone number 255-1001, for scheduling the Mediation Conference and submitting the appropriate order for signature.

**DONE AND ORDERED** in Chambers, at Jacksonville, Duval County, Florida, this 20th day of April 2026.

**MAUREEN T. HORKAN**
**CIRCUIT JUDGE**

*Copies furnished to:*
Madelyn Pittman, Esq.
Attorney for Petitioner

Katherine McLaurin, Esq.
Attorney for Respondent

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator at (904) 255-1695 or crtintrp@coj.net, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."**

# Resolution Regarding State-Federal Calendar Conflicts

**Resolution of the Florida State-Federal Judicial Council Regarding Calendar Conflicts between State and Federal Courts**

WHEREAS, the great volume of cases filed in the state and federal courts of Florida creates calendar conflicts between the state and federal courts of Florida which should be resolved in a fair, efficient and orderly manner to allow for judicial efficiency and economy; and

WHEREAS, the Florida State-Federal Judicial Council which represents the Bench and Bar of the State of Florida believes that it would be beneficial to formally agree upon and publish recommended procedures and priorities for resolving calendar conflicts between the state and federal courts of Florida;

NOW, THEREFORE, BE IT RESOLVED

In resolving calendar conflicts between the state and federal courts of Florida, the following case priorities should be considered:

1. Criminal cases should prevail over civil cases.
2. Jury trials should prevail over non-jury trials.
3. Appellate arguments, hearings, and conferences should prevail over trials.
4. The case in which the trial date has been first set should take precedence.
5. Circumstances such as cost, numbers of witnesses and attorneys involved, travel, length of trial, age of case and other relevant matters may warrant deviation from this policy. Such matters are encouraged to be resolved through communication between the courts involved.

Where an attorney is scheduled to appear in two courts–trial or appellate, state or federal–at the same time and cannot arrange for other counsel in his or her firm or in the case to represent his or her client's interest, the attorney shall give prompt written notice to opposing counsel, the clerk of each court, and the presiding judge of each case, if known, of the conflict. If the presiding judge of a case cannot be identified, written notice of the conflict shall be given to the chief judge of the court having jurisdiction over the case, or to his or her designee. The judges or their designees shall confer and undertake to avoid the conflict by agreement among themselves. Absent agreement, conflicts should be promptly resolved by the judges or their designees in accordance with the above case priorities.

In jurisdictions where calendar conflicts arise with frequency, it is recommended that each court involved consider appointing a calendar conflict coordinator to assist the judges in resolving calendar conflicts by obtaining information regarding the conflicts and performing such other ministerial duties as directed by the judges.

**REVISED AND READOPTED at Miami, Florida, this 13th day of January, 1995**



5/6/26, 2:20 PM                    Resolution Regarding State-Federal Calendar Conflicts | Southern District of Florida | United States District Court

2/2

